IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY, Plaintiff ) ) ) ) | |
| V. ) ) ) | CIVIL ACTION NO. 05-11746 GAO |
| JEFFREY L. BAYKO, SR., LISA J. BAYKO, MICHAEL J. BAYKO, HELEN BAYKO, HANS HAILEY, THE UNITED STATES OF AMERICA, Defendant ) ) ) ) ) ) | |

## ANSWER AND CROSS-CLAIM OF THE DEFENDANT
## LISA J. BAYKO

1.   Admitted

2.   Admitted

3.   Admitted

4.   Admitted

5.   Admitted

6.   Admitted

7.   Admitted

8.   Admitted

9.   Admitted

10.  Admitted]

11.  Admitted

12. Admitted

13. Admitted

14. Admitted

15. Admitted

16. Admitted

17. The Plaintiff admits the allegations as stated in paragraph seventeen complaint but denies that Plaintiff should be able to recover all attorneys fees and costs for surplus administration out of Defendant Lisa Bayko's share.

18. Admitted

**WHEREFORE**, the Defendant Lisa Bayko, requests the Court order that:

(1) That the Defendants be ordered to appear and present their claims, if any to the surplus funds;

(2) The rights of the Defendants are determined by this Court as to the surplus funds paid into the Court;

(3) [Deliberately Left Blank];

(4) That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $100,616.36, less fess and costs incurred in this Interpleader Action, and such fees and costs to come from Hans Hailey's, Michael and Helen Bayko's share of surplus finds;

(5) This action be dismissed as to the Plaintiff;

(6) Any such relief as this Court deems just and proper.

## CROSS-CLAIM

19.     The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko restates and incorporates paragraphs 1 through 18.

20.     The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has a Judgment of Divorce Nisi entered on May 24, 2002 which ordered that the Defendant / Plaintiff-in-Cross Claim, Lisa Bayko was to take out of the Defendant Jeffrey Bayko's share of the proceeds of the marital home Child Support arrears in the amount of $42,000.00 (including the $13,000.00 in unpaid support cited in the Separation Agreement dated May 24, 2002); One years Child Support paid in advance in the amount of $13,000.00; College tuitions for the minor children in the amount of $4,710.00; $9,000.00 for settlement proceeds; and $6,000.00 for the Defendant's credit card liabilities that were paid for by the Plaintiff.

21.     The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and Probate & Family Court (J. Kaegan) dated about May 1, 2003 that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.

22.     The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and Probate & Family Court dated July 2, 2003, that any and all unpaid college tuition and uninsured medical expenses of the minor children would be paid out of the Defendant Jeffrey Bayko's share of the proceeds from the marital home.

23.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County Probate & Family Court (J. Kaegan) ordering that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.

24.    At all times material hereto, the Defendant Hans Hailey was counsel to Jeffrey Bayko and presented to the Court that Lisa Bayko would be made whole and be paid any outstanding obligations out of his share of the proceeds of the marital home.

25.    Contrary to the terms of the separation agreement and Judgment of Divorce Nisi dated May 24, 2002, the Defendant Jeffrey Bayko encumbered the marital residence, conveying two mortgages to the Defendant Helen Bayko and Michael Bayko dated and in the amount of: July 16, 2002 for 46,360.00 and May 25, 2003 for $6,300.00.

26.    Attorney Gary Evans, named in the Separation Agreement as the Attorney selected by the parties to consolidate and workout their marital debt, was the drafting, recording and representative attorney for said mortgages.

27.    On May 12, 2005, Lisa Bayko paid Jeffrey Bayko's debt with the Massachusetts Department of Revenue, $10,220.90, so as to remove them as a party Defendant to this action and resolved the jurisdictional issue, so that this action could proceed in the United States District Court.

28.    On May 12, 2005, the Plaintiff retained $11,045.00 from Lisa Bayko's share of the sales proceeds, representing Jeffrey Bayko's one-half interest in the event that the Defendant United States is successful in their marshalling claim.

    **WHEREFORE**, the Defendant / Plaintiff-in-Cross Claim, Lisa Bayko demands that the Court order:

(1)     Defendant / Plaintiff-in-Cross Claim, Lisa Bayko be awarded sums owed to her

pursuant to the judgment of divorce nisi dated May 22, 2001 in the amount of

$74,710.00;

(2)     Defendant / Plaintiff-in-Cross Claim, Lisa Bayko be reimbursed in the amount of

$10,220.90 for sums paid by her to the Department of Revenue for the Defendant Jeffrey

Bayko's debt;

(3)     The sum of $11,045.00 that was retained by the Plaintiff representing Jeffrey

Bayko's one-half interest in the event that the Defendant United States is successful in

their marshalling claim.

(4)     The remainder of the Defendant Jeffrey Bayko's equity share is distributed to the

other Defendants as the Court determines just and proper.

> The Defendants, Lisa J.
> Bayko, by her Counsel,
>
> CHRISTINE ANN FARO
> BBO # 552541
> 79 State Street
> Newburyport, MA 01950
> (978) 462-4833

## CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of September, I served a copy of the Defendant's Lisa J. Bayko, Answer and Cross-Claim to the Plaintiff's Complaint upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

> CHRISTINE ANN FARO

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
C/O Gary Evans
8 Prospect Street
Georgetown, MA
01833

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff | )<br>)<br>)<br>) |
| V. | )<br>) |
| JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO,<br>HELEN BAYKO, HANS HAILEY,<br>THE UNITED STATES OF AMERICA,<br>Defendant | ) CIVIL ACTION NO. 05-11746 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND CROSS-CLAIM OF THE DEFENDANT
## LISA J. BAYKO

1.   Admitted

2.   Admitted

3.   Admitted

4.   Admitted

5.   Admitted

6.   Admitted

7.   Admitted

8.   Admitted

9.   Admitted

10.  Admitted]

11.  Admitted

12.    Admitted

13.    Admitted

14.    Admitted

15.    Admitted

16.    Admitted

17.    The Plaintiff admits the allegations as stated in paragraph seventeen complaint

but denies that Plaintiff should be able to recover all attorneys fees and costs

for surplus administration out of Defendant Lisa Bayko's share.

18.    Admitted

**WHEREFORE**, the Defendant Lisa Bayko, requests the Court order that:

(1)    That the Defendants be ordered to appear and present their claims, if any

to the surplus funds;

(2)    The rights of the Defendants are determined by this Court as to the surplus

funds paid into the Court;

(3)    [Deliberately Left Blank];

(4)    That the Plaintiff be permitted to pay all surplus funds held by it in the

amount of $100,616.36, less fess and costs incurred in this Interpleader

Action, and such fees and costs to come from Hans Hailey's, Michael and

Helen Bayko's share of surplus finds;

(5)    This action be dismissed as to the Plaintiff;

(6)    Any such relief as this Court deems just and proper.

## CROSS-CLAIM

19.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko restates and incorporates paragraphs 1 through 18.

20.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has a Judgment of Divorce Nisi entered on May 24, 2002 which ordered that the Defendant / Plaintiff-in-Cross Claim, Lisa Bayko was to take out of the Defendant Jeffrey Bayko's share of the proceeds of the marital home Child Support arrears in the amount of $42,000.00 (including the $13,000.00 in unpaid support cited in the Separation Agreement dated May 24, 2002); One years Child Support paid in advance in the amount of $13,000.00; College tuitions for the minor children in the amount of $4,710.00; $9,000.00 for settlement proceeds; and $6,000.00 for the Defendant's credit card liabilities that were paid for by the Plaintiff.

21.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and Probate & Family Court (J. Kaegan) dated about May 1, 2003 that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.

22.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and Probate & Family Court dated July 2, 2003, that any and all unpaid college tuition and uninsured medical expenses of the minor children would be paid out of the Defendant Jeffrey Bayko's share of the proceeds from the marital home.

23.    The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County Probate & Family Court (J. Kaegan) ordering that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.

24.    At all times material hereto, the Defendant Hans Hailey was counsel to Jeffrey Bayko and presented to the Court that Lisa Bayko would be made whole and be paid any outstanding obligations out of his share of the proceeds of the marital home.

25.    Contrary to the terms of the separation agreement and Judgment of Divorce Nisi dated May 24, 2002, the Defendant Jeffrey Bayko encumbered the marital residence, conveying two mortgages to the Defendant Helen Bayko and Michael Bayko dated and in the amount of: July 16, 2002 for 46,360.00 and May 25, 2003 for $6,300.00.

26.    Attorney Gary Evans, named in the Separation Agreement as the Attorney selected by the parties to consolidate and workout their marital debt, was the drafting, recording and representative attorney for said mortgages.

27.    On May 12, 2005, Lisa Bayko paid Jeffrey Bayko's debt with the Massachusetts Department of Revenue, $10,220.90, so as to remove them as a party Defendant to this action and resolved the jurisdictional issue, so that this action could proceed in the United States District Court.

28.    On May 12, 2005, the Plaintiff retained $11,045.00 from Lisa Bayko's share of the sales proceeds, representing Jeffrey Bayko's one-half interest in the event that the Defendant United States is successful in their marshalling claim.

    **WHEREFORE**, the Defendant / Plaintiff-in-Cross Claim, Lisa Bayko demands that the Court order:

(1)    Defendant / Plaintiff-in-Cross Claim, Lisa Bayko be awarded sums owed to her pursuant to the judgment of divorce nisi dated May 22, 2001 in the amount of $74,710.00;

(2)    Defendant / Plaintiff-in-Cross Claim, Lisa Bayko be reimbursed in the amount of $10,220.90 for sums paid by her to the Department of Revenue for the Defendant Jeffrey Bayko's debt;

(3)    The sum of $11,045.00 that was retained by the Plaintiff representing Jeffrey Bayko's one-half interest in the event that the Defendant United States is successful in their marshalling claim.

(4)    The remainder of the Defendant Jeffrey Bayko's equity share is distributed to the other Defendants as the Court determines just and proper.

The Defendants, Lisa J. Bayko, by her Counsel

CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of September, I served a copy of the Defendant's Lisa J. Bayko, Answer and Cross-Claim to the Plaintiff's Complaint upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

CHRISTINE ANN FARO

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
C/O Gary Evans
8 Prospect Street
Georgetown, MA
01833