## UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                              Docket # 05-11746 GAC

GMAC Mortgage Corporation, )
    Plaintiff, )
v. )
Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen )
E. Bayko, Michael J. Bayko, Hans R. Hailey )
and The United States of America )
    Defendants )

### ANSWER OF HELEN E. BAYKO AND MICHAEL J. BAYKO

Now come Helen E. Bayko and Michael E. Bayko and Answer to the numbered paragraphs i   ie Complaint as follows.

1. The Plaintiff, GMAC, is a corporation having its usual place of business at 500 Enter   e Road, Suite 150, Horsham, PA 19044.

Answer
1. Admit

2. The Defendant, Jeffrey L. Bayko, Sr., is upon information and belief, an individual c/  Atty. Gary Evans, 58 Main Street, Topsfield, MA 01983.

Answer
2. Helen E. Bayko and Michael J. Bayko Admit the Jeffrey L .Bayko, Sr. is an individua and call upon the Plaintiff to prove address and service.

3. The Defendant, Lisa J. Bayko, is upon information and belief, an individual c/o Attorr Charles D. Rotondi, 79 State Street, Newburyport, MA 01950.

Answer
3. Helen E. Bayko and Michael J. Bayko Admit Lisa J. Bayko is an individual and call u   ı the Plaintiff to prove address and service.

4. The Defendants, Helen E. Bayko and Michael J. Bayko, are upon information and bel: individuals c/o Attorney Timothy Sullivan, 451 Andover Street, Suite 185, North Andover, M 01845.

Answer
4. Helen E. Bayko and Michael J. Bayko are individuals who reside at 7 Graham Ave., Newbury, Massachusetts 01951. They are represented by Atty. Timothy D. Sullivan, AndoverLaw, P.C. 451 Andover Street, Suite 185, North Andover, MA 01845. Atty. Sullivan accepted service on their behalf September 15, 2005.

5. The Defendant, Hans R. Hailey, is upon information and belief, an individual with a known address of 225 Friend Street, Boston, MA 02114.

Answer
5. Helen E. Bayko and Michael J. Bayko Admit that Hans R. Hailey is an individual and call upon the Plaintiff to prove address and service.

6. The Defendant, The United State[s] of America, is upon information and belief, a federal agency with a usual business address of the Internal Revenue Services, P.O. Box 9112, Boston, MA 02203.

Answer
6. Helen E. Bayko and Michael J. Bayko Admit that The Internal Revenue Services is an agency of The United States call upon the Plaintiff to prove address and service.

FACTS

7. Plaintiff, GMAC, was the holder by assignment of a first mortgage given by Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated May 20, 1993 and recorded with the Essex County (Southern District) Registry of Deeds at Book 11897, Page 525, securing the real estate located at 14A Graham Ave., Newbury MA 01951 ("the property").

Answer
7. Helen and Michael Bayko Admit that GMAC was the holder by assignment of a first mortgage given by Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated May 20, 1993 and recorded with the Essex County (Southern District) Registry of Deeds at Book 11897, Page 525. They Deny that the mortgage was secured by real estate located at 14A Graham Avenue, Newbury, MA 01951, as it was secured by real estate located at 7A Graham Avenue, Newbury, MA.

8. On March 12, 2004, GMAC foreclosed on the mortgaged property by public auction.

Answer
8. Admit.

9. The mortgaged property was sold to a third party for $307,500.00.

Answer
9. Admit.

10. Upon completion of the mortgage foreclosure sale and payment to the first mortgage holder, GMAC was left holding $186,742.59 in surplus funds, which funds were placed in an interest bearing account maintained by its counsel, Harmon Law Offices, P.C.

Answer
10. Admit.

11. Lisa Bayko and Jeffrey Bayko, the former mortgagors are divorced. Each has claimed 50% interest in the Surplus, subject to claims against their respective interests by other creditors. Thus, each has claimed a respective share of the surplus in the sum of $93,371.29.

Answer
11. Admit

12. On or about May 12, 2005, Plaintiff released funds in the amount of $10,220.90 to the Massachusetts Department of Revenue. These funds were paid out of "Lisa's" share of the proceeds, but without prejudice to her right to claim that these funds should have been paid out of Jeffrey's share. These funds were tendered in full payment of the Department of Revenue lien on the property.

Answer
12. Denied. The agreement was the proceeds would be paid out of 'Lisa's" share (with prejudice). In fact, this was the only basis upon which Helen and Michael Bayko would agree to the distribution. (See Paragraphs numbered 1 and 3 of a Letter from Atty. David M. Rosen to the Interpleader parties in Docket # 04-12448 dated May 2, 2005 and attached here as Exhibit .)

13. On or about May 12, 2005, Plaintiff released funds in the amount of $54,978.35 to Christine Faro, as counsel for Lisa Bayko. This amount represents an uncontested portion of the surplus due to Lisa Bayko. In addition, due to this payment to Lisa Bayko, attorney liens held by Christine Faro and Charles D. Rotondi were deemed satisfied.

Answer
13. Defendants Helen and Michael Bayko have no actual knowledge of these facts and therefore Deny them and call upon the Plaintiff to prove same.

14. On or about June 23, 2005, Plaintiff entered into an Indemnification Agreement with Banknorth Group, holder of an uncontested second mortgage on the property, and released funds to Banknorth Group in the amount of $22,090.00.

Answer
14. Defendants Helen and Michael Bayko have no actual knowledge of these facts and therefore Deny them and call upon the Plaintiff to prove same.

15. On or about August 2005, Plaintiff released additional funds to Lisa Bayko in the sum of $955.00.

Answer
15.   Defendants Helen and Michael Bayko have no actual knowledge of these facts and therefore Deny them and call upon the Plaintiff to prove same.

16.   As a result of these partial payments, there is a surplus now held by the Plaintiff in th amount of $100,616.36, including accrued interest on the account. See Exhibit "A" attached hereto.

Answer
16.   Helen and Michael Bayko have no actual knowledge of the distributions and therefor Deny them and call upon the Plaintiff to prove the distributions and purposes alleged above.

17.   The remaining surplus consists of "Jeffrey Bayko's" contested share in the sum of $82,326.29 ($93,371.29 less ½ of the $22,090 paid to BankNorth), and the remainder of Lisa Bayko's share, and accrued interest. Plaintiff will seek to recover its fees and costs for this surplus administration out of Lisa Bayko's remaining share.

Answer
17.   Helen and Michael Bayko Admit that Jeffrey Bayko's contested share is $93,371.29   s accrued interest, minus one-half of the amount paid to satisfy the BankNorth lien. They furt Admit that Plaintiff should recover its fees and costs for this surplus administration out of Li Bayko's remaining share as previously agreed. (Lisa Bayko's agreement to pay the fees and   sts for the surplus administration is clearly outlined in Paragraph #3 of the May 2, 2005 letter to   e parties included here as Exhibit A.) They Deny any other statements or allegations in this Co   t.

18.   The following persons and entities appear of record to be all of the persons or entities having a remaining interest in said funds held by GMAC, to wit:

   (a)   The Defendant, Jeffrey L. Bayko, Sr., is the former holder of the equity of redemption.

   (b)   The Defendant, Lisa J. Bayko, is the former holder of the equity of redemptio

   (c)   The Defendant's Michael J. Bayko and Helen E. Bayko are the holders of a th mortgage dated July 19, 2002 in the sum of $43,360.00, which mortgage was recorded in Book 19056, page 153 on August 12, 2002.

   (d)   The Defendants, Michael J. Bayko and Helen E. Bayko, are the holders of a f   th mortgage dated May 25, 2003, in the original principal balance of $6,300, wh mortgage was recorded in Book 21193, Page 386 on July 8, 2003.

   (e)   The Defendant, Hans R. Hailey, is the holder of an Attorney's Lien dated February 6, 2003 and recorded February 10, 2003 in the Essex County Registi   of Deeds at Book 20139, Page 71.

(f) The Defendant, The United States of America, is the holder of a federal tax li[en] dated May 1, 2003 and recorded on June 3, 2003 in the Essex County Registr[y of] Deeds at Book 20949, Page 90 in the original amount of $47,196.80. Upon information and belief, the IRS holds numerous other liens against Jeffrey Ba[yko].

Answer

18. (a) Helen and Michael Bayko Admit that Jeffrey L. Bayko held rights of redemption in accordance with Massachusetts General Laws, c. 244 §35. However, they Deny that he had [the] 'equity of redemption' against the entire fee. Jeffrey L. Bayko's conveyance of the mortgag[e and] the divorce proceedings both broke the original joint tenancy. Therefore, Jeffrey Bayko had [the] right of to redeem his interest in the property, not the entire fee.

18(b) Helen and Michael Bayko Admit that Lisa J. Bayko held rights of redemption in accordance with Massachusetts General Laws, c. 244 §35. However, they Deny that she ha[d] 'the' 'equity of redemption' against the entire fee. Jeffrey L. Bayko's conveyance of the mortgage and the divorce proceedings both broke the original joint tenancy. Therefore, Lisa Bayko had the right of to redeem her interest in the property, not the entire fee.

18 (c) Helen and Michael Bayko Admit that they hold the third mortgage on the property an[d] that the third mortgage was recorded August 12, 2002, at Essex South Registry of Deeds at B[oo]k 19056, Page 153. However, they Deny the 'sum' of the mortgage as listed. Their mortgage, [in] accordance with its terms, secures payment of $43,360.00 "together with interest thereon at t[he] rate of Six(6.00%) per annum, all as provided in the undersigned's Note of even date". The mortgage specifically incorporates Massachusetts General Law, c. 183, Sections, 18, 19, 20 [and] 21 a copy of which were recorded with it. The Note specifically entitles the holder to "all reasonable costs and expenses, including but not limited to reasonable attorney's fees in connection with collecting any amount due hereunder." (A copy of the *Mortgage Deed* is included here as *Exhibit B*. A copy of the *Note* is included here as *Exhibit C*. A certified co[py o]f the Mortgage and the original Note are were originally filed in The Essex County Superior C[our]t (Massachusetts) Docket # 2004-01855. That matter was removed the Massachusetts District Court, Docket # 04-12448-GAO. Upon Appeal it moved to The United States Court of App[eals] for the First Circuit, Docket # 05-1859. As that appeal has now become moot, Mr. and Mrs. Bayko are uncertain of where the original documents currently are stored.)

No payments have been made on the mortgage. Michael and Helen Bayko claim $43,360.00 plus interest, and reasonable attorney's fees and costs as determined by the Court at the time [of] trial. (Attorney's fees and costs are exceptionally high in this case due to highly unusual litigation tactics.)

(d) Admit - (A copy of the Mortgage is attached here as Exhibit D. The Note is attached as Exhibit E. A certified copy of the Mortgage and the original Note are with the documents discussed in the answer to 18(c) above.)

(e) Admit

(f) Admit that a Notice of Federal Tax Lien in the amount of $47,196.80, which Notice is dat May 1, 2003, was recorded at the Essex South Registry of Deeds on June 3, 2003 at Book 20 , Page 90.  Helen and Michael Bayko Deny all other claims or statements herein and call upon Plaintiff to prove same.

**Wherefore**, Michael J. Bayko and Helen E. Bayko ask this Court to award them $43,360.00  s interest, attorney's fees and costs on the third mortgage and $6,300.00 plus attorney's fees an costs on the fourth mortgage.

Respectfully submitted,
Michael J. Bayko and Helen E. Bayko
by their attorney,

Date:   September 27, 200

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 27th day of September, 2005, I ser the foregoing Answer of Helen E. Bayko and Michael J. Bayko, by mailing a copy first class mail, postage prepaid to: Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983;   Attorn Christine Ann Faro, 79 State Street Newburyport, MA 01950 for Lisa J.Bayko; Attorney Han: Hailey, 225 Friend Street, Boston, MA 02114; and Atty. Barbara Healy Smith, Assistant Unit States Attorney, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.

HARMON LAW OFFICES, P.C.
150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-8400
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

DAVID M. ROS
(617) 558-8
(617) 244-7
drosen@harmonlaw.c

May 2, 2005

Jeffrey L. Bayko
61 Story Avenue
Newburyport, MA 01950

VIA FACSIMILE 978/462-2475
AND REGULAR MAIL
Charles D. Rotondi
79 State Street
Newburyport, MA 01950

VIA FACSIMILE 978/462-2475
ANDREGULAR MAIL
Christine Ann Faro
79 State Street
Newburyport, MA 01950

VIA FACSIMILE 978/794-5457
AND REGULAR MAIL
Timothy Sullivan
451 Andover Street, Suite 185
North Andover, MA 01845

VIA FACSIMILE 413/734-3910
AND REGULAR MAIL
Michele Rooke
Doherty, Wallace, Pillsbury & Murphy
One Monarch Place
1414 Main Street, Suite 1900
Springfield, MA 01144-1900

VIA FACSIMILE 617/720-6012
AND REGULAR MAIL
Hans R. Hailey
225 Friend Street, 5th Floor
Boston, MA 02114

VIA FACSIMILE 617/626-3245
AND REGULAR MAIL
Eileen McAuliffe
Massachusetts Department of Revenue
P.O. Box 55486
51 Sleeper St
Boston, MA 02205-5486

VIA FACSIMILE 202/514-5238
AND REGULAR MAIL
Lydia Bottome Turanchik
U.S. Department of Justice - Tax Division
Judiciary Center Building - Room 7804
Post Office Box 55
Ben Franklin Station
Washington, DC 20001

VIA FACSIMILE 978/887-3684
AND REGULAR MAIL
Gary Evans
Evans, Evans & Bingham
58 Main Street
Topsfield, MA 01983

Re:   GMAC Mortgage Corporation v. Jeffrey L Bayko, Sr., et al.
      <u>United States District Court for the District of Massachusetts</u>
      <u>Civil Action No. 04-12448-AO</u>

Dear Parties:



EXHIBIT A

*[handwritten, top left:]* EVANS + EVANS / 58 Main St. / Topsfield MA 01983


2002081200108 Bk:19056 153
08/12/2002 08:49:00 MTG F   5

*[vertical text, left margin:]* Property Locus: 7A Graham Avenue, Newbury, MA

## MORTGAGE DEED

I, JEFFREY L. BAYKO of 61 Story Avenue, Newburyport, Essex County, Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E. BAYKO, both of Newburyport, Essex County, Massachusetts, with **MORTGAGE COVENANTS** to secure the payment of FORTY-SIX THOUSAND THREE HUNDRED SIXTY AND 00/100 ($46,360.00) DOLLARS together with interest thereon at the rate of Six (6.00%) Percent per annum, all as provided in the undersigned's Note of even date, the land in Newburyport, Essex County, Massachusetts known as 7A Grahm Avenue and more fully described on Exhibit "A" attached hereto and made a part hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which the Mortgagee shall have the statutory power of sale, all as more fully described in an Extract from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended hereto as Exhibit "B".

WITNESS my hand and seal this 19th day of July 2002.

_____    _____
WITNESS                                    JEFFREY L. BAYKO

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                                July 19th, 2002

Then personally appeared the above-named JEFFREY L. BAYKO who acknowledged his execution of the foregoing instrument to be their free acts and deeds, before me,

_____
NOTARY PUBLIC
My Commission expires: 12/20/2002


EXHIBIT 2

2002081200108 Bk:19056 Pg:
08/12/2002 08:49:00 MTG Pg 2

EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbered    on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 1897 an    corded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded and descri    as follows:

SOUTHERLY:   by Graham Avenue, fifty (50) feet;

WESTERLY:    by Lot numbered 40, as shown on said plan, one hundre (100) feet;

NORTHERLY:   by Lot numbered 22, as shown on said plan, fifty (50) f    and

EAASTERLY:   by Lot numbered 38, as shown on said plan, one hundre  100) feet.

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. E    :o, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen E    .yko, dated April 24, 1985 and recorded with the Essex South District Registry of Deeds B    7731, Page 545.

See also, Essex South District Registry of Deeds Book 4167, Page 329 which convey    e was made to Protection Fire Company No. 2, a corporation duly organized by law and hav    its usual place of business in Newbury, the same being a portion of the premises conveye    the grantors by deed of Grace R. Sleeper dated November 29, 1951 and recorded with sai    eeds in Book 3861, Page 5 on November 5, 1951.

bayko-gee

2002081200108 Bk:19056    155
08/12/2002 08:49:00  MTG  F   '5

EXHIBIT "B"

EXTRACT FROM GENERAL LAWS (TER.ED.), CHAPTER 183
SECTIONS 18, 19, 20, 21

Section 18. A deed in substance following the form entitled "Mortgage Deed" shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and his heirs and assigns with mortgage covenants and upon the statutory condition and with the statutory power of sale, as defined in the three (3) following sections, to secure the payment of the money or the performance of any obligation therein specified. The parties may insert in such mortgage any other lawful agreement or condition.

Section 19. In a conveyance of real estate, the words "mortgage covenants" shall have the full force, meaning and effect of the following words, and shall be applied and construed accordingly: "The Mortgagor, for himself, his heirs, executors, administrators and successors, covenants with the Mortgagee and his heirs, successors and assigns, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that the Mortgagor has good right to sell and convey the same; and that he will, and his heirs, executors, administrators and successors shall warrant and defend the same to the Mortgagee and his heirs, successors and assigns forever against the lawful claims and demands of all persons; and that the Mortgagor and his heirs, successors or assigns, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser and purchasers a deed or deeds of release confirming such sale; and that the Mortgagee and his heirs, executors, administrators, successors and assigns are appointed and constituted the attorney or attorneys irrevocable of the said Mortgage to execute and deliver to the said purchaser a full transfer of all

2002081200108 Bk:19056 156
08/12/2002 08:49:00 MTG P 5

of insurance on the buildings upon the land covered by the Mortgage at the time of such sale."

Section 20. The following "condition" shall be known as the Statutory Condition and may be incorporated in any Mortgage by reference:

(CONDITION)

Provided, nevertheless, except as otherwise specifically stated in the Mortgage, that if the Mortgagor, or his heirs, executors, administrators, successors, or assigns shall pay unto the Mortgagee or his executors, administrators or assigns the principal and interest secured by the Mortgage, and shall perform any obligation secured at the time provided in the Note, Mortgage or other instrument or any extension thereof, and shall perform any obligation of any prior Mortgage, and until such payment and performance shall pay when due and payable all taxes, charges and assessments to whomsoever and whenever laid or assessed, whether on the mortgaged premises or on any interest therein, or on the debt or obligation secured thereby; shall keep the buildings on said premises insured against fire in a sum not less than the amount secured by the Mortgage or as otherwise provided therein for insurance for the benefit of the Mortgagee and his executors, administrators and assigns in such form and at such insurance offices as they shall approve, and, at least two (2) days before the expiration of any policy on said premises, shall deliver to him or them a new and sufficient policy to take the place of the one so expiring, and shall not commit or suffer any strip or waste of the mortgaged premises or any breach of any covenant contained in the Mortgage or in any prior Mortgage.

2002081200108 Bk:19056 Pg:157
08/12/2002 08:49:00 MTG Pg 5/5

Section 21. The following "power" shall be known as the Statutory Power of Sale, and may be incorporated into any Mortgage by reference.

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the Mortgagee, or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the Mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises, then subject to the Mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the Mortgage, first complying with the terms of the Mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of the power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee-simple; and such sale shall forever bar the Mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or equity.

baykoexb-gee

COMMONWEALTH OF MASSACHUSETTS
ESSEX REGISTRY OF DEEDS, SO. DIST., SALEM, M
ESSEX SS
A TRUE COPY OF RECORD:
BOOK _____ PAGE _____
ATTEST:
_____ REGIST

...

## PROMISSORY NOTE

U.S. $46,360.00                                                July 19, 2002

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and suf... ency of which is hereby acknowledged, I, the undersigned Borrower, hereby promise to p... to MICHAEL J. BAYKO and HELEN E. BAYKOPHY, or to their order, the princ... sum of FORTY-SIX THOUSAND THREE HUNDRED SIXTY AND 00/100 ($46,360. ...) DOLLARS, with interest thereon from the date hereof until paid at the rate of SI... (...%) PERCENT per annum, payable in one (1) single installment of principal and accru... interest on demand or within thirty (30) days of or upon the sale of the property located at ... A Graham Avenue, Newbury, Massachusetts, whichever shall first occur.

The indebtedness hereby evidenced shall immediately become due and paya..., without notice or demand, upon the appointment of a receiver or liquidator, whether volun... or involuntary, for the Borrower or for any of his property, or upon the filing of a pet... n by or against the Borrower under the provisions of any State Insolvency Law or under th... rovisions of the United States Bankruptcy Code of 1978, as amended, or upon the making by ... e Borrower of an assignment for the benefit of creditors and not set aside within thirt... 0) days, or upon the sale, conveyance, transfer or change in the legal ownership of the afore... 61 Storey Avenue, Newbury, Massachusetts, or any portion thereof, or the granting of ... other interest therein, except upon the prior written approval of the Holder hereof.

All parties now or hereafter liable for the payment of any of the indebtedness ...eby evidenced agree, by executing or endorsing this Note, or by entering into or by exec... g any agreement to pay-off the indebtedness hereby evidenced, that the Holder hereof shall ...ve the

EVANS, EVANS &
BINGHAM
58 MAIN STREET
OPSFIELD, MA. 01983

(978) 887-2166


EXHIBIT C

right, without notice, to deal in any way, at any time, with any party, to grant an extension of time for payments of any of the said indebtedness, or any other indulgences or forbearances whatsoever, without in any way affecting the liability of any party hereunder.

The Holder of this Note shall be entitled to all reasonable costs and expenses, including but not limited to reasonable attorney's fees in connection with collecting any amount due hereunder.

The Borrower, maker and endorsers hereof shall be jointly and severally liable for the performance of each and every obligation herein contained and hereby severally waive presentment, protest and demand, notice of protest, notice of dishonor and notice of nonpayment of this Note.

IN WITNESS WHEREOF, the Borrowers have hereunto set their hands and affixed their seals this 19th day of July 2002.

_____    _____
WITNESS                            JEFFREY L. BAYKO

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                   July 19, 2002

Then personally appeared the above-named JEFFREY L BAYKO, and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
NOTARY PUBLIC
My Commission expires: 12/26/2 8

EVANS, EVANS &
BINGHAM
58 MAIN STREET
OPSFIELD, MA. 01983

(978) 887-2166

```
2003070800013 Bk:21   Pg:386
07/08/2003 09:13:00   Pg 1/2
```

## MORTGAGE DEED

I, JEFFREY L. BAYKO, formerly of 7A Graham Avenue, Newbury, Essex County, Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E. BAYKO, both of Newburyport, Essex County, Massachusetts, with **MORTGAGE COVENANTS** to secure the payment of SIXTY-THREE HUNDRED AND 00/100 ($6,300.00) DOLLARS together with interest thereon at the rate of Six (6.00%) Percent per annum, all as provided in the undersigned's Note of May 9, 2003, the land in Newburyport, Essex County, Massachusetts known as 7A Graham Avenue and more fully described Exhibit "A" attached hereto and made a part hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which the Mortgagee shall have the statutory power of sale, all as more fully described in an Extract from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended hereto as Exhibit "B".

WITNESS my hand and seal this    day of May 2003.

_____          _____
         WITNESS                                  JEFFREY L. BAYKO

please return to:
Evans, Evans and Bayko
58 Main St
Topsfield, MA 01983

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                          May 25th, 2003

Then personally appeared the above-named JEFFREY L. BAYKO who acknowledged his execution of the foregoing instrument to be their free acts and deeds, before me,

_____
NOTARY PUBLIC
My Commission expires:

Gary Evan Evans
NOTARY PUBLIC
My commission expires Dec. 26, 2008

EXHIBIT D

20030708000013 Bk: 13 Pg:387
07/08/2003 08:13:00  G Pg 2/2

EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbere[d] [3]9 on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 18[ ] [a]nd recorded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded [and] described as follows:

SOUTHERLY: by Graham Avenue, fifty (50) feet;

WESTERLY: by Lot numbered 40, as shown on said plan, one hundred (100) feet;

NORTHERLY: by Lot numbered 22, as shown on said plan, fifty (50) feet; and

EASTERLY: by Lot numbered 38, as shown on said plan, one hundred (100) feet.

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. [Bay]ko, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen [B]ayko, recorded April 26, 1985 with the Essex South District Registry of Deeds Book 7731, [Pa]ge 545.

COMMONWEALTH OF MASSACHUSETTS
ESSEX REGISTRY OF DEEDS, SO. DIST., SALEM, MASS
ESSEX SS: October 21 20 0
A TRUE COPY OF RECORD:
BOOK 24193 PAGE 386
ATTEST:
REGISTER

PROMISSORY NOTE

U.S. $6,300.00                                                                                     May 9, '03

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency which is hereby acknowledged, I, the undersigned Borrower, hereby promise to pay to MICHAEL J. BAYKO and HELEN E. BAYKO, or to their order, the principal sum of SI THOUSAND THREE HUNDRED AND 00/100 ($6,300) DOLLARS, with interest there( rom the date hereof until paid at the rate of SIX (6%) PERCENT per annum, payable in one (1 igle installment of principal and accrued interest on demand or within thirty (30) days of or up( he sale of the property located at 7A Graham Avenue, Newbury, Massachusetts, whichever sl first occur.

The indebtedness hereby evidenced shall immediately become due and payable, wit it notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the Borrower or for any of his property, or upon the filing of a petition by c against the Borrower under the provisions of any State Insolvency Law or under the provisi( of the United States Bankruptcy Code of 1978, as amended, or upon the making by the Borr er of an assignment for the benefit of creditors and not set aside within thirty (30) days, or upo1 e sale, conveyance, transfer or change in the legal ownership of the aforesaid 7A Graham Ave , Newbury, Massachusetts, or any portion thereof, or the granting of any other interest therein, except upon the prior written approval of the Holder hereof.

All parties now or hereafter liable for the payment of any of the indebtedness hereby evidenced agree, by executing or endorsing this Note, or by entering into or by executing any agreement to pay-off the indebtedness hereby evidenced, that the Holder hereof shall have the



right, without notice, to deal in any way, at any time, with any party, to grant any extensi~~ of time for payments of any of the said indebtedness, or any other indulgences or forbearanc~~ whatsoever, without in any way affecting the liability of any party hereunder.

The Holder of this Note shall be entitled to all reasonable costs and expenses, incl~~ ~g but not limited to reasonable attorney's fees in connection with collecting any amount du~ hereunder.

The Borrower, maker and endorsers hereof shall be jointly and severally liable for performance of each and every obligation herein contained and hereby severally waive presentment, protest and demand, notice of protest, notice of dishonor and notice of nonpa~~ ent of this Note.

IN WITNESS WHEREOF, the Borrowers have hereunto set their hands and affixed their s~~ ; this 9th day of May 2003.

_____              _____
WITNESS                                 JEFFREY L. BAYKO

COMMONWEALTH OF MASACHUSETTS

ESSEX, ss.                                                          May 9, 200~
     Then personally appeared the above-named JEFFREY L. BAYKO, and acknowledg~
the foregoing instrument to be his free act and deed, before me,

                                              _____
                                              NOTARY PUBLIC
                                              My Commission expires
                                              12/26/0~

Gary Evan Evans
NOTARY PUBLIC
My commission expires Dec. 26, 2008