UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                              Docket #05-11746 GAO

```
                                          )
GMAC Mortgage Corporation,                )
       Plaintiff,                         )
v.                                        )
Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen )
E. Bayko, Michael J. Bayko, Hans R. Hailey )
and The United States of America          )
       Defendants                         )
                                          )
```

MOTION TO DISMISS CROSS-CLAIM(S) OF LISA BAYKO
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
RULE 12(b)(6)

Now come Helen E. Bayko and Michael J. Bayko and move to Dismiss the CrossClaim of Lisa Bayko for failure to state a claim upon which relief may be granted.

General Overview

1) This is one of four Motions to Dismiss the CrossClaim(s) of Lisa J. Bayko. The motions seek dismissal for Failure to Name a Defendant, Failure to State a Claim Upon Which Relief May Be Granted, Lack of Jurisdiction over Subject Matter and Improper Venue.

2) The CrossClaim section of Lisa Bayko's consists of a hodgepodge of allegations related to the divorce of Jeffrey L. Bayko, Sr. and Lisa J. Bayko, followed by four demands.

   i) The first demand seeks a remedy which requests enforcement of a alleged divorce judgement.

ii) The second demand seeks reimbursement of sums which Lisa allegedly paid for Jeffrey Bayko to the Department of Revenue. There is no statement from whom she seeks reimbursement. Neither is there any allegation of a legal theory entitling her to reimbursement.

iii) The third demand may be an allegation of fact, but there is no count, legal theory c remedy sought.

iv) The fourth demand is that the 'remainder' of Jeffrey Bayko's 'equity share' be distributed as the Court determines just and proper. As Jeffrey Bayko's 'equity share' not defined and the three demands above fail to state a claim, it is impossible to determine what the Court is asked to find.

Argument

3i) The first demand fails as it asks for enforcement of what appears to be a support order arising out of a divorce in state court. The Federal Court is not the proper forum for determini to what extent child support has been paid, is in arrears, etc. These matters have traditionally remained the sole purview of the state courts. Further, the state court retains jurisdiction over these exclusively state matters. There is no claim before this Court under which it can determi the rights of the parties to a child support action, especially where jurisdiction is retained by th state court in that action.

3ii) The second demand asks that Lisa Bayko be reimbursed for sums paid by her to the Department of Revenue on behalf of Jeffrey Bayko. There is no indication as to who should reimburse Ms. Bayko or why. There is no named defendant and no legal basis alleged for her claim. (In fact, Ms. Bayko acknowledges in Paragraph 27 that she agreed to pay this advance h purposes, i.e. to obtain distributions for herself and her attorneys.)
In short, this is not a claim upon which relief may be granted.

3iii) The third demand is not a demand at all.  It is not even a complete sentence.  It is merely allegation of fact.  The fact that the Plaintiff (GMAC) retained $11,045.00 from an unnamed source does not even seem relevant.  (Whose money is involved?  What does Ms. Bayko want done?  Why?)   Demand three is certainly not a claim upon which relief may be granted.

3iv) The fourth demand is a general clean-up provision.  Certainly, the Court will do as it determines just and proper.  However, what is "Jeffrey Bayko's equity share"?  If one knew the equity share, how would the 'remainder' be calculated?  There appear to be no equitable claim before the Court.  'Equity share' is a term without definition anywhere.  Certainly, there is no claim here upon which relief may be granted.

Wherefore, Helen E. Bayko and Michael J. Bayko ask that the CrossClaim(s) of Lisa J. Bayko dismissed.

Respectfully submitted,                                          Date:   September 27, 2005
Michael J. Bayko and Helen E. Bayko
by their attorney,

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 27th day of September, 2005, I served the foregoing Motion to Dismiss, by mailing a copy first class mail, postage prepaid to: Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 0245-0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro, 79 State Street Newburyport, MA 01950 for Lisa J. Bayko; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; and Atty. Barbara Healy Smith, Assistant United States Attorney, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.