# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                    Docket # 05-11746 GAO

```
                                    )
GMAC Mortgage Corporation,          )
        Plaintiff,                  )
v.                                  )
Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen  )
E. Bayko, Michael J. Bayko, Hans R. Hailey )
and The United States of America    )
        Defendants                  )
                                    )
```

## MOTION TO DISMISS CROSS-CLAIM(S) OF LISA BAYKO
## FAILURE TO NAME A DEFENDANT

Now come Helen E. Bayko and Michael J. Bayko and move to Dismiss the CrossClaim of L. J. Bayko for failure to name a party or parties as a Defendant in the CrossClaim(s) in accordance with Federal Rules of Civil Procedure Rule 13(g).

General Overview
1) This is one of four Motions to Dismiss the CrossClaim(s) of Lisa J. Bayko. The motions seeek dismissal for Failure to Name a Defendant, Failure to State a Claim Upon Which Relief May be Granted, Lack of Jurisdiction over Subject Matter and Improper Venue.

2) The CrossClaim section of Lisa Bayko's consists of a hodgepodge of allegations related the divorce of Jeffrey L. Bayko, Sr. and Lisa J. Bayko, followed by four demands.

   i) The first demand seeks a remedy which requests enforcement of a alleged divorce judgement.

   ii) The second demand seeks reimbursement of sums which Lisa allegedly paid for Jeffrey Bayko to the Department of Revenue. There is no statement of from whom he seeks reimbursement. Neither is there any allegation of a legal theory entitling her reimbursement.

   iii) The third demand may be an allegation of fact, but there is no count, legal theory or remedy sought.

iv) The fourth demand is that the 'remainder' of Jeffrey Bayko's 'equity share' be distributed as the Court determines just and proper. As Jeffrey Bayko's 'equity share' is not defined and the three demands above fail to state a claim. It is impossible to determine what the Court is asked to find.

Argument
3) Rule 13(g) of Federal Rules of Civil Procedure allows:

> *A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transactions or occurrence that is the subject matter either of the original actions or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may includ a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.*

Here, there is no claim by one party against a co-party as no defendant in crossclaim is pled. Further, there is no claim which sounds in rem. Without opposing parties, there can be no su

Wherefore, Helen E. Bayko and Michael J. Bayko ask that the CrossClaim(s) of Lisa J. Bayk e dismissed.

Respectfully submitted,                                    Date:   September 27, 20
Michael J. Bayko and Helen E. Bayko
by their attorney,

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

**CERTIFICATE OF SERVICE**

I, Timothy D. Sullivan, Esq. do hereby certify that on this 27th day of September, 2005, I served the foregoing Motion to Dismiss, by mailing a copy first class mail, postage prepaid to: Attorney David M. Rosen, Harmon w Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corpor n; Jeffrey L. Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Attorney Christi Ann Faro, 79 State Street Newburyport, MA 01950 for Lisa J.Bayko; Attorney Hans Hailey, 225 Fri Street, Boston, MA 02114; and Atty. Barbara Healy Smith, Assistant United States Attorney, U.S. Courthou )ne Courthouse Way, Suite 9200, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.