UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                    Docket # 05-11746 GAO

)
GMAC Mortgage Corporation,                )
    Plaintiff,                            )
v.                                        )
Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen )
E. Bayko, Michael J. Bayko, Hans R. Hailey )
and The United States of America          )
    Defendants                            )
_____)

MOTION TO DISMISS CROSS-CLAIM(S) OF LISA BAYKO
LACK OF SUBJECT MATTER JURISDICTION
RULE 12(b)(1)

Now come Helen E. Bayko and Michael J. Bayko and move to Dismiss the CrossClaim of Lisa Bayko for lack of subject matter jurisdiction.

General Overview

1) This is one of four Motions to Dismiss the CrossClaim(s) of Lisa J. Bayko. The motions s dismissal for Failure to Name a Defendant, Failure to State a Claim Upon Which Relief May Granted, Lack of Jurisdiction over Subject Matter and Improper Venue.

2) The CrossClaim section of Lisa Bayko's consists of a hodgepodge of allegations related to divorce of Jeffrey L. Bayko, Sr. and Lisa J. Bayko, followed by four demands.

    i) The first demand seeks a remedy which requests enforcement of a alleged divorce judgement.

ii) The second demand seeks reimbursement of sums which Lisa allegedly paid for Jeffrey Bayko to the Department of Revenue. There is no statement from whom she seeks reimbursement. Neither is there any allegation of a legal theory entitling her to reimbursement.

iii) The third demand may be an allegation of fact, but there is no count, legal theory o remedy sought.

iv) The fourth demand is that the 'remainder' of Jeffrey Bayko's 'equity share' be distributed as the Court determines just and proper. As Jeffrey Bayko's 'equity share' not defined and the three demands above fail to state a claim, it is impossible to determine what the Court is asked to find.

Argument

3) "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. .. [F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.." *Ingram v. Hayes, 86( F2d 368 11th Cir. 1988).*

4) Clearly, the bulk of Lisa Bayko's claims here involve enforcement of child support orders separation orders of the Massachusetts Probate and Family Court. Were the Court to accept jurisdiction here, it would find itself trying to second guess the state court regarding payment timing, non-payment, enforcement and contempt orders in an open and highly litigious state court matter. The federal court should not become involved in interpreting separation agreements and enforcing child support and contempt orders arising out of the state court.

Wherefore, Helen E. Bayko and Michael J. Bayko ask that the CrossClaim(s) of Lisa J. Bayk e dismissed.

Respectfully submitted,  
Michael J. Bayko and Helen E. Bayko  
by their attorney,

Date:   September 27, 2005

_____  
Timothy D. Sullivan, Esq.  
AndoverLaw, P.C.  
451 Andover Street, Suite 185  
North Andover, MA 01845  
(978) 794-0360  
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 27th day of September, 2005, I serv the foregoing Motion to Dismiss, by mailing a copy first class mail, postage prepaid to: Attorr David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 0246 0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Ev 58 Main Street, Topsfield, MA 01983;   Attorney Christine Ann Faro, 79 State Street Newburyport, MA 01950 for Lisa J.Bayko; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; and Atty. Barbara Healy Smith, Assistant United States Attorney, U.S. Courthous One Courthouse Way, Suite 9200, Boston, MA 02110.

_____  
Timothy D. Sullivan, Esq.