UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS           Docket # 05-11746 GAO

)
GMAC Mortgage Corporation,                    )
    Plaintiff,                                )
v.                                            )
Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen   )
E. Bayko, Michael J. Bayko, Hans R. Hailey    )
and The United States of America              )
    Defendants                              )
                                              )

MOTION TO DISMISS CROSS-CLAIM(S) OF LISA BAYKO
IMPROPER VENUE
RULE 12(b)(3)

Now come Helen E. Bayko and Michael J. Bayko and move to Dismiss the CrossClaim of Lisa

Bayko for lack of proper venue.

General Overview

1) This is one of four Motions to Dismiss the CrossClaim(s) of Lisa J. Bayko. The motions seek

dismissal for Failure to Name a Defendant, Failure to State a Claim Upon Which Relief May

Granted, Lack of Jurisdiction over Subject Matter and Improper Venue.

2) The CrossClaim section of Lisa Bayko's consists of a hodgepodge of allegations related to the

divorce of Jeffrey L. Bayko, Sr. and Lisa J. Bayko, followed by four demands.

    i) The first demand seeks a remedy which requests enforcement of a alleged divorce

    judgement.

ii) The second demand seeks reimbursement of sums which Lisa allegedly paid for Jeffrey Bayko to the Department of Revenue. There is no statement from whom she seeks reimbursement. Neither is there any allegation of a legal theory entitling her to reimbursement.

iii) The third demand may be an allegation of fact, but there is no count, legal theory or remedy sought.

iv) The fourth demand is that the 'remainder' of Jeffrey Bayko's 'equity share' be distributed as the Court determines just and proper. As Jeffrey Bayko's 'equity share' not defined and the three demands above fail to state a claim, it is impossible to determine what the Court is asked to find.

Argument

3) Clearly, the bulk of Lisa Bayko's claims here involve enforcement of child support orders separation orders of the Massachusetts Probate and Family Court. These orders involve a domestic dispute between Jeffrey Bayko and Lisa Bayko. The Essex County Probate and Fa y Court (Massachusetts) clearly has established that it is the proper venue for hearing child sup t, separation and other matters related to the highly litigious marriage of Jeffrey and Lisa Bayk Enforcement of separation agreements adopted by the Massachusetts Court, child support obligations, open contempt matters, etc. are all properly within the purview of the Court whi issued those orders. No allegation has been made that this Court is a better venue. In fact, th Court is clearly not the proper venue to adopt an ongoing domestic litigation.

Wherefore, Helen E. Bayko and Michael J. Bayko ask that the CrossClaim(s) of Lisa J. Bayl  e dismissed.

Respectfully submitted,
Michael J. Bayko and Helen E. Bayko
by their attorney,

Date:   September 27, 2005

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 27th day of September, 2005, I serv the foregoing Motion to Dismiss, by mailing a copy first class mail, postage prepaid to: Attorn David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 0246 0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Ev  , 58 Main Street, Topsfield, MA 01983;   Attorney Christine Ann Faro, 79 State Street Newburyport, MA 01950 for Lisa J.Bayko;Attorney Hans Hailey, 225 Friend Street, Boston,   \ 02114; and Atty. Barbara Healy Smith, Assistant United States Attorney, U.S. Courthouse, O Courthouse Way, Suite 9200, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.