UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746GAO

| | |
|---|---|
| GMAC MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO, HELEN E. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, AND THE UNITED STATES OF AMERICA,<br>Defendants. | |

## JOINT SCHEDULING CONFERENCE STATEMENT

### INTRODUCTION

This is an interpleader action with respect to surplus funds being held by Plaintiff after completion of a mortgage foreclosure sale. The Defendants have competing interests to the surplus. The surplus amount is presently $100,616.36[1].

This case was before this Court previously, but was dismissed upon motion by the Massachusetts Department of Revenue. The DOR successfully asserted before this Court that it could not be compelled to litigate in this forum. See, docket #04-12448-GAO. Since the dismissal of that action, the DOR's claim was paid in full and the interpleader action was refiled under its current docket number.

At present, the remaining claimants are:

1. Lisa Bayko, the former mortgagor.

2. Jeffrey Bayko, the former mortgagor.

3. Helen and Michael Bayko, the parents of Jeffrey Bayko, as holders of 2 mortgages on the property.

4. Hans Hailey, holder of an attorney lien against the interests of Jeffrey Bayko; and

5. The Internal Revenue Service, holder of tax liens against the interest of Jeffrey Bayko.

Upon completion of the mortgage foreclosure sale, GMAC was holding surplus funds in the sum of $186,742.59. Lisa and Jeffrey Bayko, now divorced, each claimed a 50% interest in the surplus, subject to claims against their respective interests by other creditors. Thus, initially, each held an interest in the sum of $93,371.29.

Subsequent to the dismissal of the first action, the Mass. Dept of Revenue was paid the sum of $10,220.90 out of "Lisa Bayko's" share of the surplus. Lisa Bayko claims that these funds are recoverable to her from Jeffrey Bayko's share. Lisa Bayko claims that she paid said funds to remove the jurisdictional issue with the Department of Revenue, while reserving her right to claim that the lien was against Jeffrey Bayko.

---

[1] GMAC has filed a motion to deposit, in which it seeks to deposit the surplus funds with the Court and be dismissed from the action. GMAC also seeks payment of its attorneys' fees and costs in the sum of $7,000.

2

Subsequent to the dismissal of the first action, the claim of BankNorth was paid in full in the sum of $22,090. These funds came equally from Lisa And Jeff's shares in the surplus.

Subsequent to the dismissal of the first action, Lisa Bayko was paid the sums of $54,978.35 and $955, as undisputed portions of her share. Portions of these funds were used to satisfy the attorney liens of Christine Faro and Charles Rotondi.

Thus, after payment of these claims, Lisa Bayko's remaining share was $17,000.00 ($10,000 as a reserve and $7,000 for payment of GMAC's attorneys' fees and costs.), and Jeffrey Bayko's remaining share was $82,326.29. At the time of filing, and with accrued interest, the total surplus was $100,616.36. Lisa Bayko contends that GMAC's fees should be shared equally.

## INTERESTS OF RECORD

(a) The Defendant, Jeffrey L. Bayko, Sr., is the former holder of the equity of redemption.

(b) The Defendant, Lisa J. Bayko, is the former holder of the equity of redemption and holder of judgment against Jeffrey Bayko's interest.

(c) The Defendants Michael J. Bayko and Helen E. Bayko claim to be holders of a third mortgage dated July 19, 2002 in the sum of $43,360.00, which mortgage was recorded in Book 19056, page

153 on August 12, 2002; and are the holders of a fourth mortgage dated May 25, 2003, in the original principal balance of $6,300.00, which mortgage was recorded in Book 21193, Page 386 on July 8, 2003. The Bayko's claims under these mortgages are for unpaid principal, Interest and attorney's fees. BankNorth held the 2nd mortgage, but its lien has now been paid in full.

(d) The Defendant, Hans R. Hailey, claims to be the holder of an Attorney's Lien dated February 6, 2003 and recorded February 10, 2003 in the Essex County Registry of Deeds at Book 20139, Page 71.

(e) The Defendant, The United States of America, claims to be the holder of a federal tax lien dated May 1, 2003 and recorded on June 3, 2003 in the Essex County Registry of Deeds at Book 20949, Page 90 in the original amount of $47,196.80. Upon information and belief, the IRS holds numerous other liens against Jeffrey L. Bayko.

**COMPETING CLAIMS AND INTERESTS[2]**

1. By record, Helen and Michael Bayko would be next in line to take from the surplus. However, Lisa Bayko alleges, *inter alia,* that these mortgages are fraudulent and not supported by valid consideration and her interest in Jeffrey Bayko's share pursuant to a judgment of divorce nisi takes precedent over the mortgage. Lisa Bayko claims that Helen and Michael Bayko should not share

---

[2] Set forth below is a summary of the competing claims. Specific statements of position by the parties are attached hereto.

4

at all in the surplus. Lisa Bayko also claims that she has valid and enforceable child support orders against Jeffrey Bayko, which should be paid from any share the would inure to Jeffrey Bayko and other amounts pursuant to a judgment of divorce nisi. Lisa Bayko also claims that Jeffrey Bayko should be responsible for his Mass. Dept of Revenue lien, which was paid out of her share, solely to satisfy the Mass. Dept of Revenue lien so that the jurisdictional issue was resolved.

2. Helen and Michael Bayko claim that they have valid and enforceable liens of record, which should be paid in their order of priority, and which monies are not subject to lien or claim by anyone. Michael and Helen Bayko assert that Lisa Bayko has made no cognizable claim against their interest and has filed Motions to Dismiss Lisa Bayko's crossclaims based on Failure to State a Claim Upon Which Relief may be granted, Improper Venue, Lack of Subject Matter Jurisdiction and Failure to Name a Defendant. They also claim that Lisa Bayko is solely responsible for the Department of Revenue lien.

3. Hans Hailey claims that he has a valid lien against Jeffrey Bayko's interest in the surplus. Whether Hans Hailey is paid depends in part on the validity of the Helen and Michael Bayko mortgages.

4. Whether the IRS gets paid also depends on whether or not the Helen and Michael Bayko liens get paid. The IRS may also claim that it has an interest in funds due to Lisa Bayko based upon payment of the Banknorth lien under a "marshalling of assets" theory.

5. GMAC seeks recovery of its attorneys' fees and costs from Lisa Bayko.

## AGENDAS OF MATTERS TO BE DISCUSSED

1. The scheduling of a hearing on the cross motions to dismiss Michael and Helen Bayko and Lisa Bayko have filed against each.

2. The scheduling of any discovery any party intends to propound.

3. The scheduling of summary judgment motions.

## PRETRIAL SCHEDULE

All parties agree to 120 days to complete discovery and 30 days thereafter for summary judgment motions.

## TRIAL BY MAGISTRATE

The parties do not agree to trial by a magistrate judge.

## CERTIFICATIONS

All parties have been fully advised of an alternate dispute resolution. [3]

GMAC MORTGAGE CORPORATION,
By its Attorney,

David M. Rosen, Esquire
BBO#: 552866
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

---

[3] Jeffrey Bayko has not responded to this complaint, or to any of the prior proceedings with respect to this matter. He is believed to be presently incarcerated at the Essex County Correctional Alternative Center in Lawrence, Massachusetts. His signature on this pleading has not been obtained. Copies of this document and prior drafts have been mailed to him.

6

LISA J. BAYKO,
By her Attorney,

*Christine Faro (with permission)*
Christine Faro
79 State Street
Newburyport, MA 01950


**JEFFREY BAYKO,**

_____


**HELEN E. BAYKO AND MICHAEL J. BAYKO,**
By their attorney,

*Tim Sullivan (with permission)*
Timothy Sullivan, Esq.
451 Andover Street
Suite 185
North Andover, MA 01845


**HANS R. HAILEY, ESQ.,**

*Hans Hailey (with permission)*
Hans R. Hailey, Esq.
225 Friend Street
Boston, MA 02114

7

**UNITED STATES OF AMERICA,**
By its attorney,

*/s/ Lydia Turanchik (with permission)*
Lydia Bottome Turanchik, Esq.
U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, DC  20044

## CERTIFICATE OF SERVICE

I, David M. Rosen, hereby certify that a true copy of the Joint Scheduling Conference Statement was served on November 14, 2005 by mailing via first class mail, postage prepaid, to:

Timothy Sullivan, Esq.
451 Andover Street
Suite 185
North Andover, MA 01845

Hans R. Hailey, Esq.
225 Friend Street
Boston, MA 02114

Christine Faro
79 State Street
Newburyport, MA 01950

Lydia Bottome Turanchik, Esq.
U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, DC 20044

Barbara Healy Smith, Esq.
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

Jeffrey L Bayko, Sr.
c/o Essex County Correctional Alternative Center (Lawrence)
165 Marston Street
Lawrence, MA 01841

David M. Rosen, Esq.