IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-11746-GAO |
| | ) |
| JEFFREY L. BAYKO, SR., LISA J. | ) |
| BAYKO, HELEN E. BAYKO, MICHAEL | ) |
| BAYKO, HANS R. HAILEY, and | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES OF AMERICA'S ANSWER

### FIRST DEFENSE

This Court does not have subject-matter jurisdiction over this matter as the same surplus

funds are currently the subject of an interpleader action on appeal before the United States Court

of Appeals for the First Circuit.

### SECOND DEFENSE

The United States responds to the specific allegations contained in the complaint as

follows:

1.   *The Plaintiff, GMAC, is a corporation having its usual place of business at 500*

   *Enterprise Road, Suite 150, Horsham, PA 19044.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

   as to the truth of the allegations contained in ¶ 1 of the complaint.

2.   *The Defendant, Jeffrey L. Bayko, Sr., is upon information and belief, an individual*

   *c/o Gary Evans, 58 Main Street, Topsfield, MA 01983.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 2 of the complaint.

3.   *The Defendant, Lisa J. Bayko, is upon information and belief, an individual c/o*
*Charles D. Rotondi, 79 State Street, Newburyport, MA 01950.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 3 of the complaint, but avers that
Attorney Christine Faro has entered an appearance on behalf of Lisa Bayko in this
matter.

4.   *The Defendants, Helen E. Bayko and Michael J. Bayko, are upon information and*
*belief, individuals c/o Timothy Sullivan, 451 Andover Street, Suite 185, North*
*Andover, MA 01845.*

RESPONSE:   The United States admits that Timothy Sullivan, address as above, has entered an
appearance in this matter on behalf of Helen and Michael Bayko.

5.   *The Defendant, Hans R. Hailey, is upon information and belief, an individual with*
*a last known address of 225 Friend Street, Boston, MA 02114.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 5 of the complaint.

6.   *The Defendant, the United States of America, is upon information and belief, a*
*federal agency with a usual business address of the Internal Revenue Services*
*[sic], P.O. Box 9112, Stop 20800, Boston, MA 02203.*

RESPONSE:   The United States denies the allegations contained in ¶ 6 of the complaint, but
avers that it does maintain a usual business address in the Commonwealth of

- 2 -

Massachusetts at the Office of the United States Attorney, One Courthouse Way,

Suite 9200, Boston, Massachusetts 02210.

7.   *Plaintiff, GMAC, was the holder by assignment of a first mortgage given by*

*Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated*

*May 20, 1993 and recorded with the Essex County (Southern District) Registry of*

*Deeds at Book 11897, Page 525, securing the real estate located at 14A Graham*

*Ave., Newbury, MA 01951 ("the property").*

RESPONSE:  The United States admits the allegations contained in ¶ 7 of the complaint.

8.   *On March 2, 2004, GMAC foreclosed on the mortgaged property by public*

*auction.*

RESPONSE:  The United States admits that plaintiff GMAC foreclosed on the mortgaged

property; the United States is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in ¶ 8 of the

complaint.

9.   *The mortgaged property was sold to a third party for $307,500.00.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 9 of the complaint.

10.   *Upon completion of the mortgage foreclosure sale and payment to the first*

*mortgage holder, GMAC was left holding $186,742.59 in surplus funds, which*

*funds were placed in an interest bearing account maintained by its counsel,*

*Harmon Law Offices, P.C.*

RESPONSE:  The United States admits the allegations contained in ¶ 10 of the complaint.

1438754.1

11.     *Lisa Bayko and Jeffrey Bayko, the former mortgagors are divorced. Each has*
*claimed a 50% interest in the Surplus, subject to claims against their respective*
*interests by other creditors. Thus, each has claimed a respective share of the*
*surplus in the sum of $93,371.29.*

RESPONSE:   The United States admits that Lisa Bayko and Jeffrey Bayko, and their creditors,
are each entitled to 50% of the remaining surplus fund, to be determined in order
of lien priority; the United States is without knowledge or information sufficient
to form a belief as to the truth of the remaining allegations contained in ¶ 11 of the
complaint, specifically whether Jeffrey Bayko has actually made a claim with
regard to his 50% interest in this property.

12.     *On or about May 12, 2005, Plaintiff released funds in the amount of $10,220.90*
*to the Massachusetts Department of Revenue. These funds were paid out of*
*"Lisa's" share of the proceeds, but without prejudice to her right to claim that*
*these funds should have been paid out of Jeffrey's share. These funds were*
*tendered in full payment of the Department of Revenue's lien on the property.*

RESPONSE:   The United States admits that the Massachusetts Department of Revenue has been
paid a sum of money from the proceeds at issue in this proceeding, but it is
without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in ¶ 12 of the complaint.

13.     *On or about May 12, 2005, Plaintiff released funds in the amount of $54,978.35*
*to Christine Faro, as counsel for Lisa Bayko. This amount represents an*
*uncontested portion of the surplus due to Lisa Bayko. In addition, due to this*

- 4 -

> *payment to Lisa Bayko, attorney liens held by Christine Faro and Charles D.*
> *Rotondi were deemed satisfied.*

RESPONSE:   The United States admits that some sum of money was paid out to Christine Faro
on behalf of Lisa Bayko, but it is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations contained in ¶ 13 of the
complaint.

14.   *On or about June 23, 2005, Plaintiff entered into an Indemnification Agreement*
*with Banknorth Group, holder of an uncontested second mortgage on the*
*property, and released funds to Banknorth Group in the amount of $22,090.00.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 14 of the complaint.

15.   *On or about August, 2005, Plaintiff released additional uncontested funds to Lisa*
*Bayko in the sum of $955.00.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 15 of the complaint.

16.   *As a result of these partial payments, there is a surplus now held by the Plaintiff*
*in the amount of $100,616.36, including accrued interest on the account.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 16 of the complaint.

17.   *The remaining surplus consists of "Jeffrey Bayko's" contested share in the sum of*
*$82,326.29 ($93,371.29 less ½ of the $22,090 paid to BankNorth), and the*
*remainder of Lisa Bayko's share, and accrued interest. Plaintiff will seek to*

- 5 -                                    1438754.1

> *recover its fees and costs from this surplus administration out of Lisa Bayko's*
> *remaining share.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 17 of the complaint.

18.   *The following persons and entities appear of record to be all of the persons or*
*entities having a remaining interest in said funds held by GMAC, to wit:*

    *(a)   The Defendant, Jeffrey L. Bayko, Sr., is the former holder of the equity of*
    *redemption.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 18(a) of the complaint.

    *(b)   The Defendant, Lisa J. Bayko, is the former holder of the equity of*
    *redemption.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 18(b) of the complaint.

    *(c)   The Defendants Michael J. Bayko and Helen E. Bayko are the holders of a*
    *third mortgage dated July 19, 2002 in the sum of $43,360.00, which*
    *mortgage was recorded in Book 19056, page 153 on August 12, 2002.*

RESPONSE: The United States admits that a mortgage dated July 19, 2002 was recorded as
indicated above, but avers that it is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations contained in ¶ 18(c) of
the complaint.

1438754.1

(d) *The Defendants, Michael J. Bayko and Helen E. Bayko, are the holders of*
*a fourth mortgage dated May 25, 2003, in the original principal balance*
*of $6,300.00, which mortgage was recorded in Book 21193, Page 386 on*
*July 8, 2003.*

RESPONSE:   The United States admits that a mortgage dated May 25, 2003 was recorded as
indicated above, but avers that it is without knowledge or information sufficient to
form a belief as to the truth of the remaining allegations contained in ¶ 18(d) of
the complaint.

(e) *The Defendant, Hans R. Hailey, is the holder of an Attorney's Lien dated*
*February 6, 2003 and recorded February 10, 2003 in the Essex County*
*Registry of Deeds at Book 20139, Page 71.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 18(e) of the complaint.

(f) *The Defendant, The United States of America, is the holder of a federal*
*tax lien dated May 1, 2003 and recorded on June 3, 2003 in the Essex*
*County Registry of Deeds at Book 20949, Page 90 in the original amount*
*of $47,196.80. Upon information and belief, the IRS holds numerous*
*other liens against Jeffrey L. Bayko.*

RESPONSE:   The United States admits the allegations contained in ¶ 18(f) of the complaint.


WHEREFORE, the United States respectfully requests that this Court dismiss the action
for want of subject matter jurisdiction, or, if the action is not so dismissed, determine the proper

- 7 -

priority to the funds at issue in this proceeding, deny the Plaintiff's request for costs and fees to

the extent they would be paid from the United States portion of these proceeds, and grant such

other and further relief as this Court deems proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

IT IS HEREBY CERTIFIED that service of the foregoing document has been made upon
counsel this 28th day of November, 2005.

1438754.1

SERVICE LIST

David Rosen
Harmon Law Offices
P.O. Box 610389
Newton Highlands, MA 02461

Christine Ann Faro
79 State Street
Newburyport, MA 01950

Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Hans Hailey
225 Friend Street
Boston, MA 02114

1438754.1