IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>JEFFREY L. BAYKO, SR., et al., )<br>)<br>Defendants. ) | Civil No. 05-11746-GAO |

UNITED STATES' LIMITED OPPOSITION TO PLAINTIFF'S MOTION
TO DEPOSIT NET FUNDS WITH THE COURT AFTER PAYMENT
OF PLAINTIFF'S FEES AND COSTS

The United States interposes this limited objection to plaintiff's motion to deposit funds. This opposition is limited to that portion of plaintiff's motion which seeks to withhold from deposit the fees and costs incurred by the plaintiff in this interpleader action. As grounds for its opposition, the United States asserts that the motion should be denied to the extent that it is seeking payment from funds otherwise encumbered by a federal tax lien, notice of which was filed on June 3, 2003.

It is well settled that interpled funds which are encumbered by a federal tax lien may not be used to compensate an interpleading plaintiff for costs and fees. See United States v. R.F. Ball Construction Co., Inc., 355 U.S. 587 (1958); United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215 (1955). The Supreme Judicial Court of Massachusetts has further held that the court has "no power to allow (at least in an interpleader or similar proceeding), the deduction of attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected." Nason v. Taylor, 351 Mass. 347, 348 (1966) (*citing* R.F. Ball Construction and Liverpool & London).

In the instant action, it is clear that the United States is not entitled to payment of the entire surplus fund. As a result, the plaintiff is clearly entitled to payment of its fees from the surplus fund, provided, however, that payment is not made from the United States' share, which has yet to be determined.[1] Therefore, the United States asserts that plaintiff's motion to deposit the surplus fund with the Court should be granted, but that plaintiff's motion with respect to payment of its costs and fees be denied until such time as a determination as to proper distribution of these funds can be made by this Court.[2] At that time, the plaintiff will be entitled to payment from any other distributee except the United States.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560

---

[1] The United States further asserts that, for the benefit of Mr. Bayko's remaining creditors, the fees paid to the plaintiff should be paid from Lisa Bayko's ½ interest in the proceeds under the equitable doctrine of marshaling.

[2] If payment is to be made from Lisa Bayko's ½ share, then the United States has no problem with the immediate distribution of the plaintiff's costs and fees as the United States makes no claim to Lisa Bayko's share of these proceeds.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Limited Opposition to Plaintiff's Motion to Deposit Net Funds has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 12th day of December, 2005:

Christine Ann Faro
Charles Rotondi
79 State Street
Newburyport, MA 01950

Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

David Rosen
Harmon Law Offices
P.O. Box 610389
Newton Highlands, MA 02461

Hans Hailey
225 Friend Street
Boston, MA 02114

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560

1460422.1