IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-11746-GAO |
| ) | |
| JEFFREY L. BAYKO, SR., et al., ) | |
| ) | |
| Defendants. ) | |

<u>UNITED STATES' ANSWER TO DEFENDANT LISA BAYKO'S CROSS-CLAIM</u>

The United States, by its undersigned counsel, responds to the specific allegations of the defendant's cross-claim as follows:

20. *The Defendant/Plaintiff-in-Cross Claim, Lisa Bayko, has a Judgment of Divorce Nisi entered on May 24, 2002 which ordered that the Defendant/Plaintiff-in-Cross Claim, Lisa Bayko was to take out of the Defendant Jeffrey Bayko's share of the proceeds of the marital home Child Support arrears in the amount of $42,000.00 (including the $13,000.00 in unpaid child support cited in the Separation Agreement dated May 24, 2002); One years Child Support paid in advance in the amount of $13,000.00; College tuitions for the minor children in the amount of $4,710.00; $9,000.00 for the settlement proceeds; and $6,000.00 for the Defendant's credit and liabilities that were paid for by the Plaintiff.*

RESPONSE:    The United States admits that a Judgment of Divorce Nisi was entered on May 24, 2002.  The United States further avers that the

        settlement agreement *provides* that the marital property was to be sold, with the wife receiving delinquent child support in the amount of $13,200.00, $9,000.00 in settlement proceeds, and $13,000.00 representing "one year's advanced payment of child support." The United States is without knowledge or information sufficient to form a belief as to the remaining allegations contained in ¶ 20 of the cross-claim.

21. *The Defendant/ Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and [sic] Probate & Family Court (J. Kaegan) dated about May 1, 2003 that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the cross-claim.

22. *The Defendant/Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the Essex County and [sic] Probate & Family Court dated July 2, 2003, that any and all unpaid college tuition and uninsured medical expenses of the minor children would be paid out of the Defendant Jeffrey Bayko's share of the proceeds from the marital home.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the cross-claim.

23. *The Defendant / Plaintiff-in-Cross Claim, Lisa Bayko, has an order of the*

> *Essex County Probate & Family Court (J. Kaegan) ordering that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the cross-claim.

24. *At all times material hereto, the Defendant Hans Hailey was counsel to Jeffrey Bayko and presented to the Court that Lisa Bayko would be made whole and paid any outstanding obligations out of his share of the proceeds of the marital home.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the cross-claim.

25. *Contrary to the terms of the separation agreement and Judgment of Divorce Nisi dated May 24, 2002, the Defendant Jeffrey Bayko encumbered the marital residence, conveying the two mortgages to the Defendant Helen Bayko and Michael Bayko dated and in the amount of: July 16, 2002 for 46,360.00 [sic] and May 25, 2003 for $6,300.00.*

RESPONSE: The United States admits that there are on record encumbrances against the marital residence on the dates and for the amounts indicated. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the cross-claim.

1462842.1

26. *Attorney Gary Evans, named in the Separation Agreement as the Attorney selected by the parties to consolidate and workout [sic] their marital debt, was the drafting, recording and representative attorney for said mortgages.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the cross-claim.

27. *On May 12, 2005, Lisa Bayko paid Jeffrey Bayko's debt with the Massachusetts Department of Revenue, $10,220.90, so as to remove them as a party Defendant to this action and resolve the jurisdictional issue, so that this action could proceed in the United States District Court.*

RESPONSE: The United States denies that Lisa Bayko directly made the payment, but avers that plaintiff GMAC made a $10,220.90 payment to the Commonwealth of Massachusetts Department of Revenue from the surplus proceeds at issue in the first <u>GMAC v. Bayko, et al.</u>, proceeding. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 27 of the cross-claim.

28. *On May 23, 2005, the Plaintiff retained $11,045.00 from Lisa Bayko's share of the sales proceeds, representing Jeffrey Bayko's one-half interest in the event that the Defendant United States is successful in their [sic] marshalling claim.*

RESPONSE: The United States is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in ¶ 28 of the cross-claim.

WHEREFORE, the United States requests that this Court determine the proper priority to the funds at issue in this proceeding, and grant such other and further relief as this Court deems proper.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney


          /s/ Lydia Bottome Turanchik
          LYDIA BOTTOME TURANCHIK
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Post Office Box 55
          Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 307-6560
          Lydia.D.Bottome@usdoj.gov

It is hereby certified that the foregoing document was filed via the Court's electronic filing system on December 14, 2005. This system will automatically generate and send a Notice of Electronic Filing to the counsel of record in this matter.

          /s/ Lydia Bottome Turanchik
          LYDIA BOTTOME TURANCHIK
          Trial Attorney, Tax Division

1462842.1