UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746 GAO

_____
GMAC MORTGAGE CORPORATION,            )
                 Plaintiff            )
                                       )
v.                                     )
                                       )
JEFFREY L. BAYKO, SR., LISA J. BAYKO,  )
HELEN E. BAYKO, MICHAEL J. BAYKO,      )
HANS R. HAILEY, AND THE UNITED         )
STATES OF AMERICA,                     )
                Defendants            )
_____ )


## VERIFIED MOTION FOR PARTIAL SUMMARY JUDGMENT


1.      Defendants, Michael J. Bayko and Helen E. Bayko, hold secured interests on the proceeds of the real property located at 7A Graham Ave., Newbury, Massachusetts. GMAC Mortgage Corporation, the first mortgage holder has asked this Honorable Court to determine the priorities and order payment.   Wherefore, the Defendants submit the following evidence of their claims and ask for judgment.


## STATEMENT OF FACTS


2.      On May 24, 2002 a Judgment Nisi entered in the divorce proceedings between Jeffrey L. Bayko and Lisa J. Bayko, which effectively changed Jeffrey L. Bayko and Lisa J. Bayko's title in the property located at 7A Graham Avenue, Newbury, Massachusetts from Tenants by the Entirety to Tenants in Common.

3.      On July 19, 2002, Michael J. Bayko and Helen E. Bayko secured loans made to Jeffrey L. Bayko with a Promissory Note for $46,340.00 plus interest and a Mortgage on Jeffrey L. Bayko's interest in the property located at 7A Graham Avenue, Newbury, Massachusetts.  The Mortgage Deed was recorded on August 12, 2002 in the Essex Registry of Deeds, Southern District.  **(See Exhibit 1, Copy of July 19, 2002 Promissory Note) (See Exhibit 2, Copy of Mortgage Deed dated July 19, 2002)**

4.      On May 9, 2003, Michael J. Bayko and Helen E. Bayko secured a loan made to Jeffrey
        L. Bayko with a Promissory Note for $6,300.00 plus interest and another Mortgage on
        Jeffrey L. Bayko's interest in the property located at 7A Graham Avenue, Newbury,
        Massachusetts.  The Mortgage Deed was recorded July 8, 2003 in te Essex Registry of
        Deeds, Southern District.  **(See Exhibit 3, Copy of May 9, 2003 Promissory Note) (See
        Exhibit 4, Copy of Mortgage Deed)**

5.      These mortgages secure actual loans and advances made by Michael J. Bayko and Helen
        E. Bayko to Jeffrey L. Bayko. **(See Exhibit 5 Copies of various cancelled checks from
        Michael and Helen Bayko's account) (See Exhibit 6 Copies of Jeffrey L. Bayko's
        balance sheets showing deposits to his account) (See Exhibit 7 Copy of bank check
        remitted by Michael Bayko and receipt for payment of child support to Lisa Bayko)**

6.      Most of the funds advanced by Michael J. Bayko and Helen E. Bayko were used by their
        son to pay child support and attorneys' fees related to the divorce of Jeffrey Bayko and
        Lisa Bayko.  In fact, the second mortgage can be precisely traced from Mr. and Mrs.
        Bayko's bank account to the DOR in an amount necessary to pay back child support and
        get Jeffrey out of jail.  **(See Exhibit 7)**

7.      Nevertheless, Lisa Bayko took the position that Michael J. Bayko and Helen E. Bayko
        should be enjoined from enforcing their mortgages.  August 13, 2003, Lisa Bayko filed
        an "Emergency Ex-Parte Motion to   Revoke Mortgages" in the closed divorce of Lisa J.
        Bayko and Jeffrey L. Bayko, Sr.  The motion sought to invalidate Michael and Helen
        Bayko's mortgages without joining them or even noticing them. The Probate and Family
        Court denied that motion.  (Essex Probate and Family Court Docket # 01D 0875 DV1)

8.      Next, Lisa Bayko filed a "Complaint in Equity to Set Aside Fraudulent Conveyance to
        Declare the Mortgages Between Jeffrey L. Bayko and Helen & Michael Bayko Null and
        to Enforce the Terms of a Judgment of This Court".  That Complaint was followed on
        September 3, 2003, by Lisa Bayko's thirteen page "Motion for Injunctive Relief to Enjoin
        Defendants Helen Bayko and Michale [sic] Bayko from Enforcing Mortgages and to
        Revoke Mortgages" in the Essex County Probate and Family Court (Docket # 03E 0076
        GC1).

9.      With foreclosure imminent, Ms. Bayko refused offers to close the sale of the property and
        escrow the funds pending litigation, her preliminary injunction was denied, and the
        foreclosure sale by the Plaintiff went through.

10.     In the intervening months, numerous motions were filed and several hearings held before
        the Probate and Family Court.  Finally, the Probate and Family Court acted on Michael J.
        and Helen E. Bayko's Motion to Dismiss (originally served on September 8, **2003** and
        repeatedly reasserted).  On September 15, **2004**, the Probate and Family Court dismissed
        the equity complaint.  (Essex County Probate and Family Court Docket # 03E 0076
        GC1)

11.    On October 6, 2004 an Interpleader action was filed in Massachusetts Superior Court and was eventually removed to Federal Court.  After a Judgment of Dismissal, the case was appealed.   The appeal was one of a series of jurisdictional skirmishes between the Internal Revenue Service and the Massachusetts Department of Revenue.  Shortly after it was filed, the appeal was rendered moot when Lisa Bayko paid off the Department of Revenue out of her share.  However, prior to the dismissal of the appeal, the plaintiff filed a new Interpleader under the current docket and caption

## ARGUMENT

12.    Michael J. Bayko and Helen E. Bayko hold a mortgage on Jeffrey L. Bayko's interest in the property located at  7A Graham Avenue, Newbury, Massachusetts recorded August 12, 2002, which is only junior to the mortgage held by GMAC and the mortgage held by BankNorth.  These two claims were satisfied out of the foreclosure sale proceeds, leaving Michael J. Bayko and Helen E. Bayko's interest first in line for the surplus.

13.    Michael J. Bayko and Helen E. Bayko also hold another mortgage on  Jeffrey L. Bayko's interest in the property located at  7A Graham Avenue, Newbury, Massachusetts recorded July 8, 2003, which is junior to the mortgage held by GMAC, the mortgage held by BankNorth, the first mortgage held by Michael J. Bayko and Helen E. Bayko, and the Attorney's Lien held by Hans R. Hailey, Esquire.  The claims held by GMAC and BankNorth were sastisfied out of the foreclosure sale proceeds, which leaves Michael J. Bayko and Helen E. Bayko's second mortgage third in line for the surplus.

14.    Both Mortgages held by Michael J. Bayko and Helen E. Bayko are valid mortgages used to secure loans made to Jeffrey L. Bayko.   Most of the funds advanced by Michael J. Bayko and Helen E. Bayko were used by their son to pay child support and attorneys' fees related to the divorce of Jeffrey Bayko and Lisa Bayko.  In fact, the second mortgage can be precisely traced from Mr. and Mrs. Bayko's bank account to the DOR in an amount necessary to pay back child support and get Jeffrey out of jail. **(See Exhibit 7)**

15.    Michael J. Bayko and Helen E. Bayko seek to recover the principal amount of both promissory notes, interest on both promissory notes from their dates of execution until the date of payment, and attorneys' fees.

Principal

16.    The principal amount due on the July 19, 2002 Promissory Note is $46,360.00.  This is evidenced by an acknowledged Promissory Note dated July 19, 2002 and a certified copy of Mortgage Deed, recorded at the Essex Registry of Deeds, Southern District, August 12, 2002 at 8:49 A.M at Book 19056, Page 153. **(See Exhibit 1) (See Exhibit 2)** Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

17.    Interest due through March 19, 2006 is $10,194.80.  This is based on the Six (6%) Percent per annum quoted in the Promissory Note.  The Note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest.)  **(See Exhibit 1)**

Attorneys' Fees

18.    During the course of more than two years of litigation, as outlined in the Statement of Facts,  Defendants, Michael J. Bayko and Helen E. Bayko, incurred attorney's fees and costs in connection with collecting the amount due under the July 19, 2002 Note and Mortgage in the amount of $36,544.23.  This does not include attorneys' fees and costs after March 2, 2006.

Principal

19.    The principal amount due on the May 9, 2003 Promissory Note is $6,300.00.  This is evidenced by an acknowledged Promissory Note dated May 9, 2003 and a certified copy of Mortgage Deed, Recorded at the Essex Registry of Deeds, Southern District, July 8, 2003 at 8:13 A.M in Book 21193 at page 386 **(See Exhibit 3) (See Exhibit 4)**  Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

20.    Interest due through March 9, 2006 is $1,071.00.  This is based on the Six (6%) Percent per annum quoted in the Promissory Note.  The note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest.  **(See Exhibit 3)**

WHEREFORE, Defendants, Michael J. Bayko and Helen E. Bayko, respectfully request that this Court grant them Judgment on their mortgages and distribute funds owed to them and secured by their mortgages.

Specifically, Michael J. Bayko and Helen E. Bayko seek $100,470.03 plus interest from the date of this pleading and their attorney's fees and costs for this phase of the collection process:

a.     $46,360.00 being the principal on their July 19, 2002 Note and Mortgage. (Recorded August 12, 2002.)

b.    Interest to the date of payment as provided in their July 19, 2002 Note and Mortgage.  (Interest through March 19, 2006 is $10,194.80.)

c.      Attorneys' fees and costs as provided in their July 19, 2002 Note and Mortgage. (Attorneys' fees and costs incurred through March 2, 2006 are $36,544.23)

d.      $6,300 being the principal on their May 9, 2003 promissory note and mortgage recorded July 8, 2003.

e.      Interest from the date of the Note to the date of final payment. (Interest through March 9, 2006 is $1,071.00.)

Respectfully submitted,                      Dated: March 15, 2006
Michael J. Bayko and Helen E. Bayko
by their attorney,

 /s/ Timothy D. Sullivan
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO No. 563244

## **VERIFICATION**

We, Michael J. Bayko and Helen E. Bayko, do hereby declare that we have read the foregoing Motion and know the contents thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing s true and correct and that this declaration was executed on this 15th day of March, 2006 in Essex County, Massachusetts.

 /s/ Michael J. Bayko                           /s/ Helen E. Bayko
Michael J. Bayko                                   Helen E. Bayko

## **CERTIFICATE OF SERVICE**

I, Timothy D. Sullivan, Esq. do hereby certify that on this 17th day of March, 2006, I filed the foregoing Verified Motion for Partial Summary Judgment, through the ECF system and copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

 /s/ Timothy D. Sullivan
Timothy D. Sullivan, Esq.

PROMISSORY NOTE

U.S. $46,360.00                                      July 19, 2002

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, I, the undersigned Borrower, hereby promise to pay to MICHAEL J. BAYKO and HELEN E. BAYKOPHY, or to their order, the principal sum of FORTY-SIX THOUSAND THREE HUNDRED SIXTY AND 00/100 ($46,360.00) DOLLARS, with interest thereon from the date hereof until paid at the rate of SIX (6%) PERCENT per annum, payable in one (1) single installment of principal and accrued interest on demand or within thirty (30) days of or upon the sale of the property located at 7 A Graham Avenue, Newbury, Massachusetts, whichever shall first occur.

The indebtedness hereby evidenced shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the Borrower or for any of his property, or upon the filing of a petition by or against the Borrower under the provisions of any State Insolvency Law or under the provisions of the United States Bankruptcy Code of 1978, as amended, or upon the making by the Borrower of an assignment for the benefit of creditors and not set aside within thirty (30) days, or upon the sale, conveyance, transfer or change in the legal ownership of the aforesaid 61 Storey Avenue, Newbury, Massachusetts, or any portion thereof, or the granting of any other interest therein, except upon the prior written approval of the Holder hereof.

All parties now or hereafter liable for the payment of any of the indebtedness hereby evidenced agree, by executing or endorsing this Note, or by entering into or by executing any agreement to pay-off the indebtedness hereby evidenced, that the Holder hereof shall have the

VANS, EVANS &
BINGHAM
8 MAIN STREET
SFIELD, MA. 01983
———
(978) 887-2166



right, without notice, to deal in any way, at any time, with any party, to grant any extension of time for payments of any of the said indebtedness, or any other indulgences or forbearances whatsoever, without in any way affecting the liability of any party hereunder.

The Holder of this Note shall be entitled to all reasonable costs and expenses, including but not limited to reasonable attorney's fees in connection with collecting any amount due hereunder.

The Borrower, maker and endorsers hereof shall be jointly and severally liable for the performance of each and every obligation herein contained and hereby severally waive presentment, protest and demand, notice of protest, notice of dishonor and notice of nonpayment of this Note.

IN WITNESS WHEREOF, the Borrowers have hereunto set their hands and affixed their seals this 19th day of July 2002.

_____
WITNESS

_____
JEFFREY L. BAYKO

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    July 19, 2002

Then personally appeared the above-named JEFFREY L BAYKO, and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
NOTARY PUBLIC
My Commission expires: 12/26/2006

EVANS, EVANS &
BINGHAM
58 MAIN STREET
OPSFIELD, MA. 01983

(978) 887-2155

*5B Main st.*
*Topsfield MA*
*0l98>*

2002081200108 Bk:19056 Pg:153
08/12/2002 08:49:00 MTG Pg 1/5

## MORTGAGE DEED

I, JEFFREY L. BAYKO of 61 Story Avenue, Newburyport, Essex County,

Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E.

BAYKO, both of Newburyport, Essex County, Massachusetts, with **MORTGAGE**

**COVENANTS** to secure the payment of FORTY-SIX THOUSAND THREE

HUNDRED SIXTY AND 00/100 ($46,360.00) DOLLARS together with interest thereon

at the rate of Six (6.00%) Percent per annum, all as provided in the undersigned's Note

of even date, the land in Newburyport, Essex County, Massachusetts known as 7A

Grahm Avenue and more fully described on Exhibit "A" attached hereto and made a part

hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which

the Mortgagee shall have the statutory power of sale, all as more fully described in an

Extract from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended

hereto as Exhibit "B".

WITNESS my hand and seal this 19th day of July 2002.

_____        _____
WITNESS                          JEFFREY L. BAYKO

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    July 19th, 2002

Then personally appeared the above-named JEFFREY L. BAYKO who
acknowledged his execution of the foregoing instrument to be their free acts and deeds,
before me,

_____
NOTARY PUBLIC
My Commission expires:    12/20/2002


EXHIBIT
2

*Property Locus: 7A Graham Avenue, Newbury, MA*

2002081200108 Bk:19056 Pg:154
08/12/2002 08:49:00 MTG Pg 2/5

EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbered 39 on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 1897 and recorded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded and described as follows:

| | |
|---|---|
| SOUTHERLY: | by Graham Avenue, fifty (50) feet; |
| WESTERLY: | by Lot numbered 40, as shown on said plan, one hundred (100) feet; |
| NORTHERLY: | by Lot numbered 22, as shown on said plan, fifty (50) feet; and |
| EAASTERLY: | by Lot numbered 38, as shown on said plan, one hundred (100) feet. |

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. Bayko, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen E. Bayko, dated April 24, 1985 and recorded with the Essex South District Registry of Deeds Book 7731, Page 545.

See also, Essex South District Registry of Deeds Book 4167, Page 329 which conveyance was made to Protection Fire Company No. 2, a corporation duly organized by law and having its usual place of business in Newbury, the same being a portion of the premises conveyed to the grantors by deed of Grace R. Sleeper dated November 29, 1951 and recorded with said Deeds in Book 3861, Page 5 on November 5, 1951.

bayko-gee

2002081200108 Bk:19056 Pg:155
08/12/2002 09:49:00   MTG Pg 3/5

EXHIBIT "B"

## EXTRACT FROM GENERAL LAWS (TER.ED.), CHAPTER 183
### SECTIONS 18, 19, 20, 21

Section 18. A deed in substance following the form entitled "Mortgage Deed" shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and his heirs and assigns with mortgage covenants and upon the statutory condition and with the statutory power of sale, as defined in the three (3) following sections, to secure the payment of the money or the performance of any obligation therein specified. The parties may insert in such mortgage any other lawful agreement or condition.

Section 19. In a conveyance of real estate, the words "mortgage covenants" shall have the full force, meaning and effect of the following words, and shall be applied and construed accordingly: "The Mortgagor, for himself, his heirs, executors, administrators and successors, covenants with the Mortgagee and his heirs, successors and assigns, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that the Mortgagor has good right to sell and convey the same; and that he will, and his heirs, executors, administrators and successors shall warrant and defend the same to the Mortgagee and his heirs, successors and assigns forever against the lawful claims and demands of all persons; and that the Mortgagor and his heirs, successors or assigns, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser and purchasers a deed or deeds of release confirming such sale; and that the Mortgagee and his heirs, executors, administrators, successors and assigns are appointed and constituted the attorney or attorneys irrevocable of the said Mortgage to execute and deliver to the said purchaser a full transfer of all

2002081200108 Bk:19056 Pg:156
08/12/2002 08:49:00 MTG Pg 4/5

policies of insurance on the buildings upon the land covered by the Mortgage at the time
of such sale."

Section 20.  The following "condition" shall be known as the Statutory Condition,
and may be incorporated in any Mortgage by reference:

(CONDITION)

Provided, nevertheless, except as otherwise specifically stated in the Mortgage,
that if the Mortgagor, or his heirs, executors, administrators, successors, or assigns shall
pay unto the Mortgagee or his executors, administrators or assigns the principal and
interest secured by the Mortgage, and shall perform any obligation secured at the time
provided in the Note, Mortgage or other instrument or any extension thereof, and shall
perform any obligation of any prior Mortgage, and until such payment and performance
shall pay when due and payable all taxes, charges and assessments to whomsoever and
whenever laid or assessed, whether on the mortgaged premises or on any interest therein,
or on the debt or obligation secured thereby; shall keep the buildings on said premises
insured against fire in a sum not less than the amount secured by the Mortgage or as
otherwise provided therein for insurance for the benefit of the Mortgagee and his
executors, administrators and assigns in such form and at such insurance offices as they
shall approve, and, at least two (2) days before the expiration of any policy on said
premises, shall deliver to him or them a new and sufficient policy to take the place of the
one so expiring, and shall not commit or suffer any strip or waste of the mortgaged
premises or any breach of any covenant contained in the Mortgage or in any prior
Mortgage.

2002081200108 Bk:19056 Pg:157
08/12/2002 08:49:00   MTG Pg 5/5

Section 21.  The following "power" shall be known as the Statutory Power of Sale, and may be incorporated into any Mortgage by reference.

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the Mortgagee, or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the Mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises, then subject to the Mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the Mortgage, first complying with the terms of the Mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of the power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee-simple; and such sale shall forever bar the Mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or equity.

baykoexb-gee

PROMISSORY NOTE

U.S. $6,300.00                                                              May 9, 2003

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of

which is hereby acknowledged, I, the undersigned Borrower, hereby promise to pay to

MICHAEL J. BAYKO and HELEN E. BAYKO, or to their order, the principal sum of SIX

THOUSAND THREE HUNDRED AND 00/100 ($6,300) DOLLARS, with interest thereon from

the date hereof until paid at the rate of SIX (6%) PERCENT per annum, payable in one (1) single

installment of principal and accrued interest on demand or within thirty (30) days of or upon the

sale of the property located at 7A Graham Avenue, Newbury, Massachusetts, whichever shall

first occur.

The indebtedness hereby evidenced shall immediately become due and payable, without

notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or

involuntary, for the Borrower or for any of his property, or upon the filing of a petition by or

against the Borrower under the provisions of any State Insolvency Law or under the provisions

of the United States Bankruptcy Code of 1978, as amended, or upon the making by the Borrower

of an assignment for the benefit of creditors and not set aside within thirty (30) days, or upon the

sale, conveyance, transfer or change in the legal ownership of the aforesaid 7A Graham Avenue,

Newbury, Massachusetts, or any portion thereof, or the granting of any other interest therein,

except upon the prior written approval of the Holder hereof.

All parties now or hereafter liable for the payment of any of the indebtedness hereby

evidenced agree, by executing or endorsing this Note, or by entering into or by executing any

agreement to pay-off the indebtedness hereby evidenced, that the Holder hereof shall have the



right, without notice, to deal in any way, at any time, with any party, to grant any extension of time for payments of any of the said indebtedness, or any other indulgences or forbearances whatsoever, without in any way affecting the liability of any party hereunder.

The Holder of this Note shall be entitled to all reasonable costs and expenses, including but not limited to reasonable attorney's fees in connection with collecting any amount due hereunder.

The Borrower, maker and endorsers hereof shall be jointly and severally liable for the performance of each and every obligation herein contained and hereby severally waive presentment, protest and demand, notice of protest, notice of dishonor and notice of nonpayment of this Note.

IN WITNESS WHEREOF, the Borrowers have hereunto set their hands and affixed their seals this 9th day of May 2003.

_____            _____
WITNESS                             JEFFREY L. BAYKO

## COMMONWEALTH OF MASACHUSETTS

ESSEX, ss.                                          May 9, 2003
        Then personally appeared the above-named JEFFREY L. BAYKO, and acknowledged the foregoing instrument to be his free act and deed, before me,

                                   _____
                                   NOTARY PUBLIC
                                   My Commission expires
                                   12/26/07

                Gary Evan Evans
                NOTARY PUBLIC
            My commission expires Dec. 26, 2008

2003070800013 Bk:21193 Pg:386
07/08/2003 08:13:00 MTG Pg 1/2

## MORTGAGE DEED

I, JEFFREY L. BAYKO, formerly of 7A Graham Avenue, Newbury, Essex County,

Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E.

BAYKO, both of Newburyport, Essex County, Massachusetts, with **MORTGAGE**

**COVENANTS** to secure the payment of SIXTY-THREE HUNDRED AND 00/100

($6,300.00) DOLLARS together with interest thereon at the rate of Six (6.00%) Percent per

annum, all as provided in the undersigned's Note of May 9, 2003, the land in Newburyport,

Essex County, Massachusetts known as 7A Graham Avenue and more fully described on

Exhibit "A" attached hereto and made a part hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which the

Mortgagee shall have the statutory power of sale, all as more fully described in an Extract

from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended hereto as

Exhibit "B".

WITNESS my hand and seal this    day of May 2003.

_____
WITNESS

_____
JEFFREY L. BAYKO

Please return to:
Evans, Evans and Bingham
58 Main St
Topsfield MA 01983

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                            May 2?, 2003

Then personally appeared the above-named JEFFREY L. BAYKO who acknowledged
his execution of the foregoing instrument to be their free acts and deeds, before me,

_____
NOTARY PUBLIC
My Commission expires:

Gary Evan Evans
NOTARY PUBLIC
My commission expires Dec. 26, 2008


EXHIBIT
4

2003070800013 Bk:21193 Pg:387
07/08/2003 08:13:00 MTG Pg 2/2

## EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbered 39 on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 1897 and recorded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded and described as follows:

SOUTHERLY:   by Graham Avenue, fifty (50) feet;

WESTERLY:    by Lot numbered 40, as shown on said plan, one hundred (100) feet;

NORTHERLY:   by Lot numbered 22, as shown on said plan, fifty (50) feet; and

EASTERLY:    by Lot numbered 38, as shown on said plan, one hundred (100) feet.

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. Bayko, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen E. Bayko, recorded April 26, 1985 with the Essex South District Registry of Deeds Book 7731, Page 545.



Ck#496        $2,000.00

Ck#501        $3,381.66

Ck#509        $2,457.95

Ck#516        $4,000.00

6/12/01      2758      1500.00

7/09/01      2764      4000.00

7/16/01      2768      2000.00

3/03/01      2771      4000.00

2791      11/06/01      $1000.00

EXHIBIT
5

**CASHIER CHECK**

53-0471
0113

🌀 The First National Bank
—— OF IPSWICH ——

20856

Date        05-11-2001

Pay to the
Order of    Falbo, Solari, & Goldberg

Amount   $ *******3,000.00

Three Thousand and 00/100 *************************************************    DOLLARS

Payable thru
First National Bank
of Ipswich

Memo

Authorized Signature

⑈0 208 56⑈ ⑆0 ⑈3047 ⑈⑈⑆ 2000 ⑈ 23846⑈

| NUMBER | DATE | DESCRIPTION OF TRANSACTION | PAYMENT/DEBIT (-) | √ | FEE (-) | DEPOSIT/CREDIT (+) | BALANCE |
|---|---|---|---|---|---|---|---|
| | 1/5 | Deposit Ck. | | | | 7,000 00 | |
| 112 | 1/6 | Anna Mosley | 3,720 84 | √ | | | |
| 113 | 1/9 | | 33 21 | √ | | | |
| 114 | 1/13 | G.M.A.C | 1000 00 | √ | | | |
| 115 | 1/13 | American Honda | 257 37 | √ | | | |
| 116 | 1/16 | Lisa Boyko | 130 00 | √ | | | |
| | 1/13 | Deposit-Ck | | √ | | 2,000 00 | |
| | 1/16 | Deposit from Cash Savings for Banking | | √ | | 2,500 00 | |
| 117 | | Lisa Boyko | 20 00 | | | | |
| 118 | | | 150 00 | √ | | | |
| 119 | | Lisa Boyko | | | | | |
| 120 | | City of Boston | 250 00 | √ | | | |
| 121 | | City of Boston | 20 00 | √ | | | |
| | | City of Boston | 30 00 | | | | |
| | | Richard B Greenfield | 130 00 | √ | | 4,000 00 | |
| 88 | | Deposit Ck. | 3,720 83 | √ | | | |
| | 12.30.02 | | | | | | |



"USE THESE CODES WHEN RECORDING YOUR NON-CHECK TRANSACTIONS"
D-DEPOSIT    AP-AUTOMATIC PAYMENT
DC-DEBIT CARD    AT-AUTOMATIC TELLER MACHINE    T-TELEPHONE TRANSFER

| NUMBER | DATE | DESCRIPTION OF TRANSACTION | PAYMENT/DEBIT (-) | √ | FEE (-) | DEPOSIT/CREDIT (+) | |
|--------|------|---------------------------|-------------------|---|---------|-------------------|---|
| 134 | 1/1 | Boris & Kailey | 3,303.32 | | | | 2,929.56 |
| | 1/1 | Deposit Cash | | | | 2,000.00 | 3,303.37 |
| 135 | 1/1 | Lisa Pavko | 450 — | √ | | | 2,853.37 |
| 136 | 1/2 | Exxon — Mobil | 4,120 — | √ | | | 1,468.37 |
| | 1/2 | Deposit Cash | | √ | | 7,000.00 | 8,030.37 |
| 137 | 1/2 | Hans R. Hailey | 3,090.83 | √ | | | 6,934.? |
| 138 | 1/2 | Gary Evans | 2,000.00 | | | 2,000.00 | |
| | 1/2 | Cash Dep | | √ | | | 6,934.? |
| 139 | 1/2 | Emily M. Rosithy | 50,000 — | √ | | | |
| | 1/3 | Deposit Cash | | | | 1,000.00 | 1,3034 |
| 140 | 1/3 | Lisa Pavko | 360.90 | √ | | | 1,3034 |
| 141 | 1/3 | Honda Finance | 574.74 | | | | 3,305.? |
| | 1/3 | Deposit Dep't | | | | 202.69 | 578.26 |
| 142 | 1/3 | American Center Inc | 140.00 | √ | | | 375.60 |
| | 1/3 | Deposit Bay Ck. | | | | 333.80 | 8,303? |
| 143 | | Deposit | | √ | | | 7,121.14 |

| NUMBER | DATE | DESCRIPTION OF TRANSACTION | PAYMENT/DEBIT (-) | √T | FEE (IF ANY) (-) | DEPOSIT/CREDIT (+) | BALANCE |
|---|---|---|---|---|---|---|---|
| 153 | 3/13 | Cash/Mobil | $ 60 50 | | | | |
| | 3/6 | Lisa Bayto | 450 00 | | | | |
| | 3/6 | ATM Cash | | | | | |
| | 3/11 | ATM Withdrawal | 100 00 | | | | |
| | 3/1 | ATM Withdrawal | 60 00 | | | | |
| | 3/ | Deposit Cash | | | | | |
| | 3/ | ATM Cash | 100 00 | | | | |
| | 3/ | Deposit (Credit) | | | | | |
| | | ATM Withdrawal | 500 00 | | | | |
| | | | | | | | |
| 155 | 4/2 | Visa | | | | | |
| 156 | 4/12 | Visa | | | | | |
| 157 | 4/5 | Hans Halev | | | | | |
| | 4/5 | ATM Cash | | | | | |
| | 4/7 | ATM Cash Withdrawal | 100 00 | | | | |
| | 4/ | Deposit | | | 1930 34 | | |
| 43 | | Deposit Cash | | | 3 00 00 | | |
| | | Deposit Cash | 126 02 | | | | |
| | | Deposit Cash | | | 175 00 | | |
| | | | | | 100 00 | | |



Commonwealth of Massachusetts
Department of Revenue
Child Support Enforcement Division

Make checks payable to: Commonwealth of Massachusetts
Mail checks to: Department of Revenue
                Child Support Enforcement Division

P.O. BOX 55144
Boston, MA 02205-5144

| COURT | DATE |
|---|---|
| Probate Court | 5/2/03 |
| YOUR NAME | SOCIAL SECURITY # |
| Lisa Bayko | 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 |
| CUSTODIAL PARENT'S NAME | SOCIAL SECURITY # |

AMOUNT OF PAYMENT
$ 6,300.00

P.O. BOX 55144
Boston, MA 02205-5144

The
NEWBURYPORT
BANK
The Newburyport Five Cents Savings Bank
Newburyport, Mass.

21817

53-7150/2113

REMITTER

MICHAEL BAYKO

DATE    05/02/03

PAY TO THE
ORDER OF    *** DEPARTMENT OF REVENUE ****                    $    6,300.00

THE SUM OF $6,300 dols 00 cts

THIS DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE, AUTHENTIC WATERMARK, AND CHLOROSTAIN PAPER; ABSENCE OF THESE FEATURES WILL INDICATE A COPY                    DOLLARS

VOID AFTER 1 YEAR
**OFFICIAL CHECK**

AUTHORIZED SIGNATURE
Mary Ellen Foley
MP

⑈021817⑈ ⑆211371502⑇ 5900 101 6⑈

© DELUXE BLUESTONE

DOR/CSE OFFICE
ESSEX PROBATE COURT
36 FEDERAL ST., 2ND FLOOR
SALEM, MA 01970


EXHIBIT
7