IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO,<br>HELEN BAYKO, HANS HAILEY,<br>THE UNITED STATES OF AMERICA,<br>Defendant | ) <br>) <br>) <br>) <br>) <br>) CIVIL ACTION NO. 05-11746 GAO<br>) <br>) <br>) <br>) <br>) <br>) |

**DEFENDANT LISA BAYKO'S MOTION TO COMPEL
THE DEPOSITION AND PRODUCTION OF DOCUMENTS
OF ATTORNEY GARY EVANS AND SANCTIONS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendant Lisa Bayko moves this Honorable Court to compel the deponent Attorney Gary Evans to appear at his deposition, answer questions and order the deponent to pay costs and sanctions. The reasons for said request are as follows:

1.  Rule 37(a)(2)(B) provides that

    If a deponent fails to answer a question propounded or submitted under Rules 30 and 31………..fails to permit inspection as requested, the discovering party may move for an order compelling an answer…When taking a deposition or oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

    Rule 37(B)(3)

    For purposes of this subdivision an invasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.

2. The defendant Lisa Bayko served the deponent Attorney Gary Evans with a deposition subpoena on March 21, 2006. On March 17, 2006, counsel to all parties were served with a Notice of Deposition accompanied with the subpoena and schedule A. Said deposition was scheduled for April 24, 2006 at 1:00 p.m. at the Law Offices of Christine Ann Faro, 79 State Street Newburyport, MA. The deponent was requested to produce documents identified in Schedule A of the deposition subpoena. See deposition subpoena attached hereto.

At no time prior to April 24, 2006, did the deponent Gary Evans seek a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure. Neither did the counsel for the United States, Hans Hailey, Michael Bayko and Helen Bayko file a motion to quash the deposition or seek a protective order.

3. The deponent appeared at the Law Offices of Christine Ann Faro on April 24, 2006 at approximately 1:05 p.m. He was sworn under oath and the deposition commenced. The Deponent failed to produce the documents requested in schedule A of the deposition subpoena. The deponent testified that he had brought the file, six boxes, and they were in his car and it would take him six hours to go through the file. The deponent further stated that the documentation requested was either "work product or privileged" and that counsel conducting the deposition had to give him a definition of work product or privilege before he produced any documentation.

The information sought from the deponent was not privileged it was communications to third party's, whom the deponent did not represent, and counsel and documentation with regards to the mortgages. The Deponent did not represent the defendant Jeffrey L. Bayko in the divorce proceedings, as he was represented by the Defendant Hans Hailey, and does not have an appearance in this case. In fact the defendant Jeffrey L. Bayko has not filed an answer.

4. Counsel conducting the deposition tried to elicit testimony from the deponent and almost all questions were answered, "I do not know"; "It's a matter of public record;" "I think the information sought is either privileged or work product." The deponent stated the same answers when asked "how long he had been practicing law", "when he past the bar exam" and "when he was admitted to the bar."

5. The deponent was not represented by counsel but during the deposition, the deponent appeared with his cell phone stating that his Attorney, Douglas Evans was on the cell phone and was present to represent him. The deponent was instructed to turn the cell phone off.

The only other person present at the deposition, with the exception of the stenographer was, Attorney Timothy Sullivan.

6. The Deponents conduct is typical of his stonewalling, litigiousness protectiveness of Jeffrey Bayko and other party Defendants in this case. In the Fall of 2004, the Deponent was found in contempt of Court for failing to disclose the address of Jeffrey

Bayko and was incarcerated. (See order of Essex County Probate & Family Court, J. DiGangi)

7.  Rule 37(a)(4)(B) of the federal Rules of Civil procedure provides that if this motion is allowed the deponent shall pay the moving party reasonable expenses and attorney's fees.

Wherefore the Defendant Lisa Bayko respectfully requests that this Honorable Court allow the defendant Lisa Bayko's Motion and

1. Order to the Deponent Gary Evans to appear for his deposition and answer all questions;
2. Order the Deponent Gary Evans to produce all documentation that is in listed in Schedule A that is not privileged.
3. Order Attorney Gary Evans to pay Attorneys fees and expenses associated with the deposition.

The Defendants, Lisa J. Bayko,
By her Counsel,

/s/ Christine Ann Faro
_____
CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 28th day of April 2006, I served a copy of the Defendant's Lisa J. Bayko's Opposition to the defendant, Hans Hailey's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid to Hans Hailey 225 Friend Street, Boston, MA 02114 and Gary Evans 8 Prospect Street, Georgetown, MA 01833; and by e-filing to Attorney Timothy Sullivan, Andover Law, P.C., 451 Andover Street, Andover, MA 01845 and Lydia Bottome Turanchik, Trial Attorney, Tax Division, U.S. Department of Justice, Post Office Box 55, Ben Franklin Station, Washington, D.C. 20044

_____
CHRISTINE ANN FARO

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO,<br>HELEN BAYKO, HANS HAILEY,<br>THE UNITED STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11746 GAO |

**AFFIDAVIT AND CERTIFICATION OF
ATTORNEY CHRISTINE ANN FARO
( RULE 37(a)(2)(B) and LOCAL RULE 37.1)**

I, Attorney Christine Ann Faro, am an Attorney licensed to practice law in the Commonwealth of Massachusetts deposed under oath state as follows:

1. I am counsel for the Defendant Lisa Bayko in the above-entitled matter.

2. I served the deponent Attorney Gary Evans with a deposition subpoena on March 21, 2006. Said deposition was scheduled for April 24, 2006 at 1:00 p.m. at the Law Offices of Christine Ann Faro, 79 State Street Newburyport, MA. The deponent was requested to produce documents identified in Schedule A of the deposition subpoena.

At no time prior to April 24, 2006, did the deponent Gary Evans seek a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure.

3. The deponent appeared at the Law Offices of Christine Ann Faro on April 24, 2006 at approximately 1:05 p.m. The stenographer swore in the deponent and the deposition commenced. The Deponent failed to produce the documents requested in schedule A of the deposition subpoena. The deponent testified that he had brought the file, six boxes, and they were in his car and it would take him six hours to go through the file. The deponent further stated that the documentation requested was either "work product or privileged" and that counsel conducting the deposition had to give him a definition of work product or privilege before he produced any documentation.

1

4.      The Deponent was given over four weeks to either prepare the documentation for production or seek a protective order of the Court; the deponent did neither.

5.      The Deponent was asked on two occasions during the deposition to go to his files and retrieve documents, suspending the deposition each time for thirty minutes and returning with no documentation.

6.      After being informed that as counsel for the defendant Lisa Bayko I would be seeking a motion to compel, the Deponent further stated that he would not produce anything until the Court instructed him as to what was work product or privileged information.

7.      The deponent refused to produce any and all documentation that was provided to third parties and documentation that was not prepared for litigation or anticipation of litigation (i.e. documentation with regards to the mortgages.)

8.      Lastly, the Deponent refused to answer questions.

9.      AS counsel for Lisa Bayko, I expended four hours preparing for said deposition, three hours conducting said deposition for a total of seven hours at the rate of $250.00 per hour and $300.00 for the cost of the stenographer.

10.     Given the foregoing, Counsel for the Defendant Lisa Bayko did not conduct a further discovery conference.

       Signed under the pains and penalties of perjury on this 26th day of April, 2006.

                                /S/ Christine Ann Faro
                                _____
                                CHRISTINE ANN FARO, ESQ.