

EXHIBIT
Evans
1
4/24/06 LB

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

| | |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>        Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>        Defendant | FED. R. CIV. P.<br>30(a) AND 45 |

TO: Attorney Gary Evans
   8 Prospect Street
   Georgetown, MA 01833

GREETINGS:

   **You are hereby commanded**, in the name of The Commonwealth of Massachusetts in accordance with the provisions of Rules 30 and 45 of the Federal Rules of Civil Procedure to appear to testify on behalf of Lisa Bayko before a Notary Public of the Commonwealth at the office of Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950 on April 24, 2006 at 1:00 in the afternoon and to testify as to your knowledge, at the taking of deposition in the above-entitled matter.

   And further you are required to bring with you:

      **DOCUMENTS AS REQUESTED IN SCHEDULE A**

*Exhibit No. 1*

03/20/2006  16:41    9784622475                    LAW OFFICE                           PAGE  03

Hereof fail not, as you will answer your default under the pains and penalties in the law in that behalf made and provided.

Dated at Haverhill, MA the 21ST day of March, 2006.

_____, Notary Public

My Commission Expires:



MICHAEL G. FONTAINE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires October 18, 2007

## SCHEDULE A

1. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Helen and /or Michael Bayko from January 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

2. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between Helen Bayko and /or Michael Bayko and you from January 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

3. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Charles Rotondi from January 1, 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

4. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Hans Hailey from January 1, 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

5. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Timothy Sullivan from January 1, 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

6. Copies of any and all telephone log books from January 2001 through December 31, 2005, evidencing any and all telephone calls between you and Attorney Timothy Sullivan, Hans Hailey and Charles Rotondi regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

7. Any and all drafts and copies of Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

8. Any and all documents, including without implied limitation, written, e-mails, facsimiles and transcribed messages from January 1, 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

# COMMONWEALTH OF MASSACHUSETTS

## OFFICER'S RETURN

ESSEX, SS                                                      Date: **3/21//06**

Docket # **05-11746 GAO**

I this day summoned the within named:
**Attorney Gary Evans**
to appear as within directed by delivering In Hand at:
**8 Prospect Street, Georgetown, MA 01833** an attested copy of the subpoena together with **$46.00** fees for attendance and travel at **9:07 A.M.**

_____
Constable, Process Server & Disinterested Person

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION                              DOCKET NO. 01D0875-DV1

In re GARY E. EVANS

**JUDGMENT**
(on a sua sponte Complaint for Criminal Contempt filed September 17, 2004)

This matter came before the Court, DiGangi, J., presiding, for hearing on September 23, 2004.

After consideration, it is hereby ORDERED and ADJUDGED:

1. Defendant is guilty of criminal contempt.

2. Defendant is committed to jail for thirty days or until he purges himself of this contempt by providing the Florida address of his client Jeffrey L. Bayko, Sr. to Christine A. Faro, counsel for Lisa J. Bayko.

September 23, 2004

Peter C. DiGangi, Justice
Essex Probate and Family Court

*Exhibit No. 2*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION                                    DOCKET NO. 01D0875-DV1

)
)
In re GARY E. EVANS    )
)
)

**FINDINGS OF FACT, RATIONALE AND JUDGMENT**
on a sua sponte Complaint for Criminal Contempt
(filed September 17, 2004)

This matter came before the Court, DiGangi, J., presiding, for hearing on September 23, 2004. Upon consideration of all of the evidence and after assessing the credibility of the witnesses, the Court makes findings of facts as set forth below.

**Relevant Procedural History**

1. Gary E. Evans (hereinafter referred to as "Attorney") represents Jeffery L. Bayko, Sr. (hereinafter referred to as "Client") the defendant in a Complaint for Contempt (Docket No. 01D0875-DV1) filed on August 13, 2003, for failure to pay child support.

2. On September 16, 2004, the Complaint for Contempt for failure to pay child support came before the Court (DiGangi, J.) for hearing. At that hearing, Attorney advised the Court that Client was currently in the State of Florida.

3. Also on September 16, 2004, the Court (DiGangi, J.) ordered Attorney to reveal Client's Florida address to counsel for Lisa J. Bayko, the plaintiff in the contempt action, by 4:00 pm on September, 16, 2004. The Court also ordered that, should Attorney not comply with this order, all parties were to appear before the Court on September 17, 2004.

4. On September 17, 2004, the Complaint for Contempt came before the Court (DiGangi, J.) for further hearing. At that hearing, Attorney again refused to provide the Florida address of Client because he alleged it was protected by the attorney-client privilege.

5. Also on September 17, 2004, the Court (DiGangi, J.) ordered, *inter alia*, the parties to appear again on September 23, 2004. The Court also ordered as follows: "The Court's Order of September 16, 2004 is staid until 9:00 a.m. on September 23, 2004. [Attorney] is advised to

appear with representation should he not be inclined to follow the mandates of said Order. [Attorney] is hereby given notice the Court intends to proceed with its own Complaint for Criminal Contempt against him, if necessary to implement its Order of September 16, 2004."

6. On September 23, 2004, the matter came before the Court (DiGangi, J.) for hearing. Christine A. Faro represented the plaintiff Lisa J. Bayko. Gary E. Evans represented Client and did not bring his own counsel.

### Findings of Facts

7. On September 16, 2004, the Court (DiGangi, J.) issued an order to Attorney Gary E. Evans (hereinafter referred to as "Attorney") directing him to disclose to the Court and opposing counsel the address of his client Jeffrey L. Bayko, Sr. (hereinafter referred to as "Client") in the State of Florida by 4:00 p.m. on that same day. At the hearing, it was alleged that Client was in arrears on child support of approximately $26,000.00. The Court found that the address was not protected by the attorney-client privilege, as Attorney alleged.

8. On September 16, 2004, and thereafter, Attorney knew about the Order to disclose Client's Florida address.

9. On September 17, 2004, Attorney refused to disclose Client's Florida address.

10. On September 17, 2004, the Court (DiGangi, J.) advised Attorney of the charges against him. The Court gave Attorney notice that the Court would bring charges of criminal contempt against him if he continued to refuse to disclose Client's Florida address.

11. On September 17, 2004, the Court (DiGangi, J.) advised Attorney to appear on September 23, 2004, with counsel. As such, the Court afforded Attorney the right to counsel.

12. On September 23, 2004, Attorney appeared before the Court (DiGangi, J.) and again refused to disclose Client's Florida address and therefore clearly and intentionally disobeyed the Order of the Court.

13. By failing to disclose Client's address on three separate occasions, Attorney clearly and intentionally disobeyed the clear and outstanding Order of the Court.

14. On September 23, 2004, Attorney had the opportunity to defend himself against the Complaint for Criminal Contempt brought sua sponte by the Court (DiGangi, J.).

15. On all the following dates, September 16, 2004, September 17, 2004, and September 23, 2004, Attorney was able to comply with the Court's Order to furnish Client's Florida address. Attorney knows Client's Florida address. Furthermore, the address is not protected by the attorney-client privilege.

16. The Court finds beyond a reasonable doubt that Attorney clearly, willingly, and intentionally disobeyed a clear, outstanding Order of this Court issued on September 16, 2004, that he knew of the Order, and that he disobeyed it despite having the ability to obey it.

### Rationale

Based on the above findings, the Court finds beyond a reasonable doubt that Attorney Gary E. Evans (hereinafter referred to as "Attorney") clearly, willingly, and intentionally disobeyed a clear, outstanding Order of this Court, that he knew of the Order, and that he disobeyed it despite having the ability to obey it. See Furtado v. Furtado, 380 Mass. 137, 149 (1980). On September 16, 2004, the Court ordered Attorney to disclose the address of Jeffery L. Bayko, Sr. (hereinafter referred to as "Client") who, Attorney informed the Court, was at the time in Florida. On September 16, September 17, and September 23, Attorney refused to disclose the address, despite the Court's finding that the address was not covered by the attorney-client privilege. Client's Florida address was critical to resolving the underlying Complaint for Contempt brought by Lisa J. Bayko against Client pursuant to Docket no. 01D0875-DV1. Client allegedly is in arrears of more than $26,000 in child support payments. The Court and the Commonwealth of Massachusetts have a substantial interest in ensuring compliance with child support orders. Through his refusal to disclose the Florida address of Client, Attorney is obstructing the Court's ability to render judgment in the underlying contempt matter and is threatening the integrity of the Court. The Court concludes, therefore, that Attorney Gary E. Evans is guilty of criminal contempt.

September 23, 2004

_____, Justice
Essex Probate and Family Court

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>      Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO,<br>HELEN BAYKO, HANS HAILEY,<br>THE UNITED STATES OF AMERICA,<br>      Defendant | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11746 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT AND CERTIFICATION OF
ATTORNEY CHRISTINE ANN FARO
( RULE 37(a)(2)(B) and LOCAL RULE 37.1)**

      I, Attorney Christine Ann Faro, am an Attorney licensed to practice law in the Commonwealth of Massachusetts deposed under oath state as follows:

1.     I am counsel for the Defendant Lisa Bayko in the above-entitled matter.

2.     I served the deponent Attorney Gary Evans with a deposition subpoena on March 21, 2006. Said deposition was scheduled for April 24, 2006 at 1:00 p.m. at the Law Offices of Christine Ann Faro, 79 State Street Newburyport, MA. The deponent was requested to produce documents identified in Schedule A of the deposition subpoena.

      At no time prior to April 24, 2006, did the deponent Gary Evans seek a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure.

3.     The deponent appeared at the Law Offices of Christine Ann Faro on April 24, 2006 at approximately 1:05 p.m. The stenographer swore in the deponent and the deposition commenced. The Deponent failed to produce the documents requested in schedule A of the deposition subpoena. The deponent testified that he had brought the file, six boxes, and they were in his car and it would take him six hours to go through the file. The deponent further stated that the documentation requested was either "work product or privileged" and that counsel conducting the deposition had to give him a definition of work product or privilege before he produced any documentation.

1

4.	The Deponent was given over four weeks to either prepare the documentation for production or seek a protective order of the Court; the deponent did neither.

5.	The Deponent was asked on two occasions during the deposition to go to his files and retrieve documents, suspending the deposition each time for thirty minutes and returning with no documentation.

6.	After being informed that as counsel for the defendant Lisa Bayko I would be seeking a motion to compel, the Deponent further stated that he would not produce anything until the Court instructed him as to what was work product or privileged information.

7.	The deponent refused to produce any and all documentation that was provided to third parties and documentation that was not prepared for litigation or anticipation of litigation (i.e. documentation with regards to the mortgages.)

8.	Lastly, the Deponent refused to answer questions.

9.	AS counsel for Lisa Bayko, I expended four hours preparing for said deposition, three hours conducting said deposition for a total of seven hours at the rate of $250.00 per hour and $300.00 for the cost of the stenographer.

10.	Given the foregoing, Counsel for the Defendant Lisa Bayko did not conduct a further discovery conference.

	Signed under the pains and penalties of perjury on this 26th day of April, 2006.

				/S/ Christine Ann Faro
				_____
				CHRISTINE ANN FARO, ESQ.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GMAC MORTGAGE COMPANY, | ) | |
| Plaintiff | ) | |
|  | ) | |
| V. | ) | |
|  | ) | CIVIL ACTION NO. 05-11746 GAO |
| JEFFREY L. BAYKO, SR., LISA J. | ) | |
| BAYKO, MICHAEL J. BAYKO, | ) | |
| HELEN BAYKO, HANS HAILEY, | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant | ) | |

**DEFENDANT LISA BAYKO'S MOTION TO COMPEL
THE DEPOSITION AND PRODUCTION OF DOCUMENTS
OF ATTORNEY GARY EVANS AND SANCTIONS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendant Lisa Bayko moves this Honorable Court to compel the deponent Attorney Gary Evans to appear at his deposition, answer questions and order the deponent to pay costs and sanctions. The reasons for said request are as follows:

1.  Rule 37(a)(2)(B) provides that

    If a deponent fails to answer a question propounded or submitted under Rules 30 and 31………..fails to permit inspection as requested, the discovering party may move for an order compelling an answer…When taking a deposition or oral examination, the proponent of the question may complete or adjorn the examination before applying for an order.

    Rule 37(B)(3)

    For purposes of this subdivision an invasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.

1

2. The defendant Lisa Bayko served the deponent Attorney Gary Evans with a deposition subpoena on March 21, 2006. On March 17, 2006, counsel to all parties were served with a Notice of Deposition accompanied with the subpoena and schedule A. Said deposition was scheduled for April 24, 2006 at 1:00 p.m. at the Law Offices of Christine Ann Faro, 79 State Street Newburyport, MA. The deponent was requested to produce documents identified in Schedule A of the deposition subpoena. See deposition subpoena attached hereto.

At no time prior to April 24, 2006, did the deponent Gary Evans seek a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure. Neither did the counsel for the United States, Hans Hailey, Michael Bayko and Helen Bayko file a motion to quash the deposition or seek a protective order.

3. The deponent appeared at the Law Offices of Christine Ann Faro on April 24, 2006 at approximately 1:05 p.m. He was sworn under oath and the deposition commenced. The Deponent failed to produce the documents requested in schedule A of the deposition subpoena. The deponent testified that he had brought the file, six boxes, and they were in his car and it would take him six hours to go through the file. The deponent further stated that the documentation requested was either "work product or privileged" and that counsel conducting the deposition had to give him a definition of work product or privilege before he produced any documentation.

The information sought from the deponent was not privileged it was communications to third party's, whom the deponent did not represent, and counsel and documentation with regards to the mortgages. The Deponent did not represent the defendant Jeffrey L. Bayko in the divorce proceedings, as he was represented by the Defendant Hans Hailey, and does not have an appearance in this case. In fact the defendant Jeffrey L. Bayko has not filed an answer.

4. Counsel conducting the deposition tried to elicit testimony from the deponent and almost all questions were answered, "I do not know"; "It's a matter of public record;" "I think the information sought is either privileged or work product." The deponent stated the same answers when asked "how long he had been practicing law", "when he past the bar exam" and "when he was admitted to the bar."

5. The deponent was not represented by counsel but during the deposition, the deponent appeared with his cell phone stating that his Attorney, Douglas Evans was on the cell phone and was present to represent him. The deponent was instructed to turn the cell phone off.

The only other person present at the deposition, with the exception of the stenographer was, Attorney Timothy Sullivan.

6. The Deponents conduct is typical of his stonewalling, litigiousness protectiveness of Jeffrey Bayko and other party Defendants in this case. In the Fall of 2004, the Deponent was found in contempt of Court for failing to disclose the address of Jeffrey

Bayko and was incarcerated. (See order of Essex County Probate & Family Court, J. DiGangi)

7. Rule 37(a)(4)(B) of the federal Rules of Civil procedure provides that if this motion is allowed the deponent shall pay the moving party reasonable expenses and attorney's fees.

Wherefore the Defendant Lisa Bayko respectfully requests that this Honorable Court allow the defendant Lisa Bayko's Motion and

1. Order to the Deponent Gary Evans to appear for his deposition and answer all questions;
2. Order the Deponent Gary Evans to produce all documentation that is in listed in Schedule A that is not privileged.
3. Order Attorney Gary Evans to pay Attorneys fees and expenses associated with the deposition.

The Defendants, Lisa J. Bayko,
By her Counsel,

/s/ Christine Ann Faro

_____
CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 28th day of April 2006, I served a copy of the Defendant's Lisa J. Bayko's Opposition to the defendant, Hans Hailey's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid to Hans Hailey 225 Friend Street, Boston, MA 02114 and Gary Evans 8 Prospect Street, Georgetown, MA 01833; and by e-filing to Attorney Timothy Sullivan, Andover Law, P.C., 451 Andover Street, Andover, MA 01845 and Lydia Bottome Turanchik, Trial Attorney, Tax Division, U.S. Department of Justice, Post Office Box 55, Ben Franklin Station, Washington, D.C. 20044

__/s/ Christine Ann Faro_____
CHRISTINE ANN FARO