-2/153

**Commonwealth of Massachusetts**
**The Trial Court**

_Essex_ Division    Probate and Family Court Department    Docket No. 01D-0875

### Order — Judgment on Complaint for Civil/Criminal Contempt

filed on 11/29/02

_Lisa Bryko_, Plaintiff

v.

_Jeffrey L. Bryko, Jr_, Defendant

I. After hearing, it is adjudged that the defendant is:

☐ NOT GUILTY of Contempt of this Court.

☑ GUILTY of Contempt of this Court for having willfully:

☑ A. neglected and refused to pay child support/alimony, the arrearage of which is fixed at $6,300.00.

☐ B. neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren)

☐ C. neglected and refused to pay medical bills in the amount of $_____.

☐ D. neglected and refused to allow the plaintiff visitation with the minor child(ren) on _____

☐ E. neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

☐ F. neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____.

☐ G. _____

Exhibit NO 2

(OVER)

II. It is ordered that:

    A. the defendant pay $_____ weekly/monthly ($_____ of which shall be applied against the arrearage).

    B. the defendant pay $_____ weekly/monthly towards the arrearage of $_____.

    C. the parties shall comply with the stipulation dated_____ which is incorporated and merged into this order/judgment.

    D. the defendant shall report in person to the Probation Department of this Court each week with evidence of having sought employment from at least_____ employers. The defendant shall provide the Probation Department with the name, address, and telephone number of the employers and a copy of his/her job application or other proof of having actually applied for work. VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO SIX MONTHS.

    E. the defendant shall pay attorney fees in the amount of $_____ and the cost of service of process which was necessary on this complaint, to wit: $_____.

    F. ✓ *When the marital home is sold, the Defendant's share of the net proceeds shall be held in escrow by both plaintiff's and defendant's counsel pending further order of the court.*

III. It is further ordered that:

    ☑ A. the defendant be committed to jail for **90** days or until he/she shall purge him/herself of said contempt by payment of $ **6300.00** ~~OR until further order of the Court OR until he/she be otherwise discharged by due course of law.~~

    ☐ B. this sentence be suspended until *noon, Friday, May 2, 2003*

    ☐ C. this matter is continued to *May 2, 2003 at 12:00 noon at Salem. Parties need not appear if said monies are paid.*

Date **5/1/03**

_____
Justice of the Probate and Family Court

Date: June 10, 2002

Respectfully submitted
For the Defendant:

*Hans R. Hailey*

Hans R. Hailey
Law Offices of Hans R. Hailey
11 Beacon Street
Boston, Massachusetts 02108
Tel. (617) 723-4010

---

ORDER

1) After hearing on July 10, 2002 which was attended by both parties and both attorneys, this Motion for Relief is denied.

2) It is clear from reading the entire Agreement including, without limitation, Article III.B.1. and Article III.G.1.(c) that the agreement requires weekly child support payments of "$250." commencing forthwith." i.e.: as of May 24, 2002.

3) The security provided at Art.III.G.1.(c) which provides "... one year's advanced payment of child support..." (emphasis added) is for prospective payment using the monies received from the sale of the real estate, when and if received. It is not interpreted as being for a retroactive payment back to 5/24/02, as Father argues.

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

Essex Division

Docket No. OI908775D4

**Temporary Order**

Jeffrey L. Bayko, Jr. _____, Plaintiff

v.

Lisa J. Bayko _____, Defendant

Pending a hearing on the merits or until further order of the court, it is ordered that:

1) ☐ plaintiff/defendant be and hereby is prohibited from imposing any restraint on the personal liberty of plaintiff/defendant

2) ☐ plaintiff/defendant have the care and custody of _____

the minor child _____ of the parties

3) ☐ plaintiff/defendant be given the following visitation right(s): _____

4) ☐ plaintiff/defendant pay to his/her spouse the sum of _____ forthwith

and the further sum of _____ on each and every _____

hereafter, beginning on _____, for his/her support and that of the minor child _____

5) ☐ said payments to be made to the Probation Department and forwarded to the Department of Public Welfare/the plaintiff/defendant/the applicable city or town of _____

6) ☒ the parties shall comply with a stipulation ~~or agreement~~ of the parties dated July 2, 2003 which is filed with the Court and expressly made a part of this order

7) ☐ plaintiff/defendant pay reasonable medical, dental and hospital expenses of his/her spouse and minor child _____ and maintain existing medical and hospital insurance

8) ☐ plaintiff/defendant vacate the marital home at _____ (Street and No.) (City or Town) (Zip)

for a period of _____ day(s) commencing on _____

9) ☒ All prior orders not inconsistent with the above remain in full force and effect.

Date July 2, 2003

_____
JUSTICE OF THE PROBATE AND FAMILY COURT

CJ-D-401 (8/88)

Exhibit NO. 3

_____ Division                                    Docket No. _____

_____, Plaintiff

v.

_____, Defendant

**Temporary Order**

169

FILED JUL 2 2003

Commonwealth of Massachusetts
Essex, SS.                                    Docket No. 010 0875 DV1

Jeffrey Bayko,
   Plaintiff

v.

Lisa Bayko,
   Defendant.

Stipulation of Parties
Dated: July 2, 2003

~~But~~ We the agrees to the Plaintiff's motion for temporary orders, the parties agree that ~~the Plaintiff's~~ any unreimbursed medicals + college expenses incurred by the Plaintiff will be paid out of the monies held in the escrow account (see order dated 5/1/03). ~~Old account~~ The balance of funds will be held in the escrow account until further order of the Court.

                                              [signature]
                                              Lisa Bayko
[signature]                                   Defendant
Jeffrey Bayko
   Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

_____
                                    )
GMAC MORTGAGE CORPORATION,          )
                      Plaintiff     )
                                    )
                                    )
V.                                  )
                                    )
JEFFREY L. BAYKO, LISA J. BAYKO,    )
HELEN E. BAYKO, MICHAEL J. BAYKO,   )
HANS HAILEY, AND THE UNITED         )
STATES OF AMERICA,                  )
                      Defendant     )
_____ )

**DEFENDANT LISA BAYKO'S OPPOSITION TO THE
DEFENDANTS HANS HAILEY'S
MOTION FOR SUMMARY JUDGMENT
(Pursuant to Rule 56(b) of the Federal Rules of
Civil Procedure and Local Rule 7.1)**

I.      STATEMENT OF FACTS

1.      The Defendant's Jeffrey Bayko and Lisa Bakyo were divorced on May 24, 2002. A Judgment of Divorce Nisi entered on which survived as an independent contract with the exception of those provisions relating to health insurance, alimony, child custody, support and maintenance and visitation children, which were merged into the judgment of divorce. (**Exhibit 1** Judgment of Divorce Nisi and Separation Agreement recorded and

docketed on recorded and docketed on May 24, 2002 at the Essex County Probate and Family Court, Salem, MA)

2.The Defendant Hans Hailey represented the Defendant Jeffrey L. Bayko in the divorce proceedings and post divorce proceedings.

3.The Separation Agreement dated May 24, 2002 as executed by Lisa J. Bayko and Jeffrey L. Bayko and notarized by the Defendant Hans Hailey on behalf of Jeffrey Bayko made provision for the division of the parties property and liabilities and stated summarily in pertinent part:

> "The balance of the proceeds shall be divided equally between the Husband and the Wife, but only after Wife is paid the following from said proceeds:
>
> a.The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Family Court. The delinquent child support through April 26, 2002 is $13,200.00.
>
> b.The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim.
>
> c.The sum of $13,000.00 shall be deducted from Husband's one-half share shall represent one year's advanced payment of child support.
>
> d.The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement , Article III, Section J, Paragraph 2)

  e. From the Proceeds of the sale of the marital home, $66,000.00 shall be given to Attorney Gary Evans to be held in escrow. Attorney Gary Evans shall negotiate payment of the "marital debt." He shall than pay the "marital debt" and, after deducting his fees for those services, pay the remaining portion in equal shares to the parties. "Marital debt" shall mean those liabilities listed on the financial statement of the Husband filed on May 30, 2001. (Exhibit 1, Separation Agreement, Article III, Section G, Continued).

4. On and before and after of May 24, 2004, the Defendant Hans Hailey had actual notice of the parties' divorce and terms of the separation agreement.

5. On and before May 24, 2002, Defendant Hans Hailey had actual notice and full knowledge of the parties' divorce and terms of the separation agreement.

6. On May 1, 2003, the Court (J. Kaegan) ordered, "when the marital home is sold, the Defendant share of the net proceeds shall beheld in escrow both plaintiff's and Defendant's counsel pending further order of the Court." Attorney Hans Hailey represented the Defendant Jeffrey L. Bayko in this proceeding. (**Exhibit 2** Order dated May 1, 2003)

7. On or about February 3, 2003 Attorney Hans Hailey filed an Attorneys lien at the Essex County registry of Deeds and continued to represent Jeffrey L. Bayko thereafter.

8. On July 2, 2003, Lisa J. Bayko and Jeffrey L. Bayko stipulated that "any uninsured medical and college expenses owed by the [Jeffrey Bayko] shall be paid out of the monies held in the escrow account Order dated 5/1/03" and the Defendant Hans Hailey represented Jeffrey L. Bayko. (**Exhibit 3** Order dated July 2, 2003).

9.  Pursuant to the Judgment of Divorce Nisi and other Orders of the Court the Defendant Lisa Bayko is entitled to take from Jeffrey Bayko's share of the proceeds:

| | |
|---|---|
| One year's child support in advance: Separation Agreement dated 5/24/04: | $13,000.00 |
| Child Support Arrears, Contempt Judgment dated September 23, 2004, which, includes $18,000.00 Separation Agreement: | $48,034.88 |
| College Tuitions; Separation Agreement And Order dated July 7, 2003 | $ 7,413.99 |
| Defendant's Credit Card Liabilities Separation Agreement: | $ 4,475.73 |
| Joint Credit Card Debts Separation Agreement | $33,000.00 |
| Uninsured medical Expenses | $1,553.33 |
| Settlement Proceeds | $9,000.00 |
| **Total** | **$116,457.95** |

## II.   ARGUMENT

### A.   In General

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir.1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990)). Summary judgment is inappropriate once the nonmoving party sets forth

specific facts showing that there is no genuine triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It is incumbent upon a court confronted with summary judgment to view the facts in the light most favorable to the nonmovant, and all reasonable inferences from these facts are to be drawn in its favor. Thomas v. Eastman Kodack Co, 183 F. 3rd 38, 42 (1st Cir. 1999); O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor and making a determination that a genuine issue of material fact exists, the moving party would not entitled to judgment as a matter of law.

The moving party's motion is not support by an affidavit and fails to cite any authorities as to why he is entitled to summary judgment as a matter of law

    **B.**    **The Separation Agreement Dated May 24, 2004 should be enforced under the Laws of the Commonwealth of Massachusetts**

M.G.L. c. 209 section 32D states an that "…under section thirty-two a judgment shall be entered directing a deed, conveyance or release if certain real estate, or interest therein, be made, such a judgment shall create an equitable right to its enforcement subject to the provision for recording of notice in section fifteen of chapter one hundred and eighty-four."  Lisa Bayko contends that Judgment of Divorce Nisi, which predates Attorney Hailey's lien, should be given full faith and credit and enforced by this Court. The interests of Lisa Bayko take precedent over any alleged interest of  Attorney Hans Hailey.  28 U.S.C. 1738; In re Boston Regional Medical Center, Inc., 298 B.R. 1, 19

5

(2003). This is not foreign to this Court. See Callahan v. Callahan 247 F.Supp.2d 935 (S.D. Ohio 2002) and Dion v. Dion 652 F.Supp. 1151 (E.D. Pa. 1987).

    1.    **The Defendant Hans Hailey Had Actual knowledge of the Divorce and Therefore Any Notice Required Under M.G. L. c. 184 section 15 Is Not Required**

Hans Hailey had actual notice of Lisa Bayko's unrecorded interest; Hans Hailey was the Attorney of record for Jeffrey L. Bayko during the pendency of his divorce and post divorce proceedings; he was an architect of the separation agreement dated May 24, 2002 that was executed by the parties and merged with the judgment of divorce nisi. Hans Hailey notarized his client's signature. Hence, Hans Hailey had actual notice Lisa Bayko's unrecorded interest in Jeffrey L. Bayko's share of the marital residence and therefore is not required to have further notice under the provisions of M.G.L. c. 184 section 15.

    M.G.L. c. 184 section 15 provides, in pertinent part

> A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

Evidence of Hans Hailey actual notice is further corroborated by his cross-claim in the pending action where he seeks enforcement of his Attorney's lien. His cross-claim is an admission of his knowledge of Lisa Bayko's unrecorded interest in her share of Jeffrey L. Bayko's share of the marital estate. The fact that the judgment of

divorce nisi and separation agreement were not recorded does not permit "persons who have actual knowledge of an agreement, actual knowledge of an unrecorded interest, to maintain a 'hear no evil see no evil' approach to the matter." **Emmons v. White** 58 Mass.App.Ct. 54, 58 (2003).

    C.    **HANS HAILEY SHOULD BE ESTOPPED FROM TAKING ANYTHING FROM JEFFREY BAYKO'S SHARE OF PROCEEDS BECAUSE OF UNCLEAN HANDS**

Hans Hailey is an attorney licensed to practice law in the Commonwealth of Massachusetts and is an Officer of the Court. As Attorney for Jeffrey L. Bayko, he made representations to the Probate and Family Court that Lisa Bayko would be paid certain amounts out of Jeffrey L. Bayko's share of the marital estate. In addition, Hans Hailey represented to the Court on behalf of his client that:

> The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

Attorney Hailey's lien and payment of that lien out of Lisa Bayko's interest is strictly prohibited under the terms of the separation agreement. Attorney Hailey is asking this Court to set aside a judgment of the Probate & Family Court and overlook any and all representations that he made on behalf of his client to the Essex County Probate & Family Court.

Further, Attorney Hans Hailey's has sought financial gain that is adverse to the interest of his client. It is uncontested that the Defendant Lisa Bayko has an unrecorded interest in Jeffrey Bayko's share of the marital residence and the basis of her interest is Jeffrey L. Bayko financial obligations to her such as and including child support. Enforcing the terms of the separation agreement and Lisa' unrecorded interest, relieves Jeffrey L. Bayko of some of his outstanding financial obligations to Lisa.

It would be unfair, unjust and inequitable to allow Attorney Hans Hailey to take priority over Lisa's interest and leave Lisa Bayko to collect unpaid child support obligations and other entitlements from a judgment proof debtor Jeffrey Bayko.

### III.   CONCLUSION

Wherefore, the Defendant Lisa Bayko respectfully requests that this Honorable Court deny the Defendant Hans Hailey's Motion for Summary Judgment.

In support of the Defendant Lisa Bayko's Opposition is:

**A.    Exhibits**

1. Judgment of Divorce Nisi and Separation Agreement
2. Order dated May 1, 2003
3. Order of the Essex County Probate & Family Court dated July 2, 2003

Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/s/ Christine Ann Faro

_____
CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

    I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 28th day of April 2006, I served a copy of the Defendant's Lisa J. Bayko's Opposition to the defendant, Hans Hailey's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid to Hans Hailey 225 Friend Street, Boston, MA 02114 and by e-filing to Attorney Timothy Sullivan, Andover Law, P.C., 451 Andover Street, Andover, MA 01845 and Lydia Bottome Turanchik, Trial Attorney, Tax Division, U.S. Department of Justice, Post Office Box 55, Ben Franklin Station, Washington, D.C. 20044

    _/s/ Christine Ann Faro_____
    CHRISTINE ANN FARO