UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

_____
                                        )
GMAC MORTGAGE CORPORATION,              )
                          Plaintiff     )
                                        )
                                        )
V.                                      )
                                        )
JEFFREY L. BAYKO, LISA J. BAYKO,        )
HELEN E. BAYKO, MICHAEL J. BAYKO,       )
HANS HAILEY, AND THE UNITED             )
STATES OF AMERICA,                      )
                          Defendant     )
_____)


**DEFENDANT LISA BAYKO'S**
**MOTION FOR SUMMARY JUDGMENT**
**(Pursuant to Rule 56(b) of the Federal Rules of**
**Civil Procedure and Local Rules 7.1 and 56.1)**


Now comes the Defendant Lisa J. Bayko and hereby requests that this Honorable

Court grant her summary judgment with regards to the Plaintiff GMAC Complaint in

Interpleader and her Cross-Claim. It is the defendant's position that based upon the facts

as asserted below there no genuine triable issue. Celotex Corp. v. Catrett, 477 U.S. 317,

324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## STATEMENT OF FACTS

1.      The Defendant's Jeffrey L. Bayko and Lisa Bakyo were divorced on May 24,

2002. A Judgment of Divorce Nisi which incorporated all of the provisions of the

separation agreement with the exception of those provisions relating to health insurance,

alimony, child custody, support and maintenance and visitation children, which merged

into the judgment of divorce. (**Exhibit 1** Judgment of Divorce Nisi and Separation

Agreement recorded and docketed on recorded and docketed on May 24, 2002 at the

Essex County Probate and Family Court, Salem, MA)

2.      The Defendant Hans Hailey represented the Defendant Jeffrey L. Bayko in the

divorce proceedings and post divorce proceedings.

3.      The Separation Agreement dated May 24, 2002 as executed by Lisa J. Bayko and

Jeffrey L. Bayko and notarized by the Defendant Hans Hailey on behalf of Jeffrey L.

Bayko made provision for the division of the parties property and liabilities and stated

summarily in pertinent part:

> Separation Agreement, Article III, Section G , paragraph 1 stated that the marital
>
> home was to be placed on the market for sale and "the balance of the proceeds
>
> shall be divided equally between the Husband and the Wife, but only after Wife is
>
> paid the following from said proceeds:
>
> a.      The entire amount for delinquent child support payments owed through
>
> the date of this Agreement is adopted by the Essex County Probate & Family
>
> Court.  The delinquent child support through April 26, 2002 is $13,200.00.
>
> (Separation Agreement, Article III, Section G, Paragraph 1(a)).

b.      The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim. (Separation Agreement, Article III, Section G, Paragraph 1(b)).

c.      The sum of $13,000.00 shall be deducted from Husband's one-half share shall represent one year's advanced payment of child support. (Separation Agreement, Article III, Section G, Paragraph 1(c)).

d.      The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

e.      From the proceeds of the sale of the marital home, $66,000.00 shall be given to Attorney Gary Evans to be held in escrow.  Attorney Gary Evans shall negotiate payment of the "marital debt."  He shall than pay the "marital debt" and, after deducting his fees for those services, pay the remaining portion in equal shares to the parties.  "Marital debt" shall mean those liabilities listed on the financial statement of the Husband filed on May 30, 2001. (**Exhibit 1**, Separation Agreement, Article III, Section G, Continued).

4.      At the time of the Divorce, May 24, 2002, Jeffrey L. Bayko submitted a financial statement signed under the pains and penalties of perjury and attested to by Defendant

Hans Hailey that did not name the Defendants Helen Bayko and Michael Bayko as creditors. (**Exhibit 2** Financial Statement of Jeffrey L. Bayko dated May 24, 2002).

5.    On and after May 24, 2002, the Defendant Hans Hailey had actual notice of the parties' divorce and terms of the separation agreement.

6.    Defendant Attorney Gary Evans was named in the Separation Agreement to represent both Jeffrey L. Bayko and Lisa Bayko with regards to the work-out of the parties' joint "marital debt."

7.    Defendant Attorney Gary Evans testified that he represented Jeffrey L. Bayko in his divorce. (Deposition Transcript of Gary Evans, p. 12)

8.    The Defendants Helen Bayko and Michael Bayko stated in their Verified statement of Facts dated March 15, 2006 that "most funds advanced by Michael J. Bayko and Helen E. Bayko were used by their son to pay child support and attorney's fees related to the divorce of  Jeffrey L. Bayko and Lisa Bayko." (See paragraph 7 of the Verified Statement of Facts in Support of the Defendants Helen and Michael Bayko's Motion for Summary Judgment.) Helen and Michael Bayko commenced giving funds to Jeffrey L. Bayko in June of 2001.

9.    On and before June, 2001 and continuing thereafter, the Defendants Michael Bayko and Helen Bayko had actual notice of the Defendant Jeffrey L. Bayko's divorce.

10.    On or about July 19, 2002, the Defendant Jeffrey L. Bayko encumbered the property at 7A Graham Ave., Newbury, Massachusetts by granting to his parents, the Defendants, Michael Bayko and Helen Bayko, a mortgage in the amount of $46,360.00; Said mortgage was drafted and notarized by Attorney Gary Evans and was recorded on

August 12, 2002 at the South Essex County Registry of Deed. (**Exhibit 3** Mortgage dated July 19, 2002).

11.     The mortgage dated July 19, 2002 is not support by adequate consideration; the checks attached to Helen Bayko and Michael Bayko's Motion for Summary Judgment total $27,339.61 and fall short of the consideration needed to support a $46,360.00 mortgage. (See Exhibit 7 of the Defendant Helen Bayko and Michael Bayko motion for summary judgment.)

12.     In September of 2002, the Defendant Jeffrey L. Bayko filed amended tax returns (signing Lisa Bayko's name without her consent) which resulted in tax liens being placed on the marital property at 7A Graham Ave., Newbury, MA.  On May 25, 2003, the IRS granted Lisa Bayko relief from the tax liens and she was released from any and all obligations. (**Exhibit No. 14** Release of Tax Lien)

13.     On or about February 3, 2003, the Defendant Hans Hailey filed an Attorney's Lien for fees for legal services rendered by him on behalf of the Defendant Jeffrey L. Bayko.

14.     On May 1, 2003, after a contempt hearing for non-payment of child support, the Court (J. Kagan) ordered, "when the marital home is sold, the Defendant's share of the net proceeds shall be held in escrow by both Plaintiff's and Defendant's counsel pending further order of the Court." Judge Kagan sentenced Jeffrey L. Bayko to 90 days in jail. (**Exhibit 4** Order dated May 1, 2003)

15.     On or about May 25, 2003, the Defendant Jeffrey L. Bayko again encumbered the property at 7A Graham Ave., Newbury, Massachusetts by granting to the Defendants, Michael Bayko and Helen Bayko, a mortgage in the amount of $6,304.00; the mortgage

was drafted by Attorney Gary Evans and was recorded the same on July 8, 2003.

(**Exhibit 5** Mortgage dated, May 25, 2003)

16.     In July of 2003, Lisa J. Bayko and Jeffrey L. Bayko stipulated that "any uninsured medical and college expenses owed by the [Jeffrey L. Bayko] shall be paid out of the monies held in the escrow account as Ordered by Judge Kagan on 5/1/03" and the Defendant Hans Hailey represented Jeffrey L. Bayko. (**Exhibit 6** Order dated July 2, 2003).

17.     On July 31, 2003, the Defendant Lisa Bayko first became aware of the mortgages that were conveyed by Jeffrey L. Bayko to his parents Helen Bayko and Michael Bayko.

(**Exhibit 7** Correspondence from Attorney Charles Rotondi to Attorney Gary Evans)

18.     On August 13, 2003, the Defendant Lisa Bayko filed a complaint for Contempt against the Defendant Jeffrey L. Bayko for conveyance of the mortgages and unpaid child support. (**Exhibit 8** Complaint for Contempt dated August 23, 2003)[1]

19.     On August 13, 2003, the Defendant Lisa Bayko file a complaint in equity to set aside the mortgages and on September 15, 2004 said complaint was dismissed without prejudice for lack of subject matter jurisdiction.[2] (**Exhibit 9** Memorandum of Decision dated September 15, 2004)

20.     In August of 2003, the marital residence was scheduled to be sold by means of a private sale and said sale could not go through because of Jeffrey Bayko's encumbrances: tax liens and mortgages to his parents, Defendants Helen Bayko and Michael Bayko.

---

[1] .     The hearing on the Complaint for Contempt was stayed until September of 2004, due to the defendant Jeffrey L. Bayko's bankruptcy filings.

[2] .     At the time the Plaintiff's complaint in equity was pending, GMAC had filed an interpleader action in the Probate & Family Court.

(**Exhibit 15**, Faxed letter dated August 20, 2003, from Attorney Christopher Welch to Attorney Charles Rotondi).

21.     GMAC scheduled a foreclosure sale on September 15, 2003 and on September 15, 2003, minutes prior to the foreclosure action, the Defendant Jeffrey L. Bayko filed for Bankruptcy. ( Jeffrey L. Bayko's Bankruptcy was dismissed on March 24, 2004).

22.     On March 12, 2004, GMAC foreclosed 7A Graham Ave., Newbury and the property was sold at auction for $307,500.00 and there are surplus funds of $186,742.59.

23.     On September 23, 2004, the Essex County Probate & Family Court found the Defendant Jeffrey L. Bayko in Contempt for conveying the Mortgages dated July 19, 2002 and May 25, 2003 to his parents Helen Bayko and Michael Bayko and further ordered that said mortgages were invalid as to Lisa J. Bayko (**Exhibit 10** Amended Contempt Judgment dated February 9, 2005 recorded and docketed on recorded and docketed on February 11, 2005 at the Essex County Probate and Family Court, Salem, MA.)

24.     On September 23, 2004, the Essex County Probate and Family Court  (J. DiGangi) found Jeffrey L. Bayko in contempt for non-payment of child support in the amount of $28,859.89 and the defendant was incarcerated for 150 days for non-payment of the same. (**Exhibit 10** Amended Contempt Judgment dated February 9, 2005 recorded and docketed on recorded and docketed on February 11, 2005 at the Essex County Probate and Family Court, Salem, MA.)

25.     On November 12, 2004, the Defendants Helen and Michael Bayko's attempted to intervene in the Contempt Action and filed a motion for Reconsideration of Judge Peter C. DiGangi's order of September 24, 2004, finding Jeffrey L. Bayko in contempt for

conveying the mortgaging and invalidating said mortgages as to Lisa Bayko and this

motion was denied on December 2, 2004. (**Exhibit No. 11** Order of the Probate and

Family Court dated December 2, 2004)

26.     On May 12, 2005, Lisa Bayko paid Jeffrey L. Bayko's debt to the Massachusetts

Department of Revenue in the amount of $10,220.90, to remove the Department of

Revenue as a party Defendant to this action thereby resolving the jurisdictional issue and

permitting this action to proceed in the United States District Court.

27.     On May 12, 2005, GMAC retained $11,045.00 from Lisa Bayko's share of the

sales proceeds, representing Jeffrey L. Bayko's one-half liability to BankNorth in the

event that the Defendant United States is successful in their marshalling claim.

28.     On October 18, 2005, the Essex County Probate and Family Court (J. DiGangi)

found Jeffrey L. Bayko in contempt for non-payment of child support in the amount of

$42,784.88 and the defendant was again incarcerated for 150 days for non-payment.

(**Exhibit 12** Judgment of Contempt dated October 18, 2005)

29.     As of March 16, 2006, Jeffrey L. Bayko owes Lisa Bayko $48,034.88 in back

child support. (**Exhibit 13** Statement of Department of Revenue)

30.     Pursuant to the Judgment of Divorce Nisi and other Orders of the Court the

Defendant Lisa Bayko is entitled to recover from Jeffrey L. Bayko's share of the

proceeds:

       One year's child support in advance:
       (Separation Agreement, Article III,
       Section G, Paragraph 1(c)).          $13,000.00

       Child Support Arrears, Contempt
       Judgment dated September 23, 2004,
       which includes $13,200.00 owed at the
       time of the parties' divorce, as reflected in

the separation agreement. (Separation Agreement,
Article III, Section G, Paragraph 1(a)).

$48,034.88

College Tuitions;
(Separation Agreement, Article III,
Section K)
And Order dated July 2, 2003                  $ 7,413.99

Defendant Jeffrey L. Bayko's Credit
Card Liabilities(Separation Agreement,
Article III, Section J, Paragraph 2)          $ 4,475.73

Joint Credit Card Debts
Separation Agreement
(Separation Agreement, Article III,
Section G, Continued)                         $33,000.00

Uninsured Medical Expenses
(Separation Agreement, Article III,
Section E, Paragraph 4).
Order dated July 2, 2003                       $1,553.33

Settlement Proceeds
(Separation Agreement, Article III,
Section G, Paragraph 1(b))                     $9,000.00

                           **Total**          **$116,457.95**


**WHEREFORE** the Defendant Lisa Bayko respectfully requests that this

Honorable Court allow her motion for summary judgment and grant her relief in the

amount of $116,457.95, $10,220.90 that was paid out of her share of the proceeds to pay

–off Jeffrey L. Bayko's debt with the Department of Revenue and so that this action

could proceed in the United States District Court and $11,045.00 that was retained from

Lisa Bayko's proceeds for Jeffrey L. Bayko's liability to BankNorth.

In support of the Defendant Lisa Bayko's Motion are:

**A.**     Affidavit of Lisa Bayko

**B.**     **Exhibits**

     1.     Judgment of Divorce Nisi and Separation Agreement

     2.     Financial Statement of Jeffrey L. Bayko dated  May 24, 2002

     3.     Mortgage dated July 19, 2002

     4.     Order of the Essex County Probate & Family Court dated May 1, 2003

     5.     Mortgage dated, May 25, 2003

     6.     Order of the Essex County Probate & Family Court dated July 2, 2003

     7.     Correspondence from Attorney Charles Rotondi to Attorney Gary Evans dated July 31, 2003

     8.     Complaint for Contempt dated August 23, 2003

     9.     Memorandum of Decision of the Essex County Probate & Family Court dated September 15, 2004

     10.     Amended Contempt Judgment dated February 9, 2005

     11.     Order of the Probate & Family Court dated December 2, 2004)

     12.     Judgment of Contempt dated October 18, 2005

     13.     Statement of Department of Revenue

     14.     IRS Tax Lien and Release of Lisa Bayko from Lien

     15.     Faxed Letter dated August 20, 2003 from Attoreny Christopher Welch to Attorney Charles Rotondi

**C.      Deposition Transcripts**

      16.      Gary Evans

                                        Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

                                        /s/ CHRISTINE ANN FARO

                                        _____

                                        CHRISTINE ANN FARO
                                        BBO #  552541
                                        79 State Street
                                        Newburyport, MA 01950
                                        (978) 462-4833

CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 19th day of May 2006, I served a copy of the Defendant Lisa J. Bayko's Motion for Summary Judgment to the defendants, Helen Bayko and Michael J. Bayko's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Gene R. Charny
Law Offices of  Hans Hailey                              Attorney Timothy Sullivan
225 Friend Street                                  Andover Law, P.C.
Boston, MA 02144                                   451 Andover Street
                                                  Andover, MA 01845

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

                                      /S/ CHRISTINE ANN FARO

                                      _____
                                      CHRISTINE ANN FARO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF LISA BAYKO
IN SUPPORT OF HER OPPOSITION  TO THE DEFENDANT
HELEN BAYKO AND MICHAEL BAYKO'S MOTION FOR
SUMMARY JUDGMENT**

I, Lisa Bayko, Plaintiff in the above-entitled action, deposed under oath state as follows:

1.      I was married to the Defendant Jeffrey Bayko and divorced from him on or about May 24, 2002.  Five children were born of our marriage. At the time of the divorce and presently three of the five children are unemancipated.  At the time of the divorce, Jeffrey Bayko was ordered to pay child support in the amount of $250.00 per week..

2.      During my marriage to Jeffrey Bayko and during the pendency of the divorce action, I lived at 7A Graham Ave., Newbury, MA  and the Defendants Helen Bayko and Michael Bayko (Jeffrey's parents and the grand parents to my children) lived next door on the adjacent property at 7 Graham Avenue, Newbury, MA.

3.      Helen and Michael Bayko were aware of my divorce from Jeffrey and the divorce proceeding.  They were aware that the marital home needed to be sold pursuant to the terms of the separation agreement and interfered with the sale of the marital home in

*A*

2002 by filing an objection to the perking of the septic system which was needed in conjunction with the sale of said property and stated in as a contingency in the purchase and sale agreement.

4.      On May 24, 2002, when I entered the Separation Agreement, I agreed that Attorney Gary Evans be appointed to represent both Jeffrey and I with regards to the work out of the credit card debt.  At no time was I made aware that Attorney Gary Evans represented Jeffrey with regards to any pending legal matter but was only working with him on his IRS and DOR obligations.  It was represented to me that Gary Evans would represent both of us.

5.      At no time during our uncontested divorce proceeding and prior to that date did Jeffrey Bayko disclose on any financial statement that he owed debt to Helen Bayko and Michael Bayko.

6.      Attorney Gary Evans never informed me that he had drafted two mortgages, dated May 25, 2003 and July 19, 2002, secured by the property located at 7A Graham Ave.  I never gave him authorization to do so and I deem said action to be contrary to my interests and the terms of the separation agreement.

7.      The first time I was made aware of the mortgages was on July 2, 2003.  Prior to this date there were two contempt hearings, May 2, 2003 and September 18, 2002 at which time Jeffrey Bayko had to present financial statements and did not disclose the existence of the mortgage to his parents dated July 16, 2002.

8.      Helen Bayko and Michael Bayko have refused to release the mortgages dated July 19, 2002 and May 25, 2003.

9.      The marital residence located at 7A Graham Ave. was to be sold to a private party but because of the mortgages conveyed to Helen and Michael Bayko and Jeffrey Bayko's tax liens, the title could not be cleared and because of the existence of the liens and mortgages, I would have been entitled to nothing, not even my one-half share.

10.     A foreclosure of the marital home was scheduled for September 15, 2003 at 1:00 p.m. and was stopped due to Jeffrey L. Bayko filing bankruptcy.  The marital residence was eventually foreclosed on March 12, 2004.  Helen Bayko and Michael Bayko were present at the foreclosure.

11.     Pursuant to the terms of the separation agreement, I am to take the following amounts from Jeffrey Bayko's share of the proceeds from the marital residence:

        One year's child support in advance:
        Separation Agreement dated 5/24/04:           $13,000.00

        Child Support Arrears, Contempt
        Judgment dated September 23, 2004,

| | |
|---|---|
| which, includes $18,000.00 Separation Agreement: | $48,034.88 |
| College Tuitions; Separation Agreement And Order dated July 7, 2003 | $ 7,413.99 |
| Defendant's Credit Card Liabilities Separation Agreement: | $ 4,475.73 |
| Joint Credit Card Debts Separation Agreement | $33,000.00 |
| Uninsured medical Expenses | $1,553.33 |
| Settlement Proceeds | $9,000.00 |
| **Total** | **$116,457.95** |

12.    Jeffrey Bayko currently owes me $116,457.95 in back child support and other child support obligations and other debts and has agreed to pay the same from his share of the marital estate as contracted to in the separation agreement dated May 24, 2002 and stipulation dated July 2, 2003.

Signed under the pains and penalties of perjury on this    day of April 2006.

LISA J. BAYKO

## Commonwealth of Massachusetts
### The Trial Court
**Probate and Family Court Department**

__Essex__ **Division**

Docket No. __01D0875-DV1__

### Judgment Of Divorce Nisi

_____ Lisa J. Bayko _____ , Plaintiff

of __Newbury__ in the County of _____ Essex _____

v.

_____ Jeffrey L. Bayko, Sr. _____ , Defendant

of __Boxford__ in the County of _____ Essex _____

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of _____

_____ Irretrievable Breakdown of the Marriage _____

as provided by Chapter 208, sections 1, $\frac{B}{2}$ and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that

the Separation Agreement of the parties filed May 24, 2002 is fair and reasonable and not the product of fraud or coercion and does make proper provisions for custody, support and maintenance, for alimony and for the disposition of marital property and is incorporated, not merged into this Judgment and shall survive as an independent contract except for those provisions relating to health insurance, alimony, child custody, support and maintenance and visitation which shall merge and not survive. The parties shall comply with the terms thereof.

All until further order of the Court.

Date __May 24, 2002__

_____
Justice of Probate and Family Court

CJ-D 403 (2/90)

# COMMONWEALTH OF MASSACHUSETTS

FILED APR 26 2002

### The Trial Court

### Probate and Family Court Department

Essex Division

Docket No. 01D 0875 DV1

## FINANCIAL STATEMENT
(SHORT FORM)

### Jeffrey Bayko, Plaintiff  v.  Lisa J. Bayko, Defendant

**INSTRUCTIONS:** If your income equals or exceeds $75,000.00 you must complete the LONG FORM financial statement, unless otherwise ordered by the Court. All questions on both sides of this form must be answered in full or the word "none" inserted. If additional space is needed for any answer, an attached sheet may be filed in addition to, but not in lieu of, the answer. Information contained herein is confidential and only available to the parties and persons authorized under Probate and Family Court Department Supplemental Rule 401.

1. Your Name: **Jeffrey Bayko**
   Address: P.O. Box 289, Boxford, Massachusetts, 01921
   Age: 46; Tel. #: (617) 978-621-0573;
   Occupation: Limousine Driver; Employer: Ludwig Limo/Ultimate Limo
   Employer's address: Peabody, Massachusetts (Self Employed)
   Employer's Tel. #: (978) 621-0573;
   Health Insurance Provider:

   Soc. Sec. No.: 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

   No. of children of children living with you: -0-

   Health Ins.: [ ] YES  [ X ] NO
   Cert. No.:

2. **Gross Weekly Income from All Sources** (strike inapplicable words)
   a) Base pay from salary, wages ............................................. $ 300.00
   b) Self Employment Income (**attach a completed Schedule A**) ........... 0.00
   c) Income from overtime, commissions, tips, bonuses, part-time job ....... 100.00
   d) Dividends and interest ................................................. minimal
   e) Income from trusts or annuities ....................................... 0.00
   f) Pensions & retirement funds ........................................... 0.00
   g) Social Security ....................................................... 0.00
   h) Disability, unemployment insurance or workers compensation ........... 0.00
   I) Public assistance (welfare, AFDC payments) ........................... 0.00
   j) Rental from Income Producing Property (**attach a completed Schedule B**) .. 0.00
   k) All other sources (including child support, alimony) .................. 0.00
   **l) Total Gross Weekly Income (a through k)** ......................... $400.00

3. **Itemize Deductions from Gross Income**
   a) Fed. income tax deductions (claiming 0 exemptions) ................... $60.00
   b) State income tax deductions (claiming 0 exemptions) .................. 10.00
   c) FICA ................................................................. 20.00
   d) Medical insurance .................................................... 0.00
   e) Union dues ........................................................... 0.00
   **f) Total Deductions (a through e)** ................................. $90.00

4. **Adjusted Net Weekly Income**
   2(l) minus 3(f) ........................................................ $310.00

5. **Other Deductions from Salary**
   a) Credit Union (Loan Repayment or Savings) ............................ $0.00
   b) Savings ............................................................. 0.00
   c) Retirement .......................................................... 0.00
   d) Other - Specify (such as Deferred Compensation or 401K) ............. 0.00
   **e) Total Deductions (a through d)** ................................. $0.00

6. **Net Weekly Income**
   4 minus 5 (e) ......................................................... $310.00

7. **Gross Yearly Income from Prior Year** approx. ..................... $16,500.00
   (attach copy of all W-2 and 1099 forms for prior year)


2

**8. Weekly Expenses**

| | | | |
|---|---|---|---|
| a) Rent/Mortgage | 100.00 | l) Life Insurance | 4.00 |
| b) Homeowners Ins. | 0.00 | m) Medical Ins. | 0.00 |
| c) Maint. & repair | 0.00 | n) Uninsured meds./Dentist | 10.00 |
| d) Heat | 0.00 | o) Incidentals & toiletries | 8.00 |
| e) Electricity/gas | 0.00 | p) Motor Vehicle Expenses | 60.00 |
| f) Telephone | 50.00 | q) Motor Vehicle Loan Payment | 109.00 |
| g) Water/Sewer | 0.00 | r) Child Care | 0.00 |
| h) Food | 70.00 | s) Other (attach additional schedule, if necessary) | 0.00 |
| i) House Supplies | 0.00 | | 0.00 |
| j) Laundry/Cleaning | 20.00 | | |
| k) Clothing | 20.00 | | |

**Total Weekly Expenses** (a through s) .......... $451.00

**9. Counsel Fees**

a) Retainer amount(s) paid to your attorney(s) .......... $1,500.00
b) Legal fees incurred, to date, against retainer(s) .......... $0.00
c) Anticipated range of total legal expense to prosecute this action .......... $30,000 to $40,000.00

**10. Assets** (Attach additional schedule for additional real estate and other assets, if necessary)

a) Real Estate – House
   Location: 7A Graham Avenue, Newbury, Massachusetts
   Title: Husband & Wife, Tenants by the Entirety
   FMV: $300,00 – Mortgage(s): $100,00 = ½ Equity .......... $200,00.00
b) IRA, Keough, Pension, Profit Sharing, etc. Ret. Plans:
   **List Financial Institution or Plan Name & Account No.:**
   401(K) approx .......... 0.00
   IRAs: approx .......... 0.00
c) Tax Deferred Annuity Plan(s) .......... 0.00
d) Life Insurance: Present Cash Value .......... 0.00
e) Savings, Checking & Money Market Accts & CDS - which are held individually, jointly, in the name of another person for your benefit, or held by you for the benefit of your minor child(ren). **List Financial Institution Names and Account Numbers.**
   .......... 0.00
   .......... 0.00
   .......... 0.00
f) Motor Vehicles
   FMV: $ : Auto Loan: $-0- = Equity .......... 0.00
   FMV: $ : Auto Loan: $-0- = Equity .......... 0.00
g) Other (such as - stocks, bonds, collections) .......... 0.00
   .......... 0.00

**h) Total Assets** (a through g) .......... $200,00.00

**11. Liabilities** (DO NOT list weekly expenses but DO list all liabilities)

| Creditor | Nature of Debt | Date orig'n | Amt. Due | Weekly Payment |
|---|---|---|---|---|
| Law Off. of Hans Hailey | atty fees | ongoing | undetermined | |
| | Credit Cards | revolving | $88,000.00 | |
| | Back taxes | | | |

Total Amount Due: $88,000.00    and    Total Weekly Payment: $0.00

**12. Number of Years you have paid into Social Security** 26 years

I certify under the penalties of perjury that my income and expenses, assets and liabilities as stated herein are true to the best of my knowledge and belief. I have carefully read this financial statement and I certify the information is true and complete.

Dated: April 25, 2002        Signature _____
                                          Jeffrey Baylor

### STATEMENT BY ATTORNEY

I, the undersigned attorney, am admitted to practice law in the Commonwealth of Massachusetts – am admitted pro hac vice for the purposes of this case – and am an officer of the court. As the attorney for the party on whose behalf this Financial Statement is submitted, I hereby state to the court that I have no knowledge that any of the information contained herein is false.

Attorney's Signature _____        Date    April 25, 2002
Address  11 Beacon St., Boston, Massachusetts 02108  Tel. No. (617) 723-4010
B.B.O.# 216820

EVANS + EU 15
58 main sr.
Topsfield MA
01983



2002081200108 Bk:19056 Pg:153
08/12/2002 08:49:00 MTG Pg 1/5

## MORTGAGE DEED

I, JEFFREY L. BAYKO of 61 Story Avenue, Newburyport, Essex County,

Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E.

BAYKO, both of Newburyport, Essex County, Massachusetts, with MORTGAGE

COVENANTS to secure the payment of FORTY-SIX THOUSAND THREE

HUNDRED SIXTY AND 00/100 ($46,360.00) DOLLARS together with interest thereon

at the rate of Six (6.00%) Percent per annum, all as provided in the undersigned's Note

of even date, the land in Newburyport, Essex County, Massachusetts known as 7A

Grahm Avenue and more fully described on Exhibit "A" attached hereto and made a part

hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which

the Mortgagee shall have the statutory power of sale, all as more fully described in an

Extract from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended

hereto as Exhibit "B".

WITNESS my hand and seal this 19th day of July 2002.

_____                    _____
WITNESS                                      JEFFREY L. BAYKO

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              July 19th, 2002

Then personally appeared the above-named JEFFREY L. BAYKO who
acknowledged his execution of the foregoing instrument to be their free acts and deeds,
before me,

_____
NOTARY PUBLIC
My Commission expires:    12/20/2002

Property Locus:  7A Graham Avenue, Newbury, MA



EXHIBIT

3

2002081200108 Bk:19056 Pg:154
09/12/2002 08:49:00 MTG Pg 2/5

## EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbered 39 on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 1897 and recorded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded and described as follows:

| | |
|---|---|
| SOUTHERLY: | by Graham Avenue, fifty (50) feet; |
| WESTERLY: | by Lot numbered 40, as shown on said plan, one hundred (100) feet; |
| NORTHERLY: | by Lot numbered 22, as shown on said plan, fifty (50) feet; and |
| EAASTERLY: | by Lot numbered 38, as shown on said plan, one hundred (100) feet. |

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. Bayko, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen E. Bayko, dated April 24, 1985 and recorded with the Essex South District Registry of Deeds Book 7731, Page 545.

See also, Essex South District Registry of Deeds Book 4167, Page 329 which conveyance was made to Protection Fire Company No. 2, a corporation duly organized by law and having its usual place of business in Newbury, the same being a portion of the premises conveyed to the grantors by deed of Grace R. Sleeper dated November 29, 1951 and recorded with said Deeds in Book 3861, Page 5 on November 5, 1951.

bayko-gee

2002081200108 Bk:19056 Pg:155
08/12/2002 08:49:08 MTG Pg 3/5

### EXHIBIT "B"

### EXTRACT FROM GENERAL LAWS (TER.ED.), CHAPTER 183
SECTIONS 18, 19, 20, 21

Section 18. A deed in substance following the form entitled "Mortgage Deed" shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and his heirs and assigns with mortgage covenants and upon the statutory condition and with the statutory power of sale, as defined in the three (3) following sections, to secure the payment of the money or the performance of any obligation therein specified. The parties may insert in such mortgage any other lawful agreement or condition.

Section 19. In a conveyance of real estate, the words "mortgage covenants" shall have the full force, meaning and effect of the following words, and shall be applied and construed accordingly: "The Mortgagor, for himself, his heirs, executors, administrators and successors, covenants with the Mortgagee and his heirs, successors and assigns, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that the Mortgagor has good right to sell and convey the same; and that he will, and his heirs, executors, administrators and successors shall warrant and defend the same to the Mortgagee and his heirs, successors and assigns forever against the lawful claims and demands of all persons; and that the Mortgagor and his heirs, successors or assigns, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser and purchasers a deed or deeds of release confirming such sale; and that the Mortgagee and his heirs, executors, administrators, successors and assigns are appointed and constituted the attorney or attorneys irrevocable of the said Mortgage to execute and deliver to the said purchaser a full transfer of all

2002081200108 Bk:19056 Pg:156
08/12/2002 08:49:00. MTG Pg 4/5

insurance on the buildings upon the land covered by the Mortgage at the time

ch sale."

Section 20. The following "condition" shall be known as the Statutory Condition,

and may be incorporated in any Mortgage by reference:

(CONDITION)

Provided, nevertheless, except as otherwise specifically stated in the Mortgage,

that if the Mortgagor, or his heirs, executors, administrators, successors, or assigns shall

pay unto the Mortgagee or his executors, administrators or assigns the principal and

interest secured by the Mortgage, and shall perform any obligation secured at the time

provided in the Note, Mortgage or other instrument or any extension thereof, and shall

perform any obligation of any prior Mortgage, and until such payment and performance

shall pay when due and payable all taxes, charges and assessments to whomsoever and

whenever laid or assessed, whether on the mortgaged premises or on any interest therein,

or on the debt or obligation secured thereby; shall keep the buildings on said premises

insured against fire in a sum not less than the amount secured by the Mortgage or as

otherwise provided therein for insurance for the benefit of the Mortgagee and his

executors, administrators and assigns in such form and at such insurance offices as they

shall approve, and, at least two (2) days before the expiration of any policy on said

premises, shall deliver to him or them a new and sufficient policy to take the place of the

one so expiring, and shall not commit or suffer any strip or waste of the mortgaged

premises or any breach of any covenant contained in the Mortgage or in any prior

Mortgage.

2002081200108 Bk:19056 Pg:157
08/12/2002 08:49:00 MTG Pg 5/5

Section 21.  The following "power" shall be known as the Statutory Power of Sale, and may be incorporated into any Mortgage by reference.

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the Mortgagee, or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the Mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises, then subject to the Mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the Mortgage, first complying with the terms of the Mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of the power of sale, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee-simple; and such sale shall forever bar the Mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or equity.

baykoexb-gee

COMMONWEALTH OF MASSACHUSETTS
ESSEX REGISTRY OF DEEDS, SO. DIST., SALEM, MASS
ESSEX SS: _October_ _____ 200__
A TRUE COPY OF RECORD;
BOOK _____ PAGE _____
ATTEST: _____
_____ REGISTER

-2153

**Commonwealth of Massachusetts**
**The Trial Court**

_Essex_ **Division**    **Probate and Family Court Department**    Docket No. _01D-0875_

## Order — Judgment on Complaint for Civil/Criminal Contempt

filed on _11/29/02_

_Lisa Baybo_ ,Plaintiff

v.

_Jeffrey L. Baybo, Sr._ ,Defendant

I.  After hearing, it is adjudged that the defendant is:

   ☐  NOT GUILTY of Contempt of this Court.

   ☑  GUILTY of Contempt of this Court for having willfully:

      ☑  A.  neglected and refused to pay child support/alimony, the arrearage of which is fixed at _6,300.00_ .

      ☐  B.  neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren)

      ☐  C,  neglected and refused to pay medical bills in the amount of $_____.

      ☐  D.  neglected and refused to allow the plaintiff visitation with the minor child(ren) on

              _____

              _____

      ☐  E.  neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

      ☐  F.  neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____.

      ☐  G.  _____

              _____

              _____

              _____

              _____

4

II.   It is ordered that:

    A.   the defendant pay $_____ weekly/monthly ($_____ of which shall be applied against the arrearage).

    B.   the defendant pay $_____ weekly/monthly towards the arrearage of $_____.

    C.   the parties shall comply with the stipulation dated_____ which is incorporated and merged into this order/judgment.

    D.   the defendant shall report in person to the Probation Department of this Court each week with evidence of having sought employment from at least_____ employers. The defendant shall provide the Probation Department with the name, address, and telephone number of the employers and a copy of his/her job application or other proof of having actually applied for work. VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO SIX MONTHS.

    E.   the defendant shall pay attorney fees in the amount of $_____ and the cost of service of process which was necessary on this complaint, to wit. $_____

    F.   when the marital home is sold, the Defendant's share of the net proceeds shall be held in escrow by both plaintiff's and Defendant's counsel, pending further order of the court.

III.   It is further ordered that:

    A.   the defendant be committed to jail for ___90___ days or until he/she shall purge him/herself of said contempt by payment of $ _6300.00_ ~~OR until further order of the Court OR until he/she be otherwise discharged by due course of law.~~

    B.   this sentence be suspended until ___noon, Friday, May 2, 2003___ at Salem,

    C.   this matter is continued to _May 2, 2003 at 12:00 noon & parties need not appear if said monies are paid_

Date __5/1/03__

_____
Justice of the Probate and Family Court

2003070300013 Bk:21193 Pg:386
07/08/2003 09:13:00 MTG Pg 1/2

## MORTGAGE DEED

I, JEFFREY L. BAYKO, formerly of 7A Graham Avenue, Newbury, Essex County,

Massachusetts for consideration paid, grant to MICHAEL J. BAYKO and HELEN E.

BAYKO, both of Newburyport, Essex County, Massachusetts, with **MORTGAGE**

**COVENANTS** to secure the payment of SIXTY-THREE HUNDRED AND 00/100

($6,300.00) DOLLARS together with interest thereon at the rate of Six (6.00%) Percent per

annum, all as provided in the undersigned's Note of May 9, 2003, the land in Newburyport,

Essex County, Massachusetts known as 7A Graham Avenue and more fully described on

Exhibit "A" attached hereto and made a part hereof.

This Mortgage is upon the STATUTORY CONDITION, for any breach of which the

Mortgagee shall have the statutory power of sale, all as more fully described in an Extract

from General Laws (Ter. Ed.), Chapter 183, Sections 18, 19, 20 and 21 appended hereto as

Exhibit "B".

WITNESS my hand and seal this   day of May 2003.

_____          _____
        WITNESS                              JEFFREY L. BAYKO

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    May 2, 2003

Then personally appeared the above-named JEFFREY L. BAYKO who acknowledged
his execution of the foregoing instrument to be their free acts and deeds, before me,

_____
NOTARY PUBLIC
My Commission expires:

Gary Evan Evans
NOTARY PUBLIC
My commission expires Dec. 26, 2008

please return to:
Evans, Evans and Bingham
68 Main St
Topsfield, MA 01983

2003070800013 Bk:21193 Pg:387
07/08/2003 08:13:00 MTG Pg 2/2

EXHIBIT "A"

A certain parcel of land in said Newbury constituting and being Lot numbered 39 on a certain plan entitled "Montgomery Park", Frederick P. Hall, Surveyor, dated 1897 and recorded with Essex South District Registry of Deeds, Book 1593, Page 1, bounded and described as follows:

SOUTHERLY:   by Graham Avenue, fifty (50) feet;

WESTERLY:   by Lot numbered 40, as shown on said plan, one hundred (100) feet;

NORTHERLY:   by Lot numbered 22, as shown on said plan, fifty (50) feet; and

EASTERLY:   by Lot numbered 38, as shown on said plan, one hundred (100) feet.

This being a portion of the same premises conveyed to Jeffrey L. Bayko and Lisa J. Bayko, husband and wife as tenants by the entirety by deed of Michael T. Bayko and Helen E. Bayko, recorded April 26, 1985 with the Essex South District Registry of Deeds Book 7731, Page 545.

COMMONWEALTH OF MASSACHUSETTS
ESSEX REGISTRY OF DEEDS, SO. DIST., SALEM, MASS
ESSEX SS.:       October 21 20 04
A TRUE COPY OF RECORD:
BOOK 21/93 PAGE 386
ATTEST:

                                y. REGISTER

**Commonwealth of Massachusetts**
**The Trial Court**

_Essex_ Division    Probate and Family Court Department    Docket No. _0108875D4_

**Temporary Order**

_Jeffrey L. Bayko, Sr._ , Plaintiff

v.

_Lisa J. Bayko_ , Defendant

Pending a hearing on the merits or until further order of the court, it is ordered that:

1) ☐ plaintiff/defendant be and hereby is prohibited from imposing any restraint on the personal liberty of plaintiff/defendant

2) ☐ plaintiff/defendant have the care and custody of _____

_____

the minor child_____ of the parties

3) ☐ plaintiff/defendant be given the following visitation right(s): _____

_____

_____

_____

_____

4) ☐ plaintiff/defendant pay to his/her spouse the sum of_____ forthwith

and the further sum of_____ on each and every _____

hereafter, beginning on_____, for his/her support and that of the minor child_____

5) ☐ said payments to be made to the Probation Department and forwarded to the Department of Public

Welfare/the plaintiff/defendant/the applicable city or town of _____

6) ☒ the parties shall comply with a stipulation ~~or agreement~~ of the parties dated _July 2, 2003_
which is filed with the Court and expressly made a part of this order

7) ☐ plaintiff/defendant pay reasonable medical, dental and hospital expenses of his/her spouse and minor

child_____ and maintain existing medical and hospital insurance

8) ☐ plaintiff/defendant vacate the marital home at _____
(Street and No.)    (City or Town)    (Zip)

for a period of _____ day(s) commencing on _____

9) ☒ _All prior orders not inconsistent with the above remain in full force and effect._

Date _July 2, 2003_    _____
JUSTICE OF THE PROBATE AND FAMILY COURT

_6_

AB
HH
CM 1/1/03

_____ Division                                    Docket No. _____


_____ , Plaintiff

                              v.

_____ . Defendant


### Temporary Order

169

FILED JUL 2 2003

Commonwealth of Massachusetts

Essex, ss.                    Docket no. 010 0825
                                        DV,

Jeffrey Balpho,
        Plaintiff

V.

Lisa Banks,
        Defendant

Stipulation of Parties
Dated: July 2, 2003

With agrees to the Plaintiff's motion for temporary orders, the parties agree that any unreimbursed medicals + college expenses incurred by the Plaintiff will be paid out of the monies held in the escrow account (see mem. dated 7/1/03). The balance of funds will be held in the escrow account until further order of the court.

Jeffrey Banks

Lisa Banks
Lisa Banks



## CHARLES D. ROTONDI
Attorney at Law

79 STATE STREET, NEWBURYPORT, MA 01950
TELEPHONE (978) 462-9393
FACSIMILE (978) 462-2475

## FACSIMILE TRANSMISSION

DATE:  July 31, 2003

TO:  Gary Evans

FAX NO: (978) 887-3684

FROM: Chuck Rotondi

TOTAL NUMBER OF PAGES (including cover sheet): 2

RE:  Bayko Closing

IF YOU DO NOT RECEIVE ALL THE PAGES
PLEASE CALL (978) 462-9393 AS SOON AS POSSIBLE

ADDITIONAL MESSAGE:

This communication is intended for the use of the addressee named herein and may contain legally privileged and confidential information.  If you are not the intended recipient of this facsimile, you are hereby notified that any examination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us by telephone and return the original communication to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the communication to us.  Thank you.

7

**CHARLES D. ROTONDI**

Attorney at Law

79 STATE STREET, NEWBURYPORT, MA 01950
TELEPHONE (978) 462-9393
FACSIMILE (978) 462-2475

July 31, 2003

Attorney Gary Evans
58 Main Street
Topsfield, MA 01983

Re:    Bayko Closing

Dear Gary:

In my review of the title in planning for the Bayko closing, I found two outstanding mortgages that you put on record on behalf of Michael Bayko and Helen Bayko. I am sure that you are aware that my client never signed the instruments and never agreed to putting the mortgages on record. The result of this is that there is a cloud in title and Attorney Chris Welch has made it quite clear that both of these mortgages must be discharged prior to closing. I would request that you obtain a discharge of mortgage on both of these mortgages prior to closing so that we may proceed to sell this property on Tuesday, August 5, 2003. I have already agreed to release my attorney's lien and I understand that Attorney Hans Hailey is also agreeing to release his attorney's lien in order to allow the sale to take place.

As you are well aware, Jeffrey's personal debt to his parents have nothing to do with Lisa, and his parents will simply have to look to Jeffrey's net proceeds from the sale, if any, to get paid. As you know, the Court Order is very specific and Lisa must be paid under paragraph (G) of the Separation Agreement following the negotiation and payment of joint marital debt.

I trust that you will do the right thing in this case and immediately secure discharges from Mr. and Mrs. Bayko so that the closing can take place.

Sincerely,

Charles D. Rotondi

CDR/jms

cc:    Attorney Nancy Von Kittlitz

# Commonwealth of Massachusetts
## The Trial Court
### Probate and Family Court Department

Essex _____ Division

Docket No. _01D0875DV1_

☒ Civil

Complaint for                    Contempt

☐ Criminal

Lisa J. Bayko
_____, Plaintiff

v.

Jeffrey L. Bayko, Sr.
_____, Defendant

1) Plaintiff, who resides at __7A Graham Avenue, Newbury, MA 01951__

was - is - the spouse of defendant, who now resides at __P.O. Box 289, Boxford, MA__

__01921__

2) By judgment - order - of the Court, dated_____May 24, 2002_____,defendant was ordered:

☒ to pay ~~alimony~~ - support of minor children - in the sum of $ _____
forthwith and the further sum of $_250.00_____ weekly - monthly - thereafter
☐ to grant plaintiff visitation rights with _____

☐ not to impose any restraint on the personal liberty of plaintiff
☐ to pay health insurance premiums for the plaintiff and/or minor child(ren)
☐ to pay reasonable medical and dental expenses
☐ _____

and said judgment - order - is still in force.

3) Defendant has not obeyed that judgment - order - and
☒ is in arrears of court-ordered support payments
☒ there now remains due and unpaid to plaintiff the sum of $ _18,209.71_
plus such further amounts as may accrue to the date of hearing
☐ plaintiff has been denied visitation rights on _____

☒ has violated the order on ~~July 19, 2002 and May 25, 2003~~
_____ by granting mortgages against the
marital home to his parents, Michael and Helen Bayko (copies
attached) in violation of the Separation Agreement and order of
the Court pursuant to Section J, par. 2 of said Separation
Agreement.  Said mortgages were granted without knowledge and
permission of the Plaintiff joint owner, Lisa J. Bayko.

4) Wherefore, plaintiff requests that defendant be required to appear before this Court to show cause why said defendant should not be adjudged in contempt of Court and for such other relief as to said Court may seem just.

Date _August 13, 2003_

Name _Charles D. Rotondi_

_Chuck Rotondi_
PRINT NAME

Address _79 State Street_

_Newburyport, MA 01950_

Tel. No. (_978_) _462-9393_

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
THE PROBATE AND FAMILY COURT DEPARTMENT

Essex Division                                    Docket Number: 03E 0076-GC1

Lisa Bayko,
      Plaintiff

v.

Jeffery L. Bayko, Sr.,
Helen Bayko,
Michael Bayko,
Gary Evans
      Defendant

Memorandum of Decision
On Helen and Michael Bayko's Motion to Dismiss (filed May 13, 2004)
and Jeffrey Bayko's Motion to Dismiss (filed May 24, 2004)

On May 13, 2004, the Defendants, Helen and Michael Bayko, filed a Motion to Dismiss

the Plaintiff's, Lisa Bayko, Amended Complaint in Equity to Set Aside Fraudulent Conveyance,

To Declare the Mortgages between Jeffery L. Bayko and Helen and Michael Bayko Null and

Void and to Enforce the Terms of the Judgment of This Court (hereinafter "Amended

Complaint") for lack of subject matter jurisdiction.[1]  On May 24, 2004, Jeffrey Bayko and Gary

Evans also filed a Motion to Dismiss the Plaintiff's Complaint for Reasons of Insufficiency of

Process, Insufficiency of Service of Process, and Failure to State a Claim Upon Which Relief

Can be Granted.  This Memorandum will address subject matter jurisdiction only.

---

[1] The defendants, Helen and Michael Bayko, filed two similar Motions to Dismiss for Lack of Subject
Matter Jurisdiction, the first, on September 10, 2003, the second, on April 22, 2004.  The May 13, 2004, Complaint
also asks for the rescission of Judge Cronin's order on September 10, 2003, that surplus funds be held in escrow.
Said request will be resolved indirectly through this decision. Also on May 13, 2004, the Plaintiff filed a Motion to
Amend and the Amended Complaint, which was allowed.  The Court will treat the Defendants' Motions to Dismiss
as related to the most recently Amended Complaint.

The Plaintiff filed a Complaint seeking equitable relief claiming that the grant of two

mortgages by her former husband, Jeffrey Bayko, to his parents, the Defendants Helen and

Michael Bayko, that the Plaintiff's were fraudulent. The Plaintiff also seeks relief in this Court

from actions that she claims amount to breach of contract, breach of fiduciary duty and legal

malpractice.

Fraudulent Conveyance Counts

Two of the Plaintiff's Counts claim Fraudulent Conveyance pursuant to G. L. c. 109A,

the Uniform Fraudulent Transfer Act. Only the Supreme Judicial Court and the Superior Court

have jurisdiction over statutory claims for fraudulent conveyance. See G. L. c. 214 §3 (8); Foster

v. Evans, 384 Mass 687, 689 (1981). The Probate and Family Court, under G. L. c. 215, § 6,

only has jurisdiction over nonstatutory creditor's bills,[2] meaning those actions brought by

creditors "who have in vain attempted at law to obtain satisfaction of [their] judgments, and who

sue in equity for the purpose of reaching property which could not be taken on execution at law."

Id. at 690, citing Pettibone v. Toledo, Cincinnati & St. Louis R.R., 148 Mass. 411, 417 (1889).

While is it true that "the probate and family court department shall have original and concurrent

jurisdiction with the supreme judicial court and the superior court department of all cases and

matters of equity cognizable under the general principles of equity jurisprudence . . ." (G. L. c.

215, § 6), a statutory claim for fraudulent conveyance is not cognizable under the general

principles of equity jurisprudence. See Blumenthal v. Blumenthal, 303 Mass. 275, 278 (1939).

As such, this Court has no jurisdiction over the Plaintiff's statutory claim for fraudulent

---

[2] A "creditor's bill" is an equitable remedy similar to a bill to reach and apply. Foster, 384 Mass. at 691. A bill to reach and apply is governed by G. L. c. 214, § 3, and can only be brought in the Supreme Judicial Court or the Superior Court, as it is a statutory remedy. Id. at 689. Unlike a creditor's bill, the statutory action does not require a creditor to reduce his claim to a judgment or to exhaust legal remedies. Id. at 692.

conveyance.

In Foster v. Evans, the Probate Court relied on G. L. c. 214, § 3 and G. L. c. 215, § 6, to confer jurisdiction over the Plaintiff's claim to reach and apply an interest in the property of her former husband that he had allegedly fraudulently conveyed to his new wife. 384 Mass. at 688. The Supreme Judicial Court held that the Probate Court's reliance on G. L. c. 214, § 3, as conferring jurisdiction was misplaced, but that the Probate Court did have "jurisdiction [over] nonstatutory creditors' actions under G. L. c. 215, § 6, and that the essential elements of a nonstatutory action were before the Probate Court." Id. at 689. As such, the Probate Court in that case was able to afford the wife the relief she requested.

In the current case, the Plaintiff's claims for Fraudulent Conveyance were plead specifically pursuant to a statute (G. L. c. 109A). While Plaintiff may assert that the essential elements of a nonstatutory action may exist, conferring jurisdiction over the Plaintiff's claims under G. L. c. 215, § 6, would not alleviate the problem of this Court's lack of jurisdiction over the numerous other parties who assert an alleged interest in the surplus proceeds from the sale of the parties' marital home.[3] Thus, if this Court exercised its discretion to construe the Plaintiff's claim for fraudulent conveyance as a nonstatutory creditor's bill action under G. L. c. 215, § 6 (as the Court did in Foster v. Evans), and decided whether there was in fact a fraudulent conveyance, it would still be without authority to distribute the surplus proceeds to all rightfully entitled parties. Ultimately, the Plaintiff is seeking her share of the proceeds from the sale of the marital home, and unfortunately, jurisdictional hurdles and numerous parties in interest make this an inappropriate forum to afford her the relief she requests.

---

[3] For the lengthy list of parties/entities in interest, see GMAC Mortgage Corporation's Motion, filed on May 26, 2004.

Breach of Contract, Breach of Fiduciary Duty, and Malpractice Counts

Another of the Plaintiff's Counts alleges breach of contract by Defendant Jeffrey L. Bayko for "intentionally encumbering the assets of the Plaintiff" in violation of the parties' separation agreement and seeks monetary damages therefor. The parties' separation agreement was incorporated into a Judgment of Divorce Nisi issued by this Court and, in relevant part, survived as an independent contract. (See Article IV, paragraph C). While the Probate and Family Court has jurisdiction to specifically enforce or to modify a surviving separation agreement, it does not have jurisdiction to determine whether there has been a breach of the contract or to assess damages. As such, the Court does not have jurisdiction to determine whether the Defendant Jeffrey Bayko breached the parties' contract, or to assess money damages.

The Plaintiff also seeks relief under a second breach of contract claim against Attorney Gary Evans, in addition to a Breach of Fiduciary Duty and a Malpractice claim against Attorney Evans, and monetary damages therefor. A determination of whether a contract existed between the Plaintiff and Attorney Evans is not within the equity jurisdiction of this Court, and, further, provided a contractual relationship is found, an assessment of damages is also not within the Probate and Family Court's general grant of equity jurisdiction. Nor are malpractice claims heard in this Court. As such, this Court does not have jurisdiction over any of these claims.

The issues in the instant case are tangled and thorny; furthermore, the Plaintiff in the instant case is in need of a remedy. After thorough examination of the pleadings and the relevant law, however, this Court finds that since there are several parties in interest over which this Court has no jurisdiction, and given the constraints of its equity jurisdiction, the relief sought by the Plaintiff in the Amended Complaint in Equity cannot be granted by the Probate and Family Court.

For the foregoing reasons, this Court does not have subject matter jurisdiction over the

Plaintiff's claims for relief, and, therefore, the Defendants' Motions to Dismiss are ALLOWED.

As a result of this decision, Orders shall enter this date as to the following pending

Motions:

1)    Lisa Bayko's Amended Complaint in Equity to Set Aside the Fraudulent Conveyance, To Declare Mortgages Between Jeffrey L. Bayko, Sr. and Helen and Michael Bayko Null and Void and To Enforce the Terms of the Judgment (filed April 30, 2004) is DISMISSED.

2)    Helen and Michael Bayko's Motion to Dismiss the Plaintiff's, Lisa Bayko, Amended Complaint in Equity to Set Aside Fraudulent Conveyance, To Declare the Mortgages between Jeffery L. Bayko and Helen and Michael Bayko Null and Void and to Enforce the Terms of the Judgment of This Court (filed May 13, 2004) is ALLOWED.

3)    Jeffrey Bayko and Gary Evans' Motion to Dismiss the Plaintiff's Complaint for Reasons of Insufficiency of Process, Insufficiency of Service of Process, and Failure to State a Claim Upon Which Relief Can be Granted (filed May 24, 2004) is ALLOWED, for the reasons set forth in this Memorandum.

4)    Helen and Michael Bayko's Motion to Dismiss for Lack of Subject Matter Jurisdiction (filed September 10, 2003), is DENIED, in light of the allowance of the Motion To Dismiss at Paragraph 2 above.

5)    Helen and Michael Bayko's Motion to Dismiss for Lack of Subject Matter Jurisdiction (filed April 22, 2004), is DENIED, in light of the allowance of the Motion To Dismiss at Paragraph 2 above.

6)    Helen and Michael Bayko's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (filed April 22, 2004), is DENIED, in light of the allowance of the Motion To Dismiss at Paragraph 2 above.

7)    Helen and Michael Bayko's Motion to Dismiss for Failure to Join a Necessary Party (filed May 13, 2004), is DENIED, in light of the allowance of the Motion To Dismiss at Paragraph 2 above.

8)    Helen and Michael Bayko's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (filed May 13, 2004), is DENIED, in light of the allowance of the Motion To Dismiss at Paragraph 2 above.

9)    Lisa Bayko's Motion to Consolidate the Complaint in Equity dated August 13,

2003 and the Complaint for Contempt dated August 13, 2003 (filed April 30, 2004), is DENIED.

10) Lisa Bayko's Motion to Amend the Complaint in Equity (filed April 30, 2004) is ALLOWED.

11) Lisa Bayko's Motion to Have Her Share of the Proceeds of the Marital Home Directed to Her (filed April 30, 2004) is DENIED, without prejudice.

12) Lisa Bayko's Motion to Limit Jeffrey Bayko's Damages in the Complaint in Equity to Those That Were Not Discharged in the Bankruptcy (filed April 30, 2004) is DENIED, without prejudice.

13) Lisa Bayko's Motion for Allowance of Attorney's Fees (filed April 30, 2004) is DENIED, without prejudice.

14) Lisa Bayko's Motion to Strike the Appearance of Gary Evans as Attorney for Jeffrey Bayko (filed April 30, 2004) is DENIED, without prejudice.

15) GMAC Mortgage Corporation's Motion to Intervene to Deposit Funds with Court and/or For Further Direction (filed May 26, 2004) is DENIED. However, IT IS FURTHER ORDERED, that consistent with GMAC's request for relief, it is not required to deposit proceeds from the foreclosure of the marital home per this Court's Order dated September 10, 2003, and is directed to commence an Interpleader Action in Superior Court for purposes of disposing of the surplus funds. Upon filing that Interpleader action, this Court's Order dated September 10, 2003 regarding holding proceeds in escrow shall be vacated.

Date: _September 15, 2004_

John P. Cronin, Justice
Probate and Family Court Department

**Commonwealth of Massachusetts**
The Trial Court

Essex    Division    Probate and Family Court Department    Docket No. ___01D0875-DV1___

Amended

Sua Sponte    Order — ~~Judgment~~ on Complaint for Civil/~~Criminal~~ Contempt

filed on____August 23, 2003____

Lisa Bayko _____,Plaintiff

v.

Jeffrey Bayko _____,Defendant

I.    After hearing, it is adjudged that the defendant is:

☐    ~~NOT GUILTY of Contempt of this Court.~~

☒    GUILTY of Contempt of this Court for having willfully:

   ☒ A.    neglected and refused to pay child support/~~alimony~~, the arrearage of which is fixed at ___$28,859.89___ .

   ☐ B.    neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren)

   ☐ C.    neglected and refused to pay medical bills in the amount of $ _____.

   ☐ D.    neglected and refused to allow the plaintiff visitation with the minor child(ren) on.

   _____

   _____

   ☐ E.    neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

   ☐ F.    neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____.

   ☒ G.    1. For conveying mortgages to Helen Bayko and Michael Bayko on 7-19-02 ($46,360.00; Book 19056, Page 153) and 5-25-03 ($6,300.00; Book 21193, Page 386) against Jeffrey Bayko's interest in the marital home at 7A Graham Avenue, Newbury, MA in violation of Article III, Section J, Paragraph 2 of the separation agreement dated 5-24-02; and said mortgages are invalid as against the plaintiff.
   2.    Failure to pay college tuitions in the amount of $2,755.52 (order of July 2002).

(OVER)

10

CJ-D 404 (10/96)

II.    It is ordered that:

[x]    A.    the defendant pay $ _____250.00_____ weekly~~/monthly ($ xxxxxxxxxxxxxxxxx~~
             ~~of which shall be applied against the arrearage).~~ in child support.

[ ]    B.    the defendant pay $ _____ weekly/monthly towards the arrearage of
             $ _____.

[ ]    C.    the parties shall comply with the stipulation dated_____
             which is incorporated and merged into this order/judgment.

[ ]    D.    the defendant shall report in person to the Probation Department of this Court
             each week with evidence of having sought employment from at
             least _____ employers. The defendant shall provide the Probation
             Department with the name, address, and telephone number of the employers and a
             copy of his/her job application or other proof of having actually applied for work.
             VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF
             COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
             SIX MONTHS.

[x]    E.    the defendant shall pay attorney fees in the amount of $ __4,950.00_____
             and the cost of service of process which was necessary on this complaint, to wit,
             $ _75.00 for a total of $5,025.00 on or before November 1, 2004.

[ ]    F.    _____
             _____
             _____
             _____

III.   It is further ordered that:

[x]    A.    the defendant be committed to jail for_____150 days_____ days or until he/~~she~~ shall
             purge him~~self/herself~~ of said contempt by payment of $ _33,809.89_____ OR until
             further order of the Court OR until he/~~she~~ be otherwise discharged by due course of
             law.

[x]    B.    this sentence be suspended until ___November 1, 2004_____.

[x]    C.    this matter is continued to ___November 1, 2004 unless sooner apprehended.___
             Except as provided herein, all prior orders of this court are
             ratified and confirmed.

Date__February 9, 2005~~÷~~                              _____
       as of September 23, 2004                          Justice of the Probate and Family Court

231

**FILED** NOV 1 6 2004

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

PROBATE & FAMILY COURT
DOCKET NO. 01D 0875 DV1

LISA BAYKO,                    )
            Plaintiff          )
                               )
v.                             )
                               )
JEFFREY BAYKO,                 )
            Defendant          )
                               )

Dec 2 , ss, Probate & Family Court
                20~~24~~

The within action is hereby ~~allowed~~ denied.

Peter C. DiGangi, Justice of Probate & Family Court

MOTION FOR RECONSIDERATION
of
ORDER FOR CIVIL CONTEMPT
ISSUED BY JUDGE PETER C. DI GANGI
on
SEPTEMBER 23, 2004

Now come Michael Bayko and Helen Bayko, the owners of certain mortgages which Judge Peter

C. DiGangi declared invalid and ask for reconsideration. As reasons therefore:

<u>1) Michael and Helen Bayko were neither joined nor given notice and an opportunity to be heard</u>
<u>before terminating their property rights.</u>

The Order in question purports to deprive Michael Bayko and Helen Bayko (both in their

eighties) of valuable property rights. The September 23, 2004 Order was issued without notice to

Mr. and Mrs. Bayko in a matter in which they have never been joined. While the grounds for the

decision have not been recited, it may be surmised that the Court may not have been informed

that these mortgages secured actual cash advances made to Jeffrey Bayko, or on his behalf, or

that many of the funds advanced were used to pay child support to Lisa Bayko. (For example,

documents subpoenaed to the Probate and Family Court by Lisa Bayko's counsel in September of

*11*

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department

Essex ____ Division

Docket No. 01D-0875-DV1

~~Order~~ — Judgment on Complaint for Civil/~~Criminal~~ Contempt

filed on ____9-16-05____

Lisa Bayko _____ ,Plaintiff

v.

Jeffrey Bayko _____ ,Defendant

I.    After hearing, it is adjudged that the defendant is:

☐    NOT GUILTY of Contempt of this Court.

☒    GUILTY of Contempt of this Court for having willfully:

☒    A.    neglected and refused to pay child support/~~alimony~~, the arrearage of which is fixed
at ____$42,784.88 including $2,500.00 accrued since July 2005.____

☐    B.    neglected and refused to pay health insurance premiums for the plaintiff and/or minor
child(ren)

☐    C.    neglected and refused to pay medical bills in the amount of $_____.

☐    D.    neglected and refused to allow the plaintiff visitation with the minor child(ren) on

_____

_____

☐    E.    neglected and refused to report to the Probation Department regarding his/her job
seeking efforts.

☐    F.    neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount
of $_____.

☐    G.    _____

_____

_____

_____

(OVER)

CJ-D 404 (10/96)

II.    It is ordered that:

☐    A.    the defendant pay $_____ weekly/monthly ($_____
of which shall be applied against the arrearage).

☐    B.    the defendant pay $_____ weekly/monthly towards the arrearage of
$_____.

☐    C.    the parties shall comply with the stipulation dated_____
which is incorporated and merged into this order/judgment.

☐    D.    the defendant shall report in person to the Probation Department of this Court
each week with evidence of having sought employment from at
least_____ employers. The defendant shall provide the Probation
Department with the name, address, and telephone number of the employers and a
copy of his/her job application or other proof of having actually applied for work.
VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF
COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
SIX MONTHS.

☐    E.    the defendant shall pay attorney fees in the amount of $_____
and the cost of service of process which was necessary on this complaint, to wit,
$_____.

☐    F.    _____
_____
_____
_____
_____

III.    It is further ordered that:

☒    A.    the defendant be committed to jail for ____150____ days or until he/she shall
purge him/herself of said contempt by payment of $_2,500.00_ OR until
further order of the Court OR until he/she be otherwise discharged by due course of
law.    Payment shall be payable to the Department of Revenue for
plaintiff.

☐    B.    this sentence be suspended until_____.

☐    C.    this matter is continued to_____

Date_ October 18, 2005 _

10-18 05

_____
Justice of the Probate and Family Court

Form 668 (Y)(c)
(Rev. October 2000)

498

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (617) 316-2575 | Serial Number<br>40323104 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

2003060300897 Bk:20949 Pg:90
06/03/2003 17:17:00  FTL Pg 1/1

Name of Taxpayer  JEFFREY L BAYKO

Residence       7A GRAHAM AVE
                NEWBURY, MA 01951

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2000 | 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 | 09/23/2002 | 10/23/2012 | 46072.35 |
| 1040 | 12/31/2001 | 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 | 09/23/2002 | 10/23/2012 | 1124.45 |

| Place of Filing | Registry of Deeds<br>Southern Essex County<br>Salem, MA  01970 | Total | $ 47196.80 |
|---|---|---|---|

This notice was prepared and signed at _____ Boston, MA _____ , on this,

the __01st__ day of __May__ , __2003__ .

| Signature<br>for MICHAEL HONSEY | Title<br>REVENUE OFFICER<br>(781) 835-4231 | 21-07-2730 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

14

9071                                          COURT RECORDING DATA
--------------------------------------------+---------------------------------------
        INTERNAL REVENUE SERVICE            | Lien Recorded    : 05/07/2003 - 13:54PM
        FACSIMILE RELEASE of TAX LIEN       | Recording Number:
                                            | UCC Number       :
                                            | Liber            : 15187
                                            | Page             : 118
                                            | *Lien Part Rel'd 05/25/2003
--------------------------------------------+---------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1       | IRS Serial Number: 40323105
Lien Unit Phone: (617) 316-2575             |
--------------------------------------------+---------------------------------------

     I certify that as to the following-named taxpayer, the requirements of
section 6325(a) of the Internal Revenue Code have been satisfied for the taxes
listed below and for all statutory additions. Therefore, the lien provided by
Code section 6321 for these taxes and additions has been released.
---------------------------------------------------------------------------------------

Name of Taxpayer :
     LISA J BAYKO only.*  LISA J BAYKO only, in the
     liability of JEFFREY L & LISA J BAYKO.


---------------------------------------------------------------------------------------

Residence :
   7A GRAHAM AVE
   NEWBURY, MA 01951


-------+-----------+---------------+------------+-------------------+-----------------
 Form  |  Period   |  ID Number    |  Assessed  |  Refile Deadline  | Unpaid Balance
 (a)   |   (b)     |    (c)        |    (d)     |       (e)         |      (f)
-------+-----------+---------------+------------+-------------------+-----------------
 1040  | 12/31/1996| 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   | 03/05/2003 |    04/04/2013     |    44911.00
 1040  | 12/31/1997| 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   | 02/28/2003 |    03/30/2013     |    40886.00
 1040  | 12/31/1998| 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   | 03/17/2003 |    04/16/2013     |    40280.00
 1040  | 12/31/1999| 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   | 03/17/2003 |    04/16/2013     |    29609.00

     *Under Internal Revenue Code Section 6015, with respect to the tax
     liabilities of LISA J BAYKO only, relief has been granted for the income
     tax liabilities secured by the subject lien. This justifies the
     issuance of this certificate that releases the subject lien only insofar
     as it relates to LISA J BAYKO in the liability of JEFFREY L & LISA J
     BAYKO. The lien is not released as it relates to JEFFREY L BAYKO,
     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.*


-------------------------------------------------------------------------------------
Filed at:   Registry of Deeds                                    |
            Northern Middlesex County            Total  |  $    155686.00
            Lowell, MA  01853                                    |
-------------------------------------------------------------------------------------
This notice was prepared and executed at BOSTON, MA
on this, the 25th day of May, 2003.
-------------------------------------------------------------------------------------
Authorizing Official:
     Tech Support Mgr

9071                                        COURT RECORDING DATA

```
------------------------------------------+------------------------------------------
   INTERNAL REVENUE SERVICE                | Lien Recorded    : 05/07/2003 - 13:54PM
FACSIMILE FEDERAL TAX LIEN DOCUMENT        | Recording Number:
                                           | UCC Number       :
                                           | Liber            : 15187
                                           | Page             : 118
                                           | ** Partial Rel** 05/25/2003
------------------------------------------+------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1      | IRS Serial Number:  40323105
Lien Unit Phone: (617) 316-2575           |
------------------------------------------+------------------------------------------
```

                       This Lien Has Been Filed in Accordance with
                       Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  JEFFREY L & LISA J BAYKO

Residence :
  7A GRAHAM AVE
  NEWBURY, MA 01851

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|---------------|------------|---------------------|-----------|
| 1040 | 12/31/1996 | 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 | 03/05/2003 | 04/04/2013 | 44911.00 |
| 1040 | 12/31/1997 | 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 | 02/28/2003 | 03/30/2013 | 40886.00 |
| 1040 | 12/31/1998 | 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 | 03/17/2003 | 04/16/2013 | 40280.00 |
| 1040 | 12/31/1999 | 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 | 03/17/2003 | 04/16/2013 | 29609.00 |

```
Filed at:   Registry of Deeds
            Northern Middlesex County                 Total | $    155686.00
            Lowell, MA  01853
```

This notice was prepared and executed at BOSTON, MA
on this, the 01st day of May, 2003.

Authorizing Official:              | Title:
  MICHAEL HOMSEY                   | REVENUE OFFICER          21-07-2730

08/20/03   ...   ⏍001

LAW OFFICES OF
# CHRISTOPHER M. WELCH
24 CENTER STREET
NEWBURYPORT, MASSACHUSETTS 01950
TELEPHONE (978) 465-5022
FACSIMILE (978) 465-5506
www.welchlawoffices.com

SALEM OFFICE

CHRISTOPHER M. WELCH
JOSEPH J. WELCH
JAMES L. ROGAL
JOHN D. WELCH*
*Also admitted in Maine

32 CHURCH STREET
SALEM, MASSACHUSETTS 01970
TELEPHONE (978) 745-0500
FACSIMILE (978) 745-6606

Of Counsel
R. DOUGLAS BOLICK

Charles D. Rotondi, Esq.

BY FACSIMILE ONLY

Re:  7A Graham Avenue, Newbury

Dear Chuck:

As you know it is absolute standard conveyancing procedure, in the case of a private mortgage, to close a transaction only if a Mortgage Discharge is delivered in hand, subject only to escrow instructions as to the amount necessary to payoff the underlying loan at the time of the transaction.  After 22 years in practice, I feel confident in saying that no experienced conveyancing attorney would accept title under any other circumstances and no national title insurance company would allow a title insurance policy to issue.  No buyer or purchase money mortgagor should be expected to assume the inherent risk of a title encumbered by a lien from an undischarged mortgage given to an individual (who could, after all, die or become incompetent) while underlying issues between the seller and his mortgagor are litigated.

Please feel free to call if you have any further questions.

Very truly yours,

Christopher M. Welch

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 05-11746 GAO                    VOLUME I
                                    PAGES 1 - 94


GMAC MORTGAGE CORPORTION,          )
                    Plaintiff      )
                                   )
          VS.                      )
                                   )
JEFFREY L. BAYKO, LISA J. BAYKO,   )
HELEN E. BAYKO, MICHEAL J.         )
BAYKO, HANS HAILEY and             )
THE UNITED STATES OF AMERICA,      )
                    Defendants     )


                    DEPOSITION OF GARY EVANS,

taken on behalf of the Defendant, pursuant to

Notice Under the Massachusetts Rules of Civil

Procedure, before Lillian M. Donovan, a

Certified Court Reporter, and Notary Public in

and for the Commonwealth of Massachusetts, at

the LAW OFFICE OF CHRISTINE ANN FARO, 79 STATE

STREET, NEWBURYPORT, MASSACHUSETTS, on MONDAY,

APRIL 24, 2006, commencing at 1:00 p.m.


                EYAL COURT REPORTING, INC.
                  4 Faneuil Hall Marketplace
             South Market Building, 4th Floor
                 Boston, Massachusetts 02109
                      (800) 322-3925

C

1          You represent him in the action pending

2    in front of the U.S. District Court?

3      A.  I represent -- everything I have in the

4    file downstairs.

5      Q.  Do you represent him in this current

6    action?

7      A.  In your action?

8      Q.  Yes, the current U.S. District Court

9    action.  Do you represent him in that?

10     A.  I represent him in a divorce action and

11   modification.

12     Q.  You did not represent him in the divorce

13   action.  Attorney Hailey did.

14     A.  Okay.

15     Q.  Go downstairs and get me any and all

16   communication between you and Helen and Michael

17   Bayko from January 2000 to the present.

18     A.  I'll go down and look at it and pull it

19   out, but it's work product.  I don't know how I

20   can give it over to you.

21              MR. SULLIVAN:  For the

22   record, I was given the notice deposition.  I

23   was not given a Schedule A.

24              MS. FARO:  Yes, you did have