UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>                                  Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>                                  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LISA BAYKO'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT
(Pursuant to Rule 56(b) of the Federal Rules of
Civil Procedure and Local Rule 7.1)**

### I.     In General

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir.1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990)). The motion judge does not pass on the weight or credibility of the evidence, which may be in the form of affidavits, depositions, interrogatories, admissions, and sworn pleadings. Attorney General v. Bailey, 386 Mass. 367, 370, 436 N.E.2d 139, cert. denied, 459 U.S. 970, 103 S.Ct. 301, 74 L.Ed.2d 282 (1982). That some

facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the disputed issue of fact must be material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202 (1986). *Norwood v. Adams-Russell Co.,* 401 Mass. 677, 683, 519 N.E.2d 253 (1988). "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510.

## II. THE AMENDED CONTEMPT JUDGMENT OF THE ESSEX COUNTY PROBATE AND FAMILY COURT INVALIDATED THE MORTGAGE AS TO LISA BAYKO

The Defendant Lisa Bayko is seeking enforcement the Judgment of Divorce Nisi which merged the separation agreement dated May 24, 2002 and other orders of the Probate and Family Court including the amended judgment of contempt dated February 11, 2005. The full faith and credit statute, 28 U.S.C. 1738, provides that:

> The judicial proceedings in any state, territory, or possession of the United States "shall have the full faith and credit in every Court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession for which they are taken." See In re Boston Regional Medical Center, Inc., 298 B.R. 1, 19 (2003).

Enforcement of the terms of a separation agreement and judgments of the Essex County Probate & Family Court is not foreign to this Court. See Boston Regional Medical Center, Inc., 298 B.R. 1, 19 (2003); Callahan v. Callahan 247 F.Supp.2d 935 (S.D. Ohio 2002) and Dion v. Dion 652 F.Supp. 1151 (E.D. Pa. 1987).

Helen and Michael Bayko are precluded from raising any issue that their interests (mortgages) in Jeffrey L. Bayko's share of the marital estate should take priority over Lisa Bayko's interests.  Boston Regional Medical Center, Inc., 298 B.R. 1, 19 (2003), citing Nottingham Partners v. Trans-Lux Corp., 925 F.2d 29,32 (1st Cir. 1991).  On September 23, 2004 the Court found Jeffrey L. Bayko in contempt for conveying two mortgages dated July 19, 2002 and May 25, 2003 and invalidated the mortgages.[1]  On February 9, 2005, the Contempt Judgment was amended whereby the Essex County Probate and Family Court "invalidated the mortgages as to Lisa Bayko."  In determining the preclusive effect of the Probate & Family Court's Orders this Court must look to the laws of the Commonwealth of Massachusetts which state that "the doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Id. At 19, citing Heacock v. Heacock, 402 Mass. 21, 23 (1988). Three elements are applied when determining claim preclusion: (1) the identity or privity of the parties to the present or prior action; (2) identity of the cause of action; and (3) prior final judgment on the merits. Boston Regional Medical Center, Inc., supra at 19 citing, United States v. One Parcel of Real Property, 900 F. 2d 470 (1st Cir. 1990).

The Amended Judgment of Contempt dated February 11, 2005 is a final judgment on a Contempt Complaint dated August 13, 2003 filed by Lisa Bayko against Jeffrey L. Bayko.[2] The issue before the Essex County Probate & Family

---

[1].    Because of Jeffrey L. Bayko's bankruptcy filing, the actions were stayed until September of 2004.

[2] . The complaint for contempt was filed at the same time as the complaint in equity to set aside the mortgages that was dismissed on September 15, 2004 without prejudice for lack of subject matter

Court was whether Jeffrey L. Bayko had the authority under the terms of the separation agreement to convey the two mortgages dated July 19, 2002 and May 25, 2003 to his parents, Helen Bayko and Michael Bayko.[3] On September 25, 2004, after a hearing on the merits, both parties being present and represented by Counsel (Attorney Gary Evans represented Jeffrey L. Bayko), the Court found Jeffrey L. Bayko in contempt for making the conveyances and invalidated the mortgages. On February 9, 2005, the Contempt Judgment was amended so that the mortgages were "invalidated as to Lisa Bayko only."

The parties to the complaint for contempt are identical to those in the present suit, Lisa Bayko and Jeffrey L. Bayko  Helen and Michael Bayko were not parties to the Contempt action, as they did not have standing but were parties to the complaint in equity, which asked the Court to set aside the mortgages on the grounds of fraudulent conveyances. The issues before the Essex County Probate & Family Court were first to determine whether Jeffrey L. Bayko had the authority to convey the mortgages, as set forth in the complaint for contempt, and secondly, to determine whether the mortgages, if valid, were fraudulent conveyances, as set forth in the complaint in equity. Even if Helen and Michael Bayko were not parties to the contempt, they were certainly in privity with their son Jeffrey L. Bayko

Helen and Michael Bayko are now asking this Court for the same relief that they sought in the Probate & Family Court; to give their mortgages priority over Lisa

---

jurisdiction. The complaint in equity asked the Court to set aside the mortgages on the grounds that they were fraudulent conveyances.

[3] The separation agreement dated May 24, 2002 strictly prohibited "the parties from neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2).

4

Bayko's interests. Their request for such relief has already been denied in the Essex County Probate & Family Court; on November 12, 2004, Helen and Michael Bayko tried to intervene in the contempt action and requested that the Judgment of September 25, 2004 be set aside. The Essex County Probate & Family Court (J. DiGangi) denied their request on December 2, 2004 but did amend the judgment so as to "invalidate the mortgages as to only Lisa Bayko."

Jeffrey L. Bayko did not have the authority to convey the mortgages and this issue should not be revisited by this Court. This Court should give full faith and credit to the Amended Contempt Judgment dated February 9, 2005 of the Essex County Probate & Family Court.

### III.  THE SEPARATION AGREEMENT DATED MAY 24, 2004 SHOULD BE ENFORCED UNDER THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS

The Judgment of Divorce Nisi, which merges the separation agreement, grants Lisa Bayko an interest in Jeffrey L. Bayko's share the marital residence and predates the mortgages conveyed by Jeffrey L. Bayko to his parents Helen Bayko and Michael Bayko. It is Lisa Bayko's contention that Judgment of Divorce Nisi and terms of the separation agreement should be enforced and take any and all precedent over any alleged interests of Helen Bayko and Michael Bayko and Hans Hailey.

M.G.L. c. 209 section 32D states an that "…under section thirty-two a judgment shall be entered directing a deed, conveyance or release if certain real estate, or interest

therein, be made, such a judgment shall create an equitable right to its enforcement subject to the provision for recording of notice in section fifteen of chapter one hundred and eighty-four."

M.G.L. c. 184 section 15 provides, in pertinent part

A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

### A. The Defendants Helen Bayko and Michael Bayko Had Actual Knowledge of Lisa Bayko's Unrecorded Interest Therefore Recorded Notice Required Under M.G. L. c. 184 section 15 Is Not Required

Helen and Michael Bayko admittedly had actual knowledge of Jeffrey and Lisa Bayko's divorce proceedings. Helen Bayko and Michael Bayko are the parents of Jeffrey L. Bayko In their verified statement of facts, paragraph 7, they state that any monies given to Jeffrey L. Bayko were for child support and attorneys fees for Hans Hailey, who represented Jeffrey L. Bayko throughout his divorce proceedings and post divorce proceedings. Attorney Gary Evans was named in Jeffrey L. Bayko and Lisa Bayko's Separation Agreement as the Attorney to work-out and negotiate the joint marital debt. Attorney Gary Evans testified under oath that he represented Jeffrey L. Bayko in his divorce. Attorney Gary Evans drafted and notarized both mortgages dated July 19, 2002 and May 25, 2003.

The mortgages were less than an arms length transaction, given the relationship of the parties, their knowledge of the divorce and divorce proceedings and the fact

6

that Attorney Gary Evans, who was named in the parties' separation agreement, drafted the mortgages on behalf of Jeffrey L. Bayko. At the time the mortgages were drafted and executed, Jeffrey L. Bayko, his parents Helen Bayko and Michael Bayko and Gary Evans aware of the judgment of divorce nisi and the existence of the separation agreement knew that the conveyances were unfair, inappropriate and a fraud upon Lisa and the Court. **Feldman v. Feldman** 20 Mass.App. Ct 309, 313-314 (1985). (In Feldman, the Court set aside a mortgage between the husband and his woman friend, despite the fact that the separation agreement was not recorded, because it deprived the Wife of her interest in the marital estate.)

Any argument by Helen Bayko and Michael Bayko that they never saw or read the separation agreement or were not represented by counsel is without merit as the Court has held "that when persons have actual knowledge of an agreement, actual knowledge of an unrecorded interest, they are not in the position to maintain a 'hear no evil see no evil' approach to the matter." **Emmons v. White** 58 Mass.App.Ct. 54, 58 (2003). Not only are the judgment of divorce nisi and separation agreement, a public record but both Attorney Gary Evans, the drafter of the mortgages, and the Defendant Hans Hailey were in possession of the judgment of divorce nisi and the separation agreement. Even a cursory review of the documents would have revealed that Jeffrey L. Bayko was prohibited from making such a conveyance that would impact Lisa Bayko's interest in Jeffrey L. Bayko's share of the proceeds of the marital residence.

The drafting and recording of these mortgages was "a conspiracy to encumber a marital asset" and interfere with division of the marital estate as designed, stated and

agreed to in the separation agreement dated May 24, 2002. The Court (J. DiGangi's) Amended Judgment of Contempt dated February 9, 2005, invalidating the mortgages as to Lisa Bayko, is further support of Jeffrey L. Bayko's wrongful and deliberate conduct. The mortgage dated July 19, 2002 is not support by adequate consideration; the checks attached to Helen Bayko and Michael Bayko's Motion for Summary Judgment total $27,339.61 and fall short of the consideration needed to support a $46,360.00 mortgage. In addition, Helen and Michael Bayko were not named as creditors on Jeffrey L. Bayko's financial statement dated May 24, 2002.(Helen and Michael Bayko stated in their verified complaint that consideration for the July 25, 2002 mortgage was money given to Jeffrey L. Bayko from June of 2001 through the date of the divorce, May 24, 2002.) The purported activities of Helen Bayko, Michael Bayko, and Jeffrey L. Bayko is not an activity within the purpose of c. 184 section 15, to protect transferees in good faith." **Feldman v. Feldman** 20 Mass.App. Ct 309,314(1985). (See also **Aronson v. Aronson** 25 Mass. App. Ct. 164, 167 (1987), citing **Rice v. Rice**, 372 Mass. 398, 400 (1977)).

### B. The Defendant Hans Hailey Had Actual Knowledge of Lisa Bayko's Unrecorded Interest and Therefore Recorded Notice Required Under M.G. L. c. 184 section 15 Was Not Required

Hans Hailey had actual notice of Lisa Bayko's unrecorded interest. Hans Hailey was the Attorney of record for Jeffrey L. Bayko during the pendency of his divorce and post divorce proceedings; he was an architect of the separation agreement dated May 24, 2002 that was executed by the parties and incorporated into the judgment of divorce nisi.

Further, Hans Hailey notarized his client's signature. Hence, Hans Hailey had actual notice of Lisa Bayko's unrecorded interest in Jeffrey L. Bayko's share of the marital residence and therefore is not required to have further notice under the provisions of M.G.L. c. 184 section 15.

Evidence of Hans Hailey actual notice is further corroborated by his cross-claim in the pending action where he seeks enforcement of his Attorney's lien. His cross-claim is an admission of his knowledge of Lisa Bayko's unrecorded interest in her share of Jeffrey L. Bayko's share of the marital estate. The fact that the judgment of divorce nisi and separation agreement were not recorded does not permit "persons who have actual knowledge of an agreement, actual knowledge of an unrecorded interest, to maintain a 'hear no evil see no evil' approach to the matter." **Emmons v. White** 58 Mass.App.Ct. 54, 58 (2003).

### IV.     CONCLUSION

Wherefore, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her motion for summary judgment and grant relief as she requested in her motion.

9

        Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/S/ CHRISTINE ANN FARO

_____

CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

     I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 19th day of May 2006, I served a copy of the Defendant Lisa J. Bayko's  Memorandum of Law in Support of her Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorneyy Gene Charney
Law offices of Hans Hailey
225 Friend Street
Boston, MA 02144

Attorney Timothy Sullivan
Andover Law, P.C.
 451 Andover Street
Andover, MA 01845

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

        /S/ CHRISTINE ANN FARO

        _____

        CHRISTINE ANN FARO