UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>05-11746 GAO</u>

```
_____
                                        )
GMAC MORTGAGE CORPORATION,              )
                          Plaintiff,    )
                                        )
v.                                      )
                                        )
JEFFREY L. BAYKO, SR., LISA J. BAYKO,   )
HELEN E. BAYKO, MICHAEL J. BAYKO,       )
HANS R. HAILEY, AND THE UNITED STATES   )
OF AMERICA,                             )
                          Defendants    )
_____ )
```

MEMORANDUM OF LAW
IN SUPPORT OF OPPOSITION TO LISA BAYKO'S
MOTION FOR SUMMARY JUDGMENT

**Claim Preclusion**

Helen and Michael Bayko are not precluded from raising the issue that their mortgage securing Jeffrey L. Bayko's share of the marital estate should take priority over Lisa Bayko's interests. Lisa Bayko argues that after the Essex County Family and Probate Court entered a Contempt Judgment which stated that the mortgages were invalid as to Lisa Bayko, the effect of the order was to preclude Helen and Michael Bayko from raising the issue of the priority of their mortgage. Lisa Bayko relies on the doctrine of res judicata or claim preclusion to support this argument.

However, in order to have claim preclusion, "three elements are required: (1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits." *Tlt Construction Corp. V. Anthony Tappe & Assoc.,* 48 Mass. App. Ct. 1, 4 (1999) citing *Gloucester Marine Rys. Corp. V. Charles Parisi, Inc.,* 36 Mass. App. Ct. 386, 390 (1988). Lisa Bayko claims that the parties to the complaint for contempt are identical to those in the present suit. However, the only parties to the complaint for contempt were Lisa Bayko and Jeffrey Bayko. Helen and Michael were never parties to any proceeding

within the divorce.  (Lisa admits that fact on page four of her Memorandum of Law here.  She specifically states:  "Helen and Michael Bayko were not parties to the Contempt action, as they did not have standing but were parties to the complaint in equity, which asked the Court to set aside the mortgages on the grounds of fraudulent conveyances."  As noted elsewhere, the complaint in equity was dismissed by the Probate and Family Court for lack of subject matter jurisdiction.)

Since Helen and Michael Bayko were not parties to the divorce action and were not parties to the contempt action (arising out of the divorce) against Jeffrey Bayko, Lisa Bayko attempts to argue that they were in privity with their son Jeffrey Bayko, satisfying the first element.  However, Helen and Michael Bayko were not in privity with their son Jeffrey Bayko with regard to the claims adjudicated in the divorce.  "A nonparty to a prior adjudication can be bound by it only where [the nonparty's] interest was represented by a party to the prior litigation." *Tlt Construction Corp.  V. Anthony Tappe & Assoc.,* 48 Mass. App. Ct. 1, 4 (1999) citing *Massachusetts Property Ins. Underwriting Assn. v. Norrington,* 395 Mass. 751, 754 (1985).

The familial relationship between Helen and Michael Bayko and Jeffrey Bayko is not enough to create privity.  Neither is the relationship they had as mortgagees and mortgagor.  "There has to be a 'sufficient legal identity' between the interest of the person allegedly represented and the prior litigant for the late claim to be precluded." *Mongeau v. Boutelle,* 10 Mass. App. Ct. 246, 250 (1980) citing *Rudow v. Fogel*, 376 Mass. 587, 589 (1978).

In *Mongeau*, a legal relationship existed between a seller and a broker with regard to a contract concerning a real estate transaction.  However, the Court found that despite the existence of a contract and a legal relationship between the parties, the "sufficient legal identity" was not established.  *Mongeau v. Boutelle, 10 Mass. App. Ct. 246 (1980).*  "The legal identity required for the claim preclusion in a multiparty context requires a 'very close relationship bordering on a complete identity of interest between the individuals in question." *Id. at 252, quoting Vestal, Claim Preclusion and Parties in Privity: Sea-Land Servs. V. Gaudet in Perspective, 60 Iowa L. Rev. 973, 976 (1975).*

In this case, Helen and Michael Bayko's legal relationship with Jeffrey Bayko as mortgagees and mortgagor does not come close to creating an identity of interest between them.  In fact, often times, the mortgagee has contrary interests to the mortgagor.  As such, Helen and Michael Bayko are not precluded from arguing the priority of their mortgages on Jeffrey Bayko's interest in the property.

**Actual Knowledge of Terms of Separation Agreement**

Despite the fact that the separation agreement and Judgment of Divorce Nisi pre-date the mortgages, Helen and Michael Bayko still have priority over any claim Lisa Bayko may have in Jeffrey Bayko's share of the property because they recorded their mortgages prior to Lisa Bayko recording any claim she had and because they have no actual notice that the separation agreement or divorce may limit Jeffrey Bayko's right to secure his loan with his interest in the property.  (In fact, Lisa Bayko has never recorded any document regarding the Separation Agreement or Judgment of Divorce.)

Lisa Bayko invokes M.G.L. c. 209 §32D to attempt to bring the Probate and Family Court Order under the mantle of the M.G.L. c. 184 §15.   In short, M.G.L. c. 209 §32 D provides that if a judgment meets certain requirements, an equitable right to enforcement may be had under M.G.L. c. 184 §15.  §32D applies *"Whenever in any proceeding **under section thirty two** [of M.G.L. c. 209] a judgment shall be entered directing that a deed, conveyance or release of certain real estate, or interest therein, be made, such judgment shall create an equitable right to its interest enforcement subject to the provision for  recording of notice in section fifteen of chapter one hundred and eight-four ..."* M.G. L. c. 209 *§32D*.  The Judgment of Divorce Nisi, which Lisa invokes is a Judgment under M.G.L. c. 208 (not 209).  *(See Lisa Bayko's Exhibit 1, Judgement of Divorce Nisi '... for the cause of Irretrievable Breakdown of Marriage as provided by Chapter 208 section 1B...)*  M.G.L. c. 32D does not apply.  Therefore, M.G.L. c. 184 §15 is never invoked. (Even if this were an Order under M.G.L. c. 209, the statute would not apply as the Order does not direct that a deed, conveyance or release of certain real estate be made.)

Addressing the issue of actual notice, Lisa Bayko argues that Helen and Michael Bayko had actual notice as defined under M.G.L. c. 184 §15. She claims they are therefore estopped from claiming priority of their mortgage interest in the property. She asserts they had knowledge of the divorce proceedings, they are related to a party, and that the mortgage was drafted by Attorney Gary Evans (who was an attorney for one or more parties to the divorce) in what she alleges was a "less than an arms length transaction."

Having come to these conclusions, Lisa Bayko relies on *Feldman v. Feldman*, 20 Mass. App. Ct. 309 (1985), where the Court set aside a mortgage between the husband and his woman friend despite the fact that the separation agreement was not recorded. Lisa Bayko's reliance on *Feldman* is misplaced.

There are several problems with *Feldman* argument. The first lies in the differences between this case and the cited case. The key facts in *Feldman* are that the Judgment Nisi ordered the husband to transfer within ten days all of his interest in the home to the wife and that the Court had found that the mortgagee was aware of certain facts which affected the validity of the mortgage. In that case, the Court found that a conspiracy existed to deprive the wife of her interest. *Feldman v. Feldman*, 20 Mass. App. Ct. 309 (1985).

In the case at hand, it isn't even alleged that Helen and Michael Bayko had actual knowledge of the terms of the Separation Agreement or Order. Nor was there a Judgment in place which ordered Jeffrey Bayko to convey his interest in the marital home to Lisa Bayko. Rather, Lisa Bayko and Jeffrey Bayko were to sell the marital home and then divide the proceeds according to the terms of the separation agreement. When the mortgages were executed, Helen and Michael Bayko were aware only of the fact that the parties were divorced and that Helen and Michael Bayko would be able to secure their loans to their son by way of mortgages on his interest in the property. There was no conspiracy to deprive Lisa Bayko of her interest in the property as existed in *Feldman.*

Without explaination , Lisa then categorizes the loan as as a "less than arm's length transaction."

There is a familial relationship.  However, there is no evidence suggesting fraud, coersion, insider dealings or any other illegal or immoral actions or motives.  Helen and Michael Bayko were not actively involved in the details of the divorce proceedings, rather they simply loaned their son the monetary amounts he requested for various purposes.  The fact that Attorney Gary Evans, who was named in the parties separation agreement and notarized the mortgages does not have any effect on Helen and Michael Bayko's title.  He was never their attorney.  In fact, he represented a party or parties in direct legal conflict with their interest.   Therefore, Atty. Evans' knowledge cannot be attributed to Michael and Helen.  *Contrast Feldman v. Feldman, 20 Mass.App.Ct.,309 (1985) where the Court found a conspiracy to encumber a marital asset, a joint and improper effort by mortgagor and mortgagee, and a close business and personal relationship between the mortgagor and mortgagee suggesting that the funds advanced may have not even been those of the lender.  Contrast also, Emmons v. White , 58 Mass.App.Ct. 54 (2003) where the buyer, a lawyer with more than ten years experience as a commercial real estate developer, had been given both oral and written notice including a statement in a purchase and sale agreement specifically notifying him the title was not clear as it was subject to a suit.*

Lisa Bayko relies on *Emmons*.   However, she ignores the wide differences between the facts there and the facts in this case.  In *Emmons*, the Court found that a property owner who had "specific and unambiguous" knowledge about a settlement agreement between the previous owner and an abutting property owner in regard to a pending land registration case and who understood the pending case would determine the particulars of the title he would take to the property would not be able to maintain the position that he did not know the particulars of the agreement.  *Emmons v. White*, 58 Mass. App. Ct. 54 (2003).  In this case, Helen and Michael Bayko were in no such position.  Neither of them had any specific knowledge of the terms of the divorce and neither of them had any understanding that any part of the divorce proceedings would effect them.

The *Emmons* Court defined the "actual notice" standard.  The Court, quoting from various cases, noted that actual notice is a question of fact and can be satisfied by *"something less than positive personal knowledge of the conveyance.  However, the term does need to be construed with*

*considerable strictness and mere knowledge of facts which would ordinarily put a party upon inquiry is not enough.*" *Id.*  The Court in *Emmons* was focused on the owner's actual knowledge of the settlement agreement which included an agreement to execute a release of a property interest.  (The party charged with the knowledge was an experienced attorney and commericial land developer who executed a Purchase and Sales Agreement for the property which specifically noted that the title was not good and clear but was subject to a cited lawsuit.) *Id.*  In this case, Helen and Michael Bayko had no knowledge of the contents of the separation agreement, nor did they have knowledge of any conveyance of interest.

**Summary**

Michael and Helen Bayko have valid and enforceable mortgages properly recorded.  Now that the prior liens have been satisfied, they are entitled to be paid.  They had neither record notice or actual notice that their security might be impaired.  There is no law which requires that, where there is no record notice that a divorce effects the owner's right to mortgage his property, and no actual notice that a settlement agreement in the divorce may effect the owner's right to mortgage his property,  a lender, who advances funds in good faith, must research the details of a divorce and determine whether all past and future obligations which might arise out of that divorce are satisfied.

Lisa Bayko's Motion for Summary Judgment should be denied.  Michael and Helen Bayko's Verified Motion for Partial Summary Judgment should be granted.

Date:  6/2/06

Respectfully submitted,
Helen E. Bayko and Michael J. Bayko,
By their attorney,

/s/ Timothy D. Sullivan

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO No. 563244