UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LISA BAYKO'S RESPONSE TO THE
DEFENDANT HELEN BAYKO AND MICHAEL BAYKO'S
OPPOSITION TO HER MOTION FOR SUMMARY JUDGMENT**

The Defendant's Helen and Michael Bayko in their brief raise the issue that M.G.L. c. 209 section 32D is inapplicable since the parties were divorce under M.G.L. c. 208 and the property was subject to division under M.G.L. c. 208 section and therefore they cannot invoke M.G.L. c. 184 section 15. First and foremost, M.G.L. c. 184 section 15, **Proceedings affecting title to real property; recording and registration of memoranda of lis pendens; and persons affected**, is generic and not related to any specific statute as it relates to any judgment or proceeding affecting the title to property and clearly states:

1

> A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

Secondly, M.G.L. c. 208 has a similar statute as to M.G.L. 209 section 32D. M.G.L. c. 208 section 34A, **Alimony judgment ordering conveyance; effect**, states in part:

> Whenever a judgment for alimony shall be made in a proceeding for divorce directing that a deed, conveyance or release of any real estate or interest therein shall be made such a judgment shall create an equitable right to its enforcement, subject to the provisions for recording of notice in section fifteen of chapter one hundred and eight four.....

Similar to M.G.L. c. 209 section 32D, M.G.L. c. 208 section 34D, directs you to the recoding statute, M.G.L. c. 184 section 15.

Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/s/ CHRISTINE ANN FARO

_____

CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 19th day of May 2006, I served a copy of the Defendant Lisa J. Bayko's Response to the Opposition of the defendants, Helen Bayko and Michael J. Bayko's to Lisa Bayko's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Gene R. Charny,
Law Offices of  Hans Hailey
225 Friend Street
Boston, MA 02144

Attorney Timothy Sullivan
Andover Law, P.C.
 451 Andover Street
Andover, MA 01845

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

/S/ CHRISTINE ANN FARO

_____
CHRISTINE ANN FARO