UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746GAO

GMAC MORTGAGE
CORPORATION,
  Plaintiff

v.

JEFFREY L. BAYKO, SR., LISA J.
BAYKO, HELENE. BAYKO,
MICHAEL J. BAYKO, HANS R.
HAILEY, AND THE UNITED
STATES OF AMERICA,
  Defendants

## HAILEY'S OPPOSITION TO
## LISA BAYKO'S MOTION FOR SUMMARY JUDGMENT

The Defendant/Plaintiff-in-Cross Claim Hans R. Hailey, ("Hailey"), opposes Lisa Bayko's Motion for Summary Judgment.

The security interests of record are undisputed. See GMAC's Complaint ¶18. All parties admit the schedule of recorded security interests. (Michael and Helen) Bayko Answer ¶18, Hailey Answer ¶18, (Lisa) Bayko Answer ¶18.

The overriding issue is that of priority of recorded security interests. Lisa Bayko has only a Judgment of Divorce Nisi awarding her money. However, that judgment by itself is not a recorded, perfected security interest. Lisa Bayko failed to record her divorce judgment and perfect her security interest in the judgment.

There were other options available to her. She might have obtained and recorded an attachment pursuant to M.G.L. c. 223, and Rule 4.1, Mass.R.Dom.Rel.P.., but did

not. She might have obtained and recorded a *lis pendens* pursuant to M.G.L. c 184, section 15, but did not. The fact that she had a *money* judgment against Jeffery Bayko does not translate to a security interest in real estate, otherwise attachments and *lis pendenses* would have no purpose.

Hailey has an attorney's lien pursuant to M.G.L. c. 221, section 50. That lien arises "[f]rom the authorized commencement of an action . . in any court or appearance before any sate or federal department. . . the attorney who appears for a client ins such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action. . . upon the judgment, decree, or other order in his client's favor entered or made. . . and upon the proceeds derived therefrom." M.G.L. c. 221, section 50.

Lisa Bayko claims that Hailey's attorney's lien loses its priority because he had actual notice of the divorce judgment. Hailey's attorney's lien for fees was established well before the terms of the settlement upon which the divorce judgment was based were even discussed.

The priority of his security interest accrued long before the divorce judgment entered. That he knew of the judgment before recording his lien does not change the fact that his lien was established prior to the judgment.

Lisa Bayko's Motion for Summary Judgment should be denied and the Court allow Hailey's Cross Motion for Partial Summary Judgment.

Dated: July 10, 2006

Respectfully submitted,
For the Plaintiff:

_____
Gene R. Charny
Law Offices of Hans R. Hailey
225 Friend Street, 5th Floor
Boston, Massachusetts 02114
Tel. (617) 723-4010
BBO # 641129