UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746GAO

| |
|---|
| **GMAC MORTGAGE CORPORATION,**<br>　Plaintiff<br><br>v.<br><br>**JEFFREY L. BAYKO, SR., LISA J. BAYKO, HELENE. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, AND THE UNITED STATES OF AMERICA,**<br>　Defendants |

**MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANT
HANS R. HAILEY'S MOTION TO ENTER PARTIAL JUDGMENT ON
MAGISTRATE JUDGE BOWLER'S REPORT AND RECOMMENDATION RE:
DEFENDANTS HELEN AND MICHAEL BAYKO'S MOTION FOR SUMMARY
JUDGMENT (DOCKET ENTRY # 32); DEFENDANT HANS R. HAILEY'S
CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT )DOCKET ENTRY #
39); DEFENDANT LISA BAYKO'S MOTION FOR SUMMARY JUDGMENT
<u>AND TO DISTRIBUTE FUNDS</u>**

**PROCEDURAL HISTORY**

On June 11, 2006, United States Magistrate Judge Bowler heard oral arguments on the Plaintiff's Motion for Summary Judgment, the Defendants' Cross-Motions for Summary Judgment and the parties' oppositions to the respective summary judgment motions.

Magistrate Judge Bowler's Report and Recommendation, filed with the court on August 10, 2006, recommended that "the cross-motion for partial summary judgment by defendant Hailey (Docket Entry # 39) be **ALLOWED** to the extent of declaring that his claim in the amount of $33,902,24 has priority over the claim proffered by Helen and Michael Bayko based upon their first and second mortgages and the claim proffered by Lisa Bayko."[1]  Report and Recommendation Re: Defendants Helen and Michael Bayko's Motion for Summary Judgment (Docket Entry # 32); Defendant Hans R. Hailey's Cross Motion for Partial Summary Judgment )Docket Entry # 39); Defendant Lisa Bayko's Motion for Summary Judgment, pages 20-21.

## ARGUMENT

The Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, Rule 3(c) state that "[w]ithin 10 days of being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  The written objections must specifically identify the portions of the proposed findings and recommendations or report to which objection is made and the basis for each objection.  A party may respond to another party's objections within 10 days after being served with a copy thereof."

On August 11, 2006, Helen and Michael Bayko filed their "Request for

---

[1] Magistrate Judge Bowler's recommendation was based upon statutory authority, Massachusetts General Law chapter 221, section 50, and case law; *In Re Rothwell*, 159 B.R. 374, 380 (D.Mass. 1993) and *In re Albert*, 206 B.R. 636, 640 (D.Mass. 1997).

Consideration of the Issue of Actual Notice." Attached as Exhibit One. This filing, if deemed to be an objection in satisfaction of the aforementioned rule, only specifically identifies the issue of actual notice as the portion of the proposed findings and recommendations to which the objection is made. It specifically does not object to the recommendation that Hailey's claim in the amount of $33,902,24 has priority over the claim proffered by Helen and Michael Bayko based upon their first and second mortgages.

On August 21, 2006, Lisa Bayko filed her "Opposition to Helen and Michael Bayko's Request for Consideration." Attached as Exhibit Two. Lisa Bayko's response specifically opposes Helen and Michael Bayko's request for consideration of the issue of actual notice. It does not object in any way to Magistrate Judge Bowler's recommendation that Hailey's claim in the amount of $33,902,24 has priority over the claim proffered by Lisa Bayko.

Once specific objections and any responses to those objections have been filed, the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, Rule 3(c) clearly and unequivocally states the process for resolution of the disputed recommendation. "The district judge to whom the case is assigned must make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's recommended disposition to which specific written objection has been made in accordance with this Rule."

There are no objections nor dispute to Magistrate Judge Bowler's recommendation that Hailey's cross-motion for partial summary judgment by defendant Hailey (Docket Entry # 39) be allowed to the extent of declaring that his claim in the amount of $33,902,24 has priority over the claim proffered by Helen and Michael Bayko based upon their first and second mortgages and the claim proffered by Lisa Bayko.  Rule 3(c) only provides for de novo review of that portion of the magistrate judge's recommended disposition to which specific written objection has been made, not those recommendations for which there is no objection nor dispute.

## CONCLUSION

Magistrate Judge Bowler's recommendation that defendant Hans R. Hailey's claim in the amount of $33,902,24 has priority over the claim proffered by Helen and Michael Bayko based upon their first and second mortgages and the claim proffered by Lisa Bayko and shall be entered as Judgment and that the $33,902,24 be distributed forthwith to Hans R. Hailey.

Dated: December 19, 2006                     Respectfully submitted,
                                             For the Defendant:


                                             /S/ Gene R. Charny
                                             _____
                                             Gene R. Charny
                                             Law Offices of Hans R. Hailey
                                             225 Friend Street, 5th Floor
                                             Boston, Massachusetts 02114
                                             617-723-4010
                                             BBO # 641129

## CERTIFICATE OF SERVICE

I, Gene R. Charny, attorney for the defendant, Hans R. Hailey, hereby certify that on this 19th day of December, 2006, I served copies of the Memorandum of Reasons in Support of Defendant Hans R. Hailey's Motion to Enter Partial Judgment on Magistrate Judge Bowler's Report and Recommendation Re: Defendants Helen and Michael Bayko's Motion for Summary Judgment (Docket Entry # 32); Defendant Hans R. Hailey's Cross Motion for Partial Summary Judgment )Docket Entry # 39); Defendant Lisa Bayko's Motion for Summary Judgment and to Distribute Funds by e-filing to the following;

| | |
|---|---|
| Christine A. Faro, Esq. | Timothy Sullivan, Esq. |
| 79 State Street | Andover Law, P.C. |
| Newburyport, Massachusetts 01950 | 451 Andover Street |
| | Andover, Massachusetts 01845 |

Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

/S/ Gene R. Charny
───────────────────
Gene R. Charny

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS  DOCKET NO. 05-11746 GAO

)
GMAC MORTGAGE CORPORATION, )
                    Plaintiff, )
 )
v. )
 )
JEFFREY L. BAYKO, SR., LISA J. BAYKO, )
HELEN E. BAYKO, MICHAEL J. BAYKO, )
HANS R. HAILEY AND THE UNITED )
STATES OF AMERICA, )
                    Defendants )
)

REQUEST FOR CONSIDERATION OF THE ISSUE OF ACTUAL NOTICE

Judge Bowler's surprising recommendation rests on the issue of actual notice. The issue was briefed (particularly in the Opposition to Lisa Bayko's Motion for Summary Judgment) and argued.

Simply, Judge Bowler finds that the elder Baykos had notice of their son's divorce, but, they did not know the terms of the settlement agreement. She then concludes that notice that Jeffrey Bayko was divorced was sufficient. She recommends that the Court award Lisa Bayko everything that she seeks, much of which is child support payments that did not become due or payable until years after the mortgage was executed and recorded.

Adopting Judge Bowler's recommendation would result in a radical change in Massachusetts law and title practice. In short, anyone lending to a divorced person would be required to review and interpret all divorce orders and agreements. Any person who has an ongoing child support obligation (which is always subject to modification) will be essentially precluded from obtaining a mortgage.

Respectfully submitted,  Dated: August 11, 2006
Michael J. Bayko and Helen E. Bayko
by their attorney,


  /s/ Timothy D. Sullivan
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO No. 563244

**CERTIFICATE OF SERVICE**

I, Timothy D. Sullivan, Esq. do hereby certify that on this 11th day of August, 2006, I filed the foregoing document through the ECF system and copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

  /s/ Timothy D. Sullivan
Timothy D. Sullivan, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LISA BAYKO'S OPPOSITION TO
HELEN BAYKO AND MICHAEL BAYKO'S
REQUEST FOR CONSIDERATION
(Pursuant to Rule 3(c) of the Rules for United States
Magistrates Judges in the United States District Court
For the District of Massachusetts)**

Now comes Lisa Bayko and hereby opposes Helen Bayko and Michael Bayko's Request for reconsideration on the issue of actual notice. As reason for said opposition, Lisa Bayko relies upon her motion for summary judgment and memorandum of law in support thereof and the report and recommendation of United States Magistrate Judge Marianne Bowler dated August 10, 2006. Lisa Bayko further states that Magistrate Judge Bowler's recommendation is consistent with the laws of the Commonwealth of Massachusetts.

                                  Respectfully submitted, Lisa J. Bayko by her Counsel,

                                  /s/ CHRISTINE ANN FARO
                                  _____

                                  CHRISTINE ANN FARO
                                  BBO #  552541
                                  79 State Street
                                  Newburyport, MA 01950
                                  (978) 462-4833

                              CERTIFICATE OF SERVICE

       I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 19th day of May 2006, I served a copy of the Defendant Lisa J. Bayko's Opposition to Helen Bayko and Michael Bayko's Request for reconsideration on the issue of actual notice the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Gene R. Charny
Law Offices of  Hans Hailey                          Attorney Timothy Sullivan
225 Friend Street                                         Andover Law, P.C.
Boston, MA 02144                                         451 Andover Street
                                                                 Andover, MA 01845

Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

                                  /S/ CHRISTINE ANN FARO
                                  _____
                                  CHRISTINE ANN FARO