UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>05-11746 GAO</u>

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>             Plaintiff,<br><br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS R. HAILEY, AND THE UNITED STATES<br>OF AMERICA,<br>             Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MICHAEL J. AND HELEN E. BAYKO'S OPPOSITION TO
HANS HAILEY'S MOTION TO ENTER PARTIAL JUDGMENT
<u>ON JUDGE BOWLERS REPORT AND RECOMMENDATION</u>**

The Defendants, Michael J. and Helen E. Bayko, respectfully request that this Court deny Hans Hailey's Motion to Enter Partial Judgment on Magistrate Judge Bowler's Report and Recommendation. Hailey misconstrues the applicable law, the procedural rules, and Judge Bowler's Report. As a matter of law, Hailey's attorney's lien does not have priority over Helen and Michael Bayko's first mortgage. Further, Judge Bowler's Report does not address the priority of the attorney lien as to the Bayko's mortgages. Finally, the procedural rules give the District Court Judge discretion to make his own decision regarding the issues in the case and the summary judgment motions.

**Attorney's Lien Only Applies to Proceeds Obtained as Result of Attorney's Actions**

An attorney's lien only applies to those proceeds which are obtained as a result of the attorney's actions. Attorney's Lien statute G.L. 221 § 50 provides attorneys with a statutory right to assert a charging lien securing compensation for his legal services. *Northeastern Avionics, Inc. v. City of Westfield*, 63 Mass. App. Ct. 509, 512 (2005) citing *Boswell v. Zephyr Lines, Inc*. 414 Mass. 241, 244 (1993). The attorney's lien statute provides that the lien arises upon the filing of the claim and matures upon the entry of Judgment. *PGR Management Co., Inc. Health Properties v. Credle*, 427 Mass. 636 (1998) citing *Boswell v. Zephyr Lines, Inc*. 414 Mass. 241 (1993). However, the attorney's lien merely secures an interest in the proceeds awarded to his client as a result of that judgment.

Enforcement of a statutory attorney lien requires an attorney to show that (1) the action was commenced (2) that the attorney appeared for the client in that action, (3) a court entered a judgment, decree, or order favorable to the attorney's client, and (5) proceeds were derived

1

from that judgment, decree, or order. *Northeastern Avionics, Inc. v. City of Westfield*, 63 Mass. App. Ct. 509, 513 (2005). The attorney's lien will only be enforced as to the amount the client is entitled to recover. The judgment in the divorce case did not award Jeffrey Bayko an interest in the property located at 7A Graham Avenue, rather it awarded Jeffrey Bayko a portion of the proceeds from the sale of the property. Since "under G.L. c. 221 § 50, an attorney has a lien only upon his clients cause of action and upon the proceeds derived therefrom," then Hailey's lien only covers one-half of the **net** proceeds of the home, which was the Judgment awarded to Jeffrey Bayko in his cause of action.

The instant case is an interpleader action stemming from the proceeds of a foreclosure sale of the referenced property. In a similar case where there was a dispute over entitlement to the proceeds from an action for reimbursement for an eminent domain taking, the attorney's lien did not extend to the mortgagee's portion of the proceeds. *Collins v. Webster*, 25 Mass. App. Ct. 745, 749 (1988).

In *Collins*, the court found that the taking gave rise to two separate and distinct causes of action, where the mortgagees were entitled to their own damages as a result of the taking by way of their interest in the property and that the attorney's lien on the Judgment in favor of his client (the mortgagors) did not effect the mortgagees' right to damages. *Id.* at 749. In *Collins*, the attorney's lien arose in the actual action to recover damages for the taking.

In the instant case, there are two separate actions which are discussed. There is a divorce action in which an attorney's lien arose and there is an interpleader action stemming from the property interests in 7A Graham Avenue. Clearly, just as in the *Collins* case, Hailey's attorney lien on the Judgment from the divorce action in favor of Jeffrey Bayko would not affect the Baykos' rights in the foreclosure action as mortgagees on the foreclosed property. Even in *Collins* the court found two separate and distinct causes of action. Here, Hailey's lien is only on the amount awarded to his client, which again was merely one-half of the net proceeds to the property. (A property which was foreclosed on with several outstanding liens.) Hailey's attorney lien in the divorce action has nothing to do with the property interests in 7A Graham Avenue. The foreclosure proceeds will be paid to those having secured interests in the property. Any surplus from the foreclosure proceeds would be subject to division according to the judgment in the divorce case and the portion of that surplus awarded to Jeffrey Bayko would be subject to the attorney's lien filed in that action.

**The Priority of Property Interests Is a Matter of Massachusetts Title Law**

The secured interests in the property are a matter of Massachusetts title law not of the law governing attorneys' liens or divorce actions. The recording statute states that certain interests in land must be recorded at the appropriate registry of deeds and that the first transferee to record an instrument of transfer without actual or constructive notice of a superior title claim will prevail. The purpose of a recording statute is to prevent a junior interest holder from defeating a prior valid title of which he had actual knowledge by just recording it. *Lawrence v. Stratton*, 60 Mass. 163 (1850).

Michael J. Bayko and Helen E. Bayko hold a mortgage on Jeffrey L. Bayko's interest in the property located at 7A Graham Avenue, Newbury, Massachusetts recorded August 12, 2002. This was recorded after the mortgage held by GMAC and the mortgage held by Banknorth.  Using the Massachusetts race-notice recording system, the Baykos' first mortgage is only junior to those two mortgages.  Those two claims were satisfied out of the foreclosure sale proceeds, leaving Michael J. Bayko and Helen E. Bayko's interest first in line for the proceeds.

Michael J. Bayko and Helen E. Bayko also hold another mortgage on Jeffrey L. Bayko's interest in the property located at 7A Graham Avenue, Newbury, Massachusetts recorded July 8, 2003, which was recorded after the mortgage held by GMAC, the mortgage held by BankNorth, the first mortgage held by Michael J. Bayko and Helen E. Bayko, and the attorney's lien held by Hans R. Hailey.  Under the current Massachusetts title law, the Baykos' second mortgage is junior to the interests held by GMAC, Banknorth, the first mortgage held by the Baykos, and Hans Hailey's attorney's lien.  Hans Hailey recognizes that his attorney's lien did not secure an interest in the property until he recorded the same at the appropriate registry.  Before that moment, Hailey's lien was governed by the attorney lien statute and not property law.  Before Hailey recorded his lien, he only had an interest in the proceeds of the divorce that his client had a right to receive after final judgment of the Probate and Family Court.  At that point he had no secured interest in the real property located at 7A Graham Avenue.  Therefore, Hailey recorded the lien to obtain an interest in the property for the amount owed to him.

The claims held by GMAC and Banknorth were satisfied out of the foreclosure sale proceeds, which leaves Michael J. Bayko and Helen E. Bayko's second mortgage third in line for the proceeds behind their first mortgage and Hans Hailey's recorded lien.

**Distribution of the Funds is Still Subject to Determination by this Court**

Due to interest, attorney fees, and costs arising out of the mortgages, the amount due to the Baykos is subject to determination by this Court.  Judge Bowler's Report is merely a recommendation and the Court is under no obligation to accept such recommendation.  As the Baykos urged in their objection to the recommendation, this Court should consider the issue of actual notice and the application of Massachusetts title law in deciding the distribution of the proceeds from the foreclosure.

Hans Hailey argues that because the objections filed to Judge Bowler's Report do not specifically object to the recommendation that Hailey's claim has priority then the Court should enter a partial Judgment and release the funds to him in the amount recommended by Judge Bowler.  Hailey misconstrues both the Rules of the District Court and the objections to Judge Bowler's report.

Judge Bowler's report states that Hailey's lien exceeds Lisa Bayko's interest because an attorney's lien is superior in priority to any other interest in the recovery which arose between the time the action was filed and when an order entered.   J. Bowler Report, P.18 citing In Re Albert, 206 B.R. 636, 640 (D. Mass. 1997).

3

Judge Bowler states that Hailey's position is that the Baykos' first mortgage had priority over his lien. However, the report goes on to say that since Judge Bowler had decided earlier in her report that the mortgage does not take precedence, she dismisses this position. Earlier in her report, the Judge actually recommended that the Court *set aside the mortgages held by Helen and Michael Bayko*.

Judge Bowler's recommendation concludes by stating that the Court should allow Hans Hailey's Cross Motion for Summary Judgment and that he should be paid $33,902.24 first out of the *surplus funds*. Judge Bowler continues by recommending that Lisa Bayko's Motion for Summary Judgment should be allowed in part to the extent that her claim has priority over Helen and Michael Bayko.

Hans Hailey argues that there were no objections to the recommendation that Hailey's claim of $33,902.24 has priority over Helen and Michael Bayko's mortgages. However, Judge Bowler makes it clear in her recommendation that she did not find Hailey's claim took precedence, rather she had decided that the mortgages should be set aside. J. Bowler Report, P. 17. She does not specifically discuss Hailey's priority in comparison to the Bayko's mortgage priority. Therefore, the Baykos' objected to the portion of Judge Bowler's recommendation concerning actual notice and the portion of her recommendation concerning setting aside the Baykos' mortgages based on their notice of Jeffrey Bayko's divorce.

If the Court agrees that the Baykos' first mortgage is valid, then the only issue left is how much principal, interest, and attorney's fees will be owed to the Baykos.

Further, Hailey argues that Rule 3(c) only provides for de novo review of that portion of the magistrate judge's recommended disposition to which specific written objection has been made, not those recommendations for which there is no objection. However, Rule 3(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts and Rule 72 of the Federal Rules of Civil Procedure state that the District Judge may accept, reject, or modify the recommended disposition, receive further evidence or recommit the matter to the magistrate judge with instructions. Rule 3(c) does not state that the only portion of the recommendation to receive de novo review are the specifics objections, rather it states that the District Judge shall conduct a de novo review of the objected to portion of the recommendation and it also states that the District Judge may reject or modify the recommended disposition or receive further evidence. Even if the Court decides that there were no specific objections to the portion of Judge Bowler's Report recommending that Hailey be awarded the amount of his lien, the Court need not enter a Judgment stating the same.

**Conclusion**

An attorney's lien filed in a case merely secures an interest in the proceeds awarded to the client as a result of the judgment in that case. Hailey's attorney's lien did not secure an interest in anything other than the proceeds to which Jeffrey Bayko was entitled from the judgment in the divorce action. Where, as here, there was a secured interest attaching

property before it became subject to the inchoate lien, the inchoate lien fails.  The mortgages held by GMAC and Banknorth were satisfied in accordance with Massachusetts law.  Helen and Michael Bayko's first mortgage was next in line for the surplus funds from the foreclosure sale.  It should be satisfied next in time.

Judge Bowler never discussed the priority of Hans Hailey's lien as to Helen and Michael Bayko's first mortgage, rather she suggested that the Baykos' mortgage was invalid.  This is the only basis upon which she allowed the attorneys' lien.  The Baykos objected to the portion of Judge Bowler's Report regarding their mortgages.  As this objection is based on sound legal grounds, the Bayko's claim should be upheld.  Atty. Hailey will then take, based on the priority of his properly recorded lien.

For the reasons stated above, Hans Hailey's Motion to Enter Partial Judgment on Magistrate Judge Bowler's Report and Recommendation should be denied.

Dated: December 30, 2006                                    Respectfully submitted,
                                                            Helen E. Bayko and Michael J. Bayko,
                                                            By their attorney,

                                                            /s/ Timothy D. Sullivan
                                                            Timothy D. Sullivan, Esq.
                                                            AndoverLaw, P.C.
                                                            451 Andover Street, Suite 185
                                                            North Andover, MA 01845
                                                            (978) 794-0360
                                                            BBO No. 563244

**CERTIFICATE OF SERVICE**

I, Timothy D. Sullivan, do hereby certify that on this 30th day of December, 2006, I filed the foregoing through the ECF system and copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

 /s/ Timothy D. Sullivan
Timothy D. Sullivan, Esq.