UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>　　　　　　　　　　　　Plaintiff | )<br>)<br>)<br>) |
| V. | )<br>) |
| JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>　　　　　　　　　　　　Defendant | )<br>)<br>)<br>)<br>) |

**DEFENDANT LISA BAYKO'S OPPOSITION
TO HANS HAILEY'S MOTION TO ENTER
PARTIAL JUDGMENT ON JUDGE BOWLER'S
REPORT AND RECOMMENDATION**

The Defendant, Lisa Bayko, requests that this Honorable Court deny Hans Hailey's Motion to Enter Partial judgment on Magistrate Bowler's Report and recommendation. As reason for said opposition, Lisa Bayko states as follows:

1.　　Enforcement of a statutory **lien** requires an attorney to show that (1) an action was commenced, *PGR Mgmt. Co., Heath Properties v. Credle,* 427 Mass. 636, 640, 694 N.E.2d 1273 (1998); (2) the attorney appeared for the client in that action, *Boswell v. Zephyr Lines, Inc.,* 414 Mass. at 244, 249, 606 N.E.2d 1336; (3) a court entered a judgment, decree, or order in that action, *Craft v. Kane,* 51 Mass.App.Ct. 648, 651, 747 N.E.2d 748 (2001); (4) the judgment, decree, or order was favorable to the attorney's

client, *Cohen v. Lindsey,* 38 Mass.App.Ct. at 4, 644 N.E.2d 250; and (**5**) **proceeds were derived from that judgment, decree, or order.** *In re Leading Edge Products, Inc.,* 121 B.R. 128, 131-132 (Bankr.D.Mass.1990).

2. Prior to awarding Hans Hailey anything, the Court must first determine what Jeffrey Bayko's proceeds are. The Separation Agreement dated May 24, 2002 as executed by Lisa J. Bayko and Jeffrey L. Bayko and notarized by the Defendant Hans Hailey on behalf of Jeffrey L. Bayko made provision for the division of the parties property and liabilities and stated summarily in pertinent part:

> Separation Agreement, Article III, Section G , paragraph 1 stated that the marital home was to be placed on the market for sale and **"the balance of the proceeds shall be divided equally between the Husband and the Wife, but only after Wife is paid the following from said proceeds:**
>
> a.    The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Family Court.  The delinquent child support through April 26, 2002 is $13,200.00. (Separation Agreement, Article III, Section G, Paragraph 1(a)). **The current amount owed in child support is approximately $60,000.00.**
>
> b.    The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim. (Separation Agreement, Article III, Section G, Paragraph 1(b)).

    c.    The sum of $13,000.00 shall be deducted from Husband's one-half share shall represent one year's advanced payment of child support. (Separation Agreement, Article III, Section G, Paragraph 1(c)).

    d.    The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

    e.    From the proceeds of the sale of the marital home, $66,000.00 shall be given to Attorney Gary Evans to be held in escrow.  Attorney Gary Evans shall negotiate payment of the "marital debt."  He shall than pay the "marital debt" and, after deducting his fees for those services, pay the remaining portion in equal shares to the parties.  "Marital debt" shall mean those liabilities listed on the financial statement of the Husband filed on May 30, 2001. (**Exhibit 1**, Separation Agreement, Article III, Section G, Continued).

3.    It is impossible for this Court to determine what Jeffrey Bayko's proceeds are until it is determined what Lisa Bayko is owed and is awarded from Jeffrey share of the proceeds from the sale of the marital home. Hans Hailey was an architect and a drafter of the separation agreement is aware of the above provisions. The fact that the judgment of divorce nisi and separation agreement were not recorded does not permit "persons who have actual knowledge of an agreement, actual knowledge of an unrecorded interest, to maintain a 'hear no evil see no evil' approach to the

matter" and try to trump the provisions of the separation agreement without first enforcing its terms. See **Emmons v. White** 58 Mass.App.Ct. 54, 58 (2003).

4.	In addition, out of the balance of the proceeds that were deposited with the Court, Lisa Bayko is seeking reimbursement of (1) $10,220.90 that she paid to the Department of Revenue for Jeffrey L. Bayko's taxes so as to remove the Department of Revenue as a party Defendant to this action, resolving the jurisdictional issue and permitting this action to proceed in the United States District Court and (2) $11,045.00 GMAC retained from Lisa Bayko's share of the sales proceeds, representing Jeffrey L. Bayko's one-half interest in the event that the Defendant United States is successful in their marshalling claim. Any distribution to Hans Hailey, prior to a judgment of this case would be premature and inequitable to Lisa Bayko.

5.	United States Magistrate Judge Bowler has already determined that Helen and Michael Bayko had actual knowledge of the separation agreement and has recommended that their mortgages should be set aside. On December 20, 2006, counsel for Lisa Bayko received discovery from the Defendant United States of America and now intends to move for summary judgment against the United States within the next thirty days. Therefore, given the length of time that has passed in the litigation of this case and the remaining issues that are pending before this Court, it would be only fair and equitable that there would be a determination on all issues that are before the Court and that all parties be allowed to file post judgment motions prior to the distribution of any funds.

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to deny Hans Hailey's Motion.

In support of this motion please see the attached:

1. Separation Agreement dated May 24, 2002 that has been previously submitted to the Court under separate filing for containing information relating to minors.

> Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,
>
> /S/ CHRISTINE ANN FARO
> _____
> CHRISTINE ANN FARO
> BBO # 552541
> 79 State Street
> Newburyport, MA 01950
> (978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 3rd day of January 2007, I served a copy of the Defendant Lisa J. Bayko's Notice of Opposition upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
Andover, MA 01845

/S/ CHRISTINE ANN FARO
_____
CHRISTINE ANN FARO