UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746GAO

| |
|---|
| **GMAC MORTGAGE CORPORATION,**<br>    Plaintiff<br><br>v.<br><br>**JEFFREY L. BAYKO, SR., LISA J. BAYKO, HELENE. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, AND THE UNITED STATES OF AMERICA,**<br>    Defendants |

**HANS R. HAILEY'S RESPONSE TO MICHAEL AND HELEN BAYKO'S AND LISA BAYKO'S OPPOSITIONS TO HAILEY'S MOTION TO ENTER PARTIAL SUMMARY JUDGMENT ON
<u>JUDGE BOWLER'S REPORT AND RECOMMENDATION</u>**

The defendant, Hans R. Hailey, respectfully requests the Court to disregard both Michael and Helen Bayko's opposition and Lisa Bayko's opposition to Hans Hailey's Motion to Enter Partial Summary Judgment on Judge Bowler's Report and Recommendation and requests the Court to allow his motion and distribute the $33,902.24 to Hans R. Hailey.

**Michael and Helen Bayko's Opposition**

Michael and Helen Bayko base their opposition on two suppositions, neither of which is correct. The first incorrect supposition is that the mortgages held by Michael

and Helen are valid.

Judge Bowler, after hearing the parties and reading the memoranda, found that "the mortgages held by Helen and Michael Bayko should also be set aside by this court." Under this analysis, Hailey's lien is to be paid before the Baykos get paid. But, they argue, their mortgages are valid and should not be placed behind Lisa Bayko's interest. However, even if that argument is correct, Hailey's attorney's lien has priority over both mortgages.

Under Massachusetts law, an attorney's lien takes effect from the authorized commencement of an action or any proceeding in any court. G. L. c. 221, § 50. Hailey's lien takes priority, even though it was recorded after Michael and Helen Bayko's first mortgage was recorded, because the lien took effect and was perfected by the divorce judgment before the Baykos' mortgage was even given by Jeffrey Bayko.

"When an attorney files an action, an inchoate lien arises in the attorney's favor. . . . The lien becomes choate when a judgment, decree, or other order is entered in the client's favor, and attaches to any proceeds derived therefrom." *In re Albert*, 206 B.R. 636, 639 (D. Mass. 1997). A choate lien is one that "is perfected so that nothing more need be done to make it enforcible [sic]." Black's Law Dictionary 241 (6th ed. 1990). Hailey's lien therefore became perfected and enforceable when the divorce judgment entered, not when the notice was filed. The attorney's lien is a statutory creature; there is no requirement in the statute for the notice to be recorded for it to be perfected.

Hailey's lien dates back to the filing of his appearance in June 2001 representing Jeffrey Bayko in Lisa and Jeffrey Bayko's divorce. The lien arose and relates back to a date prior to both of Michael and Helen Bayko's mortgages, (July 19, 2002 and May 25, 2003), and prior to Lisa Bayko's judgment in the divorce matter, May 24, 2002.

The second unsupportable, incorrect supposition is that this matter involves interests in real estate. The supposition is not only wrong, but it is irrelevant. This case involves the distribution of Jeffrey Bayko's share of the proceeds from the sale of the

former marital home.

Michael and Helen cite *Collins v. Webster*, 25 Mass. App. Ct. 745 (1988) for the proposition that this matter is to determine who has an interest in real estate and that Hailey's attorney's lien is not valid as to the funds being held by this court.  In *Collins*, an eminent domain taking case, the mortgagee and mortgagor each had actions against the town of Webster.  Their cases were joined and the judgment entered in favor of both plaintiffs, together in one amount.  The Collins' attorney's fee was contingent on the judgment and he attempted to collect it from the entire judgment amount.  The court held that the attorney's lien, as defined by G.L. c. 221 §50, was applicable only to the Collins' portion of the judgment.  The two cases to which Michael and Helen refer were the joined cases of the Collinses (the mortgagors) and Smoolca (the mortgagee) versus the town of Webster.  The case at hand is distinguishable from *Collins*.

The case here is not an eminent domain taking case.  It is an interpleader case to determine how Jeffrey Bayko's proceeds from the sale of the former marital home will be distributed.  The proceeds from the sale of the former marital home now held by the court were originally held by GMAC.  The claims to the funds all arise from the same matter, Lisa and Jeffrey Bayko's divorce.

The issue in this action is to determine the priority of distribution.  Judge Bowler's Report and Recommendation, page 18, correctly applies the law, Hailey's attorney's lien is first in time and is the first to be paid from the funds being held by the court.

## Lisa Bayko's Opposition

Lisa Bayko's opposition is a feeble attempt to obfuscate the issue.  She attempts to re-litigate that which is already established, namely the amount of the surplus funds that are Jeffrey Bayko's proceeds and at the same time she inflates what she is owed pursuant to the Separation Agreement.

The parties, in a joint statement approved by the court, Docket Entry # 26, have established that $82,326.29 of the surplus funds are Jeffrey Bayko's share of the proceeds of the sale of the marital home. See Judge Bowler's Report and Recommendation, footnote 6.

Lisa's claim, at best, is for $35,200 pursuant to the Separation Agreement, Article III, paragraph 1(a), (b) and (c). As for her claim to the $66,000 marital debt payment of Article III, paragraph 1(d), that debt was discharged in Jeffrey's bankruptcy proceeding.

The only issue to resolve is the order of distribution of Jeffrey Bayko's $82,326.29 share of the funds being held by the court. For the reasons stated above, Hans R. Hailey's attorney's lien is the first priority ahead of Lisa Bayko's claim and is the first to be paid.

## Conclusion

For the foregoing reasons and for the reasons set forth in Hailey's Motion and Memorandum, neither Michael and Helen Bayko's opposition nor Lisa Bayko's opposition have merit. Hans R. Hailey's attorney's lien has first priority and his Motion to Enter Partial Summary Judgment on Judge Bowler's Report and Recommendation should be allowed and the $33,902.24 be distributed to Hans R. Hailey.

Dated: January 9, 2007                    Respectfully submitted,
                                          For the Defendant Hans R. Hailey;

                                          /S/ Gene R. Charny
                                          _____
                                          Gene R. Charny
                                          Law Offices of Hans R. Hailey
                                          225 Friend Street, 5th Floor
                                          Boston, Massachusetts 02114
                                          617-723-4010
                                          BBO #641129

## CERTIFICATE OF SERVICE

      I, Gene R. Charny, attorney for the defendant, Hans R. Hailey, hereby certify that on this 12th day of January, 2007, I served the foregoing Defendant Hans R. Hailey's Response to Michael and Helen Bayko's and Lisa Bayko's Oppositions to Hailey's Motion to Enter Partial Summary Judgment on Judge Bowler's Report and Recommendation through the ECF system and copies will be sent electronically to the registered participants below as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Christine A. Faro,  
79 State Street  
Newburyport, Massachusetts 01950 451

Esq. Timothy Sullivan, Esq.  
Andover Law, P.C.  
Andover Street  
Andover, Massachusetts 01845

Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 55  
Ben Franklin Station  
Washington, D.C. 20044

      /S/ Gene R. Charny

      Gene R. Charny