UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|   |   |
|---|---|
| GMAC MORTGAGE CORPORATION, | ) |
| Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| JEFFREY L. BAYKO, LISA J. BAYKO, | ) |
| HELEN E. BAYKO, MICHAEL J. BAYKO, | ) |
| HANS HAILEY, AND THE UNITED | ) |
| STATES OF AMERICA, | ) |
| Defendant | ) |

**DEFENDANT LISA BAYKO'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT
AS TO THE UNITED STATES OF AMERICA
(Pursuant to Rule 56(b) of the Federal Rules of
Civil Procedure and Local Rule 7.1)**

### I.  In General

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." **Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir.1991)** (quoting **Garside v. Osco Drug, Inc**., 895 F.2d 46, 50 (1st Cir.1990)). The motion judge does not pass on the weight or credibility of the evidence, which may be in the form of affidavits, depositions, interrogatories, admissions, and sworn pleadings. **Attorney General v. Bailey**, 386 Mass. 367, 370, 436 N.E.2d 139, cert. denied, 459 U.S. 970, 103 S.Ct. 301, 74 L.Ed.2d 282 (1982). That some

facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the disputed issue of fact must be material. ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202 (1986). ***Norwood v. Adams-Russell Co.,*** 401 Mass. 677, 683, 519 N.E.2d 253 (1988). "As to materiality, the substantive law will identify which facts are material." ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. at 248, 106 S.Ct. at 2510.

## II.   THE TERMS OF THE SEPARATION AGREEMENT SHOULD BE STRICLTY ENFORCED BY THIS COURT

Enforcement of the terms of a separation agreement and judgments of the Essex County Probate & Family Court is not foreign to this Court. See ***Boston Regional Medical Center, Inc.***, 298 B.R. 1, 19 (2003); ***Callahan v. Callahan*** 247 F.Supp.2d 935 (S.D. Ohio 2002) and ***Dion v. Dion*** 652 F.Supp. 1151 (E.D. Pa. 1987).  As stated in Magistrate Judge Bowler's decision dated August 10, 2006, "A Separation Agreement is a "judicially sanctioned contract." ***Bell v. Bell*** **468 N.E. 2d 859, 862-63 (Mass. 1984)**. "A separation agreement that is fair and reasonable should be strictly enforced, absent countervailing equities." ***O'Brien v. O'Brien*** **623 N.E. 2d 485, 487 (1993)**.

The separation agreement set forth a division of the marital estate, payment of debts owed by Jeffrey L. Bayko to Lisa Bayko and child support obligations.[1]  Since May of 2002, Jeffrey L. Bayko has set up road blocks to prevent Lisa Bayko from receiving what the parties contracted to under the terms of the separation agreement. He attempted

---

[1] Lisa Bayko was to take 50% of the proceeds from the sale of the marital residence and prior to Jeffrey Bayko receiving any proceeds from the sale of the marital home, Lisa Bayko was to take certain sums of money as set forth in Lisa Bayko's motion for summary judgment filed herewith which included unpaid child support, college tuitions and other financial obligations owed to Lisa Bayko from Jeffrey L. Bayko.

to give his parents, Helen and Michael Bayko a priority lien over Lisa by the conveying mortgages to them. He filed Bankruptcy in September of 2003 and relieved himself of the marital debt as outlined in the Separation Agreement. He failed to pay child support, which eventually lead to the marital home being foreclosed upon.

Some of these attempts have not proven to be successful. Thus far the Essex County Probate & Family Court (J.DiGangi) and United States District Court Magistrate J. Bowler have set aside the mortgages. The Essex County Probate & Family Court has incarcerated Jeffrey L. Bayko five times for periods of 150 days or more for non-payment of child support. On May 1, 2003, prior to the recordation of said lien, Essex County Probate & Family Court (J. Kaegan) ordered that "when the marital home is sold, the Defendant share of the net proceeds shall be held in escrow by both Plaintiff's and Defendant's counsel pending further order of the Court."

The filing of amended tax returns without Lisa Bayko's authorization was sanctioned by the Internal Revue Service and therefore afforded Lisa Bayko Innocent Spousal Immunity but it only gave her partial relief. The act of amending the tax returns that lead to an encumbrance on the marital property was contrary to the terms of the separation agreement dated May 24, 2002, which states in part:

> The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

A lien still exists on Jeffrey L. Bayko's share of the proceeds from which Lisa Bayko has been ordered to take. If this Court were to give the United States of America priority over Lisa Bayko, they would be denying her every right that she was entitled to under the

3

terms of the separation agreement and as ordered by the Court. This Court would be denying her child support and monies needed maintenance of her children and monies needed to pay-off marital debt which Jeffrey L. Bayko wiped out in a bankruptcy action.

An interpleader action is a complaint in equity and the Court has the authority to make an equitable decision within the laws as set forth by the Commonwealth of Massachusetts and the United States of America. (See Wright & Miller's, ***Federal Practice & Procedure***, 7 Fed. Prac. & Proc. Civ. 3rd section 1701). The Court has held that when a divorce decree issues prior to the IRS filing notice of a tax lien, the Judgment of Divorce Nisi takes priority. ***United States of America v. Judith E. Murray***, 217 F.3d 59, 63. It would be inequitable for this Court not to acknowledge Lisa Bayko's spousal immunity by denying the full relief she is entitled to under the terms of the agreement.

> **A. THE UNITED STATES OF AMERICA HAD ACTUAL NOTICE OF JUDGMENT OF DIVORCE NISI PRIOR TO THE RECORDATION OF THE TAX LIEN AND THEREFORE LISA BAYKO'S INTEREST IN THE PROPERTY TAKES PRIORITY OVER THE UNITED STATES OF AMERICA**

The Judgment of Divorce Nisi, dated May 24, 2002, predates the tax liens dated May 2, 2003 that encumber the property located at 7A Graham Ave., Newbury, MA. In September of 2002, Jeffrey L. Bayko executed and filed Amended Tax Returns on behalf of himself and his ex-spouse Lisa Bayko for years 1996, 1997, 1998 and 1999. The returns were filed without the knowledge or authorization of Lisa Bayko. On March 15, 2003, Lisa Bayko filed for Innocent Spousal Relief, which included completing Form 8857. On April 5, 2003, the IRS acknowledged receipt of the Application for Innocent Spousal Relief. On May 2, 2003, the Internal Revenue Service placed tax liens on the

property located at 7A Graham Ave, Newbury, MA and on May 7, 2003, Lisa Bayko was granted relief and released.

M.G.L. c. 209 section 32D states an that "…under section thirty-two a judgment shall be entered directing a deed, conveyance or release if certain real estate, or interest therein, be made, such a judgment shall create an equitable right to its enforcement subject to the provision for recording of notice in section fifteen of chapter one hundred and eighty-four."

M.G.L. c. 184 section 5 provides, in pertinent part:

A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

The Court has held "[i]ntelligent information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered notice of it …and that when persons have actual knowledge of an agreement, actual knowledge of an unrecorded interest, they are not in the position to maintain a 'hear no evil see no evil' approach to the matter." ***Emmons v. White*** 58 Mass.App.Ct. 54, 58 (2003).  On March 17, 2003, Lisa J. Bayko filed an Application for Innocent Spousal Relief with the Internal Revenue Service and included in that application was information relative to her divorce from Jeffrey L. Bayko: that the parties had been divorced since May of 2002 and that the parties had been separated twelve months prior to that.  On April 5, 2003, the Internal Revenue Service acknowledged receipt of said information.

5

Since April of 2003, the Internal Revenue Service had actual knowledge of Lisa Bayko's divorce from Jeffrey L. Bayko and had the ability to gain documentation relative to the divorce either through Lisa Bayko or at the Registry of Probate for Essex County as the judgment of divorce nisi and separation agreement are a public record. Having actual knowledge of the Judgment of Divorce Nisi does not give the Internal Revenue Service a priority lien over the Judgment of Divorce.

### B. 26 U.S.C.A. 6334 EXEMPTS FROM A LEVY JUDGMENT OF SUPPORT FOR MINORS

The United States of America is prohibited from levying any monies that are meant for the support and maintenance of the minor children. **26 U.S.C.A. 6334** provides:

> **(a) Enumeration**  There shall be exempt from levy**….**
>
> **(8)    Judgment for support of minor children**.-- If the tax payer is required is required by a judgment of a court of a competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages or other income as is necessary to such judgment.

The Separation Agreement dated May 24, 2002 that was merged into the Judgment of Divorce Nisi provided that Lisa Bayko take from Jeffrey L. Bayko's share of the proceeds the following, unpaid child support, one year's advance of child support

6

and monies for marital debt.[2] On July 1, 2003, a contempt Judgment entered ordering that "any uninsured medical and college expenses owed by the [Jeffrey L. Bayko] shall be paid out of the monies held in the escrow account as Ordered by Judge Kagan on 5/1/03." To date Lisa Bayko is owed over $87,000.00 in child support, tuition for the college education of the minor children and uninsured medical expenses.

### III.   CONCLUSION

Wherefore, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her motion for summary judgment and grant relief as she requested in her motion.

---

[2] a.   The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Family Court. The delinquent child support through April 26, 2002 is $13,200.00.
(Separation Agreement, Article III, Section G, Paragraph 1(a)).
b.   The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim. (Separation Agreement, Article III, Section G, Paragraph 1(b)).
c.   The sum of $13,000.00 shall be deducted from Husband's one-half share shall represent one year's advanced payment of child support. (Separation Agreement, Article III, Section G, Paragraph 1(c)).
d.   The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the
other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)
e.   From the proceeds of the sale of the marital home, $66,000.00 shall be given to Attorney Gary Evans to be held in escrow. Attorney Gary Evans shall negotiate payment of the "marital debt." He shall than pay the "marital debt" and, after deducting his fees for those services, pay the remaining portion in equal shares to the parties. "Marital debt" shall mean those liabilities listed on the financial statement of the Husband filed on May 30, 2001. (**Exhibit 1**, Separation Agreement, Article III, Section G, Continued).

        Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/S/ CHRISTINE ANN FARO
_____

CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 26th day of March 2007, I served a copy of the Defendant Lisa J. Bayko's  Memorandum of Law in Support of her Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Gene R. Charny
Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney Timothy Sullivan
Andover Law, P.C.
 451 Andover Street
Andover, MA 01845

/S/ CHRISTINE ANN FARO
_____
CHRISTINE ANN FARO