IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-11746-GAO |
| | ) |
| JEFFREY L. BAYKO, SR., et al., | ) |
| | ) |
| Defendants. | |

**UNITED STATES' CROSS-MOTION FOR
SUMMARY JUDGMENT AGAINST LISA BAYKO**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the United States of America cross-moves for summary judgment against Defendant Lisa Bayko on the grounds that there is no genuine issue as to any material fact and the United States is, as a matter of law, entitled to judgment that: 1) the liens of the Internal Revenue Service attached to the proceeds at issue in this interpleader action, and 2) Ms. Bayko has no lien that attaches to the proceeds of the subject property; therefore her unperfected, inchoate claims cannot take priority over the liens of the United States.

A memorandum in submitted in support of this motion.

                                                  Respectfully Submitted,

I certify that a true copy of the above document was served upon each party appearing pro se, and the attorney of record for each other party, by first-class mail, or through the Court's ECF filing system, on April 27, 2007.

                                                  MICHAEL J. SULLIVAN
                                                United States Attorney

        /s/ Pamela Grewal
        PAMELA GREWAL

                                                   */s/ Pamela Grewal*
                                                PAMELA GREWAL
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 55
                                                Ben Franklin Station
                                                Washington, D.C.  20044
                                                Telephone:  (202) 307-6403
                                                Fax: (202) 514-5238
                                                E-mail: Pamela.Grewal@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY L. BAYKO, SR., et al., )<br>)<br>   Defendants. ) | Civil No. 05-11746-GAO |

**MEMORANDUM IN SUPPORT OF UNITED STATES' CROSS-MOTION
FOR SUMMARY JUDGMENT AGAINST LISA BAYKO**

**Background**

This case arises out of GMAC Mortgage Corporation's ("GMAC's") foreclosure sale of real property located at 7A Graham Avenue, Newbury, Massachusetts ("the subject property"). Prior to the sale, Jeffrey and Lisa Bayko owned the subject property as tenants in common, with each retaining a 50% share. (See Report and Recommendation Re: Defendant Helen and Michael Bayko's Motion for Summary Judgment, Docket Entry #61, p. 7.)

Following the foreclosure, GMAC held $ 186,742.50 in surplus funds from the sale of the subject property. Jeffrey and Lisa Bayko each claimed a 50% interest in the proceeds, subject to claims against their respective interests by other creditors. (See Docket Entry No. 61, p.8.) Following certain payments to the Massachusetts Department of Revenue, BankNorth Group and Lisa Bayko, GMAC was left with a surplus in the amount of $100,616.36, including interest as of August 10, 2006. As of August 10, 2006, Lisa Bayko's remaining share of the surplus was $17,000 and Jeffrey Bayko's remaining share of the surplus was $82, 326.29. (Docket Entry No. 26.)

In this interpleader action, the United States claims an interest in Jeffrey Bayko's remaining share of the surplus, attributable to his unpaid assessed federal tax liabilities which are secured by liens on all of his property and rights to property, including his share of the foreclosure sale surplus. Those liabilities were assessed against Jeffrey Bayko, or jointly against Jeffrey and Lisa Bayko.[1] The United States makes no claim as to Ms. Bayko's remaining share. On March 26, 2007, Ms. Bayko filed a motion seeking summary judgment as against the United States. In her motion, she argues that her claims to Jeffrey Bayko's share of the proceeds take priority over the federal tax liens of the United States. The United States has separately opposed her motion and has now filed its Cross-Motion for Summary Judgment against Lisa Bayko.

---

[1] Assesments were made against Jeffrey and Lisa Bayko jointly with respect to the periods ending December 31, 1996 through 1999, respectively. Assessments for the periods ending December 31, 2000 and 2001 were made only against Jeffrey Bayko. Ms. Bayko was later relieved of her liability under the "innocent spouse" provisions of the Internal Revenue Code. That determination has no bearing on the priority issue presented by the Summary Judgment motions.

**Statement of Material Facts Not in Dispute**

1. On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the Secretary of the Treasury made assessments against Jeffrey and Lisa Bayko for unpaid federal income taxes, penalties, statutory additions and interest.

    | Tax Period | Date of Assessment | Outstanding liability as of May 1, 2003. |
    |---|---|---|
    | 12/31/1996 | 3/5/2003 | $ 44,911.00 |
    | 12/31/1997 | 2/28/2003 | $ 40,886.00 |
    | 12/31/1998 | 3/17/2003 | $ 40,280.00 |
    | 12/31/1999 | 3/17/2003 | $ 29,609.00 |

   (See Exhibit A)

2. On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the Secretary of the Treasury made assessments against Jeffrey Bayko for unpaid federal income taxes, penalties, statutory additions and interest.

    | Tax Period | Date of Assessment | Outstanding liability as of May 1, 2003. |
    |---|---|---|
    | 12/31/2000 | 9/23/2002 | $ 46,072.35 |
    | 12/31/2001 | 9/23/2002 | $ 1,124.45 |

3. The aggregate outstanding income tax liability for the periods ending December 31, 1996 through 2001, respectively, is $202,882.80, plus additional amounts as may accrue by law from May 1, 2003. (See Exhibit A.)

4. On May 7, 2003 the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien ("NFTL") in the registry of deeds for Northern Middlesex County That NFTL listed liabilities for the periods ending December 31, 1996 through 1999, inclusive. (See Exhibit A.)[2]

5. The IRS filed a second NFTL in the Registry of Deeds for Southern Essex County on June 3, 2003. That NFTL listed the liabilities for the periods ending December 31, 2000 and 2001, respectively. (See Exhibit A.)

6. Prior to GMAC's foreclosure sale of real property located at 7A Graham Avenue, Newbury, Massachusetts, Jeffrey and Lisa Bayko owned the subject property as tenants in common, with each retaining a 50% share. (See Report and Recommendation Re: Defendant Helen and Michael Bayko's Motion for Summary Judgment, Docket Entry #61, p.7.)

7. Following the foreclosure sale, Lisa and Jeffrey Bayko each claimed a 50% interest in the surplus, subject to claims against their respective interests by other creditors. (See Report and Recommendation Re: Defendant Helen and Michael Bayko's Motion for Summary Judgment, Docket Entry #61, p.8.)

8. There have been no claims that Jeffrey Bayko has been deseized of his interest in the subject property; this action is one to determine the priority of the various creditors' claims to his share in the subject property.

---

[2]Although the IRS did file NFTLs, it is the position of the United States that Ms. Bayko holds no claim which is protected against a federal tax lien, notice of which has not been filed, so that the liens created upon assessment are sufficient to give the United States priority over any claim that Ms. Bayko has asserted in this action. See discussions in text below and 26 U.S.C. § § 6321, 6322 and 6323.

9. Jeffrey and Lisa Bayko were divorced on May 24, 2002. (See Judgment of Divorce Nisi and Separation Agreement, attached to Defendant Lisa Bayko's Motion for Summary Judgment as Exhibit 1.)

10. According to the terms of the Judgment of Divorce Nisi, Ms. Bayko was to be paid a sum of $35,200 from the proceeds of the sale of the subject property. (See Judgment of Divorce Nisi and Separation Agreement, attached to Defendant Lisa Bayko's Motion for Summary Judgment as Exhibit 1.)

11. There is no evidence to show that Ms. Bayko has recorded any claim arising from this judgment against the subject property.

12. On May 1, 2003 a Judgment on Complaint for Civil Contempt was entered in the Essex Probate and Family Court. That judgment stated that Jeffrey Bayko's net share of the proceeds of the sale of the home was to be held in escrow until further order of the court. (See Order - Judgment on Complaint for Civil/Criminal Contempt, attached to Defendant Lisa Bayko's Motion for Summary Judgment as Exhibit 3.)

13. There is no evidence to show that Ms. Bayko has recorded any claim arising from this judgment against the subject property.

**Argument**

The United States is entitled to summary judgment against Ms. Bayko, as pursuant to the federal law which controls the priority of tax liens, the United States' liens take priority over her claims.

It is well-settled that federal law, not state law, determines the priority of federal tax liens. (*See Aquilino v. United States*, 363 U.S. 509, 513-514 (1960); *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228 (1st Cir. 1996).)  A federal tax lien is created upon assessment of an unpaid tax liability, and under federal law, a lien imposed by 26 U.S.C. § § 6321 and 6322 is valid from the time of assessment.

The federal tax lien is valid without filing a Notice of Federal Tax Lien except as against certain persons described in 26 U.S.C. § 6323: purchasers, holders of a security interest, mechanic's lienors or judgment lien creditors.  When the Internal Revenue Service files a notice of its lien pursuant to Section 6323(f), its interests are further protected against those persons.

Where there are competing claims to a delinquent taxpayer's property by a federal tax lien and a state-law lien, priority is determined by federal law.  *Aquilino v. United States*, 363 U.S. 509, 513-514 (1960).  Generally, "priority for purposes of federal law is governed by the common law principle that 'the first in time is the first in right."  *United States v. McDermott*, 507 U.S. 447 (1993) (quoting *United States v. City of New Britain*, 347 U.S. 81, 85 (1954).

A judgment lien creditor "means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money."  Treas. Reg. 301.6323(h)-1(g).  Furthermore, the judgment lien holder must "satisfy the choateness test set forth [by the United States Supreme Court] in *United

*States v. City of New Britain.*"  *Smith Barney, Harris Upham & Company, Inc. v. Connolly*, 887 F. Supp. 337, 343 (D.Mass. 1994) (*quoting United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 88-89 (1963)).  Under federal law, a lien is choate if it is specific and perfected.  In order for a competing, non-federal lien to be perfected, it must be definite in three respects: (1) the identity of the lienor; (2) the property subject to the lien; and (3) the amount of the lien.  *See United States v. City of New Britain* 347 U.S. at 84; *Pioneer American Ins. Co.*, 374 U.S. at 89.

To defeat the liens which arose upon assessment of liabilities pursuant to Section 6321, Ms. Bayko must first establish that she has a valid lien under Massachusetts law.  If she has no lien under state law which satisfies the choateness test, she cannot establish that her claims take priority over the United States' liens.

Ms. Bayko's claims are based on an entry of divorce, and on a civil contempt judgment, but she has no lien whatsoever, much less a choate lien.  Her claims and contempt judgment have never created any interest in the subject property.  This court has held that "a Massachusetts judgment is not sufficient to create a perfected and choate judgment lien.  A judgment creditor must have also filed a writ of attachment in the appropriate registry of deeds....  It is this writ of attachment which later becomes a perfected and choate lien by a judgment awarded and recorded." *Smith Barney, Harris Upham & Co. v. Connolly*, 887 F.Supp. 337, 345 (D. Mass. 1994) (citing *L. Rudolph Electrical Co., Inc. v. Gibbs Oil Company*, 16 Mass. App. Ct 995 (Mass. App. Ct. 1983).)

There is no evidence to show that Ms. Bayko took the necessary steps to create a perfected and choate judgment lien.  As her claims are unperfected and inchoate, her claims cannot take priority over the United States' liens.  Simply put, her claim has never ripened into a

lien – not before the Notice of Federal Tax Lien was filed, and not afterwards. Without a lien, she cannot be a judgment *lien* creditor. Indeed, it is clear from these facts that even if the IRS had never filed a Notice of Federal Tax Lien, the United States would prevail here on the assessment lien created by Section 6321.

## Conclusion

Ms. Bayko has no lien against the subject property; therefore the liens of the United States must be satisfied out of Jeffrey Bayko's share of the proceeds prior to any allocation from that share to Lisa Bayko.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney

I certify that a true copy of the above document was served upon each party appearing pro se, and the attorney of record for each other party, by first-class mail, or through the Court's ECF filing system, on April 27, 2007.

 */s/ Pamela Grewal*
PAMELA GREWAL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6403
Fax: (202) 514-5238
E-mail: Pamela.Grewal@usdoj.gov

   */s/ Pamela Grewal*
PAMELA GREWAL

```
5239                                                    COURT RECORDING DATA
------------------------------------------------+------------------------------------------
    INTERNAL REVENUE SERVICE                    | Lien Recorded    : 06/03/2003 - 17:17PM
    FACSIMILE FEDERAL TAX LIEN DOCUMENT         | Recording Number:
                                                | UCC Number       :
                                                | Liber            : 20949
                                                | Page             : 90
------------------------------------------------+------------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1           | IRS Serial Number:  40323104
Lien Unit Phone: (800) 913-6050                 |
------------------------------------------------+------------------------------------------
                    This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.
-------------------------------------------------------------------------------------------

Name of Taxpayer :
    JEFFREY L BAYKO



Residence :
    7A GRAHAM AVE
    NEWBURY, MA 01951
-------------------------------------------------------------------------------------------
    With respect to each assessment below, unless notice of lien
    is refiled by the date in column(e), this notice shall constitute
    the certificate of release of lien as defined in IRC 6325(a).
--------+-------------+-------------+-------------+-----------------+------------------
 Form   |   Period    |  ID Number  |  Assessed   | Refile Deadline | Unpaid Balance
  (a)   |    (b)      |    (c)      |    (d)      |      (e)        |      (f)
--------+-------------+-------------+-------------+-----------------+------------------
 1040     12/31/2000                  09/23/2002    10/23/2012           46072.35
 1040     12/31/2001                  09/23/2002    10/23/2012            1124.45
```

```
Filed at:   Registry of Deeds                                     |
            Southern Essex County                         Total   | $      47196.80
            Salem, MA 01970                                       |
-------------------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 01st day of May, 2003.
-------------------------------------------------------------------------------------------
Authorizing Official:                           | Title:
    MICHAEL HOMSEY                              | REVENUE OFFICER             21-07-2730
```



GOVERNMENT'S EXHIBIT A

```
5239                                                          COURT RECORDING DATA
------------------------------------------------+-------------------------------------
        INTERNAL REVENUE SERVICE        | Lien Recorded    : 05/07/2003 - 13:54PM
   FACSIMILE FEDERAL TAX LIEN DOCUMENT  | Recording Number :
                                        | UCC Number       :
                                        | Liber            : 15187
                                        | Page             : 118
                                        |
                                        | ** Partial Rel**: 05/25/2003
------------------------------------------------+-------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1   | IRS Serial Number:  40323105
Lien Unit Phone: (800) 913-6050         |
-------------------------------------------------------------------------------------
                This Lien Has Been Filed in Accordance with
                    Internal Revenue Regulation 301.6323(f)-1.
```

Name of Taxpayer :
  JEFFREY L & LISA J BAYKO

Residence :
  7A GRAHAM AVE
  NEWBURY, MA 01851

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | | 03/05/2003 | 04/04/2013 | 44911.00 |
| 1040 | 12/31/1997 | | 02/28/2003 | 03/30/2013 | 40886.00 |
| 1040 | 12/31/1998 | | 03/17/2003 | 04/16/2013 | 40280.00 |
| 1040 | 12/31/1999 | | 03/17/2003 | 04/16/2013 | 29609.00 |

Filed at:  Registry of Deeds
           Northern Middlesex County          Total  $   155686.00
           Lowell, MA 01853

This notice was prepared and executed at MANHATTAN, NY
on this, the 01st day of May, 2003.

Authorizing Official:                    | Title:
    MICHAEL HOMSEY                       | REVENUE OFFICER        21-07-2730

```
5239                                                    COURT RECORDING DATA
-----------------------------------------+------------------------------------
   INTERNAL REVENUE SERVICE              | Lien Recorded    : 05/07/2003 - 13:54PM
   FACSIMILE RELEASE of TAX LIEN         | Recording Number:
                                         | UCC Number       :
                                         | Liber            : 15187
                                         | Page             : 118
                                         | *Lien Part Rel*  : 05/25/2003
-----------------------------------------+------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1    | IRS Serial Number:  40323105
Lien Unit Phone: (800) 913-6050          |
------------------------------------------------------------------------------
    I certify that as to the following-named taxpayer, the requirements of
section 6325(a) of the Internal Revenue Code have been satisfied for the taxes
listed below and for all statutory additions.  Therefore, the lien provided by
Code section 6321 for these taxes and additions has been released.
------------------------------------------------------------------------------
Name of Taxpayer :
    LISA J BAYKO only.*   LISA J BAYKO only, in the
    liability of JEFFREY L & LISA J BAYKO.


------------------------------------------------------------------------------
Residence :
   7A GRAHAM AVE
   NEWBURY, MA 01851
```

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | | 03/05/2003 | 04/04/2013 | 44911.00 |
| 1040 | 12/31/1997 | | 02/28/2003 | 03/30/2013 | 40886.00 |
| 1040 | 12/31/1998 | | 03/17/2003 | 04/16/2013 | 40280.00 |
| 1040 | 12/31/1999 | | 03/17/2003 | 04/16/2013 | 29609.00 |

```
    *Under Internal Revenue Code Section 6015, with respect to the tax
    liabilities of LISA J BAYKO only, relief has been granted for the income
    tax liabilities secured by the subject lien.  This justifies the
    issuance of this certificate that releases the subject lien only insofar
    as it relates to LISA J BAYKO in the liability of JEFFREY L & LISA J
    BAYKO.  The lien is not released as it relates to JEFFREY L BAYKO,




------------------------------------------------------------------------------
Filed at:  Registry of Deeds
           Northern Middlesex County               Total  |  $    155686.00
           Lowell, MA 01853                               |
------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 25th day of May, 2003.
------------------------------------------------------------------------------
Authorizing Official:
      Dir, Pay Comp

------------------------------------------------------------------------------
```

```
5239                                                    COURT RECORDING DATA
-------------------------------------------------+-------------------------------------
     INTERNAL REVENUE SERVICE                    | Lien Recorded   : 05/05/2003 - 08:30AM
  FACSIMILE FEDERAL TAX LIEN DOCUMENT            | Recording Number: 02645BAY2452765
                                                 | UCC Number      : IRS040323106
                                                 | Liber           :
                                                 | Page            :
-------------------------------------------------+-------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1            | IRS Serial Number:    40323106
Lien Unit Phone: (800) 913-6050                  |
-------------------------------------------------+-------------------------------------
               This Lien Has Been Filed in Accordance with
                 Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
  JEFFREY L BAYKO


Residence :
  7A GRAHAM AVE
  NEWBURY, MA 01951

  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).
--------+------------+-------------+------------+----------------+------------------
 Form   |  Period    | ID Number   |  Assessed  | Refile Deadline| Unpaid Balance
  (a)   |   (b)      |   (c)       |    (d)     |      (e)       |     (f)
--------+------------+-------------+------------+----------------+------------------
 1040     12/31/2000                  09/23/2002    10/23/2012          46072.35
 1040     12/31/2001                  09/23/2002    10/23/2012           1124.45










-------------------------------------------------------------------------------------
Filed at:   U.S. District Court
            USDC ELECTRONIC                                 Total | $     47196.80
            Boston, MA 02109                                      |
-------------------------------------------------------------------------------------
This notice was prepared and executed at MANHATTAN, NY
on this, the 01st day of May, 2003.
-------------------------------------------------------------------------------------
Authorizing Official:                            | Title:
  MICHAEL HOMSEY                                 |   REVENUE OFFICER         21-07-2730
                                                 |
-------------------------------------------------------------------------------------
```