UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

_____
                                        )
GMAC MORTGAGE CORPORATION,              )
                            Plaintiff   )
                                        )
                                        )
V.                                      )
                                        )
JEFFREY L. BAYKO, LISA J. BAYKO,        )
HELEN E. BAYKO, MICHAEL J. BAYKO,       )
HANS HAILEY, AND THE UNITED             )
STATES OF AMERICA,                      )
                            Defendant   )
_____)

## LISA BAYKO'S OPPOSITION TO
## THE UNITED STATES' CROSS-MOTION FOR SUMMARY JUDGMENT

Lisa Bayko submits this memorandum in opposition to the Defendant United States of America's Motion for Summary Judgment filed on April 27, 2007. Rule 56 of the federal Rules of Civil procedure state that summary judgment is only appropriate "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). It is Lisa Bayko's position that the United States of America's motion for summary judgment should be denied as their legal arguments are erroneous and therefore their motion should be denied.

1

# I.     Material Facts At Issue

1.     On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the
Secretary of the Treasury made assessments against Jeffrey and Lisa Bayko for unpaid federal income
taxes, penalties, statutory additions and interest.

| Tax Period | Date of Assessment | Outstanding liability as of May 1, 2003. |
|---|---|---|
| 12/31/1996 | 3/5/2003 | $ 44,911.00 |
| 12/31/1997 | 2/28/2003 | $ 40,886.00 |
| 12/31/1998 | 3/17/2003 | $ 40,280.00 |
| 12/31/1999 | 3/17/2003 | $ 29,609.00 |

(See Exhibit A)

**Response:**     Admit.

2.     On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the
Secretary of the Treasury made assessments against Jeffrey Bayko for unpaid federal income taxes,
penalties, statutory additions and interest.

| Tax Period | Date of Assessment | Outstanding liability as of May 1, 2003. |
|---|---|---|
| 12/31/2000 | 9/23/2002 | $ 46,072.35 |

| 12/31/2001 | 9/23/2002 | $ 1,124.45 |
|---|---|---|

**Response:**    Admit.

3.    The aggregate outstanding income tax liability for the periods ending December 31, 1996 through 2001, respectively, is $202,882.80, plus additional amounts as may accrue by law from May 1, 2003.  (See Exhibit A.)

**Response:**    Admit.

4.    On May 7, 2003 the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien ("NFTL") in the registry of deeds for Northern Middlesex County. That NFTL listed liabilities for the periods ending December 31, 1996 through 1999, inclusive.  (See Exhibit A.)[2]

**Response:**    Lisa Bayko admits that on May 7, 2003 the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien in the registry for Northern Middlesex County but further states that the Lien was recorded in the wrong county of the "subject property" for which the lien was to attach.  The lien is defective under 26 U.S.C.A. 6323(f)(1)(A)(i)  and the laws of the Commonwealth of Massachusetts.

Lisa Bayko further states that the judgment of divorce nisi predates the federal tax lien and that the United States of America had actual notice of the judgment of divorce nisi prior to the lien being recorded.

3

5.      The IRS filed a second NFTL in the Registry of Deeds for Southern Essex County on June 3, 2003. That NFTL listed the liabilities for the periods ending December 31, 2000 and 2001, respectively. (See Exhibit A.)

**Response:**      Admit. Lisa Bayko further states that the judgment of divorce nisi predates the federal tax lien and that the United States of America had actual notice of the judgment of divorce nisi prior to the lien being recorded.

6.      Prior to GMAC's foreclosure sale of real property located at 7A Graham Avenue, Newbury, Massachusetts, Jeffrey and Lisa Bayko owned the subject property as tenants in common, with each retaining a 50% share. (See Report and Recommendation Re: Defendant Helen and Michael Bayko's Motion for Summary Judgment, Docket Entry #61, p.7.)

**Response:**      Lisa Bayko admits that she had a 50% interest in the property located at 7A Graham Ave., Newbury, MA but further states that pursuant to the judgment of divorce nisi, May 24, 2002, which incorporated the terms of the separation agreement, Lisa Bayko had an interest in Jeffrey L. Bayko's share of the residence located at 7A Graham Ave., Newbury, MA.

7.      Following the foreclosure sale, Lisa and Jeffrey Bayko each claimed a 50% interest in the surplus, subject to claims against their respective interests by other creditors. (See Report and Recommendation Re: Defendant Helen and Michael Bayko's Motion for Summary Judgment, Docket Entry #61, p.8.)

4

**Response:**     Lisa Bayko admits that she had a 50% interest in the surplus but further states that pursuant to the judgment of divorce nisi, May 24, 2002, which incorporated the terms of the separation agreement, Lisa Bayko had an interest in Jeffrey L. Bayko's share of the surplus and her interest takes priority over the United States of America.

8.     There have been no claims that Jeffrey Bayko has been deseized of his interest in the subject property; this action is one to determine the priority of the various creditors' claims to his share in the subject property.

**Response:**     Pursuant to the Judgment of Divorce Nisi, May 24, 2002, which incorporated the terms of the separation agreement, Lisa Bayko had an interest in Jeffrey L. Bayko's share of the surplus and her interest takes priority over the United States of America.

9.     Jeffrey and Lisa Bayko were divorced on May 24, 2002.  (See Judgment of Divorce Nisi and Separation Agreement, attached to Defendant Lisa Bayko's Motion for Summary Judgment as Exhibit 1.)

**Response:**     Admit.

10.     According to the terms of the Judgment of Divorce Nisi, Ms. Bayko was to be paid a sum of

$35,200 from the proceeds of the sale of the subject property.  (See Judgment of Divorce Nisi and

Separation Agreement, attached to Defendant Lisa Bayko's Motion for Summary Judgment as Exhibit

1.)

**Response:**      Deny.  Pursuant to the terms of the judgment of divorce nisi and post trial orders, Lisa

Bayko is to receive:

| | |
|---|---|
| One year's child support in advance: (Separation Agreement, Article III, Section G, Paragraph 1(c)). | $13,000.00 |
| Child Support Arrears, Contempt Judgment dated September 23, 2004, which includes $13,200.00 owed at the time of the parties' divorce, as reflected in the separation agreement. (Separation Agreement, Article III, Section G, Paragraph 1(a)). | $65,000.00 |
| College Tuitions; (Separation Agreement, Article III, Section K) And Order dated July 2, 2003 | $ 7,413.99 |
| Defendant Jeffrey L. Bayko's Credit Card Liabilities(Separation Agreement, Article III, Section J, Paragraph 2) | $ 4,475.73 |
| Joint Credit Card Debts Separation Agreement (Separation Agreement, Article III, Section G, Continued) | $33,000.00 |
| Uninsured Medical Expenses (Separation Agreement, Article III, Section E, Paragraph 4). Order dated July 2, 2003 | $1,553.33 |
| Settlement Proceeds (Separation Agreement, Article III, Section G, Paragraph 1(b)) | $9,000.00 |

**Total**                **$ 133,423.07**

11.    There is no evidence to show that Ms. Bayko has recorded any claim arising from this judgment against the subject property.

   **Response:**        Deny.   The Judgment of Divorce Nisi which incorporated the separation agreement which granted Lisa Bayko an interest in Jeffrey Bayko's share of the marital residence.  The Judgment of Divorce Nisi predates the federal tax liens.

   A Judgments creates an equitable right to its enforcement subject to the provision for recording of notice in section fifteen of chapter one hundred and eighty-four  which states: "A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**…….. "

   The Internal Revenue Service had notice of the Judgment of Divorce Nisi on March 15, 2003 when Lisa Bayko filed for Innocent Spousal Relief. On April 5, 2003, the IRS acknowledged receipt of the Application for Innocent Spousal Relief.  On May 2, 2003, the Internal Revenue Service based upon her application.

12.    On May 1, 2003 a Judgment on Complaint for Civil Contempt was entered in the Essex Probate and Family Court.  That judgment stated that Jeffrey Bayko's net share of the proceeds of the sale of the home was to be held in escrow until further order of the court. (See Order - Judgment on Complaint for Civil/Criminal Contempt, attached to Defendant Lisa Bayko's Motion for Summary Judgment as

7

Exhibit 3.)

**Response:**     Admit.  Lisa Bayko further states that said reason for the order that Jeffrey L. Bayko

continued to be in arrears of his child support and other obligations under the terms of the separation

agreement.

13.     There is no evidence to show that Ms. Bayko has recorded any claim arising from this judgment

against the subject property.

**Response:**     Deny. The Judgment of Divorce Nisi was recorded with the Registrar of the Essex

County probate & Family Court.

## II.    ARGUMENT

## A.    IN GENERAL

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see

whether there is a genuine need for trial." ***Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st***

***Cir.1991)*** (quoting ***Garside v. Osco Drug, Inc***., 895 F.2d 46, 50 (1st Cir.1990)). The motion judge

does not pass on the weight or credibility of the evidence, which may be in the form of affidavits,

depositions, interrogatories, admissions, and sworn pleadings. ***Attorney General v. Bailey,*** 386 Mass.

367, 370, 436 N.E.2d 139, cert. denied, 459 U.S. 970, 103 S.Ct. 301, 74 L.Ed.2d 282 (1982). That some

facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the

disputed issue of fact must be material. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 247-248, 106

S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202 (1986). ***Norwood v. Adams-Russell Co.***, 401 Mass. 677, 683,

519 N.E.2d 253 (1988). "As to materiality, the substantive law will identify which facts are material."

***Anderson v. Liberty Lobby, Inc.***, 477 U.S. at 248, 106 S.Ct. at 2510.


### B.      LISA BAYKO HAS A PRIORITY INTEREST OVER THE INTERNAL REVENUE SERVICE'S TAX LIENS

The assessment of and existence of the federal tax liens are the result of Jeffrey L. Bayko filing

amended tax returns on behalf of himself and Lisa Bayko after the parties divorce. The amended tax

returns were filed in without the knowledge or authorization of Lisa Bayko (she did not sign the tax

returns).  The amended Federal Tax Returns were amended and filed contrary to the terms of the

separation agreement which prohibited such an act as follows:

> The parties agreed that "he or she shall neither contract nor incur any expenses, debts,
> charges or liabilities in the name or upon the credit of the other not for which the other
> or the other's legal representative, property or estate will or may become liable."
> **(Separation Agreement, Article III, Section J, Paragraph 2)**

At the time the Amended Federal Tax Returns were filed, there was a Judgment of the Essex

County Probate & Family Court which awarded Lisa Bayko 50% interest in the marital residence at 7A

Graham Ave., Newbury and an interest in Jeffrey L. Bayko's share.  On May 1, 2003 there was a

further order of the Essex County Probate & Family Court (J. Kaegan) that stated "when the marital

home is sold, the Defendant share of the net proceeds shall be held in escrow by both Plaintiff's and

Defendant's counsel pending further order of the Court."  Both of these orders and judgments of the

Court predate the recordation of any Federal Tax Lien.

As stated in Magistrate Judge Bowler's decision dated August 10, 2006, "A Separation Agreement is a "judicially sanctioned contract." **_Bell v. Bell_** **468 N.E. 2d 859, 862-63 (Mass. 1984)**. "A separation agreement that is fair and reasonable should be strictly enforced, absent countervailing equities." **_O'Brien v. O'Brien_** **623 N.E. 2d 485, 487 (1993)**.

**Notice of Federal Tax Lien dated May 7, 2003**

The United States Governments position is that have valid perfected liens that take priority of Lisa Bayko's interest in Jeffrey L. Bayko's share of the surplus. In order for the United States Government to succeed they must prove that they have properly perfected tax liens in accordance with 26 U.S.C.A. 6323 (f) which requires "in the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated."

M.G.L. c. 184 section 15 requires a notice to be filed registry of deed in the county or district where the property lies. The Notice of Federal Tax Lien that was recorded on May 7, 2003 is defective and not perfected as it was filed in the **wrong County**. (United States of America's Exhibit A)  The locus of the residence at 7A Graham Ave., Newbury, MA is **Essex County.**  The lien as identified as the United States of America's Exhibit "A" was recorded in the Northern Middlesex County Registry of Deeds.  This lien is not perfected as it does not comply with 26 U.S.C.A. 6323 (f) and therefore this lien does not take priority over Lisa Bayko's interest.

**Notice of Federal Tax Lien dated June 3, 2003**

There was a second lien that was filed and recorded in the June 3, 2003 for tax years 2000 and 2001. The assessment was to Jeffrey L. Bayko only, as Lisa Bayko had already applied and received Innocent Spousal Relief.

It is Lisa Bayko's position that since the judgment of divorce nisi was issued prior to the IRS filing notice of the tax lien dated June 3, 2003, the judgment of divorce takes priority. **United States v. Judith Murray, 217 F. 3d. 59, 62-63 (2000)**. The judgment of divorce nisi which incorporated the terms of the separation agreement, clearly gave Lisa an interest in Jeffrey L. Bayko's share of the proceeds of the marital residence. A recent decision from the Superior Court of the Commonwealth of Massachusetts has stated that a "Massachusetts creditor became a judgment lien creditor under the federal law as a result of obtaining a Massachusetts judgment." **CITIBANK v. Leahy & others, 19 Mass. L. Rptr., 219 (2005 Mass. Super.), citing Smola v. Camara, 16 Mass. App. Ct. 908** (1983) (In CITIBANK, Supra, the Court held that "[i]t is a mistake, however, to read the *Smith Barney* case as requiring that every Massachusetts judgment creditor must obtain a writ of execution in order to achieve the status of a judgment lien creditor for the purposes of priority against a federal tax lien.")

Secondly, Lisa Bayko takes priority under 26 U.S.C.A. 6323(a), which states that section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or **judgment lien creditor** until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary. 26 U.S.C.A. 6323 (a). A judgment lien creditor is a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for recovery of specifically designated property or a certain sum of money. **Smith Barney, Harris Upham & Co., Inc. v. Connolly, 887 F.Supp. 337, 342-343 (D. Mass.1994),** quoting Treasure Regulation sec. 301.6323(h)-1(g) (1976).

11

**Smith Barney,** supra., does not state that a judgment lien creditor must file a writ of attachment but states that a judgment holder must (1) perfect a lien under the judgment on the property involved **according to local law** and (2) satisfy the "choateness" test such as there is nothing more to be done to perfect. See **Smith Barney, Harris Upham & Co., Inc. v. Connolly**, **887 F.Supp. 337, 343 (D. Mass.1994) and cases cited therein and** Treasure Regulation sec. 301.6323(h)-1(g) (1976). If these conditions are met prior to the filing of Notice of a Federal tax Lien, the "judgment lien creditor" prevails.

Lisa J. Bayko has a choate lien as it comports with the Laws of the Commonwealth of Massachusetts as there was nothing more to be done to perfect her lien. The Judgment of Divorce Nisi was docketed and recorded with the Essex County Probate & Family Court; there is no such thing as an execution associated with a judgment of divorce nisi that can be recorded with the registry of deeds.

**M.G.L. c. 209 section 32D** states an that "…under section thirty-two a judgment shall be entered directing a deed, conveyance or release if certain real estate, or interest therein, be made, such a judgment shall create an equitable right to its enforcement subject to the provision for recording of notice in section fifteen of chapter one hundred and eighty-four."

**M.G.L. c. 184 section 15** provides, in pertinent part:

A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

The United States District Court has held that a Federal Tax Lien is junior to an unrecorded judgment where the Government had notice of the prior unsecured interest. **United States of America v. Hunt** 513 F.2d 129 (1975).   In is uncontested that as of April 5, 2003, the United States of America, Internal Revenue Service, having received Lisa Bayko's Application for Innocent Spousal Relief, had

notice of Lisa Bayko's Judgment of Divorce Nisi and had the ability to gain documentation relative to the divorce either through Lisa Bayko or at the Registry of Probate for Essex County. When persons have actual knowledge of an agreement, actual knowledge of an unrecorded interest, they are not in the position to maintain a 'hear no evil see no evil' approach to the matter." ***Emmons v. White*** 58 Mass.App.Ct. 54, 58 (2003).

### III.    Conclusion

An interpleader action is a complaint in equity and the Court has the authority to make an equitable decision within the laws as set forth by the Commonwealth of Massachusetts and the United States of America. (See Wright & Miller's, ***Federal Practice & Procedure***, 7 Fed. Prac. & Proc. Civ. 3rd section 1701).

In making its decision the Court should consider the facts circumstances surrounding the federal tax liens. The fact that the liens are the result of Jeffrey L. Bayko filing amended tax returns, after the parties divorce and contrary to the terms of the separation agreement, and without the knowledge or authority of Lisa J. Bayko. These tax liens, as the mortgages conveyed to Helen and Michael J. Bayko, ultimately effected Lisa J. Bayko's interest in Jeffrey L. Bayko's proceeds of the property located at 7A Graham Ave, Newbury, MA. Jeffrey L. Bayko's intentions were to prevent Lisa Bayko from receiving was she was ordered to take by judgment of the Court. If this Court were to allow the United States of America's Motion for Summary Judgment, it would be denying Lisa Bayko support for herself and her children.

**WHEREFORE**, in consideration of the argument set forth above and the equitable considerations that is before this Court, Lisa J. Bayko respectfully requests that this Honorable Court deny the United States of America's Motion for Summary Judgment.

In support of this Opposition, Lisa J. Bayko relies upon:

1.    Separation Agreement dated May 24, 2002 between Lisa J. Bayko and Jeffrey L. Bayko, Sr.  that have been submitted to this Court in support of her Motion For Summary Judgment as to United States of America;

2.    Judgment of Divorce Nisi dated may 24, 2002;

3.    Order of the Essex County Probate & Family Court dated May 1, 2003 and Order and Stipulation dated July 2, 2003

4.    Application for Innocent Spousal Relief dated March 15, 2003;

5.    Acknowledgement of receipt of Application for Innocent Spousal Relief dated April 5, 2003;

Respectfully submitted,
The Defendant, Lisa J. Bayko
By her Counsel,


/S/ CHRISTINE ANN FARO

_____
CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833


CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 11th day of May 2007, I served a copy of the Defendant Lisa J. Bayko's Notice of Opposition to the United States of America's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-filing as follows:

Attorney Gene R. Charny
Attorney Hans Hailey                                    Attorney Timothy Sullivan
225 Friend Street                                          Andover Law, P.C.
Boston, MA 02144                                        451 Andover Street
                                                                   Andover, MA 01845
Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044


/S/ CHRISTINE ANN FARO
_____
CHRISTINE ANN FARO


15

## Commonwealth of Massachusetts
### The Trial Court
Essex _____ Division    **Probate and Family Court Department**    **Docket No.** __01D0875-DV1__

### Judgment Of Divorce Nisi

_____ Lisa J. Bayko _____ , Plaintiff

of __Newbury_____ in the County of _____ Essex _____

v.

_____ Jeffrey L. Bayko, Sr. _____ , Defendant

of __Boxford_____ in the County of _____ Essex _____

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of _____

_____

Irretrievable Breakdown of the Marriage

_____

as provided by Chapter 208, sections 1, 2 and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that

the Separation Agreement of the parties filed May 24, 2002 is fair and reasonable and not the product of fraud or coercion and does make proper provisions for custody, support and maintenance, for alimony and for the disposition of marital property and is incorporated, not merged into this Judgment and shall survive as an independent contract except for those provisions relating to health insurance, alimony, child custody, support and maintenance and visitation which shall merge and not survive. The parties shall comply with the terms thereof.

All until further order of the Court.

Date __May 24, 2002__

CJ-D 403 (2/90)

Justice of Probate and Family Court

-3/153

**Commonwealth of Massachusetts**
**The Trial Court**

_essex_ Division    **Probate and Family Court Department**    Docket No. _01D - 0875_

## Order — Judgment on Complaint for Civil/Criminal Contempt

filed on _11 / 29 / 02_

_Lisa Baybo_ ,Plaintiff

v.

_Jeffrey L. Baybo, Sr._ ;Defendant

I. After hearing, it is adjudged that the defendant is:

☐ NOT GUILTY of Contempt of this Court.

☑ GUILTY of Contempt of this Court for having willfully:

☑ A.   neglected and refused to pay child support/alimony, the arrearage of which is fixed
at _6,300.00_ .

☐ B.   neglected and refused to pay health insurance premiums for the plaintiff and/or minor
child(ren)

☐ C,   neglected and refused to pay medical bills in the amount of $_____ .

☐ D.   neglected and refused to allow the plaintiff visitation with the minor child(ren) on

_____

_____

☐ E.   neglected and refused to report to the Probation Department regarding his/her job
seeking efforts.

☐ F.   neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount
of $_____ .

☐ G.   _____

_____

_____

_____

_____

**3**

(OVER)

H.  It is ordered that:

A.  the defendant pay $_____ weekly/monthly ($_____
    of which shall be applied against the arrearage).

B.  the defendant pay $_____ weekly/monthly towards the arrearage of
    $_____.

C.  the parties shall comply with the stipulation dated_____
    which is incorporated and merged into this order/judgment.

D.  the defendant shall report in person to the Probation Department of this Court
    each week with evidence of having sought employment from at
    least_____ employers. The defendant shall provide the Probation
    Department with the name, address, and telephone number of the employers and a
    copy of his/her job application or other proof of having actually applied for work.
    VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF
    COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO
    SIX MONTHS.

E.  the defendant shall pay attorney fees in the amount of $_____
    and the cost of service of process which was necessary on this complaint, to wit.
    $_____.

F.  *when the marital home is sold, the Defendant's share of the net proceeds shall be held in escrow by both plaintiff's and Defendant's Counsel, pending further order of the Court.*

III.  It is further ordered that:

A.  the defendant be committed to jail for ___90___ days or until he/she shall
    purge him/herself of said contempt by payment of $ _6300.00_ ~~OR until~~
    ~~further order of the Court OR until he/she be otherwise discharged by due course of~~
    ~~law.~~

B.  this sentence be suspended until ___noon, Friday, May 2, 2003___

C.  this matter is continued to _May 2, 2003 at 12:00 noon at Salem, parties_
    *need not appear if said monies are paid.*

Date __5/1/03__

_____
Justice of the Probate and Family Court

**Commonwealth of Massachusetts**
The Trial Court
_Essex_ **Division**     **Probate and Family Court Department**     Docket No. _01D0875D4_

**Temporary Order**

_Jeffrey L. Bayko, Jr._ , Plaintiff

v.

_Lisa J. Bayko_ , Defendant

Pending a hearing on the merits or until further order of the court, it is ordered that:

1) ☐ plaintiff/defendant be and hereby is prohibited from imposing any restraint on the personal liberty of plaintiff/defendant

2) ☐ plaintiff/defendant have the care and custody of _____

the minor child_____ of the parties _____

3) ☐ plaintiff/defendant be given the following visitation right(s): _____

_____

_____

_____

_____

4) ☐ plaintiff/defendant pay to his/her spouse the sum of_____ forthwith

and the further sum of_____ on each and every _____

hereafter, beginning on_____, for his/her support and that of the minor child_____

5) ☐ said payments to be made to the Probation Department and forwarded to the Department of Public

Welfare/the plaintiff/defendant/the applicable city or town of_____

6) ☒ the parties shall comply with a stipulation ~~or agreement~~ of the parties dated _July 2, 2003_
which is filed with the Court and expressly made a part of this order

7) ☐ plaintiff/defendant pay reasonable medical, dental and hospital expenses of his/her spouse and minor

child_____ and maintain existing medical and hospital insurance

8) ☐ plaintiff/defendant vacate the marital home at _____
(Street and No.)     (City or Town)     (Zip)

for a period of _____ day(s) commencing on _____

9) ☒ _All prior orders not inconsistent with_
_the above remain in full force and effect._

Date _July 2, 2003_ _____

JUSTICE OF THE PROBATE AND FAMILY COURT

_____ Division                                          Docket No. _____

_____ , Plaintiff

                                        v.

_____ . Defendant

## Temporary Order

169

FILED JUL 2 2003

Commonwealth of Massachusetts

Essex, SS.                                        Docket No. 010 0825
                                                           DV₁

Jeffrey Balpto,
    Plaintiff

v.

Lisa Banks,
    Defendant.

Stipulation of Parties
Dated: July 2, 2003

~~As with the~~ As agrees to the Plaintiff's ~~motion~~
for temporary orders, the parties agree that
~~the Plaintiff's~~ any unrecovered medicals
+ college expenses owed by the Plaintiff
will be paid out of the monies held in
the escrow account (see order dated 5/1/03).
~~Out account~~ The balance of fund
will be held in the escrow account
until further order of the court.

[signatures]

Jeffrey Banks                              Lisa Banks

JOSEPH A. BEAN, EA
ENROLLED TO PRACTICE BEFORE
INTERNAL REVENUE SERVICE
MEMBER:
MA ASSOC. OF PUBLIC ACCOUNTANTS
NATIONAL SOC. OF PUBLIC ACCOUNTANTS

EARL S. BEAN, CPA, MBA
DIRECTOR: SALEM STATE COLLEGE
INSTITUTE FOR CONTINUING
EDUCATION FOR ACCOUNTANTS
TECHNICAL COORDINATOR:
UNIVERSITY OF MASSACHUSETTS-AMHERST
TAX SCHOOL
MEMBER:
AMERICAN INSTITUTE OF CERTIFIED PUBLIC
ACCOUNTANTS

**BEAN & ASSOCIATES**
530 LORING AVENUE - SUITE 202
SALEM, MASSACHUSETTS 01970
TEL. (978) 744-0015 • FAX (978) 744-8987

March 17, 2003

Internal Revenue Service
Andover Service Center
Andover, Mass. 01812

Re: Lisa J. Bayko
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
Year: 1999

To Whom It May Concern:

The taxpayer is requesting innocent spouse relief (Form 8857 attached) in regards

to the attached notice of tax due in regards to the 1999 tax year.

Mrs. Bayko has been divorced from her husband since May 24, 2002 and has

lived apart from him at all times during the 12 months period prior to the date

of the filing of the Form 8857.

The source of the notice appears to be a Form 1040X. Mrs. Bayko did not sigh

a Form 1040X in regards to the 1999 year. If the service has a Form 1099X for

1999 containing Mrs. Bayko's signature it is requested that a referral be made

to CID.

Based on the Form 8857 it is hereby requested that all further notices contain

only the name of Jeffrey L. Bayko and be mailed to his last known address:

PO Box 249 or 225 Ipswich Road, Ipswich, Ma 01921.

Mrs. Bayko filed her 2000 return as married filing separately and her2001 return

4

as head of household.  The only income earned by Mrs. Bayko reflected on the 1999

joint return is her salary form the Institute for Savings, Newburyport, Ma.

Yours truly,

Earl Bean

Earl Bean CPA

Form **8857**

(Rev. May 2002)

Department of the Treasury
Internal Revenue Service

**Request for Innocent Spouse Relief**

(And Separation of Liability and Equitable Relief)

▶ Do not file with your tax return.    ▶ See instructions.

OMB No. 1545-1596

**Do not file this form if:**

● You did not file a joint return for the year(s) for which you are requesting relief. However, if you lived in a community property state, see instructions.

● All or part of your overpayment was (or is expected to be) applied against your spouse's past-due debt (such as child support). Instead, file **Form 8379**, Injured Spouse Claim and Allocation, to apply to have your share of the overpayment refunded to you.

**TIP** *To see if you may qualify for **Innocent Spouse Relief**, go to www.irs.gov, click on "Individuals," "Innocent Spouses," and "Explore if you are an Eligible Innocent Spouse"; or see **Pub. 971**, Innocent Spouse Relief.*

| **Part I** | Your current name (see instructions) | Your social security number |
|---|---|---|
| See **Spousal Notification** in the instructions. | LISA J. BAYKO | 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 |

Your current home address (number and street). If a P.O. box, see instructions.    Apt. no.

7A GRAHAM AVE.

City, town or post office, state, and ZIP code. If a foreign address, see instructions.    Daytime phone number

NEWBURY, MA 01951    (881)893-2568

*If you have been a victim of domestic abuse and fear that filing a claim for innocent spouse relief will result in retaliation, check here* .................................................................. ▶ ☐

**Part II**

**1** Enter the year(s) for which you are requesting relief from liability of tax ▶ 1999

**2** Information about the person to whom you were married as of the end of the year(s) in line 1.

| Name | Social security number |
|---|---|
| JEFFREY L BAYKO | 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 |

Current home address (number and street). If a P.O. box, see instructions.    Apt. no.

225 IPSWICH ROAD OR PO BOX 249

City, town or post office, state, and ZIP code. If a foreign address, see instructions.    Daytime phone number

BOXFORD, MA 01921    (978)265-2870

**3** Do you have an **Understatement of Tax** (that is, the IRS has determined there is a difference between the tax shown on your return and the tax that should have been shown)?

☒ **Yes.** Go to Part III.    ☐ **No.** Go to Part V.

**Part III**

**4** Are you divorced from the person listed on line 2 or has that person died?

☒ **Yes.** Go to line 7.    ☐ **No.** Go to line 5.

**5** Are you legally separated from the person listed on line 2?

☐ **Yes.** Go to line 7.    ☐ **No.** Go to line 6.

**6** Have you lived apart from the person listed on line 2 at all times during the 12-month period prior to filing this form?

☒ **Yes.** Go to line 7.    ☐ **No.** Go to Part IV.

**7** If line **4, 5,** or **6** is **Yes,** you may request **Separation of Liability** by **attaching a statement** (see instructions). Check here ▶ ☒ and go to Part IV.

**Part IV**

**8** Is the understatement of tax due to the **Erroneous Items** of your spouse (see instructions)?

☐ **Yes.** You may request Innocent Spouse **Relief** by **attaching a statement** (see instructions). Go to Part V.

☐ **No.** You may request **Equitable Relief** for the understatement of tax. Check **Yes** in Part V.

**Part V**

**9** Do you have an **Underpayment of Tax** (that is, tax that is properly shown on your return but not paid) or another tax liability that qualifies for **Equitable Relief** (see instructions)?

☐ **Yes.** You may request **Equitable Relief** by **attaching a statement** (see instructions).

☐ **No.** You cannot file this form unless line 3 is **Yes.**

Under penalties of perjury, I declare that I have examined this form and any accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| **Sign Here** Keep a copy for your records. | Your signature LB *Lisa J. Bayko* | | | Date 3/15/2003 |
|---|---|---|---|---|

| **Paid Preparer's Use Only** | Preparer's signature *Earl S. Bean CPA* | Date 3/25/2003 | Check if self-employed ☒ | Preparer's SSN or PTIN P00187690 |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | BEAN AND ASSOCIATES | EIN 04-2757824 | |
| | | 530 LORING AVE, SALEM, MA 01970 | Phone no. (978)744-0015 | |

For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Form **8857** (Rev. 5-2002)

ISA
STF FED9049F

## REQUEST FOR INNOCENT SPOUSE RELIEF

## FORM 8857

## REQUESTING SEPARATION OF LIABILITY

## YEAR 1999

TAXPAYER: LISA J. BAYKO
               7A GRAHAM AVE
               NEWBURY, MA 01812
               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

To Whom It May Concern:

I, LISA J. BAYKO, HAVE BEEN DIVORCED FROM MY HUSBAND, JEFFREY L. BAYKO, SINCE MAY 24, 2002 AND HAVE LIVED APART AT ALL TIMES DURING THE 12-MONTH PERIOD PRIOR TO THE DATE OF THE FILING OF THE FORM 8857.

THE ONLY INCOME REFLECTED ON THE ORIGINALLY JOINTLY FILED FORM 1040 FOR 1999 FOR WHICH I AM RESPONSIBLE FOR THE TAXES ARE MY WAGES FROM THE INSTITUTION FOR SAVINGS OF NEWBURYPORT, MASS.

I AM HEREBY REQUESTING A COMPUTATION OF SEPARATE TAX LIABILITY.

I HAVE NO KNOWLEDGE OF THE NATURE OF THE INCOME WHICH CREATED THE ADDITIONAL TAX REFLECTED ON THE 3/4/2003 NOTICE. IF A FORM 1040X WAS FILED REFLECTING MY SIGNATURE, THE SIGNATURE WAS PLACED ON THE FORM WITHOUT MY KNOWLEDGE.

*Lisa J. Bayko*
LISA J. BAYKO

**Department of the Treasury**
**Internal Revenue Service**
Stop 840F,   201 W. Rivercenter Blvd.
Covington, KY 41011

Date: APR 0 5 2003

Lisa J Bayko
7 A Graham Ave
Newbury,   MA   01951

Dear:   Lisa J Bayko

**Social Security Number:**
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

**Tax Form:**
8857

**Tax Years(s):**
1999

**Contact Person:**
Mrs. Weiss

**Employee Identification Number:**
17-03560

**Contact Telephone Number:**
(859) 669-3731
Hours: 7:30 a.m. - 4:00 p.m. EST

**FAX Number:**
(859) 669-7187

We are writing to let you know we received your request for innocent spouse relief for the year(s) shown above and to provide you information on the claim process. The enclosed Publication 971 explains innocent spouse relief in more detail.

To determine if you meet the requirements for relief, we request you complete the enclosed questionnaire and return it with a copy of this letter, in the pre addressed envelope, within 30 days. You may also FAX it to us at the number shown above.

The law requires us to notify the (ex)spouse whose name appears on the joint return(s) for which you have requested innocent spouse relief. We sent that (ex)spouse a questionnaire similar to the one we are sending you. When writing or talking to that (ex)spouse we will not disclose any current personal information about you, such as a new name address or phone number. While we wait for you and the (ex)spouse to reply we will gather other information, such as your original return(s), that is important in evaluating your claim. These actions take approximately 3 months.

Your claim and the information gathered will be given to an examiner who may need to contact you to discuss your responses to the questionnaire or obtain additional information. The examiner will make a decision based on all available information and we will send you a letter explaining the decision. At our current inventory level, these actions take approximately 6 additional months.

If you are granted full relief, no additional action on your part will be necessary. If you are not granted full relief you can decide to agree, or disagree by asking the IRS Appeals office nearest you to review the decision. If you do not reply to the first determination letter we will issue a final determination letter. At that time you can again decide to agree, or disagree by filing a petition with the United States Tax Court.

5

Generally, **while your claim is pending,** the IRS will not try to collect the tax from you for the claim year(s). For example, if you are due a refund for another year, we will not apply it against the unpaid taxes for the claim year(s). Because of this, the time we have to collect the tax from you will be extended for a similar period. The collection time will not be extended if your claim is only for a balance due shown on a return when filed, but not paid.

Even if your claim is allowed in full, not all innocent spouse relief provisions allow refunds of amounts you paid. This includes payments you make while your claim is pending. Therefore, you should carefully consider the decision to make payments.

If you have any questions about this letter, please contact the person whose name and telephone number are shown on the first page of this letter.

Sincerely yours,

Diana Huebner.
Manager

Enclosures:
Questionaire
Copy of Letter
Return Envelope
Publication 971
Notice 609

Cc - To POA

## REQUEST FOR INNOCENT SPOUSE RELIEF

## FORM 8857

## REQUESTING SEPARATION OF LIABILITY

## YEAR 1999

TAXPAYER: LISA J. BAYKO
     7A GRAHAM AVE
     NEWBURY, MA 01812
     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

To Whom It May Concern:

I, LISA J. BAYKO, HAVE BEEN DIVORCED FROM MY HUSBAND,

JEFFREY L. BAYKO, SINCE MAY 24, 2002 AND HAVE LIVED APART

AT ALL TIMES DURING THE 12-MONTH PERIOD PRIOR TO THE

DATE OF THE FILING OF THE FORM 8857.

THE ONLY INCOME REFLECTED ON THE ORIGINALLY JOINTLY

FILED FORM 1040 FOR 1999 FOR WHICH I AM RESPONSIBLE FOR THE TAXES

ARE MY WAGES FROM THE INSTITUTION FOR SAVINGS OF NEWBURYPORT,

MASS.

I AM HEREBY REQUESTING A COMPUTATION OF SEPARATE TAX

LIABILITY.

I HAVE NO KNOWLEDGE OF THE NATURE OF THE INCOME WHICH

CREATED THE ADDITIONAL TAX REFLECTED ON THE 3/4/2003 NOTICE.

IF A FORM 1040X WAS FILED REFLECTING MY SIGNATURE, THE SIGNATURE

WAS PLACED ON THE FORM WITHOUT MY KNOWLEDGE.

LISA J. BAYKO

| Form **8857** | **Request for Innocent Spouse Relief** | |
|---|---|---|
| (Rev. May 2002) | (And Separation of Liability and Equitable Relief) | OMB No. 1545-1596 |
| Department of the Treasury<br>Internal Revenue Service | ▶ Do not file with your tax return.     ▶ See instructions. | |

**Do not file this form if:**

● You did not file a joint return for the year(s) for which you are requesting relief. However, if you lived in a community property state, see instructions.

● All or part of your overpayment was (or is expected to be) applied against your spouse's past-due debt (such as child support). Instead, file **Form 8379**, Injured Spouse Claim and Allocation, to apply to have your share of the overpayment refunded to you.

**TIP** *To see if you may qualify for **Innocent Spouse Relief**, go to www.irs.gov, click on "Individuals," "Innocent Spouses," and "Explore if you are an Eligible Innocent Spouse"; or see **Pub. 971**, Innocent Spouse Relief.*

**Part I**

See **Spousal Notification** in the instructions.

| Your current name (see instructions) | Your social security number |
|---|---|
| LISA J. BAYKO | 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 |

| Your current home address (number and street). If a P.O. box, see instructions. | Apt. no. |
|---|---|
| 7A GRAHAM AVE. | |

| City, town or post office, state, and ZIP code. If a foreign address, see instructions. | Daytime phone number |
|---|---|
| NEWBURY, MA 01951 | (881) 893-2568 |

*If you have been a victim of domestic abuse and fear that filing a claim for innocent spouse relief will result in retaliation, check here* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II**

**1** Enter the year(s) for which you are requesting relief from liability of tax ▶ 1999
**2** Information about the person to whom you were married as of the end of the year(s) in line 1.

| Name | Social security number |
|---|---|
| JEFFREY L BAYKO | 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 |

| Current home address (number and street). If a P.O. box, see instructions. | Apt. no. |
|---|---|
| 225 IPSWICH ROAD OR PO BOX 249 | |

| City, town or post office, state, and ZIP code. If a foreign address, see instructions. | Daytime phone number |
|---|---|
| BOXFORD, MA 01921 | (978) 265-2870 |

**3** Do you have an **Understatement of Tax** (that is, the IRS has determined there is a difference between the tax shown on your return and the tax that should have been shown)?
☒ **Yes.** Go to Part III.          ☐ **No.** Go to Part V.

**Part III**

**4** Are you divorced from the person listed on line 2 or has that person died?
☒ **Yes.** Go to line 7.          ☐ **No.** Go to line 5.

**5** Are you legally separated from the person listed on line 2?
☐ **Yes.** Go to line 7.          ☐ **No.** Go to line 6.

**6** Have you lived apart from the person listed on line 2 at all times during the 12-month period prior to filing this form?
☒ **Yes.** Go to line 7.          ☐ **No.** Go to Part IV.

**7** If line **4, 5,** or **6** is Yes, you may request **Separation of Liability** by **attaching a statement** (see instructions). Check here ▶ ☒ and go to Part IV.

**Part IV**

**8** Is the understatement of tax due to the **Erroneous Items** of your spouse (see instructions)?
☐ **Yes.** You may request **Innocent Spouse Relief** by **attaching a statement** (see instructions). Go to Part V.          ☐ **No.** You may request **Equitable Relief** for the understatement of tax. Check **Yes** in Part V.

**Part V**

**9** Do you have an **Underpayment of Tax** (that is, tax that is properly shown on your return but not paid) or another tax liability that qualifies for **Equitable Relief** (see instructions)?
☐ **Yes.** You may request **Equitable Relief** by **attaching a statement** (see instructions).          ☐ **No.** You cannot file this form unless line 3 is **Yes.**

Under penalties of perjury, I declare that I have examined this form and any accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| **Sign Here**<br>Keep a copy for your records. | Your signature ▶ *LB Lisa J Bayko* | | | Date<br>3/15/2003 |
|---|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's signature ▶ *Earl S. Bean CPA* | Date 3/25/2003 | Check if self-employed ☒ | Preparer's SSN or PTIN<br>P00187690 |
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ | BEAN AND ASSOCIATES | EIN 04-2757824 | |
| | | 530 LORING AVE, SALEM, MA 01970 | Phone no. (978) 744-0015 | |

For Privacy Act and Paperwork Reduction Act Notice, see instructions.          Form **8857** (Rev. 5-2002)
ISA
STF FED9049F