UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. <u>05-11746 GAO</u>

| | |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>          Plaintiff,<br><br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS R. HAILEY, AND THE UNITED STATES<br>OF AMERICA,<br>          Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

OBJECTION TO MAGISTRATE JUDGE BOWLER'S
REPORT AND RECOMMENDATION RE: LISA BAYKO'S MOTION FOR SUMMARY
JUDGMENT AND THE UNITED STATES CROSS MOTION FOR SUMMARY
JUDGEMENT

Michael and Helen Bayko repeat their Objection to the Report and Recommendation of Judge Bowler regarding their Motion for Summary Judgment.

Judge Bowler found that they were not parties to the divorce. She found that res judicata did not apply.

Her recommendation rests on her baseless conclusion that 'as a matter of law' they had actual knowledge of the terms of the separation agreement.

This conclusion could not be reached as a matter of fact as it is in direct contradiction to the unrebutted evidence. There is no evidence that Michael or Helen Bayko knew the terms of the divorce. In fact, the unrebutted evidence (their Affidavits) show they knew of the divorce, but, they did not know the specific details.

Judge Bowler's conclusion that they had actual knowledge appears to rest on the premise that because they know of the divorce, the elders should have known that Lisa would protect her interests. However, the interests that Mr. and Mrs. Bayko attached were not Lisa's interests. At the time of the mortgage, the record clearly shows that there were more than sufficient assets to pay the mortgage and Lisa's current claims. (The mortgage was primarily to allow Jeffrey to pay

his past due child support and purge himself of contempt. The large sums demanded now are mostly for child support payments missed years after the mortgage was executed and recorded.)

Although, one can be held responsible where he has actual knowledge of a debt, there is no affirmative duty in the law for a potential lender to go beyond the record title merely because the potential borrower is, or may become divorced.

Judge Bowler in her most recent report excerpts and interprets a clause from the Separation Agreement which was incorporated into the Probate and Family Court's Divorce Decree. Adopting her approach would require any potential lender with knowledge that an individual has been divorced to review the divorce trial record and interpret the Orders of the Court, including without limitation, reviewing and interpreting Separation Agreements incorporated into Court Orders. Query, if this amazing new burden to title examination is imposed by this Court, what is a title examiner to do when the divorce file is impounded?

    Wherefore, Michael and Helen Bayko renew their objection. They ask this Court to grant them summary judgment based on record title and the clear facts.

Date:   9/7/07

Respectfully submitted,
Helen E. Bayko and Michael J. Bayko,
By their attorney,

/s/ Timothy D. Sullivan

Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244