UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

_____
                                    )
GMAC MORTGAGE CORPORATION,          )
                         Plaintiff  )
                                    )
                                    )
V.                                  )
                                    )
JEFFREY L. BAYKO, LISA J. BAYKO,    )
HELEN E. BAYKO, MICHAEL J. BAYKO,   )
HANS HAILEY, AND THE UNITED         )
STATES OF AMERICA,                  )
                         Defendant  )
_____ )

**LISA BAYKO'S MEMORANUM OF LAW
IN SUPPORT OF HER MOTION FOR RECONSIDERATION**

Lisa Bayko submits this memorandum in support of her motion for reconsideration with regards to the Magistrate's recommendation dated August 30, 2007. Lisa Bayko relies on the Facts that were submitted to the Court in support of her motion for summary judgment and the additional facts as stated in her motion for reconsideration.

**II.   ARGUMENT**

**A.   IN GENERAL**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,*

1

*950 F.2d 816, 822 (1st Cir.1991)* (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The motion judge does not pass on the weight or credibility of the evidence, which may be in the form of affidavits, depositions, interrogatories, admissions, and sworn pleadings. *Attorney General v. Bailey,* 386 Mass. 367, 370, 436 N.E.2d 139, cert. denied, 459 U.S. 970, 103 S.Ct. 301, 74 L.Ed.2d 282 (1982). That some facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the disputed issue of fact must be material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202 (1986). *Norwood v. Adams-Russell Co.,* 401 Mass. 677, 683, 519 N.E.2d 253 (1988). "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510.

     **A.    LISA BAYKO'S HOMESTEAD DECLARATION TAKES PRIORITY OVER THE INTERST OF THE UNITED STATES OF AMERICA**

On December 7, 2001, Lisa Bayko filed and a recorded Declaration of Homestead with the Essex County Registry of Deeds. Said Homestead was prepared and recorded pursuant to M.G.L. c. 188 section 1.[1] The Declaration of Homestead protects the estate from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies…**Id**.; **In Re Vasquez** 337 B.R. 255, 257 (2006), quoting,

---

[1] . (a) A Massachusetts Homestead estate as to a principal residence may be acquired by recordation of the statutory declaration in the requisite registry, (b) such a declaration requires an affirmance of ownership and either occupancy or intent to occupy; (c0 the homestead protections extend to the declarants family, to the subject proprety, and equity in the subject's property up to $500,000.00; (d) exemptions (including those based upon a homestead estate) must be liberally construed in favor of the declarant; and (e) the party objecting to an exemption claim bears the burden of proof by a preponderance of the evidence. **In re Tofan**i 365 B.R. 338 (2007).

**In Re Fiffy**, 281 B.R. 451, 454 (Bankr.D.Mass 2002)

The homestead character is not destroyed even by divorce, if one of the parties continues to maintain the property as a proper homestead. **United States v. Rodgers, 461 U.S. 677, 686 (1983).** Pursuant to the laws of the Commonwealth of Massachusetts, only one home owner can declare an estate of homestead. See M.G.L. c. 188 section 1. At the time Lisa Bayko filed her Declaration of Homestead she had an undivided interest in the property as a tenant by the entirety. Since Jeffrey Bayko was her husband, he could seek protection under the homestead. **In Re Vasquez**, 337 B.R. 255, 258 (2006), citing **In re Cassese**, 286 B.R. 472 (Bankr. D. Mass. 2002). The fact that Jeffrey L. Bayko and Lisa Bayko are ex-spouses, this does not alter the homestead protection since at the time of the declaration the parties were married. **Id.**

If the court is to impose the first in time rule as set forth on page 14 of its August 30, 2007 decision than the Court has to honor the Homestead Declaration and give it priority over the Federal Tax Liens. See **United States of America v. Estate of Francis Romani et al**. 523 S.C. 517 (1998). Lisa Bayko's Declaration of Homestead was recorded prior to any tax assessments or I.R.S. liens and therefore takes priority over the liens of the United States of America and Hans Hailey. Further thereto, Lisa Bayko as the non-delinquent spouse is entitled, as part of the distribution of proceeds, to so much of the proceeds as represents complete compensation for the loss of the homestead estate. **United States v. Rodgers, 461 U.S. 677, 680 (1983).**

3

> B. **THE UNITED STATES DOES NOT HAVE A VALID PERFECTED LIEN AND THEREFORE LISA BAYKO HAS A PRIORITY INTEREST**

The Court in its August 30, 2007 decision has relied upon the fact that Lisa Bayko was not a "judgment lien creditor", a fact that Lisa Bayko disputes. Despite the Court's position, Lisa Bayko was a judgment lien creditor. A judgment creditor has been defined as a person who has obtained a valid judgment…for the recovery of specifically designated property or for a certain sum of money…" **Smola v. Camara**, 16 Mass.App. Ct. 908 (1983). On May 24, 2002, the parties entered a separation agreement that was merged and incorporated with the Judgment of Divorce Nisi dated May 24, 2002. The Judgment of Divorce Nisi was entered and docketed on May 24, 2002. As part of that Judgment Lisa Bayko was given an interest in Jeffrey Bayko's interest in the property. As of May 24, 2002, Lisa Bayko was a Judgment Creditor.[2]

**M.G.L. c. 208 section 34A** states an that "whenever a judgment of divorce for alimony shall be made in a proceeding for divorce directing that a deed, conveyance or release of any real estate or interest therein shall be made such judgment shall create an equitable right to its enforcement, subject to the provisions for recording of notice in section fifteen of chapter one hundred and eighty-four."

**M.G.L. c. 184 section 15** provides, in pertinent part:

   A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the

---

[2]. It is inequitable for this court to sweep the Judgment of Divorce Nisi under the Rug. The United States bankruptcy Code section 522(f)(1) considers a Judgment of Divorce Nisi a Judicial Lien. **Owen v. Owen**, 500 U.S. 305 (1991).

parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

Lisa Bayko may not have recorded the judgment of divorce nisi with the Essex County Registry of Deeds, but the entry of proceedings on May 24, 2002 had effect on the IRS on or before April 5, 2003, when the IRS received her application for Innocent Spousal Relief.  At this point in time, the IRS had "actual non-record notice." (The Court has conceded in their recommendation that the IRS had notice).  It is incumbent upon this Court under Massachusetts Law, that the Judgment of Divorce Nisi shall have effect upon the United States of America once they have received notice, especially in light of the fact that they had an unperfected lien.[3]

In its August 30, 2007 decision, the Court failed to address the issue that the United States of America, Internal Revenue Service had an unperfected lien.  The United States has to defer to the Commonwealth of Massachusetts with regards to the recording of a Federal tax lien as required under subsection (f)(1)(A)(i) of 26 U.S.C. (Recordation must be made in accordance with the laws of the State of where the property is located.)  In the Commonwealth of Massachusetts, a Federal Tax lien does not attach to the property unless it is filed be filed with the Registry of Deeds in the county in where such real property or fixtures is situated. **M.G.L. c. 36 section 24**.  The Court has held that the tax lien is not "valid as against any…judgment lien creditor until notice thereof meets the requirements of [26 U.S.C. 6323] subsection (f) has been filed. **Smola v. Camara**, 16 Mass.App. Ct. 908 (1983).

---

[3] .   It is evident that the IRS had notice as by the time the I.R.S. filed the second set of tax liens, June of 2003, the liens were as to Jeffrey Bayko only.

The tax lien dated May 2, 2003 is not perfected because it was wrongfully recorded at the Middlesex County Registry of Deeds instead of the Essex County South Registry of Deeds and therefore cannot be given priority over Lisa Bayko, given her status as a judgment lien creditor and the priority position of her Homestead Declaration.

                                    Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

                                    /s/ CHRISTINE ANN FARO
                                    _____
                                    CHRISTINE ANN FARO
                                    BBO #  552541
                                    79 State Street
                                    Newburyport, MA 01950
                                    (978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 28th day of March 2007, I served a copy of the Defendant Lisa J. Bayko's Motion for reconsideration upon the parties of record by serving a copy of the same upon their counsel of record by e-mail as follows:

Attorney Gene R. Charny
Attorney Hans Hailey                        Attorney Timothy Sullivan
225 Friend Street                             Andover Law, P.C.
Boston, MA 02144                           451 Andover Street
                                                       Andover, MA 01845

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

                                    /S/ CHRISTINE ANN FARO
                                    _____
                                    CHRISTINE ANN FARO