UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION, | ) |
|                Plaintiff | ) |
| V. | ) |
| JEFFREY L. BAYKO, LISA J. BAYKO, HELEN E. BAYKO, MICHAEL J. BAYKO, HANS HAILEY, AND THE UNITED STATES OF AMERICA, | ) |
|                Defendant | ) |

**LISA BAYKO'S OBJECTIONS TO MAGISTRATE JUDGE BOWLER'S
REPORT AND RECOMMENDATION WITH REGARDS TO
THE UNITED STATES AND LISA J. BAYKO'S
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Lisa Bayko submits her objections to the report and Recommendation of Judge Bowler regarding Lisa Bayko and the United States Cross-Motions for Summary Judgment.

**Factual Background**

1.  Judge Bowler found that the separation agreement was an "independent contract"

1

binding upon the two parties. (Report and Recommendation, page 8)

Judge Bowlers' statement is factually incorrect.  The Judgment of Divorce Nisi, Exhibit 2, merged all issues regarding health insurance, alimony, child support, support and maintenance and visitation.  Issues regarding property division and alimony were incorporated, not merged and survived as an independent contract.

**Discussion**

2.      Judge Bowler found that the lien imposed by 26 U.S.C. section 6321 ("section 6321") arises at the time the assessment is made and continues until the liability for amount is satisfied or becomes enforceable by reason of lapse of time. 26 U.S.C. 6332. (Report and Recommendation, page 14)

Judge Bowler may be correct that a liability arises upon assessment but a tax liability does not attach to the property upon assessment.  In the Commonwealth of Massachusetts, a Federal Tax lien does not attach to the property unless it is filed be filed with the Registry of Deeds in the county in where such real property or fixtures is situated. **M.G.L. c. 36 section 24**.

3.      Judge Bowler found that although Lisa Bayko had a valid divorce judgment as of May 24, 2002, she was not a judgment lien creditor within the meaning of the Internal Revenue Code.  (Report and Recommendation, pages 14-16).

The Federal Court have to look to the laws of the Commonwealth of Massachusetts to determine whether Lisa Bayko was a judgment lien creditor. Despite

the Court's position, Lisa Bayko was a judgment lien creditor. A judgment creditor has been defined as a person who has obtained a valid judgment…for the recovery of specifically designated property or for a certain sum of money…" **Smola v. Camara**, 16 Mass.App. Ct. 908 (1983). On May 24, 2002, the parties entered a separation agreement that was merged and incorporated with the Judgment of Divorce Nisi dated May 24, 2002. The Judgment of Divorce Nisi was entered and docketed on May 24, 2002. As part of that Judgment Lisa Bayko was given an interest in Jeffrey Bayko's interest in the property. As of May 24, 2002, Lisa Bayko was a Judgment Creditor.[1] As of April 25, 2003, the United states of America, Internal Revenue Service had "actual non-record notice" of the judgment of divorce nis.

4.  Judge Bowler Found that the United States of America, Internal Revenue Service had priority over Lisa Bayko because she not have a valid and perfected lien and therefore the federal lien takes priority. (Report and Recommendation, page 16).

Judge Bowler overlooked the fact that the Internal Revenue Service had an unperfected federal tax lien and stated that the date of assessment created the lien. The federal tax lien dated May 1, 2003 was filed in the wrong County, Northern Middlesex Registry of Deeds. The Federal Court, as the United States of America, has to look to the Laws of the Commonwealth of Massachusetts as to its recording and notice provisions. A federal tax lien does not attach to the property unless it is filed be filed with the Registry of Deeds in the county in where such real property or fixtures is situated. **M.G.L. c. 36**

---

[1]. It is inequitable for this court to sweep the Judgment of Divorce Nisi under the Rug. The United States bankruptcy Code section 522(f)(1) considers a Judgment of Divorce Nisi a Judicial Lien. **Owen v. Owen**, 500 U.S. 305 (1991).

3

**section 24**. The federal tax lien dated May 1, 2003 was recorded in the wrong county and therefore it was not valid. Further thereto an assessment of taxes may create a liability but does not create an enforceable lien upon property unless it is filed be filed with the Registry of Deeds in the county in where such real property or fixtures is situated. **M.G.L. c. 36 section 24**.

As of April 25, 2003, the Internal Revenue Service had "actual non-record notice" of the judgment of divorce nisi. Lisa Bayko had complied with the notice and recording provisions of the Commonwealth of Massachusetts. **M.G.L. c. 208 section 34A** states an that "whenever a judgment of divorce for alimony shall be made in a proceeding for divorce directing that a deed, conveyance or release of any real estate or interest therein shall be made such judgment shall create an equitable right to its enforcement, subject to the provisions for recording of notice in section fifteen of chapter one hundred and eighty-four." **M.G.L. c. 184 section 15** provides, in pertinent part:

A wit of entry or other proceeding that affects the title to real property or the use and occupation thereof or the building thereon, shall not have any effect except against the parties thereto, their heirs and devisees and **persons having actual non-record notice**……..

Lisa Bayko may not have recorded the judgment of divorce nisi with the Essex County Registry of Deeds, but the entry of proceedings on May 24, 2002 had effect on the IRS on or before April 5, 2003, when the IRS received her application for Innocent Spousal Relief. At this point in time, the IRS had "actual non-record notice." (The Court has conceded in their recommendation that the IRS had notice). It is incumbent upon this Court under Massachusetts Law, that the Judgment of Divorce Nisi shall have effect upon

4

the United States of America once they have received notice, especially in light of the fact that they had an unperfected lien.[2]

5.      Judge Bowler found that since Lisa Bayko was not a judgment lien creditor under section 6323 (a), the notice requirements under section 6323(f)…do not apply. The statute is clear on its fact that the notice procedures of section 26 U.S.C. (f) only apply to those parties specifically enumerated in section 63623(f). The federal tax liens dated May 1, 2003, against Jeffrey Bayko's share of the surplus became valid at the time of assessment and therefore have priority over Lisa Bayko's unperfected and inchoate claims. (Report and Recommendation, pages 17-18).

Judge Bowler is incorrect in her recommendation. As a federal lien or assessment cannot attach to property unless it is filed be filed with the Registry of Deeds in the county in where such real property or fixtures is situated. **M.G.L. c. 36 section 24**. By the time the I.R.S. had a valid and perfected lien, they had actual notice of the judgment of divorce nisi in accordance with M.G.L. c. 184 section 15.

The tax lien dated May 2, 2003 is not perfected because it was wrongfully recorded at the Northern Middlesex County Registry of Deeds instead of the Essex County South Registry of Deeds and therefore cannot be given priority over Lisa Bayko, given her status as a judgment lien creditor and the priority position of her Homestead Declaration.

---

[2]. It is evident that the IRS had notice as by the time the I.R.S. filed the second set of tax liens, June of 2003, the liens were as to Jeffrey Bayko only.

6.     Lisa Bayko objects to the United States of America, the federal tax liens, taking priority over her interest as she have a declaration of Homestead that was filed on December 7, 2001. Parties had recently become aware of the declaration of homestead.

On December 7, 2001, Lisa Bayko filed and a recorded Declaration of Homestead with the Essex County Registry of Deeds.  Said Homestead was prepared and recorded pursuant to M.G.L. c. 188 section 1.[3]  The Declaration of Homestead protects the estate from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies…**Id**.; **In Re Vasquez**  337 B.R. 255, 257 (2006), quoting, **In Re Fiffy**, 281 B.R. 451, 454 (Bankr.D.Mass 2002)

The homestead character is not destroyed even by divorce, if one of the parties continues to maintain the property as a proper homestead. **United States v. Rodgers, 461 U.S. 677, 686 (1983).**  Pursuant to the laws of the Commonwealth of Massachusetts, only one home owner can declare an estate of homestead. See M.G.L. c. 188 section 1. At the time Lisa Bayko filed her Declaration of Homestead she had an undivided interest in the property as a tenant by the entirety.  Since Jeffrey Bayko was her husband, he could seek protection under the homestead. **In Re Vasquez**, 337 B.R. 255, 258 (2006), citing **In re Cassese**, 286 B.R. 472 (Bankr. D. Mass. 2002).  The fact that Jeffrey L. Bayko and Lisa Bayko are ex-spouses, this does not alter the homestead protection since at the time of the

---

[3].     (a) A Massachusetts Homestead estate as to a principal residence may be acquired by recordation of the statutory declaration in the requisite registry, (b) such a declaration requires an affirmance of ownership and either occupancy or intent to occupy; (c0 the homestead protections extend to the declarants family, to the subject property, and equity in the subject's property up to $500,000.00; (d) exemptions (including those based upon a homestead estate)  must be liberally construed in favor of the declarant; and (e) the party objecting to an exemption claim bears the burden of proof by a preponderance of the evidence. **In re Tofan**i 365 B.R. 338 (2007).

declaration the parties were married. **Id.**

If the court is to impose the first in time rule as set forth on page 14 of its August 30, 2007 decision than the Court has to honor the Homestead Declaration and give it priority over the Federal Tax Liens. See **United States of America v. Estate of Francis Romani et al**. 523 S.C. 517 (1998).  Lisa Bayko's Declaration of Homestead was recorded prior to any tax assessments or I.R.S. liens and therefore takes priority over the liens of the United States of America and Hans Hailey.   Further thereto, Lisa Bayko as the non-delinquent spouse is entitled, as part of the distribution of proceeds, to so much of the proceeds as represents complete compensation for the loss of the homestead estate. **United States v. Rodgers, 461 U.S. 677, 680 (1983).**

**WHEREFORE**, Lisa J. Bayko, respectfully requests that this Honorable Court deny the United States of America's Motion for Summary Judgment and allow her Motion for Summary Judgment.

                    Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

                    /s/ CHRISTINE ANN FARO
                    _____

                    CHRISTINE ANN FARO
                    BBO # 552541
                    79 State Street
                    Newburyport, MA 01950
                    (978) 462-4833

### CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 10th day of September 2007, I served a copy of the Defendant Lisa J. Bayko's Notice of Objections upon the parties of record by serving a copy of the same upon their counsel of record by e-mail as follows:

| | |
|---|---|
| Attorney Gene R. Charny<br>Attorney Hans Hailey<br>225 Friend Street<br>Boston, MA 02144 | Attorney Timothy Sullivan<br>Andover Law, P.C.<br>451 Andover Street<br>Andover, MA 01845 |
| Pamela Grewal<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 55,<br>Ben Franklin Station<br>Washington, D.C. 20044 | |

                    /S/ CHRISTINE ANN FARO
                    _____
                    CHRISTINE ANN FARO