**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CASE NO. 05-11746GAO**

| |
|---|
| **GMAC MORTGAGE CORPORATION,** <br>   Plaintiff <br><br>v. <br><br>**JEFFREY L. BAYKO, SR., LISA J. BAYKO, HELENE. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, AND THE UNITED STATES OF AMERICA,** <br>   Defendants |

**DEFENDANT HAILEY'S OPPOSITION TO LISA BAYKO'S MOTION FOR RECONSIDERATION AS TO THE MAGISTRATE'S DECISION**
**DATED AUGUST 30, 2007**

     The defendant, Hans R. Hailey, respectfully requests the court deny Lisa Bayko's Motion for Reconsideration as to the Magistrate's Decision Dated August 30, 2007. Hans R. Hailey asserts and does not waive his superior priority position as to Helen and Michael Bayko, Lisa Bayko, and the United States of America.

**LISA BAYKO'S MOTION FOR RECONSIDERATION**

     After twice failing to prove to the court the validity of her claim for priority, Lisa Bayko now seeks a third bite at the apple. Lisa Bayko has now discovered, after almost three years of litigation in this matter, that she recorded a homestead on the property which is the source of the funds now in dispute. She now claims that this homestead,

recorded on December 7, 2001 in the Southern District, Essex County Registry of Deeds, gives her priority over Hans R. Hailey's attorney's lien. This argument fails for two reasons..

The first reason Lisa Bayko's argument fails is that the homestead exemption, even if valid, would not apply to Hailey's lien because it predates the alleged homestead. An attorney's lien attaches "[f]rom the authorized commencement of an action, counterclaim or other proceeding in any court, . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom." Mass. Gen. Laws ch 221, § 50. Once a judgment is entered, the lien relates back to the date the action was filed. *In Re Rothwell*, 159 B.R. 374, 380 (D.Mass. 1993).

Hailey was retained by Jeffrey Bayko, on or about June 11, 2001, to represent him in his divorce matter, *Bayko v. Bayko*, Essex Probate Court No. 01D 0875 DV1. Hailey filed Jeffrey Bayko's Answer to Complaint for Contempt and Counterclaim for Modification in that divorce matter on or about June 26, 2001.

Hailey's attorney's lien relates back to the date the action was filed, on or about June 26, 2001, a date nearly 6 months earlier in time to Lisa Bayko's homestead recording. Hailey's attorney's lien has priority over Lisa Bayko's claim regardless of her theory of priority.

The second reason Lisa Bayko's argument fails is that even if the exemption

applied to Hailey's lien, the exemption is simply inapplicable to these circumstances. The property has already been validly sold by the mortgagee and this action seeks only to disburse the excess proceeds.

Lisa Bayko cites *United States v. Rogers*, 461 US. 677 in an attempt to transform what was a mortgage foreclosure sale into a sale to satisfy tax indebtedness. In *Rogers*, the forced sale of the homestead property was to satisfy a tax indebtedness and the non-delinquent spouse was "entitled, as part of the distribution of the proceeds. . . to so much of the proceeds as represents complete compensation for the loss of the homestead estate." *United States v. Rogers*, 461 U.S. 677, 680 (1983).

Mass. Gen. Laws c. 188, § 1 provides a homestead estate in the land and buildings by the owners of the home who occupy the home.[1]  A homestead declaration does not

---

[1] Massachusetts General Law Chapter 188, section 1.  An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

(1) sale for taxes;

(2) for a debt contracted prior to the acquisition of said estate of homestead;

(3) for a debt contracted for the purchase of said home;

(4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;

(5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand;

(6) upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate

necessarily protect any surplus proceeds from a sale pursuant to one of the statutory exceptions from distribution to other creditors.

The funds in question here are Jeffrey Bayko's proceeds from the mortgage foreclosure sale. There is no non-delinquent spouse. As Lisa Bayko and Jeffrey Bayko were tenants in common at the time of the sale, each is entitled to their respective share of the proceeds. Lisa Bayko has realized her share.

## CONCLUSION

Lisa Bayko's request for reconsideration grounded in the recent disclosure of a Homestead Declaration is without merit and must fail. Hans R. Hailey's attorney's lien has priority by statute and caselaw establishing his date of priority to be on or about June 26, 2001, six months prior to Lisa Bayko's recording of her homestead.

Dated: September 11, 2007   Respectfully submitted,
                            For the Defendant Hans R. Hailey:


                             /s/ Gene R. Charny
                            Gene R. Charny
                            Law Offices of Hans R. Hailey
                            225 Friend Street, 5th Floor
                            Boston, Massachusetts 02114
                            Tel. (617) 723-4010
                            BBO # 641129

---

of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

## CERTIFICATE OF SERVICE

      I, Gene R. Charny, attorney for the defendant, Hans R. Hailey, hereby certify that on this 28th day of March, 2007, I served copies of Defendant Hailey's Opposition to Lisa Bayko's Motion for Reconsideration as to the Magistrate's Decision Dated August 30, 2007 through the ECF system and copies will be sent electronically to the registered participants below as identified on theNotice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

| | |
|---|---|
| Christine A. Faro, Esq. | Timothy Sullivan, Esq. |
| 79 State Street | Andover Law, P.C. |
| Newburyport, Massachusetts 01950 | 451 Andover Street |
| | Andover, Massachusetts 01845 |

Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

                                                                                                                /S/ Gene R. Charny

                                                                                                                Gene R. Charny