UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-11746GAO

GMAC MORTGAGE
CORPORATION,
   Plaintiff

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO, HELENE. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, AND THE UNITED STATES OF AMERICA,
   Defendants

**DEFENDANT HANS R. HAILEY'S RESPONSE TO
HELEN AND MICHAEL BAYKO'S OBJECTION TO MAGISTRATE JUDGE
BOWLER'S REPORT AND RECOMMENDATION RE: LISA BAYKO'S MOTION FOR
SUMMARY JUDGMENT AND THE UNITED STATES CROSS MOTION FOR
<u>SUMMARY JUDGEMENT</u>**

    Hans R. Hailey re-asserts and does not waive his superior priority position as to Helen and Michael Bayko, Lisa Bayko, and the United States of America. Hailey further states that his priority position is superior to all other parties both by recording date and by the recommendations of Magistrate Judge Bowler in her Reports and Recommendations dated August 10, 2006 and August 30, 2007.

    Under Massachusetts law, an attorney's lien takes effect from the authorized commencement of an action or any proceeding in any court. G. L. c. 221, § 50. Hailey's lien takes priority, even though it was recorded after Michael and Helen Bayko's first

mortgage was recorded, because the lien took effect and was perfected by the divorce judgment before the Baykos' mortgage was even given by Jeffrey Bayko.

"When an attorney files an action, an inchoate lien arises in the attorney's favor. . . . The lien becomes choate when a judgment, decree, or other order is entered in the client's favor, and attaches to any proceeds derived therefrom." *In re Albert*, 206 B.R. 636, 639 (D. Mass. 1997). A choate lien is one that "is perfected so that nothing more need be done to make it enforcible [sic]." Black's Law Dictionary 241 (6th ed. 1990). Hailey's lien therefore became perfected and enforceable when the divorce judgment entered, not when the notice was filed. The attorney's lien is a statutory creature; there is no requirement in the statute for the notice to be recorded for it to be perfected.

Hailey's lien dates back to the filing of his appearance in June 2001 representing Jeffrey Bayko in Lisa and Jeffrey Bayko's divorce. The lien arose and relates back to a date prior to both of Michael and Helen Bayko's mortgages, (July 19, 2002 and May 25, 2003), and prior to Lisa Bayko's judgment in the divorce matter, May 24, 2002.

Dated: September 11, 2007              Respectfully submitted,
                                       For the Defendant Hans R. Hailey:


                                       /s/ Gene R. Charny
                                       Gene R. Charny
                                       Law Offices of Hans R. Hailey
                                       225 Friend Street, 5th Floor
                                       Boston, Massachusetts 02114
                                       Tel. (617) 723-4010
                                       BBO # 641129

## CERTIFICATE OF SERVICE

I, Gene R. Charny, attorney for the defendant, Hans R. Hailey, hereby certify that on this 28th day of March, 2007, I served copies of Defendant Hans R. Hailey's Response to Helen and Michael Bayko's Objection to Magistrate Judge Bowler's Report and Recommendation Re: Lisa Bayko's Motion for Summary Judgment and the United States Cross Motion for Summary Judgement Filed March 26, 2007 through the ECF system and copies will be sent electronically to the registered participants below as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Christine A. Faro, Esq.  
79 State Street  
Newburyport, Massachusetts 01950

Timothy Sullivan, Esq.  
Andover Law, P.C.  
451 Andover Street  
Andover, Massachusetts 01845

Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 55  
Ben Franklin Station  
Washington, D.C. 20044

/S/ Gene R. Charny

Gene R. Charny