UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff | )<br>)<br>)<br>) |
| V. | )<br>) |
| JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>Defendant | )<br>)<br>)<br>)<br>) |

**DEFENDANT LISA BAYKO'S LISA BAYKO'S RESPONSE TO
TO HANS HAILEY'S OPPOSITION TO LISA BAYKO'S
MOTION FOR RECONSIDERATION AS TO
JUDGMENT ON JUDGE BOWLER'S REPORT
AND RECOMMENDATION DATED AUGUAT 30, 2007**

The Defendant, Lisa Bayko, responds to Hans Hailey's Opposition to the Lisa J. Bayko's Motion for Reconsideration, as follows:

1.   Enforcement of a statutory **lien** requires an attorney to show that (1) an action was commenced, *PGR Mgmt. Co., Heath Properties v. Credle,* 427 Mass. 636, 640, 694 N.E.2d 1273 (1998); (2) the attorney appeared for the client in that action, *Boswell v. Zephyr Lines, Inc.,* 414 Mass. at 244, 249, 606 N.E.2d 1336; (3) a court entered a judgment, decree, or order in that action, *Craft v. Kane,* 51 Mass.App.Ct. 648, 651, 747

1

N.E.2d 748 (2001); (4) the judgment, decree, or order was favorable to the attorney's client, *Cohen v. Lindsey,* 38 Mass.App.Ct. at 4, 644 N.E.2d 250; and (**5) proceeds were derived from that judgment, decree, or order.** *In re Leading Edge Products, Inc.,* 121 B.R. 128, 131-132 (Bankr.D.Mass.1990).

2.      As of May 2002, Jeffrey L. Bayko's financial statement indicated that legal fees incurred to date were between $30,000.00 to $40,000.00 and that "retainers paid to attorney" was $1,500.00. The financial statement was signed by Attorney Hans Hailey. Plaintiff's Exhibit 2 in Support of her Motion for Summary Judgment. Documents produced during discovery and presented during these proceedings (Exhibits 5 and 6 in support of Defendants Helen Bayko and Michael Bayko's Motion for Summary Judgment) identify that between November of 2001 and June of 2003, Attorney Hans Hailey received $18,688.59 in payments from Helen Bayko and Michael Bayko in addition to the initial $1,500.00 retainer. (On October 27, 2003, Hans Hailey filed a Notice of Withdrawal as counsel for Jeffrey L. Bayko with the Essex County Probate & Family Court.)

3.      In response to the defendant Lisa Bayko's Notice of Taking of Deposition, attached hereto, Attorney Hailey produced no documentation. Specifically, request number of nine of Schedule A requested, "a copy of any and all billings invoices for legal services rendered by you for Jeffrey L. Bayko." To date there have been no bills produced for services rendered by Hans Hailey on behalf of Jeffrey L. Bayko so as to able to determine amounts owed for what periods of time.

4. Attorney Hans Hailey's lien and has not been reduced to a judgment f any Court.

5. Lisa Bayko's Declaration of Homestead was recorded on December 7, 2001. Since Hans Hailey was paid over $20,000.00 in attorneys fees between June of 2001 and June of 2002 and he has been unable to substantiate the balance of his fees owed as of this date, he cannot prove that his debt falls within the statutory exemptions of M.G.L. c. 188, section 1 et seq. It is Lisa Bayko's position that the Declaration of Homestead dated December 7, 2001 takes priority over the Hans Hailey's Attorney's Lien. **United States v. Rodgers, 461 U.S. 677, 686 (1983).**

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her motions for reconsideration.

In support of this response please see the attached:
1. Financial Statement of Jeffrey L. Bayko;
2. Exhibit 5 and Exhibit 6 of Helen Bayko and Michael Bayko's Motion for Summary Judgment;
3. Notice of Taking of Deposition

        Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/S/ CHRISTINE ANN FARO
_____

CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 12th day of September, 2007, I served a copy of the Defendant Lisa J. Bayko's Response to the Opposition of Hans Hailey with regards to her  Motion for Reconsideration upon the parties of record by serving a copy of the same upon their counsel of record by e-mail as follows:

Attorney Gene R. Charny
Attorney Hans Hailey            Attorney Timothy Sullivan
225 Friend Street               Andover Law, P.C.
Boston, MA 02144                 451 Andover Street
                                Andover, MA 01845
Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044          /S/ CHRISTINE ANN FARO
                                CHRISTINE ANN FARO

COMMONWEALTH OF MASSACHUSETTS
FILED APR 2 6 2002
The Trial Court
Probate and Family Court Department

Essex Division

Docket No. 01D 0875 DV1

FINANCIAL STATEMENT
(SHORT FORM)

<u>Jeffrey Bayko, Plaintiff</u>   v.   <u>Lisa J. Bayko, Defendant</u>

**INSTRUCTIONS:** If your income equals or exceeds $75,000.00 you must complete the LONG FORM financial statement, unless otherwise ordered by the Court. All questions on both sides of this form must be answered in full or the word "none" inserted. If additional space is needed for any answer, an attached sheet may be filed in addition to, but not in lieu of, the answer. Information contained herein is confidential and only available to the parties and persons authorized under Probate and Family Court Department Supplemental Rule 401.

Soc. Sec. No.: 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

1. Your Name: **Jeffrey Bayko**
   Address: P.O. Box 289, Boxford, Massachusetts, 01921
   Age: 46; Tel. #: (617) 978-621-0573;
   Occupation: Limousine Driver; Employer: Ludwig Limo/~~Ultimate Limo~~
   Employer's address: Peabody, Massachusetts (Self Employed)
   Employer's Tel. #: (978) 621-0573;
   Health Insurance Provider:

   No. of children of children living with you: -0-

   Health Ins.: [ ] YES  [X] NO
   Cert. No.:

2. **Gross Weekly Income from All Sources** (strike inapplicable words) .......... $300.00
   a) Base pay from salary, wages .............................................. 0.00
   b) Self Employment Income (**attach a completed Schedule A**) ............... 100.00
   c) Income from overtime, commissions, tips, bonuses, part-time job .......... minimal
   d) Dividends and interest .................................................... 0.00
   e) Income from trusts or annuities ........................................... 0.00
   f) Pensions & retirement funds ............................................... 0.00
   g) Social Security ........................................................... 0.00
   h) Disability, unemployment insurance or workers compensation ................ 0.00
   i) Public assistance (welfare, AFDC payments) ................................ 0.00
   j) Rental from Income Producing Property (**attach a completed Schedule B**) . 0.00
   k) All other sources (including child support, alimony) ...................... 
       l) **Total Gross Weekly Income** (a through k) .......................... $400.00

3. **Itemize Deductions from Gross Income**[1]
   a) Fed. income tax deductions (claiming 0 exemptions) ........................ $60.00
   b) State income tax deductions (claiming 0 exemptions) ....................... 10.00
   c) FICA ...................................................................... 20.00
   d) Medical insurance ......................................................... 0.00
   e) Union dues ................................................................ 0.00
       f) **Total Deductions** (a through e) .................................... $90.00

4. **Adjusted Net Weekly Income**
   2(l) minus 3(f) .............................................................. $310.00

5. **Other Deductions from Salary**
   a) Credit Union (Loan Repayment or Savings) .................................. $0.00
   b) Savings .................................................................... 0.00
   c) Retirement ................................................................. 0.00
   d) Other - Specify (such as Deferred Compensation or 401K) .................... 0.00
       e) **Total Deductions** (a through d) .................................... $0.00

6. **Net Weekly Income**
   4 minus 5(e) ................................................................. $310.00

7. **Gross Yearly Income from Prior Year** approx.
   (attach copy of all W-2 and 1099 forms for prior year) ....................... $10,500

8. **Weekly Expenses**
   a) Rent/Mortgage ............... 100.00    l) Life Insurance ............... 4.00
   b) Homeowners ins. ............. 0.00     m) Medical ins. ................. 0.00
   c) Maint. & repair ............. 0.00     n) Uninsured meds./Dentist ..... 10.00
   d) Heat ........................ 0.00     o) Incidentals & toiletries .... 8.00
   e) Electricity/gas ............. 0.00     p) Motor Vehicle Expenses ...... 60.00
   f) Telephone ................... 50.00    q) Motor Vehicle Loan Payment .. 109.00
   g) Water/Sewer ................. 0.00     r) Child Care .................. 0.00
   h) Food ........................ 70.00    s) Other (attach additional schedule, if necessary) .. 0.00
   i) House Supplies .............. 0.00
   j) Laundry/Cleaning ............ 20.00
   k) Clothing .................... 20.00
                                             **Total Weekly Expenses** (a through s) ......... $451.00

9. **Counsel Fees**
   a) Retainer amount(s) paid to your attorney(s) ......................... $1,500.00
   b) Legal fees incurred, to date, against retainer(s) ................... 0.00
   c) Anticipated range of total legal expense to prosecute this action ... $30,000 to $40,000.00

10. **Assets** (Attach additional schedule for additional real estate and other assets, if necessary)
    a) Real Estate – House
       Location: 7A Graham Avenue, Newbury, Massachusetts
       Title: Husband & Wife, Tenants by the Entirety
       FMV: $300,00 - Mortgage(s): $100,00 = ½ Equity                      $200,00.00
    b) IRA, Keough, Pension, Profit Sharing, etc. Ret. Plans:
       **List Financial Institution or Plan Name & Account No.:**
       401(K) approx ............................................................ 0.00
       IRAs: approx ............................................................. 0.00
    c) Tax Deferred Annuity Plan(s) ............................................ 0.00
    d) Life Insurance: Present Cash Value ...................................... 0.00
    e) Savings, Checking & Money Market Accts & CDS – which are held individually, jointly, in the name of another person for your benefit, or held by you for the benefit of your minor child(ren). **List Financial Institution Names and Account Numbers.**
       ......................................................................... 0.00
       ......................................................................... 0.00
       ......................................................................... 0.00
    f) Motor Vehicles
       FMV: $___ : Auto Loan: $-0- = Equity .................................... 0.00
       FMV: $___ : Auto Loan: $-0- = Equity .................................... 0.00
    g) Other (such as - stocks, bonds, collections) ............................ 0.00
       ......................................................................... 0.00
                                          h) **Total Assets** (a through g) ... $200,00.00

11. **Liabilities** (DO NOT list weekly expenses but DO list all liabilities)

| Creditor | Nature of Debt | Date origin | Amt Due | Weekly Payment |
|---|---|---|---|---|
| Law Off of Hans Hailey | atty fees | ongoing | undetermined | |
|  | Credit Cards | revolving | $88,000.00 | ? |
|  | Back taxes | | | |
| Mass Jr Penny + late charges approx $500 | | | | |

Total Amount Due: $88,000.00   and   Total Weekly Payment: $0.00

12. Number of Years you have paid into Social Security: 26 years

I certify under the penalties of perjury that my income and expenses, assets and liabilities as stated herein are true to the best of my knowledge and belief. I have carefully read this financial statement and I certify the information is true and complete.

Dated: April 25, 2002                         Signature _____
                                                        Jeffrey Bayko

### STATEMENT BY ATTORNEY

I, the undersigned attorney, am admitted to practice law in the Commonwealth of Massachusetts — am admitted pro hac vice for the purposes of this case — and am an officer of the court. As the attorney for the party on whose behalf this Financial Statement is submitted, I hereby state to the court that I have no knowledge that any of the information contained herein is false.

Attorney's Signature _____   Date: April 25, 2002
Address: 11 Beacon St., Boston, Massachusetts 02108  Tel. No.: (617) 723-4010
B.B.O. #: 216820

Ck#496    $2,000.00

Ck#501    $3,381.66

Ck#509    $2,457.95

Ck#516    $4,000.00



6/12/01    2758    1500.00



7/09/01    2764    4000.00

7/16/01    2768    2000.00

8/03/01    2771    4000.00



2791    11/06/01    $1000.00

2

EXHIBIT 5







UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

| | |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>　　　　　　　　　　　　　Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>　　　　　　　　　　　　　Defendant | FED. R. CIV. P.<br>30(a) AND 45 |

TO:  Attorney Hans Hailey
     225 Friend Street
     Boston, MA 01833

**GREETINGS:**

**You are hereby commanded,** in the name of The Commonwealth of Massachusetts in accordance with the provisions of Rules 30 and 45 of the Federal Rules of Civil Procedure to appear to testify on behalf of Lisa Bayko before a Notary Public of the Commonwealth at the office of Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950 on April 24, 2006 at 10:00 in the forenoon and to testify as to your knowledge, at the taking of deposition in the above-entitled matter.

And further you are required to bring with you:

**DOCUMENTS AS REQUESTED IN SCHEDULE A**

3

**Hereof fail not,** as you will answer your default under the pains and penalties in the law in that behalf made and provided.

Dated at Boston, MA the 20th day of March, 2006.

_Noelle A. Blank_  May 5, 2011
, Notary Public

My Commission Expires:

NOELLE A. BLANK
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 5, 2011

## SCHEDULE A

1. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Helen and /or Michael Bayko from January 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

2. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between Helen Bayko and /or Michael Bayko and you from January 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

3. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Charles Rotondi from January 1, 2000 to the present regarding the the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

4. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Gary Evans from January 1, 2000 to the present regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

5. Any and all communications, including without implied limitation, written, e-mails, facsimiles and transcribed messages between you and Attorney Timothy Sullivan from January 1, 2000 to the present regarding

the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

6. Copies of any and all telephone log books from January 2001 through December 31, 2005, evidencing any and all telephone calls between you and Attorney Timothy Sullivan, Gary Evans and Charles Rotondi regarding the divorce action between Lisa Bayko and Jeffrey Bayko (Essex County Probate & Family Court Docket No. 01D 875 DV1), the sale of the property at 7A Graham Ave., Newburyport, MA, the Bankruptcy proceedings of Jeffrey L. Bayko, the debt work-out of Lisa and Jeffrey Bayko and any and all mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

7. Any and all drafts and copies of Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

8. Any and all documents, including without implied limitation, written, e-mails, facsimiles and transcribed messages from January 1, 2000 to the present regarding the mortgages between Mortgages between Jeffrey Bayko (mortgagor) and Helen and Michael Bayko (mortgagee).

9. A copy of any and all billings invoices for legal services rendered by you for Jeffrey L. Bayko,.

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

March 22, 2006

I hereby certify and return that on 3/21/2006 at 6:00AM I served a true and attested copy of the Witness Subpoena Deposition in this action in the following manner: To wit, by leaving at the last and usual place of abode of Attorney Hans Hailey, , 225 Friend Street, , Boston, MA. Witness Fee ($13.60), Notary Fee ($1.25), Basic Service Fee (LU) ($20.00), Travel ($18.56), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $59.41

Deputy Sheriff George Slyva

_____
Deputy Sheriff