UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746-GAO

GMAC MORTGAGE CORPORATION,
Plaintiff

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, and
THE UNITED STATES OF AMERICA,
Defendants

OPINION AND ORDER
September 21, 2007

O'TOOLE, D.J.

As mortgagee of Jeffrey and Lisa Bayko's marital home, GMAC Mortgage Corporation conducted a foreclosure sale on the property. The sale resulted in a surplus proceeds, in which Jeffrey and Lisa Bayko each had a fifty percent interest. After satisfying certain uncontested claims, Jeffrey Bayko's share of the surplus was valued at $82,326.29, plus accrued and accruing interest. Lisa Bayko, Michael and Helen Bayko (Jeffrey's parents), Hans Hailey (Jeffrey's former lawyer), and the United States (specifically, the Internal Revenue Service) all claimed to be creditors of Jeffrey Bayko and thus entitled to some portion of Jeffrey Bayko's share of the surplus proceeds. GMAC brought this complaint in interpleader requesting that the Court determine the rights of various claimants.

The creditors have respectively filed their own motions for full or partial summary judgment, and respectively (and sometimes selectively) opposed other claimants' motions. Collectively the motions presented the question of the priority in which claims against Jeffrey's share should be

allowed. The several motions were referred to Magistrate Judge Bowler, who after hearing issued two thorough and carefully reasoned Reports and Recommendations. Magistrate Judge Bowler found the following priority of claims:

> Hans R. Hailey
> United States of America
> Lisa Bayko
> Michael and Helen Bayko

The upshot was that she recommended that the motions by the United States (dkt. no. 78) and by Hans Hailey (dkt. no. 39) be granted, that the motion by Lisa Bayko be granted in part (dkt. no. 47), and that all other motions be denied.

Pursuant to Federal Rule of Civil Procedure 72(b), I have conducted a *de novo* review of the record, including the Magistrate Judge's two Reports and Recommendations and all objections submitted by the parties. After review, I ADOPT both Reports and Recommendations in their entirety. I agree with the Magistrate Judge's reasoning and resolution of the issues presented, and there is no reason to add further comment to her clear exposition of her reasons.

There is one minor new matter to be addressed. In her objection to the second Report and Recommendation, dated August 29, 2007, Lisa Bayko raises for the first time an argument that her claim should have priority over that of the United States by reason of a declaration of homestead recorded pursuant to Massachusetts law. Because the argument is raised for the first time in an objection to the Report and Recommendation, I decline to consider it. See Guillemard-Ginorio v. Contreras-Gómez, 490 F.3d 31, 36-37 (1st Cir. 2007) ("[T]he district court did not abuse its discretion in holding that Defendants waived their [argument not properly raised before the Magistrate Judge]."); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91

(1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Accordingly,

1. Hans Hailey's Cross-Motion for Partial Summary Judgment (dkt. no. 39) is GRANTED to the extent that it is determined that his attorney's lien has first priority among the claims to Jeffrey Bayko's share of the surplus proceeds of the foreclosure sale.

2. The Cross-Motion by the United States for Summary Judgment (dkt. no. 78) is GRANTED to the extent that it is determined that the federal tax lien has second priority.

3. Lisa Bayko's Motion for Summary Judgment (dkt. no. 47) is GRANTED IN PART to the extent that it is determined that her claim has third priority and in particular that the claim is prior to the claim(s) of Helen and Michael Bayko, but otherwise DENIED. Lisa Bayko's Motion for Summary Judgment as to the United States of America (dkt. no. 70) is DENIED.

4. Helen and Michael Bayko's Motion for Partial Summary Judgment (dkt. no. 32) is DENIED.

Hans Hailey and the United States, whose claims will exhaust Jeffrey Bayko's surplus, are directed to confer and to submit within ten days of the entry of this Order a proposed form of judgment specifying the exact division of the surplus in accordance with the priority determination stated in this Order.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.  
United States District Judge