IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-11746-GAO |
| ) | |
| JEFFREY L. BAYKO, SR., et al., ) | |
| ) | |
| Defendants. | |

UNITED STATES' OPPOSITION TO LISA BAYKO'S MOTION
TO INCORPORATE AS PART OF THE JUDGMENT
$10,220.90 PAID TO THE DEPARTMENT OF REVENUE

The United States of America, by its undersigned counsel, opposes Lisa Bayko's Motion to Incorporate as Part of the Judgment $10,220.90 Paid to the Department of Revenue.

In 2004, GMAC brought an interpleader in Superior Court, Essex County, and deposited the net proceeds from the sale of the marital residence of Lisa and Michael Bayko with the Court. The United States had a federal tax lien for the liabilities of Jeffrey Bayko on the property and was named a party to the action. The Commonwealth of Massachusetts also had a tax lien against Jeffrey Bayko on the property and was named a party. It is not disputed that the Commonwealth's tax lien had priority over the United States' tax lien.

The United States exercised its right under 28 U.S.C. § 1441, 1442, and/or 1444 to remove the action to federal court. The Commonwealth of Massachusetts moved to dismiss the action on the basis that the Eleventh Amendment barred the action against the Commonwealth and the Commonwealth was an indispensible party to the action. On March 24, 2005, the Court granted the Commonwealth's motion to dismiss.

Allegedly in order to resolve the jurisdictional problems created by the Commonwealth's refusal to litigate this issue in federal court (and the United States' right to have the issue litigated in this Court), Lisa Bayko paid the claim the Commonwealth had against Michael Bayko.  Ms. Bayko was not liable for the claim in any way.  GMAC then instituted this action.  Lisa Bayko now seeks to be reimbursed for her payment to the Commonwealth from Jeffrey Bayko's share of the proceeds.  The United States now opposes her motion.[1]

The only basis under which Lisa Bayko's payment to the Commonwealth on Michael Bayko's behalf could have priority over the United States' lien is equitable subrogation. Equitable subrogation is a well established principle of law, but "[o]ne of the principles lying at the foundation of subrogation in equity, in addition to the one already stated, that the person seeking this subrogation must have paid the debt, is that he must have done this under some necessity, to save himself from loss which might arise or accrue to him by the enforcement of the debt in the hands of the original creditor . . ." *Aetna Life Ins. Co. v. Town of Middleport,* 124 U.S. 534, 547-48 (1888).  This has been interpreted to mean that "the party seeking subrogation must not have acted as a volunteer in making the payment." *In re Fiesole Trading Corp.,* 315 B.R. 198, 202 (Bkrtcy. D. Mass. 2004), *citing E. Boston Savs. Bank v. Ogan,* 428 Mass 327 (1998), in turn *citing Mort v. United States,* 86 F.3d 890, 894 (9th Cir. 1996).  "'The equitable principle is that when one, pursuant to obligation–not a volunteer, fulfills the duty of another, he is entitled to assert the rights of the other against third persons.'" *Cruickshank v. Clean Seas Co.,* 346 B.R. 571, 581 (D. Mass. 2006), *quoting Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., Inc.,* 411 F.2d 843, 844 (1st Cir. 1969).

---

[1] Ms. Bayko also seeks to have the Court determine the amount of Hans Hailey's attorneys fees.  The United States has no opposition to this portion of her motion.

In order to determine whether equitable subrogation applies, it is necessary to determine whether Lisa Bayko was a volunteer when she paid Jeffrey Bayko's liability to the Commonwealth.  In *Mort,* the Ninth Circuit addressed this issue and held that:

> A volunteer, stranger, or intermeddler is "one who thrusts himself into a situation on his own initiative, and not one who becomes a party to a transaction upon the urgent petition of a person who is vitally interested, and whose rights would be sacrificed did he not respond to the importunate appeal." *Laffranchini v. Clark*, 153 P. 250, 252 (1915). Parties may be considered volunteers if, in making a payment, they have no interest of their own to protect, they act without any obligation, legal or moral, and they act without being requested to do so by the person liable on the original obligation. *Henningsen v. United States Fidelity Guar. Co.*, 208 U.S. 404, 411, 28 S.Ct. 389, 391-92, 52 L.Ed. 547 (1908); *Smith v. State Sav. & Loan Ass'n*, 175 Cal.App.3d 1092, 1098, 223 Cal.Rptr. 298, 301 (1985); *Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co.*, 132 Vt. 341, 344, 318 A.2d 659, 661 (1974).

86 F.3d at 1894.  In the instant case, Lisa Bayko has not provided any evidence to support a finding that she was not a volunteer when she paid Jeffrey Bayko's liability to the Commonwealth.  Accordingly, principles of equitable subrogation should not apply to allow her to share in Jeffrey Bayko's share of the proceeds at issue herein.

CONCLUSION

Because Lisa Bayko voluntarily paid Jeffrey Bayko's tax liability to the Commonwealth of Massachusetts, she is not entitled to avail herself of the principles of equitable subrogation. Accordingly, she is not entitled to share in Jeffrey Bayko's share of the proceeds from the sale of the marital residence and her motion to do so should be denied.

>MICHAEL J. SULLIVAN
>United States Attorney
>
>*/s/ Karen A. Smith*
>KAREN A. SMITH, Attorney
>Tax Division, U.S. Department of Justice
>Post Office Box 55, Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 307-6588
>Karen.A.Smith@usdoj.gov
>Northern.TaxCivil@usdoj.gov

I certify that a true copy of the above document was served upon each party appearing pro se, and the attorney of record for each other party, by first-class mail, or through the Court's ECF filing system, on November 2, 2007.

>*/s/ Karen A. Smith*
>KAREN A. SMITH

2456081.1