UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746-GAO

GMAC MORTGAGE CORPORATION,
Plaintiff

v.

JEFFREY L. BAYKO SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, and
THE UNITED STATES OF AMERICA,
Defendants.


ORDER
December 12, 2007


O'TOOLE, D.J.

This is an interpleader action to establish the priority of the interests claimed by four competing parties with respect to Jeffrey Bakyo's share of surplus proceeds from the foreclosure sale of his marital home conducted upon his divorce from Lisa Bayko. Although the full facts need not be recited here, it is of use to identify those parties claiming an interest in proceeds: (1) Lisa Bayko, Jeffrey Bayko's ex-wife; (2) Helen and Michael Bayko, Jeffrey Bayko's parents; (3) Hans Hailey, Jeffrey Bayko's divorce attorney; and (4) the Internal Revenue Service.

Adopting two Reports and Recommendations by Magistrate Judge Bowler, I have previously concluded that Hailey's attorney's lien had first priority and the United States's tax lien had second priority. Because satisfaction of these two liens exhausted the surplus, in the Order adopting the Report and Recommendations I requested that Hailey and the United States confer and submit a proposed judgment form specifying the exact division of the surplus.

Lisa Bayko then filed the present motion seeking reimbursement of $10,220.90 for her having paid, with her own funds, a debt owed solely by Jeffrey Bayko to the Commonwealth of Massachusetts. When this case was originally filed, that debt was outstanding and the Commonwealth was a claimant to the surplus along with the four identified above.  The First Circuit held, however, that the Commonwealth could not be compelled to litigate this matter in federal court. If the Commonwealth refused to litigate here, then not all the interested claims could be adjudicated. In order to overcome this problem and keep the case here, Lisa Bayko satisfied Jeffrey Bakyo's debt to the Commonwealth, eliminating it as an interested party and permitting this Court to adjudicate the claims of all the remaining claimants. Because she contends that removing the jurisdictional problem was in the interest of all parties – including her own –  she claims that it would be "unfair and inequitable" for her not to be reimbursed for her payment on Jeffrey's behalf to the Commonwealth. In essence, she invokes the principle of equitable subrogation.

The United States opposes her motion on the ground that Lisa Bayko *volunteered* to pay Jeffrey Bayko's debt – a condition which, if found, would preclude equitable subrogation. See In re Fiesole Trading Corp., 315 B.R. 198, 202 (Bkrtcy. D. Mass. 2004) (citing E. Boston Savs. Bank v. Ogan, 701 N.E.2d 331, 334 (Mass. 1998)). The United States concedes that if equitable subrogation were to apply, Lisa Bayko's equitable claim for reimbursement would have priority over its lien.

The Massachusetts Supreme Judicial Court ("SJC") has recognized equitable subrogation as a "broad equitable remedy." Ogan, 701 N.E.2d at 334. To apply equitable subrogation, courts must find that: "'(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of

the junior lienholder.'" Id. at 334 (quoting Mort v. United States, 86 F.3d 890, 894 (9th Cir. 1996))
(footnote omitted).

The only dispute is whether Lisa Bayko acted as a volunteer when she paid Jeffrey Bayko's
debt to the Commonwealth. Mort, cited by the SJC in its discussion of when a party may be
considered a volunteer, sets forth as the relevant test: "if, in making a payment, they have no interest
of their own to protect, they act without any obligation, legal or moral, and they act without being
requested to do so by the person liable on the original obligation." 86 F.3d at 894. Under this
definition, I conclude that she was not a volunteer for equitable subrogation purposes. She was
obviously acting to further her own interest of having this case fully litigated in an available forum.
After the First Circuit's decision, the only way for the case to be fully adjudicated as to all interested
parties was to proceed here with the Commonwealth's consent and participation, or to proceed in the
Massachusetts state courts with the consent and participation of the United States. Since both the
Commonwealth and the United States respectively refused to budge, the only practical alternative was
to eliminate the Commonwealth as a claimant, which is what Lisa Bayko did. No one has disputed
that that was her only motivation in paying the Commonwealth. Under these circumstances I conclude
that the doctrine of equitable subrogation applies, and Lisa Bayko should be reimbursed for those
monies she paid to the Commonwealth on behalf of Jeffrey Bayko.

However, I deny Lisa Bayko's request to have a hearing regarding the amount of Hailey's
attorney's lien. Although she could have contested the specific amount of Hailey's attorney's lien,
either in her own moving papers or in opposition to Hailey's cross-motion for summary judgment,
she chose not to do so. Despite the ample opportunity to contest the amount claimed by Hailey, she
only contested the question of priority. Her eleventh hour attempt to raise such an argument now

must fail. In any event, challenging the amount of Hailey's lien is of no practical consequence from her perspective, since the surplus to be divided totals $82,326.29 and the United State's tax lien, which has a higher priority than the rest of Lisa Bayko's claim, is $202,882.80. Any reduction in Hailey's lien would only go to satisfying the United State's lien.

In sum, Lisa Bayko's motion (dkt. no. 92) is GRANTED IN PART and DENIED IN PART. Although I will not hold a hearing on Hans Hailey's attorney's lien, I do find that Lisa Bayko may recover the amount paid in satisfaction of Jeffrey Bayko's debt to the Commonwealth of Massachusetts. Therefore, I find that first Lisa Bayko shall be paid $10,220.90, after which Hans Hailey shall be paid $62,006.83 and finally, the United States shall be paid the balance of the funds.

Judgment shall enter accordingly.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge