UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

GMAC MORTGAGE CORPORATION,  )
                              Plaintiff  )
                                        )

V.  )

JEFFREY L. BAYKO, LISA J. BAYKO,  )
HELEN E. BAYKO, MICHAEL J. BAYKO,  )
HANS HAILEY, AND THE UNITED  )
STATES OF AMERICA,  )
                              Defendant  )

**DEFENDANT LISA J. BAYKO'S MOTION FOR
CLARIFICATION ON JUDGMENT DATED NOVEMBER 12, 2007**

The court entered a judgment and order on November 12, 2007 that adopted Judge Bowlers Opinions and Recommendations dated August 10, 2006 and August 29, 2007. The Judgment does not specifically designate the sums of monies to be divided.

The original surplus was $100,616.36, of which $17,000.00 was Lisa J. Bayko's share of the surplus. On or about November 5, 2005, GMAC paid itself $7,000.00, out of Lisa J. Bayko's share, and deposited the balance of $93,920.60 with the Court. Of the $93,920.60, only $82,326.29 represented Jeffrey L. Bayko's share of the surplus. The differential of $10,000.00 plus any accrued interest belonged to Lisa and was paid into the Court as reserves. Since the United States Government did not advance its

1

Marshalling Claim, Lisa would be entitled to $3,500.00 from Jeffrey L. Bayko's share for Attorney's Fees.

On August 10, 2006, the Court (Magistrate Bowler), in her Opinion and Recommendation on Lisa J. Bayko's Motion for Summary stated that of the amount of the surplus was $100,616.36, and that $17,000.00 of the surplus was Lisa J. Bayko's.($10,000.00 for reserves and $7,000.00 for Attorneys' fees.) (Page Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006). On August 29, 2007, the Court (Magistrate Bowler) reiterated that $17,000.00 of the surplus was Lisa J. Bayko's. (Pages Ten to Eleven of Opinion and Order of Magistrate Bowler dated August 29, 2007). Both of these Opinions and Recommendations were adopted by this Court on September 21, 2007. There was never any issue as to the balance of Lisa J. Bayko's surplus and whether she was entitled to it.

The second Motion for Summary Judgment, which was decided on August 29, 2007, dealt with the division of Jeffrey L. Bayko's surplus. Jeffrey L. Bayko's share of the surplus was $82,326.29. The $82,326.29, not $93,920.60, was the subject the Opinion and Order dated August 29, 2007, as adopted by this Court on September 21, 2007.

On December 12, 2007, the Court ordered that Lisa J. Bayko was entitled to $10,220.90 out of Jeffrey L. Bayko surplus. This was reimbursement for her payment of Jeffrey L. Bayko's taxes with the Department of Revenue.

The Court is its Judgment dated December 12, 2007, does not address Lisa Bayko's surplus, $10,000.00 plus reimbursement for Jeffrey L. Bayko's Attorney's Fees as noted in the Opinions and Recommendations dated August 10, 2006 and August 29, 2007 as adopted by this Court on September 21, 2007.

Lisa J. Bayko acknowledges that Judgment was entered on December 12, 2007 but did not think her remaining surplus was an issue since that Judgment only dealt with Jeffrey L. Bayko's surplus, $82,326.29. The Court is presently holding the deposit of $93,920.60, plus interest for a total of $101,923.34. The Accounting Department of the United Sates District Court is at odds as to how the surplus is to be divided.

Wherefore, Lisa J. Bayko suggests as follows:

1. $10,000.00, the balance of Lisa J. Bayko's surplus, plus interest be distributed to Lisa J. Bayko;

2. $3,500.00, be distributed to Lisa J. Bayko for Attorney's Fees;

2. Lisa Bayko be given the $10,220.90 as awarded in the Judgment dated December 12, 2007;

3. Hans Hailey be awarded his Attorneys fees in $62,000.00 pursuant to the Judgment dated December 12, 2007; and the

4. United States of America is awarded the balance plus the balance of the interest.

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her recommendation.

Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

3

CERTIFICATE OF SERVICE

    I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 20th day of January, 2007, I served a copy of the Defendant Lisa J. Bayko's Motion for Clarification of the Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid as follows:

Attorney Gene R. Charny
Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
Andover, MA 01845

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

_____
CHRISTINE ANN FARO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>           Plaintiff | )<br>)<br>) |
| V. | )<br>)<br>) |
| JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>           Defendant | )<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LISA J. BAYKO'S MOTION FOR
CLARIFICATION ON JUDGMENT DATED DECEMBER 12, 2007**

The court entered a judgment and order on December 12, 2007 that adopted Judge Bowlers Opinions and Recommendations dated August 10, 2006 and August 29, 2007. The Judgment does not specifically designate the sums of monies to be divided. The original surplus was $100,616.36, of which $17,000.00 was Lisa J. Bayko's share of the surplus. On or about November 5, 2005, GMAC paid itself $7,000.00, out of Lisa J. Bayko's share, and deposited the balance of $93,920.60 with the Court. Of the $93,920.60, only $82,326.29 represented Jeffrey L. Bayko's share of the surplus. The differential of $10,000.00 plus any accrued interest belonged to Lisa and was paid into the Court as reserves. Since the United States Government did not advance its

1

Marshalling Claim, Lisa would be entitled to $3,500.00 from Jeffrey L. Bayko's share for Attorney's Fees.

On August 10, 2006, the Court (Magistrate Bowler), in her Opinion and Recommendation on Lisa J. Bayko's Motion for Summary stated that of the amount of the surplus was $100,616.36, and that $17,000.00 of the surplus was Lisa J. Bayko's.($10,000.00 for reserves and $7,000.00 for Attorneys' fees.) (Page Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006). On August 29, 2007, the Court (Magistrate Bowler) reiterated that $17,000.00 of the surplus was Lisa J. Bayko's. (Pages Ten to Eleven of Opinion and Order of Magistrate Bowler dated August 29, 2007). Both of these Opinions and Recommendations were adopted by this Court on September 21, 2007. There was never any issue as to the balance of Lisa J. Bayko's surplus and whether she was entitled to it.

The second Motion for Summary Judgment, which was decided on August 29, 2007, dealt with the division of Jeffrey L. Bayko's surplus. Jeffrey L. Bayko's share of the surplus was $82,326.29. The $82,326.29, not $93,920.60, was the subject the Opinion and Order dated August 29, 2007, as adopted by this Court on September 21, 2007.

On December 12, 2007, the Court ordered that Lisa J. Bayko was entitled to $10,220.90 out of Jeffrey L. Bayko surplus. This was reimbursement for her payment of Jeffrey L. Bayko's taxes with the Department of Revenue.

The Court is its Judgment dated December 12, 2007, does not address Lisa Bayko's surplus, $10,000.00 plus reimbursement for Jeffrey L. Bayko's Attorney's Fees as noted in the Opinions and Recommendations dated August 10, 2006 and August 29, 2007 as adopted by this Court on September 21, 2007.

Lisa J. Bayko acknowledges that Judgment was entered on December 12, 2007 but did not think her remaining surplus was an issue since that Judgment only dealt with Jeffrey L. Bayko's surplus, $82,326.29. The Court is presently holding the deposit of $93,920.60, plus interest for a total of $101,923.34. The Accounting Department of the United Sates District Court is at odds as to how the surplus is to be divided.

Wherefore, Lisa J. Bayko suggests as follows:

1.  $10,000.00, the balance of Lisa J. Bayko's surplus, plus interest be distributed to Lisa J. Bayko;

2.  $3,500.00, be distributed to Lisa J. Bayko for Attorney's Fees;

2.  Lisa Bayko be given the $10,220.90 as awarded in the Judgment dated December 12, 2007;

3.  Hans Hailey be awarded his Attorneys fees in $62,000.00 pursuant to the Judgment dated December 12, 2007; and the

4.  United States of America is awarded the balance plus the balance of the interest.

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her recommendation.

Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/s/ CHRISTINE ANN FARO

_____

CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 22nd day of January, 2007, I served a copy of the Defendant Lisa J. Bayko's Motion for Clarification of the Judgment upon the parties of record by serving a copy of the same upon their counsel of record by electronic filing as follows:

Attorney Gene R. Charny
Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
Andover, MA 01845

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

/S/ CHRISTINE ANN FARO
_____
CHRISTINE ANN FARO