IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-11746-GAO |
| ) | |
| JEFFREY L. BAYKO, SR., et al., ) | |
| ) | |
| Defendants. | |

UNITED STATES' OPPOSITION TO LISA BAYKO'S MOTION
FOR CLARIFICATION

The United States of America, by its undersigned counsel, opposes Lisa Bayko's Motion to clarify the Court's September 21, 2007 Order, as modified by its December 12, 2007 Order.

In 2004, GMAC brought an interpleader in Superior Court, Essex County, and deposited the net proceeds from the sale of the marital residence of Lisa and Michael Bayko with the Court. The United States has federal tax liens (which arose when the assessments were made in 2002 and 2003 and for which notices of federal tax liens were filed on May 7, 2003 and June 3, 2003, *see* Memorandum in Support of United States' Cross-Motion for Summary Judgment, pp. 3-4). The United States' tax liens related to the liabilities of Jeffrey Bayko and attached to the property that was foreclosed upon and led to the fund now interpled with the Court. The Commonwealth of Massachusetts also had a tax lien against Jeffrey Bayko that attached to the property. Lisa Bayko, Hans Hailey, and others also had claims to the fund.

The United States exercised its right under 28 U.S.C. § 1441, 1442, and/or 1444 to remove the action to federal court. The Commonwealth of Massachusetts moved to dismiss the action on the basis that the Eleventh Amendment barred the action against the Commonwealth and the Commonwealth was an indispensible party to the action. On March 24, 2005, the Court

granted the Commonwealth's motion to dismiss.

In order to resolve the jurisdictional problems created by the Commonwealth's refusal to litigate this issue in federal court (and the United States' right to have the issue litigated in this Court), Lisa Bayko paid the $10, 220.90 claim the Commonwealth had against Michael Bayko, thus eliminating the Commonwealth's claim and the resulting jurisdictional defect. GMAC then instituted this action. The Court issued an Order on September 21, 2007, in which it determined that Hans Hailey's lien had first priority to Jeffrey L. Bayko's $82,326.29 share of the proceeds on deposit with the Court; the United States' federal tax liens had second priority, and Lisa Bayko had third priority. On December 12, 2007, the Court amended its Order (in response to a motion made by Lisa Bayko) and held that, since the Commonwealth's claim primed the United States' tax lien, Lisa Bayko was entitled to recover the $10,220.90 she paid on behalf of Jeffrey Bayko's liability to the Commonwealth first, Hans Hailey could recover his $62,006.83, and the United States was entitled to the balance of the proceeds related to Jeffrey L. Bayko's $83,326.29 share of the proceeds (plus interest). Lisa Bayko once again asserts that she is moving the Court to clarify its Order, and now claims for the first time that she is entitled to recover $3,500 in attorneys fees related to this matter. Although her motion is couched as a motion for clarification, in actuality, it is a motion to assert a new claim. The United States opposes that motion.

Ms. Bayko's motion should be denied as untimely. The Court already determined the relative rights and priorities of the parties, without Ms. Bayko ever asserting her entitlement to recover attorneys fees.

Ms. Bayko's motion should also be denied because there is no legal support (and she cites none) for the proposition that her attorneys fees should be given priority over the United

States' federal tax liens.

It is well-settled that federal law, not state law, determines the priority of federal tax liens. (*See Aquilino v. United States*, 363 U.S. 509, 513-514 (1960); *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228 (1st Cir. 1996).) A federal tax lien is created upon assessment of an unpaid tax liability, and under federal law, a lien imposed by 26 U.S.C. § § 6321 and 6322 is valid from the time of assessment. Generally, "priority for purposes of federal law is governed by the common law principle that 'the first in time is the first in right." *United States v. McDermott*, 507 U.S. 447 (1993) (quoting *United States v. City of New Britain*, 347 U.S. 81, 85 (1954). If a federal tax lien arises first, it has priority over other subsequent lien holders, unless the subsequent lien holder's claim falls within one of the statutorily enumerated exceptions contained in section 6323. Section 6323(a) applies only in cases where a notice of federal tax lien has not been filed, which is not the case here. Section 6323(b) addresses the exceptions to this general rule in cases when a notice of lien has been filed.

Section 6323(b)(8) grants priority to an attorneys lien against a judgment or settlement (without the necessity of first obtaining judgment separately on the attorneys lien) "to the extent of his reasonable compensation for obtaining such judgment or amount . . ." This section would apply here only if Ms. Bayko's attorney, Ms. Faro, was the one whose efforts resulted in the creation of the fund at issue. Here, Ms. Bayko does not claim, nor can she, that Ms. Faro's efforts created the fund. Thus, any lien she may have for attorney's fees is not entitled to priority under this statutory exception to the general priority of federal tax liens.

CONCLUSION

Because the United States' lien has priority to any claim Lisa Bayko has for her

attorney's fees, her motion must be denied to the extent she claims entitlement to attorneys fees.

          Respectfully Submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

I certify that a true copy of the above document was served upon each party appearing pro se, and the attorney of record for each other party, by first-class mail, or through the Court's ECF filing system, on February 29, 2008.

          */s/ Karen A. Smith*
          KAREN A. SMITH
          Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 55, Ben Franklin Station
          Washington, DC 20044
          Phone:   202-307-6588
          Email:    Karen.A.Smith@usdoj.gov

      */s/ Karen A. Smith*
      KAREN A. SMITH