UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746-GAO

GMAC MORTGAGE CORPORATION,
Plaintiff

v.

JEFFREY L. BAYKO, LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO, HANS R. HAILEY, and
THE UNITED STATES OF AMERICA,
Defendants.

ORDER
March 13, 2008

O'TOOLE, D.J.

This interpleader action was brought to determine the priority of competing interests in the proceeds gained from the foreclosure sale of the marital home shared by Lisa and Jeffrey Bayko. After over three years of litigation and multiple rounds of motion practice, I entered final judgment on December 12, 2007 distributing the assets in accordance with the priority determination set forth in my Order of the same day. On February 21, 2008, the defendant Lisa Bayko filed a "Motion for Clarification on Judgment Dated December 12, 2007" asking that the judgment be "clarified" to specify that Lisa Bayko is to receive additional sums not awarded to her in the judgment.

Although styled as a "Motion for Clarification," Lisa Bayko's motion effectively seeks to alter or amend the judgment, a matter governed by Federal Rule of Civil Procedure 59(e). As Rule 59(e) plainly states, any such motion must be brought within "10 days after entry of the judgment." The time within which such a motion may be brought may not be enlarged. Fed. R. Civ. P. 6(b)(2). The present motion was brought 71 days after entry of the judgment, and it is untimely. It is, to quote the

Court of Appeals, a "nullity." <u>Morris v. Unum Life Ins. Co.</u>, 430 F.3d 500, 502 (1st Cir. 2005). Lisa Bayko's Motion for Clarification is DENIED.

    IT IS SO ORDERED.

                                                    <u>/s/ George A. O'Toole, Jr.</u>
                                                  United States District Judge