UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>    Plaintiff | )<br>)<br>)<br>)<br>) |
| V. | ) |
| JEFFREY L. BAYKO, LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>HANS HAILEY, AND THE UNITED<br>STATES OF AMERICA,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT LISA J. BAYKO'S MOTION FOR RECONSIDERATION
WITH REGARDS TO THE COURT'S DECISION DATED MARCH 13, 2008
AS TO LISA J. BAYKO'S MOTION CLARIFICATION ON JUDGMENT
DATED DECEMBER 12, 2007**

The Court on March 13, 2008 denied Lisa J. Bayko's for Motion for Clarification as to the Judgment dated December 13, 2008. The Motion centered on the reserves that Lisa J. Bayko's deposited into the Court as to the Interpleader action. Hans Hailey did not file an opposition and the United States of America did not file an opposition as to Lisa J. Bayko receiving her $10,000.00 in reserves but objected that Lisa J. Bayko was entitled to $3,500.00 for Attorney's fees.

1

The initial foreclosure surplus after payment to Bank North was $164,742.59, $82,371.00 for each party. (Page Eight and Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006). Subsequent to the dismissal of the first action Lisa Bayko was given $55,933.35 of her share of the proceeds on the condition that she pay the Attorney's Fees associated with the foreclosure, pay Jeffrey L. Bayko's indebtedness to the Department of Revenue, to remove the jurisdictional issue, with the right to seek reimbursement and a retention of $10,000.00 as reserves, in the event the United States of America pursued its' "marshalling" claim. On or about November 5, 2005, $93,920.60 was deposited with the Court, which included Lisa Bayko's $10,000.00 and Jeffrey L. Bayko's share of the surplus, $82,371.00.[1]

The Judgment and Order on December 12, 2007 adopted Judge Bowlers Opinions and Recommendations dated August 10, 2006 and August 29, 2007.  The Judgment deals directly with Jeffrey L. Bayko's share of the proceeds, $82,371.00.  On December 12, 2007, the Court ordered that Lisa J. Bayko was entitled to $10,220.90 out of Jeffrey L. Bayko surplus. This was reimbursement for her payment of Jeffrey L. Bayko's taxes with the Department of Revenue.

The Court is presently holding the deposit of $93,920.60 plus interest for a total of $101,923.34. The Accounting Department of the United Sates District Court is at odds as

---

[1] On August 10, 2006, the Court (Magistrate Bowler), in her Opinion and Recommendation on Lisa J. Bayko's Motion for Summary stated that of the amount of the surplus was $100,616.36,  and that $17,000.00 of the surplus was Lisa J. Bayko's.($10,000.00 for reserves and $7,000.00 for Attorneys' fees.) (Page Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006). On August 29, 2007, the Court (Magistrate Bowler) reiterated that $17,000.00 of the surplus was Lisa J. Bayko's. (Pages Ten to Eleven of Opinion and Order of Magistrate Bowler dated August 29, 2007).  Both of these Opinions and Recommendations were adopted by this Court on September 21, 2007.  There was never any issue as to the balance of Lisa J. Bayko's surplus and whether she was entitled to it.

to how to distribute the surplus. It would be unfair, unjust and inequitable that this Court to turn over Lisa J. Bayko's share of the surplus to the United States of America, especially since she has no indebtedness to them and the United States of America did not advance their "marshalling" claim as to Lisa J. Bayko.

Wherefore, Lisa J. Bayko suggests as follows:

1.  $10,000.00, the balance of Lisa J. Bayko's surplus, "reserves", plus interest be distributed to Lisa J. Bayko;

With regards to Jeffrey L. Bayko's share of the surplus, $82,371.00:

1.  Lisa Bayko be given the $10,220.90 as awarded in the Judgment dated December 12, 2007;

2.  Hans Hailey be awarded his Attorneys fees in $62,000.00 pursuant to the Judgment dated December 12, 2007; and the

3.  United States of America is awarded the balance plus the balance of the interest, pursuant to the Judgment dated December 12, 2007.

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her motion for reconsideration.

3

                Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

_____
CHRISTINE ANN FARO
BBO # 552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

      I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 17th Day of March, 2008, I served a copy of the Defendant Lisa J. Bayko's Motion for Reconsideration with regard to the Order Dated March 13, 2008 as to her Motion for Clarification of the Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-file as follows:

Attorney Gene R. Charny
Attorney Hans Hailey                                     Attorney Timothy Sullivan
225 Friend Street                                         Andover Law, P.C.
Boston, MA 02144                                          451 Andover Street
                                                          Andover, MA 01845

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

_____
CHRISTINE ANN FARO