UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11746 GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION, <br> Plaintiff | ) <br> ) <br> ) <br> ) |
| V. | ) <br> ) |
| JEFFREY L. BAYKO, LISA J. BAYKO, <br> HELEN E. BAYKO, MICHAEL J. BAYKO, <br> HANS HAILEY, AND THE UNITED <br> STATES OF AMERICA, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT LISA J. BAYKO'S MOTION
FOR RELIEF FROM JUDGMENT PURSUANT FED. R. CIV. P. 60(b)(1)(6)**

The Plaintiff Lisa J. Bayko moves for Relief from the Judgment dated December 12, 2007. The reason for said request is that the Court failed to enter Judgment as to Lisa J. Bayko and her share of the proceeds, $10,000.00. Federal Rule of Civil Procedure Rule 60(b)(1)(6) provides for such relief where there is a "mistake, inadvertence or excusable neglect…and exceptional circumstances justifying extraordinary relief." _Ahmed v. Rosenblatt,_ 118 F.3d 886, 891 (1st Cir.1997). For any relief under Rule 60(b), the defendant would have to show that a "motion [was] made within a reasonable time…not more than one year after the judgment, order, or proceeding was entered or taken." _Id_. The Supreme Court has construed "excusable neglect" as "a somewhat 'elastic concept'

1

... not limited strictly to omissions caused by circumstances beyond control of the movant." ***351** *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *see also Stonkus v. City of Brockton School Dept.,* 322 F.3d 97, 101 (1st Cir.2003). Factors to be considered are: the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Invest. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 64 (1st Cir.2001); *Pratt,* 109 F.3d at 19.

      Since the inception of this action, Lisa J. Bayko and Jeffrey L. Bayko were individual defendants. At the commencement of this action the parties were divorced and tenants in common at the time the residence was foreclosed upon; therefore each had an individual 50% interest in the proceeds. The initial foreclosure surplus after payment to Bank North was $164,742.59, $82,371.00 for each party. (Page Eight and Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006). Subsequent to the dismissal of the first action Lisa Bayko was given $55,933.35 of her share of the proceeds on the condition that she pay the Attorney's Fees associated with the foreclosure, pay Jeffrey L. Bayko's indebtedness to the Department of Revenue, to remove the jurisdictional issue, with the right to seek reimbursement and a retention of $10,000.00 as reserves, in the event the United States of America pursued its'

"marshalling" claim. On or about November 5, 2005, $93,920.60 was deposited with the Court, which included Lisa Bayko's $10,000.00 and Jeffrey L. Bayko's share of the surplus, $82,371.00.[1]

The pleadings clearly reflect the individual interests of Jeffrey L. Bayko and Lisa J. Bayko. This is clearly reflected in the Complaint, the Joint Scheduling Conference Statement, the Answer of Lisa J. Bayko and the Answer of the United States of America. The accountings of the surplus are clearly articulated in Magistrates Bowler's decisions dated August 10, 2006 and August 29, 2007.  Likewise, since the inception of the case, Lisa J. Bayko, The United States of America Helen and Michael Bayko and Hans Hailey all asserted claims as to Jeffrey L. Bayko's share of the proceeds.  In its Answer, the United States of America alleged a cause of action as to Lisa J. Bayko's share of the proceeds.

The Judgment and Order on December 12, 2007 adopted Judge Bowlers' Opinions and Recommendations dated August 10, 2006 and August 29, 2007.  The Judgment deals directly with Jeffrey L. Bayko's share of the proceeds, $82,371.00.  On December 12, 2007, the Court ordered that Lisa J. Bayko was entitled to $10,220.90 out of Jeffrey L. Bayko surplus. This was reimbursement for her payment of Jeffrey L. Bayko's taxes with the Department of Revenue.

---

[1] On August 10, 2006, the Court (Magistrate Bowler), in her Opinion and Recommendation on Lisa J. Bayko's Motion for Summary stated that of the amount of the surplus was $100,616.36,  and that $17,000.00 of the surplus was Lisa J. Bayko's.($10,000.00 for reserves and $7,000.00 for Attorneys' fees.) (Page Nine of Opinion and Order of Magistrate Bowler dated August 10, 2006).  On August 29, 2007, the Court (Magistrate Bowler) reiterated that $17,000.00 of the surplus was Lisa J. Bayko's. (Pages Ten to Eleven of Opinion and Order of Magistrate Bowler dated August 29, 2007).  Both of these Opinions and Recommendations were adopted by this Court on September 21, 2007.  There was never any issue as to the balance of Lisa J. Bayko's surplus and whether she was entitled to it.

Accordingly, the Court made a judgment on less than all of the Defendants and / or claims in this action. There has never been a judgment as to Lisa J. Bayko and her remaining share of the surplus, $10,000.00, and therefore, this case should have never been closed.

It was and remains Lisa Bayko's contention that since the judgment dated December 12, 2007 was only to Jeffrey L. Bayko's share of the surplus, the balance of the surplus would be retained by her since there was no claim to it. This is an excusable mistake within the confines of Rule 60(b)(1).

The Court is presently holding the deposit of $93,920.60 plus interest for a total of $101,923.34 of which $10,000.00 plus interest belongs to Lisa J. Bayko. It would be unfair, unjust and inequitable that this Court to turn over Lisa J. Bayko's share of the surplus to the United States of America, especially since she has no indebtedness to them and the United States of America did not advance their "marshalling" claim as to Lisa J. Bayko.[2]

Wherefore, Lisa J. Bayko suggests as follows:

1.  $10,000.00, the balance of Lisa J. Bayko's surplus, "reserves", plus interest be distributed to Lisa J. Bayko;

With regards to Jeffrey L. Bayko's share of the surplus, $82,371.00:

1.  Lisa Bayko be given the $10,220.90 as awarded in the Judgment dated December 12, 2007;

---

[2] Lisa J. Bayko has filed a Motion for Clarification of the Judgment since it involves proceeds not part of the December 12, 2007 Judgment and neither Hans Hailey nor the United States of America did not file an opposition as to Lisa J. Bayko receiving her $10,000.00 in reserves. There was no opposition filed as to Lisa J. Bayko's Motion for Reconsideration of the Court's denial of that Motion.

4

2.	Hans Hailey be awarded his Attorneys fees in $62,000.00 pursuant to the Judgment dated December 12, 2007; and the

3.	United States of America is awarded the balance plus the balance of the interest, pursuant to the Judgment dated December 12, 2007.

**WHEREFORE**, the Defendant Lisa Bayko respectfully requests that this Honorable Court to allow her motion for relief from judgment.

Respectfully submitted, The Defendant, Lisa J. Bayko by her Counsel,

/s/ Christine Ann Faro

_____
CHRISTINE ANN FARO
BBO #  552541
79 State Street
Newburyport, MA 01950
(978) 462-4833

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendant, hereby certify that on this 31st Day of March, 2008, I served a copy of the Defendant Lisa J. Bayko's Motion for Relief From Judgment upon the parties of record by serving a copy of the same upon their counsel of record by e-file as follows:

Attorney Gene R. Charny
Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
Andover, MA 01845

Pamela Grewal
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

/s/ Christine Ann Faro
_____
CHRISTINE ANN FARO

5